Gregory P. Campbell (CA SBN 281732)
gcampbell@aldridgepite.com
Todd S. Garan (CA SBN 236878)
tgaran@aldridgepite.com
**ALDRIDGE PITE, LLP**
8880 Rio San Diego Drive, Suite 725
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JEFFREY S BEIER,<br><br>Debtor(s). | Case No. 8:23-bk-10898-TA<br><br>Chapter 11<br><br>**OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING STAY [DKT NO. 9]**<br><br>S<span style="text-decoration:underline">UBJECT</span> P<span style="text-decoration:underline">ROPERTY</span>:<br>10 Tucson, Coto De Caza Area, California 92679<br><br>H<span style="text-decoration:underline">EARING</span>:<br>Date: May 23, 2023<br>Time: 10:30 a.m.<br>Ctrm: Crtrm 5B, 411 W Fourth St., Santa Ana, CA 92701. |

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04 ("Creditor"),by and through its authorized loan servicer, Bank of America Mortgage ("BANA") secured creditor of the above captioned Debtor, Jeffrey S Beier ("Debtor") hereby submits its *Opposition to Debtor's Motion for Imposing Stay* ("Opposition") filed by the Debtor at Docket No. 9.

-1-

## I.  INTRODUCTION

Debtor files the instant *Motion for Order Imposing a Stay or Continuing the Automatic Stay* ("<u>Motion to Extend Stay</u>") seeking a court order extending the automatic stay under 11 U.S.C. §§362(c)(3)(B) & (C) as the instant case represents the second bankruptcy filing within the last year and **Debtor's Fifth Bankruptcy Case**. However, Creditor asserts Debtor failed to meet *his* burden of proof to demonstrate the stay should be extended. A presumption of bad faith applies under the Bankruptcy Code as the Court dismissed the prior case within the last year based on Debtor's failure to comply with the provisions of the Code and a Court Order. Creditor has been unable to exercise its rights under state law as Debtor has filed multiple bankruptcy cases and state court lawsuits to hinder or delay Creditor's rights. Debtor filed the instant Bankruptcy Case on the eve of the scheduled foreclosure, a sale Creditor has been attempting to complete for years. While Debtor alleged the stay should be imposed as to the Property, Debtor's Schedules suggest title to the Property is held in the name of a trust. Debtor has failed to rebut the presumption of bad faith with ***clear and convincing evidence to the contrary***.

Further, Debtor has failed to present sufficient evidence of a substantial change in circumstances to justify re-imposing the stay. While Debtor alleges he filed the instant Bankruptcy Case in good faith as he was out of the country when he filed the prior case, there is **no evidence** to suggest Debtor's financial circumstances have improved since the dismissal of the Fourth Case. Further, based on the United States Trustee's Motion to Dismiss, Debtor has continued his pattern of non-compliance. While the Debtor alleged the Property is rented and will be sold, the Debtor failed to list income on Schedule I, and the Debtor's Declaration suggests the tenant has since vacated the Property. Debtor has failed to show a significant change in circumstances to overcome the presumption of bad faith to justify a new filing or imposition of the automatic stay. As a result, the Motion to Extend the Stay must be denied.

/./././
/./././
/./././
/./././

## II. STATEMENT OF FACTS[1]

### A. THE SUBJECT LOAN

On March 2, 2005, Debtor and Toni Beier (the "Borrowers") executed a promissory note (the "Note") in the original sum of $1,470,000.00. The Note reflects it was indorsed. The Note is secured by a Deed of Trust ("Deed of Trust") granting an interest in the real property located at 10 Tucson, Coto De Caza Area, California 92679 ("Property"). The Deed of Trust reflects that it was duly recorded in the County Recorder's Office. The Note and Deed of Trust are collectively referred to as the "Subject Loan". Subsequently, interest in the Subject Loan was assigned to Creditor. Copies of the Note, Deed, and Assignment are collectively attached hereto as Exhibit 1.

### B. THE FORECLOSURE

On October 14, 2022, Creditor recorded its most recent Notice of Default ("NOD"), which listed a contractual default of $1,885,886.84. A copy of the NOD is attached hereto as Exhibit 2.

On January 24, 2023, Creditor recorded its most recent Notice of Sale ("NOS"), which listed a sale date of March 20, 2023. A copy of the NOS is attached hereto as Exhibit 3.

Due to the multiple bankruptcy cases filed by the Debtor, Creditor postponed the sale, which is currently scheduled for June 2, 2023.

### C. STATE COURT LITIGATION

On or about March 7, 2017, Debtor filed a Complaint in the Superior Court of California, County of Orange against Creditor and BANA and was assigned Case 30-2017-00907172, challenging standing and the rights of the defendants to proceed with foreclosure. The defendants obtained summary judgment dismissing the case, and that dismissal was upheld at the California Court of Appeal and then at the California Supreme Court.

On March 8, 2023, Debtor filed another Complaint in the Superior Court of California, County of Orange against Creditor and BANA and was assigned Case No. 30-2023-01312331 ("State Court Complaint") again challenging standing and the rights of the defendants to proceed with foreclosure.

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the documents and other records on file in the this case and any recorded documents.

Further, Debtor filed an Ex Parte Application for a TRO to stay the scheduled foreclosure sale.

On March 17, 2023, the State Court entered an order denying the TRO.

On April 20, 2023, Creditor filed a Motion to Dismiss the Complaint. A hearing on the Motion to Dismiss is scheduled for May 25, 2023.

The State Court proceedings are now stayed due to the Bankruptcy filing.

A copy of the State Court docket is attached hereto as Exhibit 4.

### D. THE PRIOR BANKRUPTCY CASES

On April 25, 2008, Borrowers filed a prior bankruptcy petition under Chapter 7 of the Bankruptcy Code and were assigned Case No. 8:08-bk-12163-RK (the "First Case"). On August 21, 2008, the Court entered a Discharge Order in the First Case. On January 13, 2009, the Court entered an Order Dismissing the First Case. A copy of the docket from the First Case is attached hereto as Exhibit 5.

On February 11, 2009, Debtor filed a second prior bankruptcy petition under Chapter 13 of the Bankruptcy Code and was assigned Case No. 8:09-bk-11124-TA (the "Second Case"). On October 1, 2009, the Court entered an Order Dismissing the Second Case. A copy of the docket from the Second Case is attached hereto as Exhibit 6.

On July 1, 2010, Debtor filed a third voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code and was assigned Case No. 8:10-bk-19081-TA (the "Third Case"). On March 10, 2011, the Court entered an Order Dismissing the Third Case. A copy of the docket from the Third Case is attached hereto as Exhibit 7.

On March 17, 2023, **three (3) days before the scheduled foreclosure sale**, Debtor filed a fourth voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code and was assigned Case No. 8:23-bk-10556-TA (the "Fourth Case"). Notably, Debtor listed the Subject Property as his service address on PACER. Further, Debtor listed the Subject Property as his address on the petition in the Fourth Case. (*See* Fourth Case, Dkt No. 1).

/././

/././

On April 4, 2023, the Court entered an Order Dismissing the Fourth Case based on the Debtor's failure to file required information. A copy of the docket from the Fourth Case is attached hereto as Exhibit 8.

### C. THE INSTANT BANKRUPTCY CASE

On April 28, 2023, Debtor filed the instant **fifth voluntary petition** under Chapter 11 of the Bankruptcy Code in the Central District of California – Santa Ana Division and was assigned bankruptcy case number 8:23-bk-10898-TA (the "Bankruptcy Case"). The Petition states the Debtor now lives in Moscow, Russia. At the same time, Debtor stated he is filing in this District as over the last 180 days he has lived in this District longer than any other district. (*See* Dkt. No. 1).

Pursuant to the sworn Bankruptcy Schedules, Debtor listed no income on Schedule I. Further, Debtor failed to list any expenses associated with the Subject Loan/Property on Schedule J (i.e. the mortgage payments, taxes, or insurance). At the same time, Debtor's Statement of Financial Affairs suggests the Debtor earns rental income and receives family contributions. (*See* Dkt No. 1).

The Subject Property is the only Property listed on Schedule A, with an alleged value of $3,117,300.00. Creditor's Claim is listed a disputed on Schedule D in the amount of $2,757,616.00. Further, Debtor indicated on Schedule B that the Beier 10 Tucson Trust "may be the title owner to the real property." (*See* Dkt No. 1).

On May 2, 2023, Debtor filed a *Motion to Impose or Extend the Automatic Stay* ("Motion to Extend Stay"). (Dkt No. 9). In the Motion to Extend, Debtor requested the extension of the automatic stay under §362(c)(3). Debtor alleged the instant fifth Bankruptcy Case was filed in good faith as the "Debtor is intending to utilize his real property to generate income in a plan of reorganization and there is a sufficient equity cushion." Debtor alleges he will generate income from renting the Property for approximately one year and then sell the Property at the end of the year. Further, Debtor alleged the presumption of bad faith should not apply as the original case was filed as an emergency petition…after due diligence was performed by Debtor's counsel it became impossible to prepare the necessary paperwork to finish the petition within the necessary time period because the Debtor lives outside the

country.

Pursuant to the Debtor's Declaration in Support of the Motion, the Property is currently rented for $7,500 per month, but the tenant is leaving on May 15, 2023.

On May 10, 2023, the United States Trustee filed a Motion to Dismiss the Bankruptcy Case ("Motion to Dismiss") based on failure timely to provide information or attend meetings reasonably requested by the United States Trustee. Debtor has not complied with any of the requirements set forth in the U.S. Trustee's Guidelines and Requirements, including but not limited to the Debtor's failure to provide the U.S. Trustee with (1) evidence that all pre-petition bank accounts have been closed; (2) evidence that debtor-in-possession bank accounts have been opened; and (3) proof of insurance covering liability as it relates to the Debtor's Trabuco Canyon Property. (Dkt No. 18). According, Debtor has continued his pattern of non-compliance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

### III. ARGUMENT

**A.  DEBTOR HAS FAILED TO MEET *HIS* BURDEN TO JUSTIFY AN EXTENSION OF THE AUTOMATIC STAY**

**1.  Legal Standard**

Section 362(c)(3)(A) of the Bankruptcy Code provides, "if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed,…the stay under [§362(a)] with respect to any action taken with respect to a debt or property securing such debt…shall terminate with respect to the debtor on the 30th day after the filing of the latter case." 11 U.S.C. § 362(c)(3)(A). On the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, "the court *may* extend the stay in particular cases as to any or all creditors…after notice and a hearing completed before expiration of the 30-day period *only if the party in interest demonstrates that the filing of the latter case is in good faith as to the creditors to be stayed*." 11 U.S.C. §362(c)(3)(B) (emphasis added). A case is presumptively *not* filed in good faith:

(i)     as to all creditors, if:

(I)     more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

(II)     a previous case under any of chapter 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to:

    (aa)     file or amend the petition or other documents as required by the title or the court without substantial excuse…;
    (bb)     provide adequate protection as ordered by the court; or
    (cc)     perform the terms of a plan confirmed by the court; or

(III)     there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded with a discharge if filed under chapter 7 or a plan that will be fully performed if filed under chapters 11 or 13.

(ii)     as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor…

11 U.S.C. § 363(c)(3)(C)(i)-(ii). The debtor bears the ultimate burden of persuasion to demonstrate through ***clear and convincing evidence to the contrary*** that the presumption of bad faith does not apply. *In re Casteneda*, 342 B.R. 90, 94 (Bankr. S.D. Cal. 2006); 11 U.S.C. § 362(c)(3)(C).

**2.**     **This Case Was Presumptively Filed in Bad Faith.**

The instant case was not filed in good faith as a matter of fact and law. Indeed, the presumption prescribed by section 362(c)(3) applies in this case. First, the presumption arises because Debtor's Fourth Case was pending within the preceding year of this case. *See* 11 U.S.C. § 362(c)(3)(C)(i)(I). Second, the presumption arises because Debtor's Fourth Case was dismissed, in part, based on Debtor's failure to comply with the provisions of the Bankruptcy Code, file required documents, or comply with a Court Order. 11 U.S.C. § 362(c)(3)(C)(i)(II). Debtor fails to offer a reasonable explanation as to why he failed to comply with the provisions of the Bankruptcy Code in the Fourth Case (or prior cases, or this case). While Debtor alleged he lives out of the country, Debtor alleged on the Fourth Case petition that he resided as the Subject Property as of the filing of the Fourth Case. Further, residing in a different county does not alleviate the Debtor from the requirements of the Bankruptcy Code and Rules. Creditor questions whether the Debtor's residence outside of the United States qualifies the Debtor to file the

-7-

instant Bankruptcy Case in this District. Third, as discussed in greater detail below, the presumption arises as **Debtor** has failed to demonstrate a substantial change in his financial affairs since the dismissal of the Fourth Case. 11 U.S.C. § 362(c)(3)(C)(i)(III). In light of the foregoing, Debtor has the burden of establishing by *clear and convincing evidence* that this case was filed in good faith. Debtor has failed to do so.

### 3. Debtor Fails to Rebut the Presumption with a Change in Circumstances.

Debtor failed to provide an adequate explanation as to how Debtor's financial circumstances have improved to suggest the instant case will lead towards a confirmed plan. Other than the Debtor's Declaration, the Motion to Extend the Stay fails to include any evidence to support Debtor's assertions.

First, this is the Debtor's fifth bankruptcy case. Over the last decade, Debtor repeatedly failed to comply with the provisions of the Bankruptcy Code or complete a plan of reorganization.

Second, Debtor alleged the stay should be imposed in the instant Bankruptcy Case as "Debtor is intending to utilize his real property to generate income in a plan of reorganization and there is a sufficient equity cushion." Debtor alleged he will generate income from renting the Property for approximately one year and then sell the Property at the end of the year. Further, Debtor alleged the presumption of bad faith should not apply as the original case was filed as an emergency petition…after due diligence was performed by Debtor's counsel it became impossible to prepare the necessary paperwork to finish the petition within the necessary time period because the Debtor lives outside the country.

Regardless of where the Debtor resides, the Debtor's pattern of non-compliance has continued in this case. Indeed, the United States Trustee filed a Motion to Dismiss based on Debtor's failure timely to provide information or attend meetings reasonably requested by the United States Trustee. Debtor has not complied with any of the requirements set forth in the U.S. Trustee's Guidelines and Requirements, including but not limited to the Debtor's failure to provide the U.S. Trustee with (1) evidence that all pre-petition bank accounts have been closed; (2) evidence that debtor-in-possession bank accounts have been opened; and (3) proof of insurance covering liability as it relates to the Debtor's Trabuco Canyon Property. (Dkt No. 18). According, Debtor's circumstances have not improved as Debtor has continued

his pattern of non-compliance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

Pursuant to the Debtor's Declaration, the Property is currently rented for $7,500 per month, but the tenant is leaving on May 15, 2023. Accordingly, the Debtor will not have income to pay the Claim. Further, the alleged rental income of $7,500 per month is less than the contractual payment of $9,326.89. However, pursuant to the sworn Bankruptcy Schedules, Debtor listed no income on Schedule I. Further, Debtor failed to list any expenses associated with the Subject Loan/Property on Schedule J (i.e. the mortgage payments, taxes, or insurance). At the same time, Debtor's Statement of Financial Affairs suggests the Debtor earns rental income and receives family contributions. (*See* Dkt No. 1).

While the Debtor alleges the Property will be sold, Debtor has yet to employ a broker to list the Property for sale or employed an appraiser. If the Debtor truly intended to sell the Property and pay Creditor's Claim in full, he would have done so prior to the scheduled foreclosure sale. Rather, Debtor has failed to make payments on the loan for over a decade. The Subject Loan is contractually due for the September 1, 2007 payment. Debtor has filed multiple lawsuits and five Bankruptcy cases to delay the foreclosure of the Property. Creditor does not believe the Debtor has any intention of paying Creditor's Claim or selling the Property.

There is no indication the Debtor's financial circumstances have improved since the dismissal of the Fourth Case. If anything, the Debtor's financial circumstance has declined due to missed payments, the loss of income, and the continued accrual of interest and fees on the Debtor's secured obligations. Thus, there has not been a substantial change in the financial or personal affairs of Debtor since the dismissal of the Fourth Case or any other reason to conclude that the instant Bankruptcy Case will result in a confirmed Plan.

Moreover, Debtor is already in violation of the Bankruptcy Code and Rules as outlined in the Motion to Dismiss.

Accordingly, ***Debtor*** has failed to meet ***his burden*** through ***clear and convincing evidence to the contrary*** that the presumption of bad faith does not apply. As a result, the Motion to Extend must be denied.

### 4. There is No Likelihood of a Successful Reorganization

In *United Sav. Ass'n v. Timbers*, the Supreme Court stated that, "there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 376 (1988).

First, there is insufficient equity in the Property. The Subject Property is the only Property listed on Schedule A, with an alleged value of $3,117,300.00. Creditor's Claim is listed a disputed on Schedule D in the amount of $2,757,616.00. Even if the Debtor's valuation is accurate, when an eight percent (8%) cost of sale is included ($249,384.00), the resulting equity cushion is only $109,850.00. As the Debtor proposes to make no payments to creditor, the amount of Creditor's Claim will continue to increase, depleting any available equity in the Property. Accordingly, there is insufficient equity to support a sale or Plan of reorganization or liquidation. As there is little to no equity in the Property to pay claims, there is no prospect of a successful reorganization within the foreseeable future.

Second, Debtor indicated on Schedule B that the Beier 10 Tucson Trust "may be the title owner to the real property." (*See* Dkt No. 1). If the Debtor does not own the Property, it is not property of the Bankruptcy Estate.

Finally, there is no indication Debtor generates sufficient income to cure the substantial default on Creditor's Claim, resume contractual payments, and pay unsecured creditors through a Plan. Pursuant to the Debtor's Declaration in Support of the Motion to Extend, the Property is currently rented for $7,500 per month, but the tenant is leaving on May 15, 2023. Accordingly, the Debtor will not have income to pay the Claim. Further, the alleged rental income of $7,500 per month is less than the contractual payments of $9,326.89. However, pursuant to the sworn Bankruptcy Schedules, Debtor listed no income on Schedule I. Further, Debtor failed to list any expenses associated with the Subject Loan/Property on Schedule J (i.e. the mortgage payments, taxes, or insurance).

Put simply, Debtor has already been granted an opportunity to reorganize his debts. Debtor failed to present any evidence or even an explanation to suggest this Chapter 11 will be feasible given Debtor's prior defaults, prior cases, and inability to comply with the provisions of the Bankruptcy Code.

Creditor asserts Debtor's financial circumstance has not substantially improved. If anything,

Debtor's financial circumstance is worse as the contractual arrears owed on Creditor's Claim have increased due to interest and fees. If Debtor truly intended to reorganize his debts, he would have availed himself of the reorganization protections of the Bankruptcy Code during the prior cases. Debtor has improperly sought to use this Bankruptcy Court as a revolving door through five consecutive bankruptcy cases and multiple state court lawsuits to delay Creditor's rights under state law. As the instant case represents the second bankruptcy case within one year, it does not appear the Debtor filed the case in good faith.

Debtor bears the ultimate burden of persuasion to demonstrate through ***clear and convincing evidence to the contrary*** that the presumption of bad faith does not apply. Debtor has failed to submit any evidence to demonstrate that the presumption does not apply. As a result, Debtor has failed to meet his burden. Simply put, the totality of the circumstances reflects that Debtor filed this case for no other purpose than to delay and hinder creditor rights under state law. As a result, the Motion to Extend the Stay should be denied.

**WHEREFORE**: Creditor respectfully request:

1. That the Court deny the Motion to Extend the Stay; and
2. Such other relief as the Court deems just and proper.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: May 11, 2023        /s/ *Gregory P. Campbell*
Gregory P. Campbell (CA SBN 281732)
Attorneys for Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8880 Rio San Diego Drive, Suite 725 San Diego, CA 92108

A true and correct copy of the foregoing document entitled: **Opposition to Debtor's Motion for Order Imposing Stay [DKT No. 9]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __May 11, 2023__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.sa.ecf@usdoj.gov
Michael J Hauser- michael.hauser@usdoj.gov

**ATTORNEY FOR DEBTOR:**
Anerio V Altman - LakeForestBankruptcy@jubileebk.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __May 11, 2023__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Theodor Albert
U.S. Bankruptcy Court Central District Of California (Santa Ana)
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085/ Courtroom 5B
Santa Ana, CA 92701-4593

**DEBTOR:**
Jeffrey Beier
PO Box 7644
Laguna Niguel, CA 92677

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/11/2023 | Lauren Timby | /s/ Lauren Timby |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                      F 9013-3.1.PROOF.SERVICE