| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anerio V. Altman, Esq. #228445<br>Lake Forest Bankruptcy II, APC<br>PO Box 515381<br>Los Angeles, CA 900051<br>Phone and Fax:  (949) 218-2002<br>avaesq@lakeforestbkoffice.com<br><br><br><br>☐  *Individual appearing without attorney*<br>☒  *Attorney for:* JEFFREY SCOTT BEIER | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
~~Santa Ana Division~~

| In re:<br><br>JEFFREY SCOTT BEIER | CASE NO.:   8:23-bk-10898-TA<br><br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CHAPTER 11 CASE FOR ORDER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY GENERAL BANKRUPTCY COUNSEL**<br>**[11 U.S.C. § 327(a), LBR 2014-1]; and**<br><br>☒  **TO FILE INTERIM FEE APPLICATIONS USING PROCEDURE IN LBR 9013-1(o)** |
| | This motion is being made under <u>**ONLY ONE**</u> of the following notice procedures:<br>☒ **No hearing unless requested under LBR 9013-1(o)(4);  or**<br>☐ **Hearing set on regular notice: LBR 9013-1(d):**<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
| Debtor(s). | |

**PLEASE TAKE NOTICE THAT** the Debtor in Possession (the Debtor) requests an order authorizing the Debtor to employ general bankruptcy counsel and, if requested in this motion, to file interim fee applications using the procedures set forth in LBR 9013-1(o).

Your rights might be affected by this Motion.  You may want to consult an attorney.  Refer to the box checked below for the deadline to file and serve a written response.  If you fail to timely file and serve a written response, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.  You must serve a copy of

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                    Page 1              **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

your opposition upon the Debtor, the Debtor's attorney, the United States trustee and on the judge pursuant to LBR 5005-2(d) and the Court Manual.

a. ☒ **No Hearing Scheduled; Notice Provided Under LBR 9013-1(o):** This Motion is filed by the Debtor pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing. The full Motion is attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response and request for hearing with the court and serve it as stated above, **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

b. ☐ **Hearing Set on Regular Notice; Notice Provided Under LBR 9013-1(d):** This Motion is set for hearing on regular notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing.** Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

c. ☐ **Other** (*specify*):

Date: 5/24/2023

By: _____
Signature of Debtor

Name: JEFFREY SCOTT BEIER
Printed name of Debtor

Date: 5/24/2022

By: _____
Signature of attorney for Debtor, if any

Name: ANERIO V. ALTMAN, ESQ.
Printed name of attorney for Debtor, if any

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                    Page 2              F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

**MOTION TO EMPLOY GENERAL BANKRUPTCY COUNSEL [LBR 2014-1] AND, IF REQUESTED BELOW, TO FILE INTERIM FEE APPLICATIONS USING PROCEDURE IN LBR 9013-1(o)**

1. **EMPLOYMENT**

   a. To assist the Debtor in the administration of this chapter 11 case, the Debtor must employ, effective on (*date*) 04/28/2023 , the following professional  ANERIO V. ALTMAN, ESQ.  (Professional) as chapter 11 general bankruptcy counsel pursuant to 11 U.S.C. § 327(a).

   b. The following information and documents are provided in support of this Motion:

   (1) The Professional seeks compensation pursuant to: ☒ 11 U.S.C. § 328; or ☐ 11 U.S.C. § 330.

   (2) The Debtor selected this Professional because the Professional is well qualified to represent the Debtor in this proceeding and for the following additional reasons:

   Lake Forest Bankruptcy II, APC represents individuals under all chapters of the bankruptcy code and has represented individuals in similar matters.

   (3) Professional agrees to render legal services in connection with the Debtor's chapter 11 case, including but not limited to the following services:

   (A) Advise the Debtor regarding matters of bankruptcy law and concerning the requirements of the Bankruptcy Code, and Bankruptcy Rules relating to the administration of this case, and the operation of the Debtor's estate as a debtor in possession;

   (B) Represent the Debtor in proceedings and hearings in the court involving matters of bankruptcy law;

   (C) Assistance in compliance with the requirements of the Office of the United States trustee;

   (D) Provide the Debtor legal advice and assistance with respect to the Debtor's powers and duties in the continued operation of the Debtor's business and management of property of the estate;

   (E) Assist the Debtor in the administration of the estate's assets and liabilities;

   (F) Prepare necessary applications, answers, motions, orders, reports and/or other legal documents on behalf of the Debtor;

   (G) Assist in the collection of all accounts receivable and other claims that the Debtor may have and resolve claims against the Debtor's estate;

   (H) Provide advice, as counsel, concerning the claims of secured and unsecured creditors, prosecution and/or defense of all actions;

   (I) Prepare, negotiate, prosecute and attain confirmation of a plan of reorganization;

   (J) ☐ Other (*specify*):


   (4) A declaration by the Professional provides information on the following:  identification/qualifications; disinterestedness; compliance with FRBP 2014 and FRBP 5002; and compensation arrangements.

   (5) A declaration by the Debtor as to the source, amount and date of prepetition retainer paid to Professional and provisions for replenishment, if any, and any postpetition retainer and source of payment of postpetition retainer(s), if any.  No liens against the retainer have been granted in favor of the Professional or any other party.

   (6) ☐ An optional Memorandum of Points and Authorities is attached.

   (7) ☐ Other (*specify*):

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                                      Page 3                     **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

2. **FILE INTERIM FEE APPLICATIONS USING LBR 9013-1(o) (IF REQUESTED)**

☒    The Debtor requests authorization to use the procedures set forth in LBR 9013-1(o) regarding Notice of
Opportunity to Request Hearing when requesting approval of interim fee applications.  Professional
acknowledges, by checking this box, that to the best of Professional's knowledge, no other professional is or will
be employed in this case.  If additional professional(s) become employed, Professional agrees to give 45 days'
notice of the date and time of any interim fee application hearing in compliance with LBR 2016-1(a)(2) and will
cease filing interim fee applications pursuant to LBR 9013-1(o).

The Debtor requests the authority to (1) employ the Professional to represent the Debtor in this case and (2) file interim
fee applications using the procedure set forth in LBR 9013-1(o).

Date: 5/24/2023

By: _____
Signature of attorney for Debtor, if any

Name:    ANERIO V. ALTMAN, ESQ.
Printed name of attorney for Debtor, if any

Date: 5/14/2023

By: _____
Signature of Debtor

Name:    JEFFREY SCOTT BEIER
Printed name of Debtor

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                    Page 4                    F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL

## DECLARATION OF PROFESSIONAL

I, (*print name*) ANERIO V. ALTMAN, ESQ._____, have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

1. **Identification/Qualifications**

   a. ☒  I am a licensed attorney.

   b. I, and the (*name of firm*) LAKE FOREST BANKRUPTCY II, APC_____(Firm) of
   which I am a (*position with Firm*) Supervising Bankruptcy Attorney_____, maintain our principal
   offices at
   26632 Towne Centre Drive #300, Foothill Ranch, CA 92610

   c. I believe that I am qualified to represent the Debtor.  A copy of my resume is attached as **Exhibit 1.**

      (1) ☒  I have previously represented at least 15 chapter 11 debtors and in 4 of those cases, I prepared a
          chapter 11 plan and obtained an order confirming the plan.

      (2) ☐  I cannot check box 1.c.(1) but I believe that I should be allowed to represent this Debtor because
          (*specify*):

   d. Additional resumes for any and all professionals at my Firm who will work on this case are attached as **Exhibit 2.**

2. **Disclosures Re Connections and Adverse Interests**

   a. Authority is sought pursuant to 11 U.S.C § 327(a)

   The Firm and I are "disinterested persons" within the meaning of 11 U.S.C. § 101.  We are (a) not  creditors,
   equity security holders, or insiders of the Debtor; (b) are not and were not, within 2 years before the date of the
   filing of the petition, directors, officers or employees of the Debtor; and (c) do not have interests materially
   adverse to the interest of the estate, or of any class of creditors or equity security holders, by reason of any direct
   or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.  The Firm and I do
   not hold or represent an interest adverse to the estate.

   b. Disclosures re FRBP 2014

   Except as indicated below and other than representing the Debtor in this case, neither the Firm nor I ever
   represented the Debtor, and neither the Firm nor I have any connection with the Debtor, any insider of the Debtor,
   or insider of an insider of the Debtor, any creditor of the Debtor or any other party in interest herein, the United
   States trustee, persons employed by the United States trustee, persons employed by the Bankruptcy Court or a
   Bankruptcy Judge, or any of their respective attorneys or accountants.  Other information relevant to relationships
   with the Debtor is as follows (*specify*):

   c. The Firm and I do not hold any prepetition claim against the estate.

   d. The Firm and I have not made any arrangements for the sharing of fees with any other person or entity.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                    Page 5                    **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

3. **Compensation Arrangements**

   a.  (1) ☒ Prior to the chapter 11 petition date, the Firm and I received $ 0.00_____ from

           ☒ the Debtor

           ☐ other (*specify source of funds*): _____

           As of the petition date, $_____ of the retainer funds remain unexhausted.

      (2) ☐ Firm and I will receive $_____ from

           ☐ the Debtor

           ☐ other (*specify source of funds*): _____
           postpetition on (*specify date or timing of payment*): _____

   b.  Pursuant to the Debtor's initial retainer agreement, the Debtor agreed to pay for services as they were performed. However, any payment of fees and expenses is subject to court approval.  A true and correct copy of the retainer agreement is attached as **Exhibit 3**.

   c.  The Firm and I will comply with the *Guide To Application For Retainers and Professional And Insider Compensation* promulgated by the Office of the United States trustee, as well as any other applicable employment guidelines and fee guidelines in withdrawing the prepetition or postpetition retainer funds, if any.

   d.  <u>THE FIRM'S PROPOSED COMPENSATION IS:</u>

      (1)  <u>Hourly rates</u>

           Partner, primary/lead counsel (*insert names of partners and each rate*)
            Anerio V. Altman, Esq._____       $ 400____ per hour
           _____       $ _____ per hour
           _____       $ _____ per hour

           Associate attorney (*insert names of associates and each rate*)
           _____       $ _____ per hour
           _____       $ _____ per hour
           _____       $ _____ per hour

           Law clerks/paralegal (*insert names and each rate*)
           _____       $ _____ per hour
           _____       $ _____ per hour
           _____       $ _____ per hour

           ☐ Optional:  See **Exhibit 4** for the Firm's hourly rates.

      (2)  <u>Other</u>

           If the Firm's compensation is set by other than hourly rate, specify:

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                    Page 6          **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

e.   THE FIRM'S EXPENSE REIMBURSEMENT RATES ARE:

| | |
|---|---|
| Fax in & fax out | _____ (Actual cost, not to exceed $0.10 per page) |
| Messenger | Actual cost |
| Photocopies | _____ (Actual cost, not to exceed $0.10 per page) |
| Postage | Actual cost |
| Telephone | No charge |
| Other: (*describe expense*) | |
| _____ | _____ (Actual cost) |
| _____ | _____ (Actual cost) |

f.    Neither the Firm nor I request any lien on any retainer received in this case or on any property of the estate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 5/24/2023

By: _____
Signature of proposed t Professional

Name:   ANERIO V. ALTMAN, ESQ.
Printed name of proposed Professional

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                                   Page 7                        **F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL**

## DECLARATION OF DEBTOR IN POSSESSION

I,  JEFFREY SCOTT BEIER                 , am the Debtor in Possession in this case.

To the best of my knowledge, all of the Professional's connections with the Debtor, creditors, or any party in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States trustee are as stated in the attached Declaration of Professional.

☒    I paid the following amounts to  Lake Forest Bankruptcy II, APC                 as follows:

| Amount | Date of Payment | Source of Funds |
|---|---|---|
| $ 3,000.00 | 03/15/2023 | My mother. |
| $ | | |

☐    I caused to be paid $ _____ to _____ pursuant to our initial retainer agreement, and have agreed that fees are to be billed against this amount.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 5/24/2023

By: _____
Signature of Debtor in Possession

Name:  JEFFREY SCOTT BEIER
Printed name of Debtor in Possession

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

PO Box 515381, Los Angeles, CA 90051

A true and correct copy of the foregoing document entitled (*specify*):

Notice of Motion and Motion to Employ

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___05/24/2023___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
Greg P Campbell ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
Michael J Hauser michael.hauser@usdoj.gov
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) ___05/24/2023___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___05/24/2023___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/24/2023 | Anerio Ventura Altman, Esq. | /s/ Anerio Ventura Altman, Esq. |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

bel Matrix for local noticing
73-8
se 8:23-bk-10898-TA
ntral District of California
nta Ana
i May 24 15:39:28 PDT 2023

Bank of America, National Association
Attn: Bankruptcy Department
PO Box 982238
El Paso, TX 79998-2238

ry and Patricia Beier
akes Bay
guna Niguel, CA 92677

National Service Professionals
10001 W Oakland Park Blvd Ste 301
Sunrise, FL 33351-6925

Sandy Elsberg
10 Tucson
Trabuco Canyon, CA 92679-5200

ndy Elsberg
Tucson
abuco Cyn, CA 92679-5200

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Anerio V Altman
Lake Forest Bankruptcy II, APC
P.O. Box 515381
Ste 97627
Los Angeles, CA 90051-6681

ffrey S Beier
) Box 7644
guna Niguel, CA 92607-7644

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

)Courtesy NEF

(u)THE BANK OF NEW YORK MELLON FKA THE BANK O

(u)Sergei Nasonav

)Steven Beier
n Jose

End of Label Matrix
Mailable recipients     9
Bypassed recipients     4
Total                  13

EXHIBIT 1

# Anerio V. Altman, Esq.

LAKE FOREST BANKRUPTCY
23151 Moulton Parkway Suite 131
Laguna Hills, CA 92653
Phone and Fax: (949) 218-2002
Email: avaesq@lakeforestbkoffice.com
www.lakeforestbankruptcy.com

**LAKE FOREST BANKRUPTCY, SUPERVISING BANKRUPTCY ATTORNEY, OWNER**          **2004-Current**

- Legal Work:

    o   Filing Consumer and Business Bankruptcy Petitions under Chapter 7, 11 and 13 in the Central,
        Southern and Eastern Districts of California.

    o   Debtor, Creditor and Trustee Representation

    o   Adversary Proceedings and Contested Matters under Chapters 7, 11 and 13 in the Central,
        Southern, Eastern and Northern Districts of California.

    o   Appellate Case Work up to the Ninth Circuit Court of Appeals and the California 4th Circuit
        Court of Appeals, five published cases

    o   Federal District Court litigation in the Central District of California under the Fair Debt
        Collection Practices Act, California Rosenthal Act, Fair Credit Reporting Act and Debt Collection
        through the United States District Court

    o   Defense and Litigation in the California Superior Court Limited and Unlimited Civil Divisions
        focusing on various issues of insolvency.

- Supervisory Duties:

    o   Work with 2-5 employees over a period of 12 years in one to three offices throughout Southern
        California.

    o   Work with independent contractors and attorneys on various matters.

    o   Work with "junior" attorneys assigned by the Public Law Center on their pro bono cases.

- Organizational Duties:

    o   Management of a law firm for over 12 years.

    o   Management and usage of various project management programs.

    o   Experience with multiple computer programs, social media and case management.

    o   Employee review and management.

- Professional Memberships

    o   OC Bankruptcy Forum                                                       2013-Current

    Worked with multiple attorneys and court staff on presentations to the legal community.

    o   Former President and Current Board Member OCBA Bankruptcy Section          2007-Current

    Worked with multiple attorneys and court staff on presentations to the legal community.

    o   Central District of California Rules Committee                            2013-Current

    Work with the CDCA Judges and Court Personnel on the creation and implementation of new rules.

References available upon request.

EXHIBIT 3

March 17, 2023

**VIA U.S. MAIL AND EMAIL**

Jeffrey Beier
10 Tucson Drive
Coto De Caza ,CA 92679

**RE:  Fee Agreement and Certain Disclosures**

Dear Client:

The following documents are enclosed for you review and signature:

1.      Firm's Fee Agreement;
2.      Required Disclosures (if applicable);
3.      Addendum(s) for fees, penalties and scope of work.

**Please note that these documents *must be sent to you as a requirement of Federal Bankruptcy Law* whether or whether not you retain our Firm.**

**We are a Debt Relief Agency as defined under the Federal Code.  We help people file for relief under the Bankruptcy Code.**

Sincerely,

/S/ Anerio V. Altman, Esq.
Anerio V. Altman, Esq.
Supervising Bankruptcy Attorney
Lake Forest Bankruptcy

**SUMMARY OF YOUR INITIAL CASE REVIEW**

This Firm will first perform an analysis of the Client(s)' right to file a petition under Chapter 7, 11 or 13 of the United States Code for a deposit of $3,000 unless the Firm makes an agreement to waive such deposit before making the analysis.  Consult Addendum B for further details.    After  this  analysis  is  performed,  the  Firm  will  file  a

Bankruptcy Petition based upon that analysis if the Client so desires. This Agreement is being executed for the purpose of establishing the terms and fees by which this Firm will represent the Client in the case once filed.

***No services will be provided until the Firm receives all fees requested and costs and a signed copy of the fee agreement.***

SIGNATURES:

LAKE FOREST BANKRUPTCY II, APC

By: _____
     ANERIO V. ALTMAN, ESQ.
     PRESIDENT/CEO

Date: _____

ACCEPTED AND AGREED TO:

_____

Name:  Jeffrey Beier

Date: 03 / 18 / 2023

## **ADDENDUM A**

Dear Client:

This letter confirms the terms and conditions on which Lake Forest Bankruptcy II, APC (hereinafter "the Firm") will provide legal services to the Client.   This written agreement is required by California Business and Professions Code §6148 for most attorney

engagements, and is advisable to minimize the possibility of any misunderstanding between the Firm and its clients.

Please carefully read the terms and conditions under which the Firm is willing to act as your attorney and to represent your interests. If this agreement is acceptable to you, please sign the cover page and addendums of this document, where indicated, and return it to our offices.

By signing this document, you are entering into a contract that is legally binding on both you and the Firm.  This document informs you of the legal work we will and will not do on your case; verifies the financial cost; and verifies your knowledge and approval of all terms of the contract.

The terms and conditions of this agreement regarding legal services ("Agreement") are as follows:

## I.      PARTIES TO AGREEMENT

The parties to the Agreement are Lake Forest Bankruptcy II, APC (the "Firm") and:

Debtor:        Jeffrey Beier

The Debtor will be referred to as "Debtor", "Client" or "you" throughout this contract.

## II.      CONDITIONS

This **Agreement will not take effect**, and the Firm will **have no obligation** to provide any legal services or perform any work for you, until you return a signed copy of this agreement and pay the legal fees required by the agreement.

## III.      SCOPE OF ENGAGEMENT AND SERVICES

The Client(s) retain(s) the Firm for the purpose of representing them in a Bankruptcy Case filed under Chapter 7, 11 or 13 of the United States Code.  This fee agreement addresses only the representation

of the Client on those issues stated on Addendum B. Any additional services such as Adversary Proceedings, Litigation, Stay Violations, and so forth will be **require an additional payment for services and costs and require Client to sign an addendum.**

In no event are fees due or owing after a Petition is filed under the United States Code owed except to the extent they are owed to the Firm as approved by the court pursuant to a Fee Application, Rights and Responsibilities Agreement or to the extent they apply to fees incurred post-petition for new services.  These services are described herein, and described on Addendum B attached (where applicable) hereto and incorporated herein by this reference.

## IV.    DUTIES OF CLIENT

You agree to:

1. Be truthful with us and to cooperate with our Firm;
2. Follow our instructions;
3. To keep us informed of developments that pertain to your finances, property or personal life as relevant to this case;
4. To abide by this Agreement; and
5. Keep us advised of your current address, telephone number, and whereabouts.

Further, it is *your* responsibility to provide us with:

1.  Copies of all documentation requested by us for these legal services;
2.  All Fees for services as described in this agreement; and
3.  Information in your possession that we request from you.

**<u>Specific Duties in a Bankruptcy Case—failure to comply with the following will result in the dismissal of your case and/or the non-dischargability of the debts in your case (meaning you will still owe all your creditors):</u>**

- **DUTY TO COMPLETE THE MANDATORY CREDIT COUNSELING AND DEBTOR EDUCATION COURSES**:

1. *Prior to receiving his or her discharge,* the debtor **must take and pass** 2 **courses.**

- Credit Counseling Course prior to filing the petition; and
- Financial Management Course after filing the petition and prior to the 341(a) hearing.

1. The Client is advised and understands that the failure of the Client to complete these courses; sign a certificate of completion; and deliver said certificate to the Firm **may result in the inability to file the bankruptcy case or the closing of the Client's case by the court.**
2. **A closure of the case will require the Client, not the Firm, to** *pay a case reopening fee* to file the debtor education course completion certificate in addition to any legal fees incurred in accordance with this agreement or by separate agreement with the firm.
3. The Firm is not liable for the ***Client's failure*** to complete these courses and return the completion certificate to us in a timely manner. **THESE FEES ARE THE SOLE RESPONSIBILITY OF THE CLIENT.**  The Firm will direct the Client to take these classes and inform them of their deadlines, but **FIRM IS NOT LIABLE FOR CLIENT (S) FAILURE TO PAY FOR AND COMPLETE THESE COURSES**. Courses may be taken on-line or by telephone.

- **DUTY TO AMEND THE PETITION FOR ADDITIONAL CREDITORS:**

1. Failure to list any creditors in a petition may be detrimental to your case, you must list all creditors to the best of your ability prior to filing the petition.
2. You agree to completely read through the completed bankruptcy petition prior to signing it and prior to the Firm filing it.  It is your responsibility to notice any missing creditors.
3. If the Clint is unable to list a creditor prior to filing the bankruptcy petition, the Client agrees that they ***will pay all required fees and supply the firm with any additional creditors by the time of the 341a hearing or prior to receipt of the bankruptcy discharge***.

4. The firm recommends that additional creditors, if any, are added to the petition at one time, but the firm is not responsible for the Client's requests to amend their petition in a piecemeal manner.

## V.     FEES

The legal fees charged by this Firm will be listed on Addendum B. Addendum B is completed and incorporated into this Agreement prior to the filing of your petition. These fees do **not include the court filing fee(s)\*\*.**

All fees paid by you to the Firm are earned upon an hourly basis as work is performed.  Please note that this agreement is subject to the fee arbitration provisions of the California Bar.

*\*\* Court Filing Fees are subject to change by the U.S. Bankruptcy Court.  The Firm cannot predict when the fees will change and client is liable for any increases in court costs.*

The Client is liable for any court filing, mailing costs and third party/contractor fees incurred on the Client's behalf during the pendency of the bankruptcy matter.

The following issues apply to the following types of cases separate from the cost paid by you for representation in a Chapter 7 matter:

## CHAPTER 7 CASES

Fees for a Chapter 7 **must be paid in advance and prior to filing**.  This is because all your creditors are prohibited from collecting upon that a debt without court permission to do so.  If we are owed money prior to filing, we are one of your creditors, and we cannot collect these amounts after filing.

The fees charged by the Firm for Chapter 7 representation are represented by the "Downpayment" listed on Addendum B.

No post-petition services are included in this Agreement unless

specifically described on Addendum B in this Agreement.

## CHAPTER 13 CASES

If a Bankruptcy petition under Chapter 13 of Title 11 of the United States Code is determined to be the petition to be filed by the Client, the fee for the services will be paid by flat fee or by the hour.

## FLAT FEES

Flat Fees covered by this Agreement FOR "THE BASIC SERVICES" shall total $5000, or $6000 for self employed individual or business owner, and include the BASIC SERVICES.

The BASIC SERVICES includes the following:

1.      Drafting the bankruptcy petition;
2.      Drafting the Chapter 13 Plan;
3.      Drafting the Rights and Responsibilities Agreement (if applicable);
4.      Drafting the Tax/DSO Declaration;
5.      Drafting the Declaration Re:  Post-Petition Pre-Confirmation Payments (if applicable);
6.      Preparation and attendance at the 341a hearing.  Attendance includes making sure an appearance attorney is there with you if we cannot attend;
7.      Preparation and attendance at the Confirmation hearing. Attendance includes making sure an appearance attorney is there on your behalf if we cannot attend;
8.      Review of all Proofs of Claim filed in the case;
9.      Review of the Trustee's Bi-Annual Reports;
10.     Review of all documents filed in the matter;
11.     Informing the Client of any new developments in the case;
12.     Completing the Debtor's Certification of Compliance at the end of the case; and
13.     Other communication with the Client as necessary.

Any other fees incurred will be paid at an hourly rate by the Chapter 13 Trustee after application to the court to approve the services rendered.

**PAYMENT OF CHAPTER 13 CASES:**   All Chapter 13 cases are paid first with a downpayment.  Any remaining fees will be paid through the chapter 13 plan <u>unless otherwise determined</u> to be paid alternatively, by the Firm's attorneys, as declared in the petition.  All fees may be requested in advance of filing depending on the nature of your case.

All fees paid by you to the Firm upon filing of the case and are not refundable for any reason, including the termination of this Agreement. Fees are not waived by the non-confirmation of the plan.  This compensates the Firm for opening your file, representing you to third parties, doing an analysis of your matter, and beginning to prepare your paperwork. It also compensates the Firm for reserving sufficient time and other resources to handle your case.

### CONVERSION OF A CHAPTER 7 CASE TO CHAPTER 13

If a Bankruptcy petition originally filed by the Client under Chapter 7 of the United States Code is later converted to Chapter 13 by the Client or other party or court, the Client understands that the Firm will request and expect payment of the above referenced Chapter 13 fees by way of application to the court of approval of the administrative fees, whether or whether not the full Chapter 7 fee referenced above has been paid by the Client.  The Firm will petition the court to be relieved as counsel if these fees will not be paid.

### CONVERSION OF A CHAPTER 13 CASE TO CHAPTER 7

The Firm charges $1,600 to convert a Chapter 13 matter to Chapter 7.   If a Bankruptcy petition originally filed by the Client under Chapter 13 of the United States Code is later converted to Chapter 7 by the Client or other party or by the court, the Client understands that the Firm will request and expect payment of $1,600.00 whether or whether not the full Chapter 13 fee referenced above has been paid by the Client, and before conversion of the matter to Chapter 7.

**PAYMENT OF CHAPTER 11 CASES:**  A further retainer must be paid by the Client prior to filing a Chapter 11 petition.  That further amount will be listed on Addendum B.

During the Chapter 11, the Firm will request that further expenses and fees incurred in the representation of the Debtor be approved by the court to be paid by the Debtor.  This compensation will be paid from the retainer on hand or by the bankruptcy estate or the Debtor directly.  The Debtor will review all fee applications before they are presented to the court.  The Clients refusal to sign the fee application will be construed as a request for the Firm to be relieved as counsel to the Debtor.  Upon the Client's refusal to sign the fee application, the Firm will first ask the Debtor to be relieved as counsel, and if this request is denied, the Firm will apply to the court to be relieved on a noticed motion.

**WORK PERFORMED PRIOR TO FILING**

After the Bankruptcy analysis, if the Client decides to not file for Bankruptcy protection, the Firm will charge for any hourly work performed by it on behalf of the client and at the client's request at a rate of $400.00 an hour.

**VI.    TERMINATION OF THE FIRM BY THE CLIENT**

The Client shall have the right to terminate and discharge the Firm at any time. Any such termination or discharge of the Firm must be in writing. In such event, the Client authorizes the Firm to make and retain a duplicate of the Client's file. The Client further agrees to bear all reasonable costs of transferring the Client's file to any new counsel chosen by the Client.

**VII.    WITHDRAWAL FROM REPRESENTATION BY THE FIRM**

The attorney-client relationship is one of mutual trust and confidence. If you have any questions at all about the provisions of this Agreement; we encourage our clients to inquire about any matter relating to this Agreement.

In addition, the Client agrees that the Firm may withdraw from representing the Client on written notice sufficient to enable the Client to retain new counsel. Without limitation, the Firm can withdraw as counsel: (1) if the Firm decides to cease the practice of law; (2) if evidence discloses that the Client's case is without legal

merit; (3) if the Firm determines that it does not wish to further represent the Client; (4) if the Client does not reasonably cooperate with the Firm regarding the Client's case; (5) if the Client is in material breach of this Agreement; or (6) for any reason authorized by law or the California Rules of Professional Conduct.

## VIII.    DOCUMENT STORAGE POLICY

The Firm's policy with regard to documents at the conclusion of a matter is to maintain signature pages received from the Client for five years.  All other documents are forfeit upon receipt by the Firm. After five years, all remaining documents in a file are destroyed and discarded. Accordingly, if there are any documents or papers you wish removed from your file at the conclusion of a matter, you must advise us in writing in order to ensure that the documents are not destroyed. In the event that, after the matter has been concluded, your files have been sent to off-site storage, the firm may request that you pay for the costs of retrieval of the files prior to any retrieval of your files.  The Client is responsible for any third party fees incurred in retrieving any previously filed documents.

## IX.    DISCLAIMER OF GUARANTEE

The Client understands that the Firm has made no representation or guarantee concerning the favorable termination of this matter or the favorable outcome of any legal proceedings (including any bankruptcy proceedings) that may be filed or defended on behalf of the Client.

## X.    VENUE

This Agreement has been executed, and is intended to be performed in the State of California, and governed by the laws of the State of California, and, to the extent applicable, federal bankruptcy law.

## XI.    NO PROMISES AND WARRANTIES

No promise, representation, or warranty has been made by or for the Firm in respect of this Agreement, except as set forth in this document. The Client acknowledges having had the opportunity to

seek the advice of separate counsel with respect to this Agreement and Client has availed himself or herself of that opportunity to the extent that Client deemed appropriate.

## XII.    DISPUTE RESOLUTION

If any dispute arises between you and the Firm regarding our fees or services rendered in connection with this Agreement, such disputes shall be submitted to binding arbitration. Such a dispute would include any claim against the Firm for breach of contract, negligence, breach of fiduciary duty or other wrongdoing. The arbitration shall be conducted before the Orange County Bar Association. Neither party shall be entitled to attorney's fees.

## XIII.    MODIFICATION/INTEGRATION

No change or modification of this Agreement shall be effective until confirmed in a writing signed by the Firm and the Client that expressly refers to this Agreement. This document and Addendum B attached to this Agreement embody the entire agreement of the parties concerning the subject matter of this Agreement. There are no promises, terms, conditions, or obligations other than those contained in this Agreement and attached Exhibits shall supersede all previous communications, representations, or other agreements, either verbal or written, between the Firm and the Client.

## XIV.    METHOD OF COMMUNICATIONS

You authorize the firm to communicate with you and to send and receive confidential communications to you and from you via fax, email, and cellular telephone, even though these methods of communication have been shown to have some risk in that unauthorized third parties can access them.    Client further understands that the Firm will attempt to return all communications within 48 hours. Communications may be made to the Client by individuals authorized by the Firm, but do not have to be made by the Attorney.

**Client understands that the Firm makes no promises as to whether any communication made to us**

**during the weekend will be returned until the next business
day.**

**Sabbath Provision:  Client understands
that the Firm will not communicate with the Client during the
period of time from Friday at 5:00 P.M. until Sunday at 12:00
P.M.  Any communication made by the Firm in the Firm's
discretion during this period of time does not waive this
provision.**

We look forward to working with you and thank you once again for
the opportunity to serve you.

## XV.    PRIVACY POLICY

The following is an explanation of the Firm's privacy policy regarding
your personal or financial information. The Firm may collect
nonpublic personal or financial information about you, either from
you directly or from an outside source, in the course of representing
you as contemplated by this Agreement. The Firm will disclose any
such nonpublic information only to individuals or entities as
necessary to provide you with the legal services contemplated by
this Agreement. Examples of such individuals or entities include
members of the Firm's staff, the courts, authorized third parties, and
may also include your accountant, your realtor, your insurance
company, or any other individual duly authorized as your agent if
you have given the Firm their names. The Firm does not disclose any
such nonpublic information to anyone except as and to the extent
necessary in the course of representing you as contemplated by this
Agreement. If for any reason you do not want us to disclose any such
nonpublic information to any person or entity, please so notify us in
writing and designate the nonpublic information that you wish not to
be disclosed.

## XVI. COUNTERPARTS, FACSIMILE SIGNATURES

This Agreement may be signed in counterpart. Facsimile signatures,
or electronic signatures, of the Firm and the Client shall be effective
as original signatures.

## XVII.  SEVERABILITY

If any portion of this Agreement is held by a court of competent jurisdiction to be invalid or otherwise unenforceable, the remaining provisions will remain enforceable to the fullest extent permitted by law. Furthermore, to the fullest extent possible, the provisions of this Agreement (including each portion of this Agreement containing any provision held to be invalid or otherwise unenforceable, that is not itself invalid or unenforceable) will be construed so as to give effect to the intent manifested by the provision held invalid or unenforceable.

## XVIII.  TIME OF FILING

The Firm reserves the right to determine when the case will be filed. The Firm's normal filing policy is to file all cases either on a Friday or Saturday via the court's electronic filing system-CM/ECF.   Unless otherwise specified by the Client on Addendum B attached hereto and incorporated herein by this reference, the Client agrees that the time of filing is at the discretion of the Firm.

## XIX.  DETERMINING VALUE OF COLLATERAL/HOME APPRAISALS AND ASSUMPTION OF RISK

The Firm recommends that **whenever possible the Client retain and employ the usage of a professional appraisal of the value of personal or real property** if determined by the Firm to be necessary for the benefit of the Client's case.   The ***Client assumes all risk for their failure, refusal or decision to not use a professional appraisal*** for personal or real property if the Firm has determined or recommended the usage of the same for the benefit of the Client's case.

When not determined by a professional appraiser the Firm will use the following values:

**Personal Property:**  The value stated by the Client for any personal property; or the value as determined by the Salvation Army by their suggested value for donated goods on their website.

**Vehicle Value:**  The highest retail value as determined by the NADA

online version located at www.nada.org.
**Home Value:**    The value determined by the website
www.zillow.com.

DISAVOWAL OF RISK:  The Firm's disavows all risk for the final disposition of real property if the Client does not acquire an appraisal for such property prior to the filing of the case.

## XX.    INSURANCE

This Firm carries malpractice insurance.

## XXI.    CIRCULAR 230 DISCLOSURE

To ensure compliance with U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

## <u>ADDENDUM B</u>

**PREPETITION FEES:**

The Firm requires a payment of $3,000 ("Downpayment") prior to filing the matter in bankruptcy court.

If the case is never filed as a Chapter 7, 13 or 11, no further payment other than the Downpayment is required.

If the case is filed as a Chapter 7, only the Downpayment and the Filing Fees are required.

If the case is filed as a Chapter 13, the Downpayment and Filing Fees

are due pre-petition and either the remainder of the Flat Fee or Hourly Fees will be paid through the Chapter 13 Plan post-petition.

If the case is filed as a Chapter 11, a further retainer of $15,000 will need to be deposited prior to filing.

Fees for Litigation, which is defined as initiating or responding to an attempt by a Trustee, Creditor or other party to object to your discharge, liquidate property without your permission, or respond to documentation filed in the court, is not covered by the Downpayment.

Filing Fees and third party fees will be separately billed.

The Client is paying for the following services:

Petition Fee, 341A Hearing, Other:
The client is filing a chapter 7 with the understanding that they are unable to file a Ch11 at this time and can only file under chapter 7. They understand by filing this that the Chapter 7 Trustee appointed to the Mattar may oppose their efforts to convert this matter to Chapter 11 and they may be unable to maintain their property or prosecute their claims as against Bank of America and it's subsidiaries for any lending transactions.  Further the debtor understands that the trustee, if this matter is not converted Chapter 11, may attempt to recover and liquidate any other assets the Debtor owns for the purpose of paying off his creditors and that the Debtor has to assist with these actions.  Further the Debtor understands that whether this is Chapter 7 or Chapter 11 the Debtor must fully detail the entirety of his assets and debts as part of this process wherever they may be situated in the world.


**DEFINITIONS**

**Petition Fee:**  The preparation of the petition.  The fee for this is $1,000.

**341A Hearing:**  An attorney's appearance at the initial 341a hearing.  The fee for this is $400.  Any further hearings may be

charged at a rate of $400 an hour.

**Chapter 13 Services:**  The Basic Services described in section V. This fee will be paid by the Chapter 13 Trustee less the amount paid by the Client for the Downpayment.

**Business Ownership:**  The Debtor has owned a business and was an officer/director of said corporation within the last 8 years.  The fee for this is $400 per business.

**Reaffirmation**:  The Debtor(s) require one or more reaffirmation agreements.  The fee charged for this is $400 per vehicle to be reaffirmed.

**Motion:**  If the Debtor requires the Firm to file an additional Motion, or initiate a contested matter in the Debtor's case, the Firm will charge $1500 per motion to be filed.  $500 is charged for each additional motion that is of the same type.

**B22:**  The Debtors combined household income is greater than the Median Income for the purposes of the "Means" test.  The Firm charges $400 for above median income Debtors.

**I&J**:  The Debtors combined household income allows for disposable income after allowed expenses.  The Firm charges $400 for Debtors with significant disposable income.

**Trust:** The Debtor is the Trustee of a Trust.  The Firm will charge $400 per Trust to be reviewed.

**"OTHER":**  The Debtor's case has some issue that we believe is extremely problematic.   The Firm will separately describe this service in this agreement and provide a separate price.