PETER C. ANDERSON
United States Trustee
Michael Hauser (SBN 140165)
Attorney for the U.S. Trustee
Ronald Reagan Federal Building
411 West Fourth Street, Suite 7160
Santa Ana, CA  92701-8000
Tel: (714) 338-3400
Fax: (714) 338-3421
Michael.Hauser@usdoj.gov

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | CASE NUMBER:  8:23-bk-10898-TA |
| Jeffrey S. Beier, | CHAPTER 11 |
| | REPLY OF U.S. TRUSTEE TO DEBTOR'S OPPOSITION TO MOTION BY UNITED STATES TRUSTEE TO DISMISS CASE OR CONVERT CASE TO ONE UNDER CHAPTER 7 PURSUANT TO 11 U.S.C.§ 1112(b) |
| Debtor | DATE:    June 7, 2023<br>TIME:    10:00 A.M.<br>CTRM:    5B |

**TO THE HONORABLE THEODOR ALBERT, CHIEF JUDGE, UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND PARTIES IN INTEREST:**

1

# I.
## *INTRODUCTION*

The U.S. Trustee files this reply to the Debtor's opposition to the U.S. Trustee's motion to dismiss or convert case to chapter 7.  The initial basis for the U.S. Trustee's motion was that the Debtor has not complied with any of the U.S. Trustee's *Guidelines and Requirements for Chapter 11 Debtors In Possession*.  Since the filing of the motion the Debtor provided a compliance package to the U.S. Trustee which is deficient and raises concerns sufficient to lead the U.S. Trustee to conclude that the Debtor cannot serve as the fiduciary in this case.

First, as noted in the opposition, the Debtor has yet to obtain insurance on the Trabuco Canyon Property, which is a rental property valued at approximately $3 million.  The property, which is managed by the Debtor's brother, has been rented out since November 2017, and in 2022 alone, $90,000 in rents was collected.  At the same time, the Debtor has not made a mortgage payment on the property since 2009.  Pocketing all the rents while not insuring the property is indefensible.  Accordingly, the debtor is not capable of acting as a fiduciary in this case.  Scrambling to put insurance in place at this juncture will not cure this problem.

Second, the Debtor's compliance package reflects that the last time he filed his tax returns was 2017 even though he has collected substantial rental income since 2018.  Further, the Debtor's schedules do not list any taxing agencies such as the IRS or FTB.  In fact, other than the bank and the tenant at the rental property, the only other creditors listed in this case are the Debtor's parents and brother.

Third, the Debtor's opposition states that he has opened a debtor-in-possession bank account.  However, the opposition fails to disclose that the Debtor's mother opened the account in his name using a power of attorney.  The U.S. Trustee has not been provided a copy of the power of attorney. In any event, given the facts surrounding this case, neither the Debtor nor his family members should be entrusted with access to estate funds.

Fourth, the compliance package states that the Trabuco Canyon Property is owned by a trust but fails to provide the trust instrument.

Fifth, as discussed below, the Debtor's argument that "unusual circumstances" exist in this case fails to properly address the legal standard set forth in section 1112(b)(2) of the Code.

Finally, the Debtor did not disclose a pending criminal matter on his statement of financial affairs.

The Supreme Court has held that bankruptcy is a privilege not a right[1].  Additionally, Bankruptcy Court is a court of equity, and it is axiomatic that one who seeks equity must come before this Court with clean hands.  Here, the Debtor's conduct does not present the requisite clean hands to allow him to continue as a fiduciary in this case.

## II.
### STATEMENT OF FACTS

**A.  The Debtor's Compliance Package**

After the U.S. Trustee filed his motion, the Debtor provided the U.S. Trustee with a compliance package which, as detailed below, is materially deficient. *See* redacted compliance package at Exhibit C, attached hereto.

**B.  Failure to Provide Proof of Insurance**

The Debtor's opposition acknowledges that it has yet to provide proof of insurance on the Trabuco Canyon Property. *See* Opp. at 3:6-10.

**C.  Management of Trabuco Canyon Property**

The Debtor's brother is Steven Beier. *See* Exhibit C, bates stamp page 5.  The Trabuco Canyon Property is managed by an entity named National Professional Services which is owned by Steven Beier. *See* Exhibit C, bates stamp page 16.  The property has been rented out pursuant to a five-year lease agreement executed in 2017 in which National Professional Services is named as the Debtor's agent to collect the rents.  *See* Exhibit C, bates stamp pages 20-28.  According to the Debtor's statement of financial affairs, in 2021 the Debtor collected $78,000 in rents and in 2022 he collected $90,000 in rents. S*ee*

---

[1] *Grogan v. Garner*, 498 U.S. 279, 286-287 (1991).

UST's Motion at Exhibit B, bates stamp page 51, and dec of Debtor to motion to reimpose stay at Exhibit E. The Debtor has not made a mortgage payment on the property since 2009.  *See* Exhibit C, bates stamp page 17 and Bank's opp to reimpose stay at Exhibit F. Steven Beier is also listed as a creditor on Schedule F in the amount of $150,000.  *See* UST's Motion at Exhibit B, bates stamp page 37.

**D.  Failure to File Taxes Since 2018**

The Debtor's compliance package reflects that the last time he filed his tax returns was 2017.  *See* Exhibit C, bates stamp pages 41-43.  The Debtor's explanation for not filing tax returns since 2018 is that he "…believed that he was not required to file tax returns because his income was derived from foreign sources." *See* Exhibit C, at bates stamp page 6.  The Debtor's schedules do not list any taxing agencies such as the IRS or FTB. In fact, other than the bank and the tenant at the rental property, the only other creditors listed in this case are the Debtor's parents and brother.  *See* UST's Motion at Exhibit B, bates stamp pages 33-37.

**E.  Use of Power of Attorney to Set up Debtor-in-Possession Account**

The Debtor's parents are Gary and Patricia Beier. *See* Exhibit C, bates stamp page 5. The Debtor provided the UST with proof of opening a DIP account.  See redacted DIP documentation at Exhibit D attached hereto.  According to the documentation the Debtor's mother, Patricia Beier, opened the account in his name using a power of attorney.  *See* Exhibit D, bates stamp pages 59 and 61.  The U.S. Trustee has not been provided a copy of the power of attorney.  The Debtor's parents are also listed as creditors on Schedule F in the amount of $500,000.  *See* UST's Motion at Exhibit B, bates stamp page 36.

**F.  Failure to Provide Trust Instrument**

The Debtor's compliance package states the Trabuco Canyon Property is owned by a trust.  *See* Exhibit C, bates stamp pages 8-11.  The compliance package requirements include providing the U.S Trustee with a copy of trust instruments created by the Debtor. *See* Exhibit C, bates stamp pages 6 and 8.  However, the Debtor's compliance package

states that the Debtor is still attempting to locate the trust instrument. *See* Exhibit C, bates stamp page 38.

### G.  Failure to Disclose Pending Criminal Matter

The Debtor has a pending criminal matter in Colorado. *See* Exhibit G attached hereto, which is the *Notice of Defendant's Arrest in Russia* that references the underlying indictment in Colorado.  This matter was not disclosed on the Debtor's statement of financial affairs. *See* Statement of Financial Affairs, question # 9 at Exhibit B, bates stamp page 53 to the UST's Motion.

### III.
### *POINTS AND AUTHORITIES*

### A.  The Debtor Cannot Serve as the Fiduciary in this Case

Caselaw provides that a debtor-in-possession is a fiduciary to the estate and its creditors. "If a Debtor remains in possession-- that is, if a trustee is not appointed-- the Debtor's directors bear essentially the same fiduciary obligation to creditors as would the trustee for a Debtor out of possession." *In re Commodity Future Trading Comm'n v. Weintraub*, 471 U.S. 343, 355, 105 S.Ct. 1986, 1994, 85 L.ED. 2d 372 (1985).  Further, a "…bankruptcy or reorganization trustee is a fiduciary of each creditor of the estate… As such, he has a duty to treat all creditors fairly and to exercise that measure of care and diligence that an ordinarily prudent person under similar circumstances would exercise." *In re Cochise College Park*, Inc., 703 F.2d 1339, 1357 (9th Cir. 1983).

For the reasons set forth above, the Debtor cannot be entrusted as the fiduciary in this case.  He pockets rental income but does not insure the property from which the rents are derived.  He takes the position that the rents collected since 2018 are tax free even though he has not made a mortgage payment on the property since 2009. The schedules do not acknowledge any taxing entities.  In fact, other than the bank, the creditor body consists of the

Debtor's brother and parents.  The debtor-in-possession account was opened by the Debtor's

mother using a Power of Attorney, a copy of which has not been provided to the U.S. Trustee.

Further, the Trabuco Canyon Property is owned by a trust, but the Debtor cannot locate the trust

instrument.  Finally, the Debtor did not disclose a pending criminal matter on his statement of

financial affairs.  Accordingly, this case should be dismissed or converted to chapter 7.

### B. Debtor Has not Carried His Burden Under the "Unusual Circumstances" Test

Section 1112(b)(2) of the Bankruptcy Code provides:

(2)  The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter **if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate**, **and** the debtor or any other party in interest establishes that—
(A)  there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
(B)  the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
(i)  for which there exists a reasonable justification for the act or omission; and
(ii)  that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

The Debtor's opposition did not and cannot identify unusual circumstances establishing

that converting or dismissing this case is not in the best interest of creditors and the estate.

Rather, the opposition simply ignores the facts cited above that demonstrate the Debtor is

incapable of acting as a fiduciary in this case.  The failure to insure the Debtor's property while at

the same time pocketing rents and not servicing debt is not "unusual circumstances" that would

preclude conversion or dismissal of this case.  Rather, to the contrary, it is evidence of the

Debtor's inability to serve as a fiduciary in this case and the necessity to either dismiss or

convert this case.  The same analysis applies to the Debtor's failure to file taxes because of his

misplaced belief that the collection of rental income is not taxable.  He is entitled to that belief,

but not as a fiduciary of this bankruptcy estate.

//

//

//

## IV.
### *CONCLUSION*

For the reasons set forth in the U.S. Trustee's motion and in the above reply, the U.S. Trustee respectfully requests as follows:

**A.**    That this Court grant the U.S. Trustee's motion herein and dismiss this case or convert this case to one under chapter 7; and

**B.**    That this Court order such other and further relief as it deems appropriate under the circumstances.

Respectfully Submitted,

OFFICE OF THE UNITED STATES TRUSTEE

Dated: May 31, 2023            /s/ Michael Hauser
                              MICHAEL HAUSER
                              Attorney for the U.S. Trustee

**7**

### ***DECLARATION OF MICHAEL HAUSER***

I, Michael Hauser, hereby declare and state as follows:

1.  I am employed as an Attorney by the United States Trustee ("U.S. Trustee") for Region 16.  My duties and responsibilities include the review and analysis of Chapter 11 cases including the case of Jeffrey S. Beier ("Debtor"), case number 8:23-bk-10898-TA. The facts stated herein are within my personal knowledge and if called upon to testify to the same I could and would testify competently thereto. This declaration is filed in support of the Reply of U.S. Trustee to Debtor's Opposition to Motion by United States Trustee to Dismiss Case or Convert Case to One Under Chapter 7 Pursuant to 11 U.S.C. § 1112(b) in case number 8:23-bk-10898-TA.

2.   Attached hereto at Exhibit C is a true and correct copy of the Compliance Package submitted by Debtor's counsel to the U.S. Trustee.

3.  Attached hereto at Exhibit D is a true and correct copy of the Debtor-in-Possession bank account documentation submitted by Debtor's counsel to the U.S. Trustee.

4.  On May 30, 2023, I accessed the PACER docket in case number 8:23-bk-10898-TA, and printed out docket # 9 which is attached hereto at Exhibit "E".

5.  On May 30, 2023, I accessed the PACER docket in case number 8:23-bk-10898-TA, and printed out docket # 22 (without exhibits) which is attached hereto at Exhibit "F".

*6.* Attached hereto at Exhibit G is a conformed copy of a document titled *Order: Notice of Defendant's Arrest in Russia*, which I obtained from the Arapahoe County District Attorneys Office.

I declare under penalty of perjury and under the laws of the State of California and the United States of America that the foregoing is true and correct, and if called as a witness I could and would completely testify thereto.  Executed this 31st day of May 2023 at Santa Ana, California.

<u>/s/ Michael Hauser</u>
Michael Hauser

**8**

# Exhibit "C"

| Attorney or Party Name, Address, Telephone and FAX |
|---|
| Anerio V. Altman, Esq. #228445<br>Lake Forest Bankruptcy<br>PO Box 515381<br>Los Angeles, CA 90051<br>Phone and Fax: 949-218-2002<br>avaesq@lakeforestbkoffice.com |

☐ Pro Se Debtor

| OFFICE OF THE UNITED STATES TRUSTEE<br>LOS ANGELES DIVISION | SUBMIT TO UNITED STATES<br>TRUSTEE - Do not file with the Court |
|---|---|
| In Re:<br><br>**JEFF SCOTT BEIER**<br><br><br>Debtor-In-Possession | Case Number: 8:23-bk-10858-TA<br><br>**Attorney's 7 Day Package Checklist**<br><br>☐ Check this box to indicate that this checklist amends or supplements a previously filed checklist<br>Amendment No. _____ |

You must attach each of the following documents or a satisfactory explanation of your failure to attach a document. Failure to submit these documents in a timely fashion may result in a motion to convert or dismiss the case. The submission of documents that are incomplete or not prepared in accordance with UTSP guidelines and requirements will be treated as a failure to submit.

| Document Attached | Previously Submitted | Explanation Attached | REQUIRED DOCUMENTS | | |
|---|---|---|---|---|---|
| X | | | 1. Declaration of Debtor Regarding Compliance with UST Guidelines and Requirements for Chapter 11 Debtors in Possession | | |
| x | | | 1.1. | Real Property | |
| | | x | 1.2. | Bank Account Information | |
| | | x | 1.3. | Insurance Coverage | |
| | | x | 1.4. | Proof of Required Certificates and Licenses | |
| | | x | 1.5. | List of Insiders | |
| | | x | 1.6. | Financial Statements | |
| | | x | 1.7. | Health Care Business | |
| | | x | 1.8. | Trust Agreements | |
| x | | | 1.9. | Recordation of Chapter 11 Petition | |
| | | x | 1.10. | Federal and State Tax Returns | |
| | | x | 1.11. | Employee Benefit Plans | |
| X | | | 2. Projected cash flow statement for the first ninety (90) days from the initial filing date | | |
| X | | | 3. Statement of Major Issues and Timetable Report | | |

☐ I have read and understood the Guidelines and Requirements for Chapter 11 Debtors In Possession.

Dated: 5/12/2023

**LAKE FOREST BANKRUPTCY**
Law Firm Name

By: _____

Attorney for Debtor or Debtor In Pro Per

Dated: May 10, 2023

I HEREBY APPROVE THE ATTACHED

_____
Signature of Debtor

**(Image of Original Signatures Required)**

*Revised September 1, 2011*                                                    USTLA-4

**Exhibit "C"**                                                                      **001**

| Attorney or Party Name, Address, Telephone and FAX |
|---|
| Anerio V. Altman, Esq. #228445<br>Lake Forest Bankruptcy<br>PO Box 515381, Los Angeles, CA 90051<br>Phone and Fax:  (949) 218-2002; avaesq@lakeforestbkoffice.com |

☐ Pro Se Debtor

| OFFICE OF THE UNITED STATES TRUSTEE<br>LOS ANGELES DIVISION | SUBMIT TO UNITED STATES TRUSTEE<br>– DO NOT FILE WITH COURT |
|---|---|
| In Re:<br><br>**JEFF SCOTT BEIER**<br><br>Debtor-In-Possession. | Case Number:<br>8:23-bk-10898-TA |
| | DECLARATION OF DEBTOR REGARDING<br>COMPLIANCE WITH UNITED STATES<br>TRUSTEE GUIDELINES AND<br>REQUIREMENTS FOR CHAPTER 11<br>DEBTORS IN POSSESSION |

**Privacy Policy [Privacy Act of 1974, as amended (5 U.S.C 552a) and LBR 1002-1(e)].**

*Declarant acknowledges that they have redacted all personally identifiable information contained in this declaration and its attachments and further acknowledges that it is the responsibility of the filing party, not the United States Trustee Program, to ensure compliance with this policy.*

*(1)    All "personal identifiers" must be redacted from documents filed with the USTP, including attachments. "Personal identifiers" are considered to be the following:*

 (A) *Social Security Numbers. If an individual's Social Security number (SSN), or Individual Tax Payer Identification Numbers (ITIN) must be included in the document, only the last four digits of that number should be used.*

 (B) *Financial Account Numbers. Only the last four digits of these numbers should be used;*

 (C) *Dates of Birth. If an individual's date of birth must be included in the document, only the year should be used; and*

 (D) *Names of Minor Children. If the name of a minor child must be mentioned, only the initials of that child should be used.*

## 1.  REAL PROPERTY

1.1.    For each property that debtor owns, leases, has an interest in, or is in the process of purchasing, including debtor's personal residence, declarant has attached the following documentation:

**Check All That Apply:**

☑ 1.1.1. Debtor owns a personal residence.  A Real Property Questionnaire for Principal Residence (USTLA-5.1) is attached hereto.

☐ 1.1.2. Debtor owns, leases, has an interest in, or is in the process of purchasing a total of **four (4) or less** parcels of real property.  For each such property, declarant has attached a Real Property Questionnaire (USTLA-5.2).

☐ 1.1.3. Debtor owns, has an interest in, or is in the process of purchasing a total of **five (5) or more** parcels of real property.  Attached is an Owned Property Summary Sheet (USTLA-5.3) which identifies all such parcels of real property.

☐ 1.1.4. Debtor leases **five (5) or more** parcels of real property.  Attached is a Leased Properties Summary Sheet (USTLA-5.4)

**Exhibit "C"**      **002**

| In Re: JEFF SCOTT BEIER | Case No.: |
|---|---|
| Debtor. | 8:23-bk-10898-TA |

## 2. BANK ACCOUNT INFORMATION

2.1.    Debtor has closed all pre-petition bank accounts indicated below. For each account that is closed, Debtor has attached a copy of a bank statement evidencing that the account has been closed. For each account that has not been closed, debtor has provided a detailed explanation as to why each account has not been closed.

2.1.1.    Account Name: Jeff S. Beier

Depository: School's First Federal Credit Union

Last 4 digits of Account Number: 1555

Date of Closure: ~~2047~~ 5/11/2023

Closing Balance: 0

Explanation if account has not been closed:

2.1.2.    Account Name: Wife's Russian Account

Depository: SBER Account

Last 4 digits of Account Number:

Date of Closure:

Closing Balance:

Explanation if account has not been closed:

This account cannot be closed. This is an account at SBER bank in Russia. Russian citizens must

maintain an account at this bank for the purpose of paying government fines and penalties. The

The debtor's name is not on this account. Also, an account in Russia is required to move money to and from Russia to the USA. You can not deposit money in Russia to the DIP account. Or vi

2.1.3.    Account Name:

Depository:

Last 4 digits of Account Number:

Date of Closure:

Closing Balance:

Explanation if account has not been closed:

☐    Additional sheets are attached hereto, marked Attachment 2.1, and incorporated herein by reference.

2.2.    All funds from the above-referenced pre-petition bank accounts were transferred to the following Chapter 11 debtor in possession bank accounts:

2.2.1.    Account Name:

Depository:

Last 4 digits of Account Number:

Opening Date:

Initial Deposit:

The beginning balance of this account differs from the ending balance of the pre-petition account because:

**Exhibit "C"**

**003**

| In Re: Jeff Scott Beier | Case No.: 8:23-bk-10898-TA |
|---|---|
| Debtor. | |

2.2.2.   Account Name: _____
Depository: _____
Last 4 digits of Account Number: _____
Opening Date: _____
Initial Deposit: _____
The beginning balance of this account differs from the ending balance of the pre-petition account because: _____
_____

2.2.3.   Account Name: _____
Depository: _____
Last 4 digits of Account Number: _____
Opening Date: _____
Initial Deposit: _____
The beginning balance of this account differs from the ending balance of the pre-petition account because: _____
_____

☐   Additional sheets are attached hereto, marked Attachment 2.2, and incorporated herein by reference.

## 3.   INSURANCE COVERAGE

3.1.    Debtor will maintain appropriate insurance coverage for all estate property, including vacant land, throughout the pendency of this proceeding.

3.2.    Debtor has named the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017-3560, as an *additional interest party* on each and every insurance policy listed herein and any other policies, throughout the pendency of this proceeding.

3.3.    If, for any reason, an insurance policy shall lapse, not be renewed, or fails to be in full force and effect, debtor will *immediately* provide updated proof of insurance to the United States Trustee.

3.4.    The following policies are in effect as of the date of this declaration.

|        | Name of Insurance Carrier | Type of Insurance | Policy Number |
|--------|---------------------------|-------------------|---------------|
| 3.4.1. | UNKNOWN | FORCE PLACED BY LENDER | |
| 3.4.2. | | | |
| 3.4.3. | | | |
| 3.4.4. | | | |

3.5.    *COPIES OF THE DECLARATION PAGE(S) for each policy listed herein are attached hereto as Attachment 3.5. Each declaration page(s) reflects (1) the name of insured, the additional interest party(ies), type and extent of coverage; policy expiration date; and the account or policy number (or other identifying information).*

| In Re: Jeff Scott Beier | Case No.: 8:23-bk-10858-TA |
|---|---|
| Debtor. | |

## 4. PROOF OF REQUIRED CERTIFICATES AND LICENSES

4.1.    Debtor will maintain all appropriate certificates and licenses required by federal, state and local law for the lawful operation of debtor's business.

4.2.    The following certificates and licenses are in effect as of the date of this declaration:

| | Type of Certificate or License | Issuing Authority |
|---|---|---|
| 4.2.1. | N/A | |
| 4.2.2. | | |
| 4.2.3. | | |
| 4.2.4. | | |

4.3.    *Attached hereto as Attachment 4 is a copy, or other proof, of each license or certificate listed above.*

## 5. LIST OF INSIDERS

The following constitutes a complete list of all insiders of the debtors, as that term is defined by 11 U.S.C. Section 101(31):

| | Name of Person | Relationship to Debtor |
|---|---|---|
| 5.1.1. | VALENTINA BEIER | WIFE |
| 5.1.2. | GARY AND PATRICIA BEIER | PARENTS |
| 5.1.3. | STEVEN BEIER | BROTHER |

☐    Additional sheets are attached hereto, marked Attachment 5, and incorporated herein by reference.

## 6. FINANCIAL STATEMENTS

Debtor has the following financial statements that were issued in the two year period prior to the filing of this bankruptcy:

| | Audited | Unaudited |
|---|---|---|
| 6.1.1. | | |
| 6.1.2. | | |
| 6.1.3. | | |
| 6.1.4. | | |
| 6.1.5. | | |
| 6.1.6. | | |
| 6.1.7. | | |

☐    Debtor **HAS NOT** issued any financial statements in the two year period prior to the filing of this bankruptcy.

## 7. HEALTH CARE BUSINESS

☑    Debtor **IS NOT** a health care business as defined by 11 U.S.C. Section 101(27A).

☐    Debtor **IS** a health care business as defined by 11 U.S.C. Section 101(27A).

Effective September 1, 2011

*USTLA-3 Rev. 11/13/2019*

**Exhibit "C"**                                                                  **005**

| In Re: Jeff Scott Beier | Case No.: 8:23-bk-10858-TA |
|---|---|
| Debtor. | |

## 8. **TRUST AGREEMENTS**

☐ Debtor **IS NOT** a party to a trust agreement or a beneficiary under a trust agreement that holds property.

☑ Debtor **IS** a party to a trust agreement, or is a beneficiary under a trust agreement that holds property. Copies of all such trust agreements are attached hereto as Attachment 8.

## 9. **RECORDATION OF CHAPTER 11 PETITION**

☐ Debtor **DOES NOT** hold an interest in real property.

☑ Debtor **HAS** recorded a copy of the Chapter 11 petition in all counties in which it holds an interest in real property. Copies (or conformed copies) of each recorded petition are attached hereto as Attachment 9.

☐ Debtor has not been able to fulfill this requirement because:

_____

## 10. **FEDERAL AND STATE TAX RETURNS**

Debtor has filed the following tax returns (list last two years for which returns have been filed). *Copies will be provided at the Initial Debtor Interview.*

| Tax Year | Form Number and Name of Return (*i.e., 1040, Individual Income Tax Return*) | Taxing Agency's Name (*i.e., IRS*) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

☑ Current tax returns have not been filed because:
The Debtor believed that he was not required to file tax returns because his income was derived from foreign sources.  We are consulting a tax professional on this issue.

_____

## 11. **EMPLOYEE BENEFIT PLANS**

Attached hereto and marked Attachment 11 is a fully executed Employee Benefit Plan Questionnaire.

☐ **BUSINESS ENTITIES**: I, am the authorized agent of the debtor named in this case, declare under penalty of perjury that I have read the foregoing Declaration, and the information provided is true and correct to the best of my knowledge, information, and belief. I further declare that I have been authorized to file this declaration on behalf of the debtor.

DATED: _____

_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

**Exhibit "C"**                                        **006**

| In Re: Jeff Scott Beier | Case No.: |
|---|---|
| Debtor. | 8:23-bk-10858-TA |

_____
Title of Authorized Individual

☑ **INDIVIDUAL DEBTORS**: I declare under penalty of perjury that the information provided in the foregoing Declaration is true and correct to the best of my knowledge, information and belief.

DATED: May 10, 2023
_____

_____
Signature of Individual Debtor

Jeffrey Scott Beier
_____
Printed Name of Individual Debtor

DATED: _____

_____
Signature of Joint Debtor

_____
Printed Name of Joint Debtor

**Exhibit "C"**                                                    **007**

---

...ney or Party Name, Address, Telephone and FAX

Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
PO Box 515381
Los Angeles, CA 90051
Phone and Fax: (949) 218-2002
avaesq@lakeforestbkoffice.com

☐ Pro Se Debtor

| OFFICE OF THE UNITED STATES TRUSTEE<br>LOS ANGELES DIVISION | SUBMIT TO UNITED STATES TRUSTEE<br>– DO NOT FILE WITH COURT |
|---|---|
| In Re:<br><br>**JEFF SCOTT BEIER** | Case Number:<br>8:23-bk-10858-TA |
| | **REAL PROPERTY QUESTIONNAIRE**<br><br>CHECK ONE BOX: |
| Debtor-In-Possession. | ☑ Owned   ☐ Being Purchased ☐ |

Within seven (7) days after the filing of the petition, every chapter 11 Debtor in Possession which holds any interest in any parcel of real property shall provide the United States Trustee with a completed Real Property Questionnaire (form UST-5). Included within the meaning of the phrase "any interest in any parcel of real property" are real property leases, land sales contracts, open escrows and other transactions under with the Debtor presently may not be a titleholder of record.

The United States Trustee deems the requested information necessary to carry out his statutory responsibilities to monitor and evaluate all pending Chapter 11 cases in this District. Therefore, failure to timely and fully submit this form for each parcel of real property may result in the filing of a motion to dismiss this case, convert this case to one under Chapter 7 or for appointment of a Trustee. Consequently, the Debtor is required to fully answer each question contained in each section of this Questionnaire that applies to the particular parcel of real property involved. A separate Questionnaire is to be filed for each parcel of real property. If additional space is required for any answer, and continuation sheet specifying the Section and Question involved should be attached.

| SECTION ONE:  PROPERTY OWNED OR BEING PURCHASED BY DEBTOR |
|---|
| A.     Address of property including county and state in which it is located:<br><br>10 Tuscon, Trabuco Canyon, CA 92679<br>Orange County, CA |
| B.     Legal Description of Property (i.e. Lot and Tract Number, including Tax Assessor's I.D. Number)<br><br>Orange County Assessor's Parcel Number:  755-241-13<br>Census Tract:  320.46, Block, 4005, Legal:  N-Tract:  15841 Block:  Lot:  1 |
| C.     Percentage interest in the property owned by the Debtor: **100% through Revocable Trust** |
| D.     Date of Debtor's Acquisition of the Property: 4/1/2003<br><br>       Purchase Price: $ 1,470,000 |

Effective September 1, 2011

USTLA 5

| In Re: Jeff Scott Beier | Case No.: |
|---|---|
| Debtor. | 8:23-bk-10858-TA |

E.      Type of real property (i.e. single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved.)

**Single Family Residence**

F.      Description of property (i.e.  square footage, number of units, number of offices, amenities, condition):

**5,854 Square foot property sitting on a 15,296 lot.  Built in 2002.
5 Bedroom, 5.5 Bath.  Good condition.**

G.      Development status of property:
        (1) Permits (type, date issued, expiration date):



        (2) In construction (date of commencement, estimated date and cost of completion, name of construction lender):



        (3) Rehabilitation (specify nature, cost and status of rehabilitation effort):



H.      Present Fair Market Value: $ **3,117,300**

I.      State source and basis of the above fair market value: (attach a copy of latest appraisal)

**Comparable sales in the area.  An appraisal is being generated by Appraiser Paul Marchi.**

J.      Does the property meet all federal, state, and local requirements including, but not limited to; health, building, safety, OSHA, earthquake and fire regulations? ✓ YES ☐ NO (If the answer is "NO," briefly explain and attach copies of any complaints, citations and/or recorded documents which specify the substance of the alleged violations)



K.      State the name of the titleholder of records as of the date of the filing of the Petition:
Tucson Beier Trust

L.      State the name of the Grantor of the property to the titleholder set forth in "K" above:
Toll Land XX

Effective September 1, 2011

2

*USTLA-5*

**Exhibit "C"**                                                    **009**

**Exhibit "C"**

010

| In Re: Jeff Scott Beier | Case No.: |
|---|---|
| Debtor. | 8:23-bk-10858-TA |

| M. | Is the titleholder, specified in "K" above, the Debtor in this Chapter 11 proceeding? ☐ YES ☑ NO (If "NO," explain why the titleholder and the Debtor are different persons/entities) |
|---|---|

The Tucson Beier Trust owns the property.  The Debtor-In-Possession is the Trustee and Beneficiary of the Trust.

| N. | State the date of the last transfer of any interest in the property and the name of the transferor and transferee: |
|---|---|

October 26th, 2017

| O. | Was title to the property transferred to the Debtor within ninety (90) days prior to the filing of the Chapter 11 Petition? ☐ YES ☑ NO (If "YES," state the reason for the transfer) |
|---|---|

| P. | If the Debtor is a partnership, did all of the general partners consent to the filing of the Chapter 11 Petition? ☐ YES ☐ NO (If "YES," attach documentation to indicate such consent was given by all partners, if "NO," explain why all did not consent and identify each non-consenting partner). |
|---|---|

N/A

| Q. | Is the property currently occupied? ☑ YES ☐ NO |
|---|---|

| R. | Does the Debtor, its principals or any other person or entity related to the Debtor or its principals occupy or use any portion of the property? ☐ YES ☐ NO (If "YES," state the name of the tenant, nature of the relationship to the Debtor and terms of the agreement, if any) |
|---|---|

The Debtor rents out this property but that is the extent of his use of the property.

| S. | Does any other person/entity other than the Debtor use, lease or occupy any portion of the property? ☑ YES ☐ NO (If "YES", state name of each person/entity, whether it is relation, affiliated or doing business with the Debtor or any principal of the Debtor, and state the terms of such use, lease or occupancy) |
|---|---|

Sandy Elsberg, no relation, the lease expires as of 5/15/2023.

| T. | Has the Bankruptcy Petition been recorded in the Office of the Recorder of the county in which this property is located? ☑ YES ☐ NO (If "YES," state the Date of Recordation and Instrument Number or Book and Page Number) |
|---|---|

**Exhibit "C"**

**011**

| In Re: JEFF SCOTT BEIER | Case No.: 8:23-bk-10858-TA |
|---|---|
| Debtor. | |

## SECTION TWO: FINANCIAL STATUS OF OWNED PROPERTY

A.    List Voluntary encumbrances of record against the property (e.g. mortgages, stipulated judgments):

| | Lender Name | Current Principal Balance | Installment Amount | Frequency (Mo/Qtr/Yr) |
|---|---|---|---|---|
| 1st: | BANK OF AMERICA | 2757616 | None | Mo. |
| 2nd: | | | | |
| 3rd: | | | | |
| 4th: | | | | |

| | Maturity Date | Date of Last Payment | Number of Delinquent Installments |
|---|---|---|---|
| 1st: | Matured | Prior to 2009 | Since 2009 |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |

B.    List involuntary encumbrances of record against the property (tax, mechanics's and other liens, judgments, lis pendens):

| Type of lien | Amount Claimed | Date of recordation |
|---|---|---|
| None known | | |
| | | |
| | | |
| | | |

C.    Was a Notice of Default and/or a Notice of Sale recorded prior to the filing of the bankruptcy petition? ✓YES ☐NO
(If "YES," state which document was recorded, the name of the lender, and the date of recordation)



D.    Property Taxes:
(1) Assessed value of property per latest real property Tax Bill $

(2) Annual taxes and installment due dates:

(3) Indicate the due dates and amounts of any Tax Bills which have not been paid:

**Exhibit "C"**                                                                                    012

| In Re: **JEFF SCOTT BEIER** | Case No.: |
|---|---|
| Debtor. | **8:23-bk-10858-TA** |

### SECTION THREE: SALE OF PROPERTY

A.     Has a real estate broker been employed? ☐ YES ☐ NO (If "YES," state the name of the broker, name of the salesperson, date employed, company name, address and telephone number and the listing agreement expiration date)

B.     Has an application to employ the broker been filed with the court? ☐ YES ☐ NO

C.     How long as the property been listed or advertised for sale with the current broker?

D.     Has any written offer been received? ☐ YES ☐ NO (If "YES," state the terms of each such written offer)

E.     What is the date the property was first listed for sale with any broker?

F.     What is the current listing price? (attach a copy of the listing agreement) $

G.     Have other attempts been made to sell the property? ☐ YES ☐ NO (If "YES," for each such attempt, state the date, asking price and result)

H.     Explain other alternatives considered as to the disposition of the property (i.e. refinancing, capital infusion, stipulation with lender):

### SECTION FOUR: PURCHASE OF PROPERTY

A.     Is the Debtor currently purchasing this parcel of real property? ☐ YES ☐ NO (If "YES," state the name, address and telephone number of the seller)

B.     Is the Debtor a party to a land Sales Contract or other arrangement by which actual title is to be taken at some point in the future? ☐ YES ☐ NO (If "YES," attach a copy of any written documents which state the terms of such transaction).

C.     If an escrow has been opened, state the escrow company name, name of escrow officer, address, and telephone number: (attach a copy of the purchase agreement and Escrow Instruction

**Exhibit "C"**                                                                           **013**

| In Re: JEFF SCOTT BEIER | Case No.: |
|---|---|
| Debtor. | 8:23-bk-10858-TA |

| | |
|---|---|
| D. | What is the purchase price? $ |

### SECTION FIVE: PROPERTY LEASED BY DEBTOR AS LESSEE

| | |
|---|---|
| A. | Address of property including county and state in which it is located: |
| B. | Type of real property (i.e., single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved): |
| C. | Description of property (i.e. square footage, number of units, number of offices, amenities, condition)? |
| D. | Is the Debtor or any principal of the Debtor affiliated with or related to the lessor? ☐ YES ☐ NO (If "YES," explain the relationship) |
| E. | Does a written lease exist? ☐ YES ☐ NO (If "YES," attach a copy of the lease). |
| F. | Lease payment amount: $                    per    ☐ Month ☐ Quarter ☐ Year |
| G. | Number of pre-petition delinquent payments: |
| H: | Total dollar amount of pre-petition delinquent lease and related payments: $ |
| I. | Specify the type, amount and date of any deposits paid to the lessor (i.e., security deposits, first and last months" rent) |
| J. | Describe provisions in the lease for increases in the lease payments: |
| K. | Describe type of lease (i.e. triple net, minimum plus percentage of sales, gross lease) and state basic lease terms: |
| L. | When did the lease commence?<br>When is the lease termination date? |

**Exhibit "C"**                                                                 014

| In Re: JEFF SCOTT BEIER | Case No.: |
|---|---|
| Debtor. | 8:23-bk-10858-TA |

| M. | Does the lease provide any options to extend the term of the lease? ☐ YES ☐ NO (If "YES," describe each option) |
|---|---|

| N. | List the improvements made and fixtures installed by the Debtor (i.e., items so attached or integrated with the property so as to render them legally non-removable) and state the cost: |
|---|---|

## SECTION SIX: INSURANCE

A.    State the following as to each policy of insurance (attach a copy of the declaration page of each current policy):

| Type of Insurance | Name of Ins Agent | Ins Company | Policy Number | Amt. of Coverage | Exp. Date |
|---|---|---|---|---|---|
| Force Placed: Debtor does not know the entity | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

B.    If any policy payments are delinquent, so state and provide the amount and number of installments that are past due:

## SECTION SEVEN: INCOME FROM RENTAL OF PROPERTY

A.    What is the actual gross monthly income being received from rental of the property? $ 7500

B.    What is the current occupancy rate and the square footage presently being leased?
The entire property which equates to:

C.    If the property were fully leased, state the anticipated gross monthly income: $ 15000

D.    Itemize the total monthly expenses *excluding* debt service:

**Exhibit "C"**                                                      **015**

| In Re: JEFF SCOTT BEIER | Case No.: |
| --- | --- |
| Debtor. | 8:23-bk-10858-TA |

---

E.    Is there any person or entity managing the property? ✓ YES ☐ NO (If "YES," state the name, address, and telephone number of the managing person/company and attach a copy of the management company's fidelity bond)

National Service Professionals

---

F.    What are the terms of the management agreement?  (If written, attach a copy of the agreement)

---

G.    Is the manager of the property related to or affiliated with the Debtor in any way? ✓ YES ☐ NO (If "YES," explain the relationship or affiliation)

The owner of the company is the Debtor's brother.

---

H.    Is any person and/or entity occupying any portion of the property at a reduced rental rate or at no rental charge? ☐ YES ✓ NO (If "YES," explain fully)

But note that $7,500 is under market value right now for the property.  It was not a reduced rate at the time it was initially rented.

---

I declare under penalty of perjury that the answers contained in the foregoing Real Property Questionnaire are true and correct to the best of my knowledge, information and belief.  I have full authority to make the above answers on behalf of the debtor in possession.

Dated: May 10, 2023

Print Name and Title of Authorized Agent for Debtor in Possession

ANERIO V. ALTMAN, ESQ. attorney for Debtor

Signature of Authorized Agent for Debtor in Possession

**Exhibit "C"**                                                                          **016**

| Attorney or Party Name, Address, Telephone and FAX | |
|---|---|
| Anerio V. Altman, Esq. #228445<br>Lake Forest Bankruptcy<br>PO Box 515381<br>Los Angeles, CA 90051<br>Phone and Fax:  (949) 218-2002<br>avaesq@lakeforestbkoffice.com | |
| ☐  Pro Se Debtor | |

| OFFICE OF THE UNITED STATES TRUSTEE<br>LOS ANGELES DIVISION | SUBMIT TO UNITED STATES TRUSTEE<br>– DO NOT FILE WITH COURT |
|---|---|
| In Re:<br>JEFF SCOTT BEIER | Case Number: **8:23-bk-10858-TA** |
| Debtor-In-Possession. | **OWNED PROPERTY SUMMARY SHEET** |

|  | Property No.  1 | Property No. |
|---|---|---|
| Address | 10 Tucson, Trabuco Canyon, CA 926 | |
| Type of Property | Residential | |
| Fair Market Value on Real Estate Questionnaire and Schedules | $3117,300 | |
| Amount of Secured Claim | $2,757,616 (disputed amount) | |
| Name of Secured Creditor | Bank of America, N.A. (disputed) | |
| Monthly Debt Service | Unknown | |
| Number of Delinquent Payments | Since 2009 | |
| Amount of Delinquent Taxes | $0 | |
| Monthly Income Generated | $7500 | |
| Debtor's intent regarding property | Rent for one year and then sell. | (Pending viability of market) |
| Percentage Owned | 100% | |
| Insurance expiration date | Unknown | |
| Date property acquired and amount paid | 4/1/2003, $1,470,000 | |

☑      _____ Continuation sheets attached

I declare under penalty of perjury that the answers contained in the foregoing Owned Property Summary Sheet are true and correct to the best of my knowledge, information and belief.

Dated:

**JEFF SCOTT BEIER**
Print Name of Debtor

_Signature of Debtor_

Effective September 28, 2011

USTLA 5.2

**Exhibit "C"**

| In Re: JEFF SCOTT BEIER | Case No.: 8:23-bk-10858-TA |
|---|---|
| Debtor. | |

| | Property No. ___ | Property No. ___ |
|---|---|---|
| Address | | |
| Type of Property | | |
| Fair Market Value on Real Estate Questionnaire and Schedules | | |
| Amount of Secured Claim | | |
| Name of Secured Creditor | | |
| Monthly Debt Service | | |
| Number of Delinquent Payments | | |
| Amount of Delinquent Taxes | | |
| Monthly Income Generated | | |
| Debtor's intent regarding property | | |
| Percentage Owned | | |
| Insurance expiration date | | |
| Date property acquired and amount paid | | |
| | Property No. ___ | Property No. ___ |
| Address | | |
| Type of Property | | |
| Fair Market Value on Real Estate Questionnaire and Schedules | | |
| Amount of Secured Claim | | |
| Name of Secured Creditor | | |
| Monthly Debt Service | | |
| Number of Delinquent Payments | | |
| Amount of Delinquent Taxes | | |
| Monthly Income Generated | | |
| Debtor's intent regarding property | | |
| Percentage Owned | | |
| Insurance expiration date | | |
| Date property acquired and amount paid | | |

2

**Exhibit "C"**

018

ATTACHMENT TO 1.1
REAL PROPERTY ATTACHMENT

# LEASE AGREEMENT

This Lease Agreement ("Lease") is dated <u>October 30th, 2017,</u> by and between 2013-02 TUCSON BEIER TRUST ("Landlord"), and <u>Sandra Lee Elsberg CA Drivers License #</u> ▓▓▓▓▓▓▓▓▓▓▓▓ "Tenant").

The parties agree as follows:

**PREMISES:** Landlord, in consideration of the lease payments provided in this lease, leases to Tenant, two story (approx. 5,850 sq. ft) with four car garage, 5 bedroom 5 and ½ bath with office, bonus room, living room, family room, dining room, kitchen and complete private use of premises. (the "Premises") located at 10 Tucson, Coto de Caza, CA 92679.

**TERM:** The lease term will begin on **November 15, 2017** and will terminate on **May 14, 2022** and thereafter shall be automatically renewed on a 12 month basis on the same terms and conditions as stated herein, save any changes made pursuant to the law, until terminated.

**LEASE PAYMENTS:** Tenant shall pay to Landlord's agent as identified by Landlord as *National Service Professionals* and continue to pay Landlord's agent unless specifically instructed by Landlord otherwise and counter signed by Trustee in writing. Tenant shall pay Landlord initial base lease payments of <u>$13,000.00 (First and Last Month),</u> payable in advance on the 15th day of each month, for a total lease payment of <u>$6,500.00.</u> Due to date of move in, a pro-rated rent payment of <u>$6,500</u> is hereby credited to lease for payment #13. December 15, 2018 Lease Payment Will Be $0.00 As A Result of this credit. Should Tenant become late in payments between the signing of this lease and December 15, 2018 at any time, for any reason, the $0.00 Lease Payment for December 15, 2018 will become $6,500.00 and the credit will be removed. Lease payments shall be made to Landlord Agent at <u>National Service Professionals, Inc. PO Box 7644, Laguna Niguel, CA 92607-7644</u> unless otherwise directed by trustee.

Tenant agrees to submit payment of all lease payments by wire transfer. **Tenant will deposit via wire transfer to Comerica Bank Attn: National Service Professionals, Inc., Account #** ▓▓▓▓▓▓ **If wire transfer has been sent and notice received then bank error will not incur late payment.**
In the event of roommates, or another form of joint or multiple occupancy, Tenant will be responsible for collecting payment from all parties and submitting a single payment to Landlord. Tenant is responsible for any payment made by mail and not received by the due date stated herein. Mailed lease payments must be received on or before the due date of the 15st of each month. Therefore, if depositing to Comerica deposit must be made by the 14th of the month. Should tenant have any check returned for non-sufficient funds then all deposits must be made in cash and/or cashiers check to Comerica Bank.
Landlord may apply any payment made by Tenant to any obligation by Tenant to Landlord regardless of any dates or directions provided by the Tenant that accompanies a payment.

Landlord has full discretion to accept or reject payments from or written by third parties. Landlord's acceptance of a payment by a third party does not override the previous statement and Landlord will continue to have full discretion to accept or reject payments submitted or written by third parties. Monthly lease payments received in prior months to which the payment is due will be held by the Landlord and applied at the 15th of appropriate month.

**SECURITY DEPOSIT:** At the time of the signing of the Lease, Tenant shall pay to Landlord security deposit of **$ 10,000.00** (The Security Deposit) for the purpose set forth in Civil Code Section 1950.5. No trust relationship between Landlord and Tenant is created because of the Security Deposit and Landlord has full authority to commingle the Security Deposit with other funds of Landlord. Landlord may apply all or a portion of the Security Deposit as allowed by law including, but not limited to, Tenants obligation to restore, replace or return personal property. Landlord shall within the time period allotted by law, refund any balance after such deductions to Tenant after Tenant have vacated the Premises. For the purposes of this paragraph tenant will have vacated the premises when Tenant returns all keys (And Garage Door Openers) to landlord and has surrendered the Premises.

Tenant agrees to make any and all repairs necessary to keep the property in good working order due to misuse or neglect by tenant. Landlord agrees to repair any items listed on walk through. Landlord also agrees to repair any items not covered by home warranty at its discretion based on timing and budgets available. Any and all bills not paid by Tenant will be taken from the Security Deposit and Tenant is required to replenish the Security Deposit within 10 days of notice of billing from Landlord and/or Landlord agent. Tenant is 100% responsible for all service calls and cost incurred in the upkeep of the property provided Landlord maintains American Home Shield at all times; including but not limited to the swimming pool(s), fountains, sprinklers, plants, grass, air conditioner(s), Viking bbq and cover, outdoor structures and all interior items. **Landlord will provide a Gardner and a pool service for weekly maintenance purposes. Landlord will pay for up to $3,000.00 of painting done on the property. For payment to be issued landlord will inspect work, collect paid invoices or open invoices and if invoices**

**Exhibit "C"**

are paid, then proof of payment as well to allow for reimbursement. Landlord will pay up to $58 / month for a home warranty provided by American Home Protection. Tenant is responsible for service call fee and landlord is responsible for issues not covered by american home shield. Should landlord determine repair is not vital to living conditions, tenant will allow landlord to plan repair when appropriate.

**POSSESSION:** Tenant shall be entitled to possession on the first day of the term of this lease, and shall yield possession to Landlord on the last day of the term of this lease, unless otherwise agreed by both parties in writing. At the expiration of the term, Tenant shall remove its goods and effects and peaceably yield up the Premises to Landlord in as good a condition as when delivered to Tenant, ordinary wear and tear excepted.

**ADDITIONAL TENANT(S):** Any individual(s) 18 years or older, staying longer than 30 days in the property are hereby considered additional tenants and must be approved by Landlord prior to move in. Although additional tenants are not a guarantee party to the completion of this lease agreement, they will sign and agree that if the rent is not paid for any reason, they will either cure the default or exit the property immediately. Any additional tenant who does not vacate when requested will become subject to the full balance due of this lease per the additional tenant agreements along with the tenant of this agreement. Tenant agrees per the terms of this lease not to allow Additional Tenant(s) to move in and/or stay longer than 30 days without the Additional Tenant executing an agreement with the landlord. Failure to abide by this provision of the lease is considered a breach of contract. Thus, the landlord may proceed at it's discretion, if desired, with eviction proceedings and maintain all deposits for any unauthorized Additional Tenant(s). Entry of a guest over a period of 30 days from the Coto De Caza guard gate is agreed by both parties to be proof of additional tenant(s).

**USE OF PREMISES/ABSENCES:** Tenant shall occupy and use the Premises as a full-time residential dwelling unit. Tenant shall notify Landlord of any anticipated extended absence from the Premises not later than the first day of the extended absence. No retail, commercial or professional use of the premises is allowed unless the Tenant receives prior written consent to the Landlord and such use conforms to applicable zoning laws. In such case, Landlord will 100% require Tenant obtain liability insurance for the benefit of Landlord. Smoking is not permitted in any area of the Building.

**SMOKING & FIRE PIT:** The Premises is dedicated as non-smoking and Tenant agrees not to smoke or permit smoking in or around the premises including the front porch, back porch and yard. Landlord agrees to allow a designated smoking area at the in ground fire-pit only. All cigarettes, cigars and/or other devices used for smoking will be extinguished in the fire pit ONLY. Any embers found to cause any damage to property including but not limited to starting a fire are 100% liability of Tenant and would put any incident of fire on or near property at the fault of Tenant. Tenant understands and agrees fire pit has built in rock and no embers and no other objects should be burned or put in fire pit at any time and any fire resulting from embers in or around fire pit is sole liability of Tenant.

**MARIJUANA:** Notwithstanding any law to the contrary, the growing, cultivation, sale, or use in any form of Marijuana, for any purpose, is not permitted in or about the Premises, at any time, by Tenant, or Tenants guests, invitees or friends.

**FAILURE TO ABIDE:** The failure to abide by the provisions of this lease shall constitute a material breach of this agreement and is a just cause for forfeiture of Security Deposit and immediate eviction proceedings. If a court orders the tenant responsible then, gate access will be controlled by Landlord during the eviction process and until the property is fully vacated and the locks are changed and the property is back in the possession of the Landlord. An eviction processing fee of $15,000.00 plus accrued rent of 2x's the monthly rate from the time of the breach of contract will be due and payable by tenant in the event an eviction is processed.

**OCCUPANTS:** No more than six (6) person(s) may reside on the Premises unless the prior written consent of the Landlord is obtained. All occupants must be approved by Landlord for any guest who stays in property more than 30 days. Unless they are blood relatives to Tenant.

This lease and occupancy of the premises is binding, individually, and severally, on each person(s) specifically named and who signs this Lease, regardless of the named person's occupancy of the Premises.

Authorized Tenants/Occupants:

<u>LIST NAME AND SS# OF ALL OCCUPENTS HERE</u>

| Sandra Lee Elsberg | CA Drivers License # ▓▓▓ | DOB: ▓▓▓ | SS#: ▓▓▓ |
| Eleah Elsberg | CA Drivers License # | DOB: | SS#: |
| | CA Drivers License # | DOB: | SS#: |

|                      |       |      |
|----------------------|-------|------|
| CA Drivers License # | DOB:  | SS#: |
| CA Drivers License # | DOB:  | SS#: |
| CA Drivers License # | DOB:  | SS#: |

Tenant may have guests on the Premises for not over 30 consecutive days or 60 days in a calendar lease term, and no more than two guests per bedroom at any one time. Tenant must obtain the prior written approval of Landlord if an invitee of Tenant will be present at the premises for more than 30 consecutive days or 60 days in a calendar lease term. Should tenant not receive approval by Landlord and such behavior is occurring then tenant is subject to immediate eviction.

**WATERBEDS:** Waterbeds and/or liquid filled furniture are PROHIBITED in accordance with Civil Code Section 1940.5.

**RENEWAL TERMS:** This lease agreement shall automatically renew for an additional period of Twelve Months per renewal term, unless either party gives written notice to termination no later than Sixty days prior to the end of the term or renewal term. The lease terms during any such renewal term shall be the same as those contained in this lease except that the lease installment payments shall be **$7,500.00** per month. With the signing of this new lease agreement tenant agrees to accept stipulated notice of termination of all prior lease agreements and agrees this lease is the only lease remaining and binding.

**PETS:** Tenant is permitted to have: Household Type Cat and/or Dog(s). No Birds, No Additional pets shall be allowed without prior written consent of Landlord. Any and all pet damage will be paid by Tenant as it occurs in addition to Security Deposit. Strays shall not be kept or fed in or about the premises. Strays can be dangerous and owner must be notified immediately of any strays in or about the Premises. If tenant has a household Cat and/or Dog, a pet deposit of $500.00 is required for each animal.

**KEYS:** Tenant will be given 2 Key(S) to the Premises. If all keys are not returned to Landlord following termination of the Lease, Tenant shall be charged $100.00. Tenant is not permitted to change any lock or place additional locking devices on any door or window of the Premises without Landlords approval prior to installation. If allowed, Tenant must provide Landlord with keys to any changed lock immediately upon installation.

**LOCKOUT:** If Tenant becomes locked out of the Premises, Tenant will be charged $100.00 to regain entry.

**STORAGE:** Tenant shall be entitled to store items of personal property inside the home or inside the garages only during the term of this lease. Landlord shall not be liable for loss off or damage to, such stored items. Tenant will keep exterior of property free of debris, trash and/or any other stored items and if such items are not removed upon notice from landlord within 30 days landlord has right to dispose of items and charge Tenant for any disposal fees. Tenant shall keep pool equipment area and air conditioning equipment area free and clear of any personal items and all times.

**ROOF/FIRE ESCAPES:** Use of the roof and/or the fire escapes by Tenants and/or guests is limited to EMERGENCY USE ONLY. No other use is permitted, including but not limited to, the placement of personal property. Tenant agrees not to walk on any roof including but not limited to patio covers and the roof of the dwelling.

**PARKING:** Tenant shall be entitled to use of 6 parking space(S) for the parking of motor vehicle(s). The parking space(s) provided are identified as (2) two car garages and driveway spaces – NO STREET PARKING IS ALLOWED WITHOUT SPECIAL PERMIT APPROVAL PER COTO DE CAZA HOA.

The monthly charge for the parking space(s) is included in the lease payment. Absolutely NO automotive cleaning, washing, maintenance or repair work of any kind and NO storage of any kind shall be permitted in or about the parking space(s). **Professional Detailing Excluded. Garages may be used for cute craft things. Tenant may improve garage to include cedar closet. All clothing stored in garage is acceptable.**

**MAINTENANCE:**
Other Than Plumbing Repairs. Tenant shall have the responsibility to maintain the Premises in good repair at all times and perform all repairs necessary to satisfy any implied warranty or habitability including but not limited to the following:
Landlord will pay $58/month for an American Home Shield Corporation Home Warranty..
Tenant will pay $75 for each service call directly to American Home Shield and for all other cost associated with maintenance. This policy will be activated upon signing of this lease and will be available 45 day's after the signing of this lease.
Tenant agrees to run pool pump 24/7 as programmed and to not change pump settings at any time.
Two garage door openers at $50 each if not returned.
Except in an emergency, all maintenance and repair requests must be made in writing and delivered to Landlord or it's agent. A repair request will be deemed permission for the Landlord or its Agent to enter the Premises and to perform such maintenance or repairs in accordance with Civil Code Section 1954 and ACCESS BY LANDLORD TO PREMISES herein unless otherwise specifically requested in writing, by Tenant. Unless flooding, fire or natural disaster is occurring landlord will provide 24 hour

**Exhibit "C"**                                                022

notice. Tenant may not place any unreasonable restrictions upon Landlords or Landlords Agents access or entry. Landlord shall have expectation that the Premises is in a safe and habitable condition upon entry.

Tenant acknowledges that the Premises and the building from time to time may require renovations or repairs to keep them in good condition and repair and that such work may result in temporary loss of use of portions of the building or Premises and may inconvenience Tenant. Tenant agrees that such loss shall not constitute a reduction in housing services or otherwise warrant a reduction in rent. Tenant agrees that rent must be paid in full each month and under no circumstance can deduct any monies from this payment for any reason at any time. Should Landlord agree to make any payment of any kind a separate payment instrument will be issued and "offset accounting" will not be done for any reason.

Tenant further agrees to cooperate in any efforts undertaken by Landlord to rid the building and the premises of pests of any kind within 30 days. Failure of Tenant to cooperate may be deemed an obstruction of the free use of property so as to interfere with the comfortable enjoyment of life or property thereby constituting a nuisance.

**UTILITIES AND SERVICES:** Tenant shall be responsible for all utilities and services incurred in connection with the Premises. Tenant agrees to comply with any environmental, waste management, recycling, energy conservation, or water conservation programs implemented by Landlord. Tenant shall provide Landlord with proof of accounts established in Tenants name for all utilities to be paid by Tenant. Tenant understands that the rent paid by all residents is partially determined by the cost of utilities. Nothing contained herein prevents Landlord from passing through to Tenant utility costs as provided by law.

Landlord shall not be liable to Tenant or to any other person in damages or otherwise, nor shall it be considered a default under this lease for any interruption or reduction of utilities or services caused by someone other than landlord, or by Landlord due to circumstances beyond Landlords reasonable control.

Water bill will be paid to National Service Professionals on a monthly basis. Tenant may not move the water bill into Tenants name for any reason.

**OTHER: Tenant is aware of pending litigation on the property and that this litigation has been occuring for over 7 years.** Although the Landlord hopes to resolve this litigation during the next 3-5 years, Tenant is aware that it is possible this litigation may never resolve for the entire term of this agreement and any subsequent renewals. Tenant also acknowledges the market rent for this property per Zillow.com on 10/30/2017 is $9,859.00 (Screen shot attached to this agreement). The liability for the difference in the market rent and the tenant rent ($3,359 / month) is solely on the litigating parties and Tenant is hereby indemnified from any and all expenses, liability and/or benefits of this litigation. In the event Tenant interferes with any pending litigation in any way or does not deliver proper notices received at the property to agent then Tenant waives the right to quiet enjoyment and allows Landlord to immediately begin eviction proceedings based on this breach of contract. The tenant is simply welcome to enjoy the use of the property for the term of this agreement and all subsequent renewal periods based on this understanding.

**NON-SUFFICIENT FUNDS:** Tenant will be notified rent has not been received. Then, tenant shall be charged $50.00 as reimbursement of the expenses incurred by Landlord for each check that is returned to Landlord for lack of sufficient funds. In addition, a check returned due to insufficient funds will be subject to any and all late payment provisions included in this lease. All charges will be immediately due from Tenant and failure to make immediate payment will constitute a default under the terms of this lease.

Landlord reserves the right to demand payment by cashier's check, money order or certified funds on all future payments in the event of a check returned for insufficient funds. Nothing in this paragraph limits other remedies available to the Landlord as a payee of the dishonored check. Landlord and Tenant agree that three returned checks in any lease period constitutes frequent return of checks due to insufficient funds and may be considered a just cause for eviction.

**LATE PAYMENTS:** Tenant and Landlord agree that owner and/or landlord will incur costs and damage as a result of any late payment of lease payments. Due to the difficulty involved in assessing the exact amount of damages, Tenant and Landlord agree to the following set late fee as a fair and reasonable estimate of the cost and damages that Landlord incurs due to the late payment. For each payment that is not paid within 1 day after its due date, Tenant shall pay a late fee of $50.00 per day, beginning with the day after the due date. For each day after the 1st day a late fee will accrue at $100 per day. All late fee's will be accounted for and deducted from the security deposit due Tenant at completion of the lease agreement.

**FAILURE TO PAY:** Pursuant to Civil Code Section 1785.26 you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations, such as your financial obligations under the terms of this Agreement.

**DEFAULTS:** Tenant shall be in default of this Lease if Tenant fails to fulfill any lease obligation or term by which Tenant is bound. Subject to any governing provisions of the law to the contrary, if Tenant fails to cure any financial obligation within 3

business days (Or any other obligation within 5 business days) Landlord may elect to cure such default and the cost of such action shall be added to Tenant's financial obligations under this Lease. All sums of money or charges required to be paid by Tenant under this Lease shall be additional rent, whether or not such sums or charges are designated as "Additional Rent". The rights provided by this paragraph are cumulative in nature and are in addition to any other rights afforded by law.

**HABITABILITY:** Tenant has inspected the Premises and fixtures (or has had the Premises inspected on behalf of Tenant), and acknowledges that the Premises are in a reasonable and acceptable condition of habitability for their intended use, and the agreed lease payments are fair and reasonable. If the condition changes so that, in Tenant's opinion, the habitability and rental value of the Premises are adversely affected, Tenant shall promptly provide reasonable notice to Landlord.

**HOLDOVER:** If Tenant maintains possession of the Premises for any period after the termination of this Lease ("Holdover Period"), Tenant shall pay to Landlord lease payment(s) during the Holdover Period at a rate equal to 200% of the normal payment rate set forth in the renewal terms paragraph.

**CUMULATIVE RIGHTS:** The rights of the parties under this Lease are cumulative, and shall not be construed as exclusive unless otherwise required by law.

**REMODELING OR STRUCTURAL IMPROVEMENTS:** Tenant shall be allowed to conduct construction or remodeling (At Tenant's Expense) only with the prior written consent of the Landlord. At the end of the lease term, Tenant shall be entitled to remove (or at the request of Landlord shall remove) any such fixtures, and shall restore the Premises to substantially the same condition that existed at the commencement of the Lease unless deemed acceptable by Landlord to leave improvements. In the event Tenant receives landlord approval for a "PERMANENT IMPROVEMENT" which would increase the property value of the property, then and only then, will Landlord create an addendum to the security deposit adding the cost of this improvement(s) to the amount refundable by the Landlord upon termination of the lease agreement. The landlord approval must be issued in writing. The landlord must approve the final contractor(s), prices and work. Permits and photographs must be obtained and a Landlord acceptance of completed work along with a signed Security deposit addendum must be issued prior to Tenant being credited any monies in the security deposit of this lease.

**ACCESS BY LANDLORD TO PREMISES:** Landlord shall have the right to enter the Premises pursuant to CA Civil Code Section 1954 and to make inspections, provide necessary services, or show the unit to prospective buyers, mortgagees, tenants or workers. Landlord will provide 24 hour SMS or e-mail notice of need to enter Premises. If tenant denies Landlord and/or agent entry to Premises, such failure is a substantial breach of this agreement and is a just cause for eviction. However, Landlord does not assume any liability for the care or supervision of the Premises. As provided by law, in the case of an emergency, Landlord and/or its agents may enter the Premises without Tenant's consent. During the last three months of this lease or any extension of this lease and Landlord shall be allowed to display signs and show the property to prospective tenants. Any disruption by Tenant will be grounds for immediate eviction. In the event eviction proceedings begin for any reason, landlord may enter premises at any time with one (1) hour notice via e-mail from 7am to 10pm.

**INDEMNITY REGARDING USE OF PREMISES:** To the extent permitted by law, Tenant agrees to indemnify, hold harmless, and defend Landlord from and against any and all losses, claims, liabilities, and expenses, including reasonable attorney fees, if any, which Landlord may suffer or incur in connection with Tenant's possession, use or misuse of the Premises, except Landlord's act or negligence. Tenant hereby expressly releases Landlord and/or Agent from any and all liability for loss or damage to Tenants property or effects whether in the Premises, garage, storerooms or any other location in or about the Premises, arising out of any cause whatsoever, including but not limited to rain, plumbing leakage, fire or theft, except in the case that such damage has been adjudged to be the result of the gross negligence of Landlord, Landlords employees, heirs, successors, assigners and/or Agents. Tenant agrees to obtain and maintain renters insurance at all times for all tenant liabilities and belongings.

**ACCOMODATION:** Landlord agrees to and is committed to complying with all applicable laws providing equal housing opportunities. To ensure compliance, Landlord will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or a tenant, unless undue hardship would result. It is the applicant or tenants responsibility to make Landlord aware of any required accommodation in writing. The individual with the disability should specify the nature and effect of the disability and any accommodation he or she needs in writing as well. If after thoughtful consideration and evaluation, the accommodation is reasonable and will not impose an undue hardship, Landlord will make the accommodation by giving written notice as well. Absence of written notice of approval the accommodation is denied. Owner reserves the right to require appropriate medical verification of the disability as well prior to making any determination(s).

**DANGEROUS MATERIALS:** Tenant shall not keep or have on the Premises any article or thing of a dangerous, flammable, or explosive character that might substantially increase the danger of fire on the Premises, or that might be considered hazardous by

**Exhibit "C"**                                        **024**

a responsible insurance company, unless the prior written consent of Landlord is obtained and proof of adequate insurance protection is provided by Tenant to Landlord.

**ASBESTOS:** The Premises may contain asbestos or have original construction materials that contain asbestos.

Damaging or disturbing the surface of asbestos-containing materials may increase the risk of exposure. Therefore, Tenant and Tenants guests, contractors or invitees shall not allow any action which may, in any way, disturb asbestos-containing materials or any part of the premises that may contain asbestos or asbestos-containing materials. Tenant shall notify Landlord immediately if Tenant knows or suspects that an asbestos-containing material has been disturbed or if Tenant becomes aware of any asbestos-containing material that is showing signs of deterioration.

**COMPLIANCE WITH REGULATIONS:** Tenant shall promptly comply with all laws, ordinances, requirements and regulations of the federal, state, county, municipal and other authorities, and the fire insurance underwriters. However, Tenant shall not by this provision be required to make alterations to the exterior of the building or alterations of a structural nature.

**MECHANICS LIENS:** Neither Tenant nor anyone claiming through the Tenant shall have the right to file mechanics liens or any other kind of lien on the Premises and the filing of this Lease constitute notice that such liens are invalid. Further, Tenant agrees to (1) give actual advance notice to any contractors, subcontractors or suppliers of goods, labor or services that such liens will not be valid, and (2) take whatever additional steps that is necessary in order to keep the premises free of all liens resulting from construction done by or for the Tenant.

**ASSIGNABILITY/SUBLETTING:** Tenant may not assign or sublease any interest in the Premises, nor assign, mortgage or pledge this Lease. This is a blanket prohibition, meaning no replacement Tenant(s) will be permitted and no additional tenant or occupant will be allowed in the Premises even if a Tenant leaves the Premises. This prohibition applies to each and every term of this lease in regard to space leased to Tenant. Any waiver of this prohibition must be secured from the Landlord in writing. In the event the prohibition is invalidated or lifted, Tenant, Landlord and any subtenant or assignee agrees to be bound by each and every provision contained in this Lease.

**INDIVIDUAL LIABILITY:** Each person who signs this agreement, whether or not said person is or remains in possession of the Premises, is jointly and severally responsible for the full performance of each and every obligation of this agreement, including but not limited to, the payment of all rent due and the payment of costs to remedy damages to the Premises regardless of whether such damages were caused by Tenant, Tenants Guests or Invitees.

**INSPECTION OF PREMISES:** Tenant has inspected the Premises, furnishings and equipment including smoke detectors, where applicable, and finds the Premises to be satisfactory and in good working order. All Plumbing, heating and electrical systems are operative and deemed satisfactory by Tenant if Landlord is not notified in writing to the contrary within 45 days of occupancy of the Premises.

**NUISANCE:** Tenant agrees not to commit, nor permit to be committed any waste or nuisance, upon in or about the Premises, nor shall Tenant create or permit a substantial interference with the comfort, safety, or enjoyment of Landlord and other occupants of the property or their Agents, guests and/or invitees. Waste, nuisance and substantial interference are substantial violations of a material term of the tenancy and constitute just cause for eviction.

**LEAD DISCLOSURE:** Many homes and apartments built before 1978 have paint that contains lead (Called lead-based paint). Lead from paint chips and dust can pose serious health hazards if not taken care of properly. The law requires that tenants and lessees receive certain information before renting pre-1978 housing. By signing this Lease, tenant represents and agrees that owner has provided Tenant with such information, including but not limited to the EPA Booklet Entitled Protect your family from Lead in your home, disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards.

**MOLD/MILDEW:** Tenant agrees to maintain the Premises in a manner that prevents the occurrence of, and infestation of mold or mildew in the Premises. Tenant agrees to uphold this responsibility in part by complying with the list of responsibilities in the addendum entitled Mold Notification. By signing this Lease, Tenant represents and agrees that Landlord has provided Tenant with such information, including but not limited to Mold Notification Addendum and Mold/Mildew Disclosure Form.

**NOTICE:** Notices under this Lease shall not be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, addressed to the party at the appropriate address set forth below. Such addresses may be changed from time to time by either party by providing notice as set forth below. Notices mailed in accordance with these provisions shall be deemed received on the third day after posting.

**Exhibit "C"**                                                                    **025**

**LANDLORD:**
2013-02 TUCSON BEIER TRUST
PO BOX 7644
LAGUNA NIGUEL, CA 92607-7644
(949) ▆▆▆▆▆▆

**LANDLORD AGENT: (Payment Processor, Etc.)**
National Service Professionals, Inc.
PO BOX 7644
LAGUNA NIGUEL, CA 92607-7644
(949)▆▆▆▆▆▆

**TENANTS:**
Sandra Lee Elsberg CA Drivers License # ▆▆▆▆▆   DOB▆▆▆▆▆   SS▆▆▆▆▆▆▆
10 Tucson
Coto De Caza, CA 92679
All notices will be issued to the following e-mail simultaneously:


Such addresses may be changed from time to time by either party by providing notice as set forth above.

**HAZARDOUS MATERIALS DISCLOSURE:** Pursuant to the regulations of Proposition 65, enacted by the voters of CA, Landlord hereby makes the following required disclosure: Warning – The Premises contains chemicals known to the state of CA to cause cancer and birth defects and/or other reproductive harm.

**MEGANS LAW:** The California Department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more and many other local law enforcement authorities maintain for public access a data base of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code.
Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.

**MOLD NOTICATION:** It is our goal to maintain the highest quality living environment for our Tenants. Therefore, know that the Owner/Agent has inspected the unit prior to lease and knows of no damp or wet building materials and knows of no mold or mildew contamination. Tenant is hereby notified that mold, however, can grow if the premises are not properly maintained and/or ventilated. If moisture is allowed to accumulate in the premises, it can cause mildew and mold to grow. It is important that Tenants regularly allow air to circulate in the dwelling. It is also important that Tenants keep the interior of the unit clean and that they promptly notify the Owner/Agent of any leaks, moisture problems, and/or mold growth.

Tenant agrees to maintain the premises in a manner that prevents the occurrence of an infestation of mold or mildew in the premises. Tenant agrees to uphold this responsibility in part by complying with the following list of responsibilities:

1. Tenant agrees to keep the air conditioning system in working order and run for at least 5 minutes per month.
2. Tenant agrees to perform annual maintenance of heating and air ventilation system including cleaning and replacing filters as needed.
3. Tenant agrees to keep the dwelling free of dirt and debris that can harbor mold.
4. Tenant agrees to immediately report to the Owner/Agent any water intrusion, such as plumbing leaks, drips or "sweating" pipes.
5. Tenant agrees to notify owner of overflows from bathroom, kitchen, or unit laundry facilities, especially in cases where the overflow may have permeated walls or cabinets.
6. Tenant agrees to report to the Owner/Agent any significant mold growth on surfaces inside the premises.
7. Tenant agrees to allow the Owner/Agent to enter the premises to inspect and make necessary repairs.
8. Tenant agrees to properly ventilate the bathroom while showering or bathing and to report to the Owner/Agent any non-working fan.
9. Tenant agrees to use exhaust fans whenever cooking, dishwashing or cleaning.
10. Tenant agrees to use all reasonable care to prevent outdoor water from penetrating into the interior of the unit.
11. Tenant agrees to clean and dry any visible moisture on windows, walls and other surfaces, including personal property, as soon as reasonably possible. (Note: Mold can grow on damp surfaces within 24 to 48 hours)
12. Tenant agrees to notify the Owner/Agent of any problems with any air conditioning or heating systems that are discovered by Tenant and to report necessary repairs to American Home Shield.
13. Tenant agrees to indemnify and hold harmless the Owner/Agent from any actions, claims, losses, damages, and expenses, including, but not limited to, attorneys' fees that the Owner/Agent may sustain or incur as a result of the negligence of the Tenant or any guest or other person living in, occupying or using the premises.

**Exhibit "C"**    026

**TRANSFERABILITY:** Should tenant wish transfer lease. Tenant will provide acceptable new tenant and all terms will be assigned. Until such time as assignment is completed Tenant's estate will be responsibly for all liability. Landlord must approve all Tranferability prior to the transfer being accepted.

**EARLY TERMINATION:** Should tenant wish to terminate the lease early for any reason including but not limited to death, disability or other reason and the transfer of lease request has not been approved &/or requested. Tenant may terminate lease with a single payment of 3 (three) months rent. (Early termination notice must be given along with payment of three months rent and all current outstanding invoices relating to property in any way must be paid at the time of early termination on property.) Tenant security deposit will be forfeited in addition to this payment for early termination. Should security deposit not be at a full balance of $10,000.00 for any reason, then a payment equal to 6 (six) months rent will be required for early termination of the lease.

**GOVERNING LAW:** This Lease shall be construed in accordance with the laws of the State of California and the County of Los Angeles and/or Orange.

**ENTIRE AGREEMENT/AMENDMENT:** This lease contains the entire agreement of the parties and there are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this lease. This lease may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.

**SEVERABILITY:** If any portion of this Lease shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Lease is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**WAIVER:** The failure of either party to enforce any provisions of this Lease shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Lease.

**BINDING EFFECT:** The provisions of this Lease shall be binding upon and inure to the benefit of parties and their respective legal representatives, successors and assigns.

LANDLORD: 2013-02 TUCSON BEIER TRUST

X _____
   Trustee Signature

Tenant: Sandra Lee Elsberg
        CA Drivers License
        DOB:
        SS#

X _____

**BLANK SPACE BELOW:**
(May be used for Notary)

**Exhibit "C"**                                                        **027**

# LEASE ADDENDUM

This Lease Addendum ("Addendum") is dated November 19th 2017, by and between 2013-02 TUCSON BEIER TRUST ("Landlord"), and Sandra Lee Elsberg SS# ████████ The addendum has been created at the sole request of Tenant and in good faith from Landlord to assist Tenant due to Tenant desire to add language to the lease which was originally handwritten on the lease during the original signing of the lease. Should Tenant fail to perform the Addendum herein, all terms and conditions remain in affect of the original lease.

The parties Stipulate to the following:

     A. Tenant hand wrote on the original lease without knowledge or approval of landlord and such handwriting is not approved or accepted by landlord. Such that landlord redacted the handwriting during the counter signing of the previously notarized agreement.

     B. Landlord agrees that Tenant has until January 14, 2018 to report any issues with the property.

     C. Tenant agrees that Landlord has the option to repair at it's own discretion any and all findings by Tenant.

     D. Listed on the page attached to this addendum and signed by both Tenant and Landlord are the agreed upon repairs that landlord has agreed to make. These repairs will be made no later than December 31, 2018. However, it is the desire of the landlord to make them as soon as feasible to landlord.

     E. Tenant agrees that all repairs requested prior to January 14, 2018 may be submitted to the home warranty company by the landlord. Should the landlord submit the repair to home warranty prior to January 14, 2018 then landlord will pay the $75 service fee.

     F. Additional monies spent by Tenant on repairs are hereby forfeited.

     G. An additional addendum will be required for any credit to Tenant due to repairs made by Tenant.

     H. Landlord allowed temporary storage in the detached garage only as an accomodation until this addendum was signed as an accomodation to Tenant.

     I. Tenant has agreed to provide a signed and notarized waiver to Landlord, signed by any and all guest tenant(s) along with copies of guest/tenant(s) ID(s) for any and all future tenants including but not limited to Eleah Elsberg. Landlord has the right to run credit and background checks on proposed guest/tenant(s) and Landlord reserves the right to decline any such Tenants entry to the property. A copy of the waiver template is attached to this addendum and is to be signed by Tenant and Landlord on the bottom to confirm it's existence. Should Tenant allow guest/tenant(s) to move into the property without following this procedure Tenant eviction proceedings will be initiated by Landlord.

GOVERNING LAW: This Lease Addendum shall be construed in accordance with the laws of the State of California and the County of Los Angeles and/or Orange.

ENTIRE AGREEMENT/AMENDMENT: This lease addendum contains the entire agreement of the parties and there are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this lease. This lease may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.

SEVERABILITY: If any portion of this Lease Addendum shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Lease is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

WAIVER: The failure of Landlord to enforce any provisions of this Lease Addendum shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Lease.

BINDING EFFECT: The provisions of this Lease Addendum shall be binding upon and inure to the benefit of parties and their respective legal representatives, successors and assigns.

Tenant: Sandra Lee Elsberg ████████      LANDLORD: 2013-02 TUCSON BEIER TRUST

                        X
_____          _____
      Individually                          Trustee

**Exhibit "C"**          028

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ORANGE _____ S.S.

On NOV. 21, 2017 before me, MATT STOEVE, NOTARY PUBLIC _____.

personally appeared SANDRA LEE ELSBERG _____

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

> MATT STOEVE
> COMM...2132657
> NOTARY PUBLIC-CALIFORNIA
> ORANGE COUNTY
> My Term Exp. Nov. 21, 2019

------- *OPTIONAL INFORMATION* -------

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of LEASE ADDENDUM _____.

containing __1__ pages, and dated _____.

The signer(s) capacity or authority is/are as:
  Individual(s)
  Attorney-in-fact
  Corporate Officer(s) _____

_____

  Guardian/Conservator
  Partner - Limited General
  Trustee(s)
  Other: _____

representing: _____

**Method of Signer Identification**

Proved to me on the basis of satisfactory evidence:
  form(s) of identification    credible witness(es)

Notarial event is detailed in notary journal on:

  Page # _____ Entry # _____

  Notary contact: _____

Other
  Additional Signer    Signer(s) Thumbprint(s)

_____

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** _ORANGE_                                        s.s.

On _11/2/2017_ before me, _M. Stoeve, Notary Public,_

personally appeared _Sandra L Elsberg_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

M. STOEVE
COMM...2055051
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. Feb. 09, 2018
BCT3

—————————— *OPTIONAL INFORMATION* ——————————

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _LEASE AGREEMENT_

_____

containing _8_ pages, and dated _____.

The signer(s) capacity or authority is/are as:

- Individual(s)
- Attorney-in-fact
- Corporate Officer(s) _____

_____

- Guardian/Conservator
- Partner - Limited/General
- Trustee(s)
- Other: _____

representing: _____

**Method of Signer Identification**

Proved to me on the basis of satisfactory evidence:

    form(s) of identification    credible witness(es)

Notarial event is detailed in notary journal on:

    Page # _____ Entry # _____

Notary contact: _____

Other

    Additional Signer    Signer(s) Thumbprints(s)

_____

**Exhibit "C"**                                                        030

ATTACHMENT TO 1.2

**Exhibit "C"**                                                    **031**

May 11, 2023

Jeffrey Scott Beier
28942 Drakespade
Laguna Niguel, CA 92677

RE: Account #XXXXXXX555

Dear Jeffrey Scott Beier:

This letter is to confirm that your Membership with SchoolsFirst F.C.U. was closed on May 11, 2023.

Please note that if you request to reopen your account at a future date, you must meet eligibility requirements.

If we can provide you financial assistance in the future, please contact our Member Contact Center at 714-258-4000 or 800-462-8328.

Sincerely,


Katerina Cortez
Laguna Niguel

**Exhibit "C"**    032

ATTACHMENT TO 1.3

INSURANCE COVERAGE

There is no independent policy.  The Debtor is in the process of
acquiring a policy.  Right now there is only force placed
insurance set the lender.

**Exhibit "C"**                                           **033**

ATTACHMENT TO 1.4
CERTIFICATES AND LICENSES
NOTHING APPLICABLE

ATTACHMENT TO 1.5
LIST OF INSIDERS INCLUDED ON FORM 3
A MORE FULLY DETAILED LIST IS FORTHCOMING

ATTACHMENT TO 1.6
FINANCIAL STATEMENTS
NO RESPONDING DOCUMENTS

ATTACHMENT TO 1.7
HEALTH CARE BUSINESS
NOT APPLICABLE

ATTACHMENT TO 1.8

TRUST AGREEMENTS

The Tucson Beier Trust is the only applicable document.

The Debtor Is attempting to locate this document.

ATTACHMENT TO 1.9
RECORDATION OF CHAPTER 11 PETITION
ATTACHED

CONFORMED COPY

RECORDING REQUESTED
AND WHEN RECORDED MAIL TO:
Anerio V. Altman, Esq.
Lake Forest Bankruptcy
26632 Towne Centre Drive #300
Foothill Ranch, CA 92610

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder
106.00
*$R0014333377$*
2023000102306 1:58 pm 05/03/23
63 RW11A V01 9
0.00 0.00 0.00 0.00 24.00 0.00 0.000.0075.00 0.00

THIS SPACE IS FOR RECORDERS USE ONLY

ugh Nguyen
range County Clerk-Recorder
01 N. Ross Street
anta Ana, CA 92701

ounty

inalization: 20230000120110
5/3/23 1:58 pm
53 RW11A

| Item | Title | Count |
|---|---|---|
| 1 | V01 | 1 |

Voluntary Petition Bankruptcy

| Document ID | Amount |
|---|---|
| DOC# 2023000102306 | 107.00 |

Time Recorded 1:58 pm

| | |
|---|---|
| Total | 107.00 |
| Payment Type | Amount |
| Check tendered # 82608 | 107.00 |
| Amount Due | 0.00 |

THANK YOU
PLEASE RETAIN THIS RECEIPT
FOR YOUR RECORDS
www.ocrecorder. .

APTER 11 PETITION OF JEFF S. BEIER

(Title of Document)

98.1 (a)(1) *"A fee of $75 dollars shall be paid at the time*
*state instrument, paper, or notice required or permitted*
*ept those expressly exempted from payment of recording*
*iction per parcel or real property. The fee shall not*
*y-five dollars ($225)"*

GC 27388.1 (a) (2); recorded concurrently "in connection
the imposition of documentary transfer tax (DTT).

GC 27388.1 (a) (2); recorded concurrently "in connection
perty that is a residential dwelling to an owner-occupier.

C 27388.1 (a) (1); fee cap of $225.00 reached.

er GC 27388.1 (a) (1); not related to real property.

**ion reason will result in the imposition of the $75.00 Building**

: ADEQUATE SPACE FOR RECORDING INFORMATION
ONAL RECORDING FEE APPLIES) 12/29/17

ATTACHMENT TO 1.10
FEDERAL AND STATE TAX RETURNS
LAST FILED FEDERAL TAX RETURN FOR 2017 ATTACHED

Form **1040** Department of the Treasury—Internal Revenue Service (99)

**U.S. Individual Income Tax Return** | **2017** | OMB No. 1545-0074 | IRS Use Only—Do not write or staple in this space.

See separate instructions.

| For the year Jan. 1–Dec. 31, 2017, or other tax year beginning | , 2017, ending | , 20 |

Your first name and initial | Last name | Your social security number
Jeffrey S | Beier | ▮▮▮▮▮▮▮

Last name | Spouse's social security number

**Exhibit "C"**                                                  **042**

Form 1040 (2017)

38   Amount from line 37 (adjusted gross income)

**Exhibit "C"**

**043**

ATTACHMENT TO 1.11
EMPLOYEE BENEFIT PLANS
NOT APPLICABLE

ATTACHMENT TO 2
PROJECTED CASH FLOW STATEMENT FOR THE FIRST NINETY (90)
DAYS FROM THE INITIAL FILING DATE

ATTACHMENT TO 3
STATEMENT OF MAJOR ISSUES AND TIMETABLE REPORT

1  ANERIO V. ALTMAN, Cal. Bar No. 228445
   LAKE FOREST BANKRUPTCY
2  PO Box 515381
   Los Angeles, CA 90051
3  Telephone: 949-218-2002
   Facsimile: 949-218-2002
   avaesq@lakeforestbkoffice.com
4  Proposed Bankruptcy Counsel for
   Debtor-in-Possession
5  JEFFREY SCOTT BEIER

6

7

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

10  In re                                    Case No.8:23-bk-10858-TA

11  JEFFREY SCOTT BEIER                       Chapter 11

12               Debtor-In-Possession.        **DEBTOR-IN-POSSESSION JEFFREY
                                              SCOTT BEIER'S 90 DAY CASH FLOW
13                                            PROJECTION**

14

15

16
    _____

17  ///

18

19  ///

20

21  ///

22

23  ///

24  ///

25

**Exhibit "C"**                                                    **047**

# DIP BUDGET - Full

| | 2023 MAY Actual | Budgeted | Difference | JUNE Actual | Budgeted | Difference | JULY Actual | Budgeted | Difference | 2023 MAY Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| **SUMMARY** | | | | | | | | | | |
| Income | 0 | 7,189 | -7,189 | 0 | 7,189 | -7,189 | 0 | 7,189 | -7,189 | -7,189 |
| Expenses | 0 | 7,189 | 7,189 | 0 | 7,189 | 7,189 | 0 | 7,189 | 7,189 | 7,189 |
| Difference | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| **INCOME** | | | | | | | | | | |
| Personal Income | 0 | 7,189 | -7,189 | 0 | 7,189 | -7,189 | 0 | 7,189 | -7,189 | -7,189 |
| - Other Income | 0 | | | 0 | | | 0 | | | |
| **EXPENSES** | | | | | | | | | | |
| Bills & Utilities | 0 | 189 | 189 | 0 | 189 | 189 | 0 | 189 | 189 | 189 |
| - Internet | 0 | 53 | 53 | 0 | 53 | 53 | 0 | 53 | 53 | 53 |
| - Utilities | 0 | 136 | 136 | 0 | 136 | 136 | 0 | 136 | 136 | 136 |
| Fees & Charges | 0 | | | 0 | | | 0 | | | |
| - Finance Charge | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Food & Dining | 0 | 2,000 | 2,000 | 0 | 2,000 | 2,000 | 0 | 2,000 | 2,000 | 2,000 |
| - Groceries | 0 | 1,500 | 1,500 | 0 | 1,500 | 1,500 | 0 | 1,500 | 1,500 | 1,500 |
| - Restaurants | 0 | 500 | 500 | 0 | 500 | 500 | 0 | 500 | 500 | 500 |
| Health & Fitness | 0 | 1,000 | 1,000 | 0 | 1,000 | 1,000 | 0 | 1,000 | 1,000 | 1,000 |
| - Medicine/Drugs | 0 | 1,000 | 1,000 | 0 | 1,000 | 1,000 | 0 | 1,000 | 1,000 | 1,000 |
| Home | 0 | 1,500 | 1,500 | 0 | 1,500 | 1,500 | 0 | 1,500 | 1,500 | 1,500 |
| - Home Supplies | 0 | 100 | 100 | 0 | 100 | 100 | 0 | 100 | 100 | 100 |
| - Mortgage & Rent | 0 | 1,400 | 1,400 | 0 | 1,400 | 1,400 | 0 | 1,400 | 1,400 | 1,400 |
| Non-Debtor Debt Payments | 0 | 1,000 | 1,000 | 0 | 1,000 | 1,000 | 0 | 1,000 | 1,000 | 1,000 |
| Shopping | 0 | | | 0 | | | 0 | | | |
| - Clothing | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Spousal Support | 0 | 1,000 | 1,000 | 0 | 1,000 | 1,000 | 0 | 1,000 | 1,000 | 1,000 |
| Travel | 0 | 500 | 500 | 0 | 500 | 500 | 0 | 500 | 500 | 500 |
| - Rental Car & Taxi | 0 | 500 | 500 | 0 | 500 | 500 | 0 | 500 | 500 | 500 |
| Uncategorized | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

**Exhibit "C"**

048

1    ANERIO V. ALTMAN, Cal. Bar No. 228445
     LAKE FOREST BANKRUPTCY
2    PO Box 515381
     Los Angeles, CA 90051
3    Telephone:  949-218-2002
     Facsimile:  949-218-2002
     avaesq@lakeforestbkoffice.com
4    Proposed Bankruptcy Counsel for
     Debtor-in-Possession
5    JEFFREY SCOTT BEIER

6

7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

10    In re                  Case No.8:23-bk-10858-TA

11    JEFFREY SCOTT BEIER      Chapter 11

12          Debtor-In-Possession.    **MAJOR ISSUES AND TIMETABLE REPORT**

13

14

15

16

17   ///

18   ///

19

20   ///

21

22   ///

23

24   ///

25

**Exhibit "C"**           **049**

1    DEBTOR-IN-POSSESSION JEFFREY SCOTT BEIER ("Debtor"), by and through its counsel,

2    submits the following Major Issues and Timetable Report:

3    **I. BACKGROUND**

4       A. GENERAL BACKGROUND

5       The Debtor is a married individual who resides in Moscow Russia with his wife, a Russian

6    Citizen. The Debtor previously was involved in consulting work in Russian whereby he made a

7    modest income. Currently the Debtor is looking to work (remotely) with finance companies in the

8    United States on Commercial Lending/Equipment Leasing to small and medium sized businesses.

9    He had previously worked in this area and was notably successful in this field.

10       1. ASSETS

11          a. 10 TUCSON, TRABUCO CANYON, CA 92679

12       The Debtor owns the real property located at 10 Tucson, Trabuco Canyon, CA 92679 ("10

13    Tucson"). Tucson is a 5 Bedroom, 5.5 Bath Single Family Home with 5,854 square feet. The

14    value of 10 Tucson is estimated to be approximately $3.1 Million. The secured claims against this

15    property total $2.7 Million. For purposes of this document only, the Debtor relies upon

16    www.zillow.com's estimate that the monthly rent for this location would be approximately

17    $15,000 a month.

18       10 Tucson is owned by "The Tucson Beier Trust" of which the Debtor is the Trustee. This

19    is a revocable trust.

20       b. LITIGATION ASSETS

21       The Debtor has several claims against various parties.

22          i. CLAIMS AGAINST BNI

23       The Debtor has a claim against Business Network International ("BNI").

24

25

-2-
**Exhibit "C"**          **050**

1        BNI is a business networking group throughout the world. In the United States it takes the

2    form of various chapters of unincorporated non-profit mutual benefit organizations. BNI charges

3    each member yearly dues and encourages members to make business referrals to one another.

4    BNI utilizes a number of directors and executives who receive compensation based upon how

5    large they grow their various chapters.

6        BNI operates in many countries outside the United States. When it operates outside of the

7    country, it appoints a director for that country to organize local support and interest. That Director

8    has a pecuniary interest in the development of these chapters. Before 2019, the Debtor was the

9    Director of Russian BNI development. The Debtor's brother paid $150,000 for the Debtor to

10    acquire this directorship. The Debtor developed BNI's growth in Russia and was particularly

11    successful in this process.

12        BNI was acquired by another entity in or after 2018. Thereafter BNI cancelled all

13    activities in Russia without explanation or refund of any funds paid. The Debtor maintains a claim

14    for the loss of earnings, and his brother maintains a claim for the return of funds paid to BNI for

15    directorship.

16              ii.    CLAIMS AGAINST THE LENDER

17      The Debtor prosecuted a claim against Bank of America, N.A. and others regarding its

18    interest in 10 Tucson. The Debtor's claims included causes of action under 15 U.S.C. Sec.

19    1641(f)(2), 15 USC Sec. 1641(g), 2924(a)(6), Breach of the Covenant of Good faith and Fair

20    Dealing, Business and Professions Code Sec. 17200 and Declaratory Relief. This complaint was

21    removed to Federal Court and dismissed without prejudice. The Debtor intends to refile this

22    claim.

23      A copy of this complaint is attached to this report.

24             iii.    CLAIMS AGAINST JAMES RAIDER

25

1    The Debtor was the CFO of a company possibly named "Liberty Waste Management"

2    (10%) Owner and 911 Roll Off (50%), Clear Selection and others in 2014, 2015 and 2016.  He

3    was absent from the business after 2016.    His former partner James Raider (In Colorado)

4    absconded with these interests.  The Debtor has a claim against his former partner for the value of

5    these interests.

6    **II.  MAJOR ISSUES**

7    There are numerous significant issues in this matter:

8    A.  THE DEBTOR RESIDES IN MOSCOW RUSSIA

9    The Debtor currently resides in Moscow Russia. The debtor is 10 hours ahead, and so for

10    the purpose of hearings and or personal appearances, depending on when the event is scheduled,

11    he may appear remotely in the middle of the night by Moscow time.  These appearances may be

12    costly;   The Debtor communicates with his counsel through an application known as "Signal"

13    which does not cost him anything for its usage. For the various personal appearances, he will need

14    to pay by the minute at an appropriate rate.

15    To the extent that Debtor needs to produce any documents from Russia he will need to

16    have them translated by a certified translator. A translator has not been selected yet.

17    B.  CLOSING SBER BANK ACCOUNT

18    The Debtor's wife, a Russian citizen, owns a pre-petition bank account in Russia at

19    "SBER" (Pronounced "Spare") bank.  Per the Debtor, and as of yet unverified by counsel, this

20    bank account cannot be closed because it is utilized by Russian citizens for the purpose of making

21    payments to the Russian government for fines and penalties.  The Debtor will need to address this

22    issue with the court as the Debtor understands the United States Trustee objects to this pre-petition

23    bank account remaining open post-petition.

24    C.  OPENING UP THE DIP ACCOUNT

25

-4-
**Exhibit "C"**                                                                          **052**

1  The Debtor is still attempting to open up a DIP Account.  The Debtor cannot appear here

2  in the United States to open up this account.  The Debtor's relatives here have his executed power

3  of attorney and are endeavoring to open up this account for him.  This process is ongoing.

4  D.  USE OF FUNDS

5  In order to make the DIP Account work, the Debtor needs to have funds deposited into the

6  DIP Account in the United States and then transferred to individual post-petition creditors.  The

7  Debtor's post-petition obligations in Russia are being covered by the Debtor's Russian family

8  members who are making those payments directly in Russia.

9  E.  LEASE ON 10 TUCSON, TRABUCO CANYON, CA 92679

10  The Debtor is looking for a new tenant for his property in California.

11  The Debtor intends to rent out 10 TUCSON, TRABUCO CANYON, CA 92679

12  ("Property") to generate income for one year to pay for the legal costs of the estate.  Thereafter he

13  intends to liquidate the property.  It is anticipated that the rent generated from the property would

14  generate approximately $15,000 a month based on current market trends.

15  The Debtor's current tenant will leave the tenancy on May 15th, 2023.

16  The property is listed as being in "auction" and/or "foreclosure" as a result of pending

17  foreclosure.  This is interfering with the Debtor's ability to rent the property.  The Debtor is

18  attempting to push Zillow to take "auction" off of the listing to assist in renting the property.

19  National Service Professionals is the company that manages the lease, accepts funds, and

20  distributes funds as requested by the Debtor.  This company is managed by the Debtor's brother.

21  The Debtor is seeking to contract with a new party to manage this rental during the Chapter 11.

22  F.  PAYING FOR LEGAL CAUSES OF ACTION AND DIP COUNSEL

23  The Debtor is acquiring an appraisal of 10 Tucson.  If the value of 10 Tucson is greater

24  than the disputed liens, or approximately $3.1 Million, the Debtor anticipates being able to retain

25

-5-
**Exhibit "C"**

053

1    counsel who will have the security of knowing they could be paid from the liquidation of 10

2    Tucson if the matter were converted to Chapter 7 in addition to whatever payments they would

3    receive from the rental income. If the value is lower, or if the disputed lienholder is undersecured,

4    then this matter is unlikely to continue in Chapter 11.

5    **III. TIMETABLE**

6    **PART I: May 2023**

7    The Debtor will file the following:

8    1.  Motion to Employ General Counsel;

9    2.  Notice of the Status Conference;

10    3.  Notice of the 341a hearing;

11    4.  MOR for month 1; and

12    5.  Notice of Proof of Claim Deadline.

13    The Debtor, personally or by counsel, will attend:

14    1.  The IDI.

15    2.  Hearing on the Motion to Continue the Stay.

16    The Debtor will submit:

17    1.  A completed 7 Day Package with all exhibits; and

18    2.  An IDI Questionnaire if required.

19    **PART 2: June 2023**

20    The Debtor will file the following:

21    1.  Cash Collateral Motion regarding the use of 10 Tucson, Trabuco Canyon, CA 92679;

22    2.  Motion to Approve the Use of 10 Tucson, Trabuco Canyon, CA 9279 for a Rental;

23    3.  MOR for Month 2; and

24    4.  Motion to Employ Special Litigation Counsel.

25

**Exhibit "C"**                               **054**

1    The Debtor, personally or by counsel, will attend:

2    1.   Any continued hearings on issues from PART 1; and

3    2.   Initial Status Conference.

4    The Debtor will submit:

5    1.   Any remaining reporting requirements not already satisfied.

6    **PART 3:  July 2022**

7    The Debtor will file and serve the following:

8    1.   Disclosure Statement and Chapter 11 Plan.  The Statement should include an appraisal of

9         the 10 Tucson property.   The legal issues described above will be full detailed in the

10        Disclosure Statement.

11   2.   MOR for month 3.

12   The Debtor, personally, or by counsel, will attend:

13   No hearings expected in this time period.

14   The Debtor will submit the following:

15   Further compliance if required.

16   **PART 4:  August 2023**

17   The Debtor will file and serve the following:

18   1.   Motion to Confirm the Chapter 11 Plan.

19   2.   MOR for month 4.

20   **PART 5:  September 2023**

21   The Debtor, personally, or by counsel, will attend:

22   1.   Confirmation Hearing; and

23   2.   Hearing on First and Final Fee Application.

24

25

-7-
**Exhibit "C"**

055

1        Dated:  May 12, 2023      Signed:<u>/S/ ANERIO V. ALTMAN, ESQ.</u>

2                                                      ANERIO V. ALTMAN, ESQ.
PROPOSED COUNSEL FOR
3                                                      DEBTOR-IN-POSSESSION
JEFFREY SCOTT BEIER

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit "D"

**WELLS FARGO**

# PATRICIA A BEIER

## A customized summary of your visit                    May 15, 2023

*Convenient access when you need it:*
*• Approximately 4,700 retail branches and 12,000 ATMs in 36 states and the District of Columbia*
*• Wells Fargo Online®*
*wellsfargo.com*

You can make an appointment to meet with a banker at
wellsfargo.com/appointments

You can also talk to a banker at 1-800-869-3557 24 hours a day, 7 days a week

***Thank you for being our customer***

### What we discussed with you today

Please refer to the Fee & Information Schedule along with any additional disclosures you may have received today for full details, including any fees, for the products or services you requested today.  If you need a copy of these materials, please ask a banker.

**Edit Statement Options**

Your statement options will be updated as requested.  If you have any questions, please contact me at the number below.

**Banker:** IBRAHIM SALIM AL-ARNOUS
**Phone:** 949/
**Banker Email:**
**Manager:** MOHAMMAD AZIM
**Phone:** 949/
**Manager Email:**
**Bank Name:** ALISO VIEJO
**Street:**   27250 ALICIA PKWY
**City:**   LAGUNA NIGUEL
**State:**   CA               **ZIP/Postal Code:**      92677

I confirm I received and agree with the information on Customized Summary.
Customer Name
PATRICIA A BEIER

Customer Signature

☐ Customer is unable to sign  Date:
05/15/2023

**Exhibit "D"**                    057

# A customized summary of your visit

**Investment and Insurance Products are:**

- **Not Insured by the FDIC or Any Federal Government Agency**
- **Not a Deposit or Other Obligation of, or Guaranteed by, the Bank or Any Bank Affiliate**
- **Subject to Investment Risks, Including Possible Loss of the Principal Amount Invested**

Brokerage products and services are offered through Wells Fargo Advisors. Wells Fargo Advisors is a trade name of Wells Fargo Clearing Services, LLC, Member SIPC, a registered broker-dealer and separate non-bank affiliate of Wells Fargo & Company.

Bankers may refer customers to Wells Fargo Advisors for brokerage services, investment advisory services, and/or insurance products and may be compensated for such referrals.

Wells Fargo Advisors offers insurance products through an affiliated nonbank insurance agency (CA license #26-0070024).

Deposit products offered by Wells Fargo Bank, N.A. Member FDIC.
Credit products offered by Wells Fargo Bank, N.A.

© 2022 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801



**Exhibit "D"**                                                                058

# Consumer Account Application



| Bank Name: | | Branch Name: | |
|---|---|---|---|
| WELLS FARGO BANK, N.A. | | ALISO VIEJO | |
| Banker Name: | | Officer/Portfolio Number: | Date: |
| AL-ARNOUS II,IBRAHIM | | | 05/15/2023 |
| Banker Phone: | Branch Number: | Banker AU: | Banker MAC: |
| 949/ | 04514 | | |

To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify, and record information that identifies each person (individuals and businesses) who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

## New Account Information

| Product Name: | Account Number: | Product: |
|---|---|---|
| Wells Fargo Everyday Checking | | DDA |

| Purpose of Account: | Minor: | COID: |
|---|---|---|
| Personal/Household income | | 114 |

| New Account Kit: | Checking/Savings Bonus Offer Available: |
|---|---|
| CI-006858177 | No |

## Related Customers

| Customer Name: | Account Relationship: |
|---|---|
| JEFFREY BEIER | Sole Owner |
| PATRICIA A BEIER | Power of Attorney (Sole) |

## Statement Mailing Information

| Customer(s) Listed on Statement: | Statement Mailing Address: | |
|---|---|---|
| JEFFREY BEIER | 10 TUCSON | |
| | Address Line 2: | |
| PATRICIA A BEIER POA | | |
| | City: | State: |
| DEBTOR IN POSSESSION | COTO DE CAZA | CA |
| | ZIP/Postal Code: | Country: |
| CH 11 CASE #23-10898 | 92679-5200 | US |



Page 1 of 4

**Exhibit "D"**      **059**

Consumer Account Application

## Customer 1 Information

| | |
|---|---|
| **Customer Name:** JEFFREY BEIER | **Street Address:** 10 TUCSON |
| **Customer Number (ECN):** ▓▓▓▓▓ | **Address Line 2:** |
| **Account Relationship:** Sole Owner | **Address Line 3:** |
| **Taxpayer Identification Number (TIN):** ▓▓▓▓▓  **TIN Type:** SSN   **Date of Birth:** ▓▓▓▓ | **City:** COTO DE CAZA   **State:** CA |
| **Primary ID Type:**    **Primary ID Description:** ▓▓▓▓ | **ZIP/Postal Code:** 92679-5200   **Country:** US   **Time at this address:** Year(s)   Month(s) |
| **Primary ID St/Ctry/Prov:** MT   **Primary ID Issue Date:** ▓▓▓▓   **Primary ID Expiration Date:** ▓▓▓▓ | **Directional Address:** *(Document when no physical residence, business or alternate street address.)* |
| **Secondary ID Type:** OTHR OTHR   **Secondary ID Description:** SS CARD 0875 | |
| **Secondary ID State/Country:**   **Secondary ID Issue Date:**   **Secondary ID Expiration Date:** | **Previous Street Address:** |
| **Home Phone:** 949/▓▓▓▓   **Business Phone:** | **City:**    **State:** |
| **Current Employer:** | **ZIP/Postal Code:**   **Country:**   **Time at this address:** Year(s)   Month(s) |
| **Check Reporting:** NO RECORD | **Country of Citizenship:** US |



**Exhibit "D"**

**060**

Consumer Account Application

## Customer 2 Information

| Customer Name: | Street Address: |
|---|---|
| PATRICIA A BEIER | 28942 DRAKES BAY |

| Customer Number (ECN): | Address Line 2: |
|---|---|
| ████████████ | |

| Account Relationship: | Address Line 3: |
|---|---|
| Power of Attorney (Sole) | |

| Taxpayer Identification Number (TIN): | TIN Type: | Date of Birth: | City: | State: |
|---|---|---|---|---|
| ████████ | SSN | ████████ | LAGUNA NIGUEL | CA |

| Primary ID Type: | Primary ID Description: | | ZIP/Postal Code: | Country: | Time at this address: |
|---|---|---|---|---|---|
| DLIC | ████████ | | 92677-4670 | US | ████ Year(███████ Month(s) |

| Primary ID St/Ctry/Prov: | Primary ID Issue Date: | Primary ID Expiration Date: | Directional Address: (Document when no physical residence, business or alternate street address.) |
|---|---|---|---|
| CA | ████████ | ███████ | |

| Secondary ID Type: | Secondary ID Description: | | |
|---|---|---|---|
| OTHR OTHR | ████████ | | |

| Secondary ID State/Country: | Secondary ID Issue Date: | Secondary ID Expiration Date: | Previous Street Address: |
|---|---|---|---|
| | | | |

| Home Phone: | Business Phone: | City: | State: |
|---|---|---|---|
| 949/█████ | | | |

| Current Employer: | ZIP/Postal Code: | Country: | Time at this address: |
|---|---|---|---|
| | | | Year(s)    Month(s) |

| Check Reporting: | Country of Citizenship: |
|---|---|
| NO RECORD | US |

## Request for Taxpayer Identification Number and Certification

(Substitute Form W-9)
Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. UNLESS I HAVE CHECKED THE BOX BELOW, I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person; and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct. (This does not apply to accounts maintained in the United States.)

☐ I am subject to backup withholding because the statement in 2(b) above does not apply.

| Tax Responsible Customer Name: | Taxpayer Identification Number (TIN): |
|---|---|
| JEFFREY BEIER | ████████ |

TIN Certification Signature

███████████████

☐ Submit manually
☐ Signature not required

Date:
05/15/2023

## Customer Signatures

Everything I have stated in this application is correct. You are authorized to make any inquiries that you consider appropriate to determine if you should open or maintain the account. This may include ordering a credit report or other report (i.e. information from any motor vehicle department or other state agency) on me. **I have received a copy of the applicable account agreement and the privacy policy (each may be amended from time to time) and agree to be bound by their terms.** I also agree to the terms of the dispute resolution program described in the foregoing agreements. **Under the dispute resolution program, our disputes will be decided before one or more neutral persons in an arbitration proceeding and not by a jury trial or a trial before a judge.**



**Exhibit "D"**

**061**

Customer 1 Name
JEFFREY BEIER

Customer 1 Signature

☐ Submit manually
☐ Signature not required

Date:
05/15/2023

Customer 2 Name
PATRICIA A BEIER

Customer 2 Signature

☐ Submit manually
☐ Signature not required

Date:
05/15/2023

Customer Copy

DSG8921 (10-21 SVP)

**Exhibit "D"**

**062**

# Exhibit "E"

<table>
<tr><td>

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. &
Email Address

Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
PO Box 515381
Los Angeles, CA 90051
Phone and Fax: (949) 218-2002
avaesq@lakeforestbkoffice.com

</td><td>

FOR COURT USE ONLY

</td></tr>
<tr><td>

☐  Individual appearing without attorney
☒  Attorney for: DEBTOR-IN-POSSESSION

</td><td></td></tr>
</table>

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re: <br><br> JEFFREY SCOTT BEIER | CASE NO.: 8:23-bk-10898-TA |
|---|---|
| | CHAPTER: 11 |
| | **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE** <br><br> **(with supporting declarations)** |
| Debtor(s). | DATE: 05/23/2023 <br> TIME: 10:30 am <br> COURTROOM: 411 West 4th #5B, Santa Ana, CA 92701 |

**Movant:** JEFFREY SCOTT BEIER

1.  NOTICE IS HEREBY GIVEN to ALL PARTIES ON THE ATTACHED LIST
    (Secured Creditor/Lessor),trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2.  **Hearing Location**:

    ☐ 255 East Temple Street, Los Angeles, CA 90012        ☒ 411 West Fourth Street, Santa Ana, CA 92701
    ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
    ☐ 3420 Twelfth Street, Riverside, CA 92501

3.  ☒ a.  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                  Page 1                         **F 4001-1.IMPOSE.STAY.MOTION**

**Exhibit "E"**                                                                      **063**

attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

☐ b.   This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served: ☐ at the hearing ☐ at least _____ days before the hearing.

   (1) ☐ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon appropriate creditor(s) and trustee, if any.

   (3) ☐ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: 05/02/2023

LAKE FOREST BANKRUPTCY
Printed name of law firm (if applicable)

ANERIO V. ALTMAN, ESQ.
Printed name of individual Movant or attorney for Movant

/S/ ANERIO V. ALTMAN, ESQ.
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                        Page 2                   **F 4001-1.IMPOSE.STAY.MOTION**

**Exhibit "E"**                                                                  **064**

## MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** JEFFREY SCOTT BEIER

1. **The Property or Debt at Issue:**
   a. ☒ Movant moves for an order imposing a stay with respect to the following property (Property):
      ☐ Vehicle (*describe year, manufacturer, type, and model*):
      Vehicle Identification Number:
      Location of vehicle (*if known*):

      ☐ Equipment (*describe manufacturer, type, and characteristics*):
      Serial number(s):

      Location (*if known*):

      ☒ Other Personal Property (*describe type, identifying information, and location*): See attached
      schedule A/B.
      ☒ Real Property
      Street Address: 10 Tucson
      Apt./Suite No.:
      City, State, Zip Code: Trabuco Canyon, CA 92679
      Legal description or document recording number (include county of recording):

      ☒ See attached continuation page

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) Bank of America, National Association

   to secure the sum of approximately $ 2,757,616.00 _____ now owed. (Secured Creditor/Lessor).
   Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (*Attach additional sheets as necessary*)

   b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

   c. ☐ Movant moves for an order **imposing a stay** as to *all creditors*.

   d. ☐ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditor/Lessor*; and/or

   e. ☒ Movant moves for an order continuing the **automatic stay** as to *all creditors*.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition concerning an individual[s] under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed concerning the present case on (*specify date*): 04/28/2023

   b. ☐ An Order of Conversion to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*specify date*):

   c. ☐ Plan was confirmed on (*specify date*):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                        Page 3            **F 4001-1.IMPOSE.STAY.MOTION**

**Exhibit "E"**                        **065**

## LEGAL DESCRIPTION

Assessor's Parcel Number:  755-241-13
Site Congressional District:  40th
Census Tract:  320.46
Census Block:  4005
Carrier Route:  B016
Tax Rate Area:  83222
Legal Book Page:  //1
Legal Description:  N-Tract:  15841 Block:  Lot:  1

    d.   Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case.  These cases and the reasons for dismissal are:

        1.  Case name: JEFFREY S. BEIER
            Case number: 8:23-bk-10556-TA          Chapter: 7
            Date filed: 03/17/2023               Date dismissed:
            Relief from stay re this Property        ☐ was   ☒ was not granted
            Reason for dismissal: Failure to file case initiation documents.

        2.  Case name:
            Case number:                      Chapter:
            Date filed:                      Date dismissed:
            Relief from stay re this Property        ☐ was   ☐ was not granted
            Reason for dismissal:

           ☐ See attached continuation page

    e.  ☒  As of the date of this motion the Debtor ☐ has ☒ has not  filed a statement of intentions regarding this Property as required under 11 U.S.C. § 521(a)(2).  If a statement of intentions has been filed, Debtor ☐ has ☐ has not  performed as promised therein.

    f.  ☒  The first date set for the meeting of creditors under 11 U.S.C. § 341(a) is/was _____ and the court ☐ has ☐ has not  fixed a later date for performance by Debtor of the obligations described at 11 U.S.C. § 521(a)(2).  The extended date (*if applicable*) is _____.

    g.  ☐  In a previous case(s), as of the date of dismissal there was:
           ☐ an action by the Secured Creditor/Lessor under 11 U.S.C.§ 362(d) still pending or
           ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3.  The equity in the property is calculated as follows:

    a)  

| | | |
|---|---|---|
| 1. | Property description/value:  10 Tucson, Trabuco Canyon, CA 92679 | $ 3,200,000.00 |
| 2. | Creditor/Lien amount:  Bank of America, National Association | $ 2,757,616.00 |
| 3. | Creditor/Lien amount: _____ | $ _____ |
| 4. | Creditor/Lien amount: _____ | $ _____ |
| 5. | Creditor/Lien amount: _____ | $ _____ |
| 6. | Total Liens | $ _____ |
| 7. | Debtor's Homestead Exemption | $ 33,650.00 |
| 8. | Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) | $ 408,734.00 |

    b)  

| | | |
|---|---|---|
| 1. | Property description/value: _____ | $ _____ |
| 2. | Creditor/Lien amount: _____ | $ _____ |
| 3. | Creditor/Lien amount: _____ | $ _____ |
| 4. | Creditor/Lien amount: _____ | $ _____ |
| 5. | Creditor/Lien amount: _____ | $ _____ |
| 6. | Total Liens | $ _____ |
| 7. | Debtor's Homestead Exemption | $ _____ |
| 8. | Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) | $ _____ |

        ☐  See attached continuation page

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Exhibit "E"**             **067**

4.  **Grounds for Continuing The Stay:**

a.  ☒  Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

1.  ☒  The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

    A.  ☒  The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);

    B.  ☒  Good faith is shown because
       The Debtor is intending to utilize his real property to generate income in a plan of reorganization and there is a sufficient equity cushion such that Bank of America is adequately protected.

       ☒  See attached continuation page

2.  ☒  The Property is of consequential value or benefit to the estate because:

    A.  ☒  The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached (*describe separately as to each property*);

    B.  ☒  The Property is necessary to a reorganization for the following reasons:
       The Property is intended to generate income first through acting as a rental for one year and then being sold at the end of next year.

       ☐  See attached continuation page

    C.  ☒  The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection):
       Bank of America is the only lender secured to the Debtor's real property and there is approximately $400,000 in available equity in the real property.

       ☐  See attached continuation page

3.  ☒  The presumption of a bad faith filing under 11 U.S.C. § 362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

    A.  ☐  The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§ 362(i).
    B.  ☒  Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;
    C.  ☒  Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because:
       The original case was filed as an emergency petition.  After due diligence was performed by Debtor's counsel it became impossible to prepare the necessary paperwork to finish the petition within the necessary time period because the Debtor lives outside the country.

       ☒  See attached continuation page

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                     Page 5                     **F 4001-1.IMPOSE.STAY.MOTION**

**Exhibit "E"**                                                  **068**

D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

_____
_____
_____

    ☐ See attached continuation page

E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

_____
_____
_____

    ☐ See attached continuation page

F. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

_____
_____

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

    ☐ See attached continuation page

G. ☒ For the following additional reasons:

The Debtor has a history of being able to rent the real property in question for income and
there is sufficient equity in the real property such that it is a significant asset of the estate.

    ☐ See attached continuation page

4. ☒ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§ 362(c)(3)(C)(ii) is overcome in this case because
Bank of America enjoys a significant equity cushion.

_____
_____

    ☐ See attached continuation page

5. **Grounds for Imposing a Stay:**
  a. ☐ Pursuant to 11 U.S.C. § 362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:
    1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*          Page 6          **F 4001-1.IMPOSE.STAY.MOTION**

**Exhibit "E"**         **069**

    2. ☐ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons:

_____
_____
_____

       ☐ See attached continuation page

    3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (*describe Movant's proposal for adequate protection*):

_____
_____
_____

       ☐ See attached continuation page

b. ☐ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

    1. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);

    2. ☐ Good faith is shown because:

_____
_____
_____

       ☐ See attached continuation page

c. ☐ The presumption of a bad faith filing under 11 U.S.C.§ 362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

    1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows:

_____
_____
_____

       ☐ See attached continuation page

    2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal  was as the result of the negligence of Debtor's attorney;

    3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

_____
_____
_____

       ☐ See attached continuation page

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 7                        **F 4001-1.IMPOSE.STAY.MOTION**

**Exhibit "E"**                                                         **070**

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

_____

_____

_____

   ☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

_____

_____

_____

(from which the court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

   ☐ See attached continuation page

6. ☐ For the following additional reasons:

_____

_____

_____

_____

_____

   ☐ See attached continuation page

7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(4)(D)(ii) is overcome in this case because

_____

_____

_____

   ☐ See attached continuation page(s)

6. **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be attached hereto.*)

a. ☒ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.

b. ☒ Other Declaration(s) are also attached in support of this Motion.

c. ☒ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _1_____

d. ☐ Other evidence (*specify*):

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion**.

**WHEREFORE, Movant prays that this court issue an Order Imposing a Stay and granting the following (*specify forms of relief requested*):**

1. ☒ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

2. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to all creditors until further order of the court.

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by (*specify proposed adequate protection*)

_____
_____
_____

8. ☐ For other relief requested, see attached continuation page.

Date: 5/2/2023    Respectfully submitted,

JEFFREY SCOTT BEIER
Movant name

LAKE FOREST BANKRUPTCY
Firm name of attorney for Movant (if applicable)

/S/ ANERIO V. ALTMAN, ESQ.
Signature

ANERIO V. ALTMAN, ESQ.
Printed name of individual Movant or Attorney for Movant

## DECLARATION OF MOVANT

I, JEFFREY SCOTT BEIER, am the DEBTOR-IN-POSSESSION
of Movant. I have read the foregoing motion consisting of _____ pages, and the attached materials incorporated therein by reference. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded. I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/2/2023 | JEFFREY SCOTT BEIER | _____ |
| --- | --- | --- |
| Date | Printed name of declarant | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 9                    **F 4001-1.IMPOSE.STAY.MOTION**

**Exhibit "E"**                                                                 072

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
LAKE FOREST BANKRUPTCY II, APC PO BOX 515381, LOS ANGELES, CA 90051

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE (with supporting declarations)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/02/2023   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 05/02/2023   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/02/2023   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
 Delivery to the court per the court manual and general order.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 5/2/2023 | ANERIO V. ALTMAN, ESQ. | /s/ ANERIO V. ALTMAN, ESQ. |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                      Page 10                      **F 4001-1.IMPOSE.STAY.MOTION**

**Exhibit "E"**                                                **073**

CM/ECF SERVICE

- **Anerio V Altman**   LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

**Exhibit "E"**                                074

Label Matrix for local noticing
0973-8
Case 8:23-bk-10898-TA
Central District of California
Santa Ana
Tue May  2 15:16:31 PDT 2023

Gary and Patricia Beier
Drakes Bay
Laguna Niguel, CA 92677

Sandy Elsberg
10 Tucson
Trabuco Cyn, CA 92679-5200

Jeffrey S Beier
10 Tuscon
Trabuco Canyon, CA 92679-5200

United States Bankruptcy Court
Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

National Service Professionals
10001 W Oakland Park Blvd Ste 301
Sunrise, FL 33351-6925

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Bank of America, National Association
Attn: Bankruptcy Department
PO Box 982238
El Paso, TX 79998-2238

Sandy Elsberg
10 Tucson
Trabuco Canyon, CA 92679-5200

Anerio V Altman
Lake Forest Bankruptcy II, APC
P.O. Box 515381
Ste 97627
Los Angeles, CA 90051-6681

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Sergei Nasonav

(u)Steven Beier
San Jose

End of Label Matrix
Mailable recipients     9
Bypassed recipients     2
Total                  11

1  Anerio V. Altman, Esq. #228445
   Lake Forest Bankruptcy
2  PO Box 515381
   Los Angeles, CA 90051
3  Phone and Fax: (949) 218-2002
   avaesq@lakeforestbkoffice.com
   **ATTORNEY FOR DEBTOR-IN-POSSESSION**
4  **JEFFREY SCOTT BEIER**

5

6

7

8              **UNITED STATES BANKRUPTCY COURTS**
       **CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION**
9

10  In Re:  JEFFREY SCOTT BEIER    )    BK. No.  8:23-bk-10898-TA
                                    )
11                                  )    **Chapter 11**
                                    )
12                                  )    **DECLARATION IN SUPPORT OF**
                                    )    **MOTION TO CONTINUE THE**
                                    )    **AUTOMATIC STAY**
13                                  )
                                    )    **JUDGE**
14                                  )    Hon. Theodor Albert
                                    )
15                                  )    **HEARING**
                                    )    Date:  May 23rd, 2023
                                    )    Time:  10:30 A.M.
16                                  )    Place:  411 West Fourth Street #5B, Santa
                                    )    Ana, CA 92701 (By Zoom.gov)
17  _____)

18  ///

19

20  ///

21

22  ///

23

24
                                    - 1
                               DECLARATION
                             **Exhibit "E"**                    **076**

I, JEFFREY SCOTT BEIER, declare as follows:

1. I am over the age of 18 years old and I am legally able and competent to testify to the following in a court of law if required to do so.

2. I am the Debtor-In-Possession for Chapter 11 Bankruptcy Case In Re: Jeffrey Scott Beier 8:23-bk-10898-TA.

3. I own the real property located at 10 Tucson, Trabuco Canyon, Ca 92679 ("10 Tucson").

4. I receive now, and have received, offers to purchase this property. Most of the offers indicate that the property could be sold for $3,200,000. Based upon these offers, and my own opinion of the property, I believe this is an accurate representation of the value of 10 Tucson.

5. For the past two years I have been renting out this property.

6. In 2021 I rented, and received rents from, this property for approximately $6000 a month.

7. In 2022 I rented, and received rents from, this property for $7,500 a month.

8. In 2023 I rented, and received rents from, this property for January, February and March 2023 at $7,500 a month.

9. My current tenant is leaving on May 15th, 2023 and we need to re-lease the property to allow for proper maintenance and continued financial stability through the process of the Chapter 11.

10. There is a disputed 1st mortgage on the property going back to the financial crisis of 2007/2008 with Bear Stearns that was part of my prior bankruptcy case and subsequent sale of Bear Stearns's stock and assets to JP Morgan Chase.

11. I am now, and have been, in litigation with JP Morgan Chase. Bank of America states they are the servicing agent and has been the front for the litigation. During the previous 15

- 2
DECLARATION
**Exhibit "E"**

years Bank of America has stated 6 different banks have declined my request for modification and they have stated 6 different entities had right and title to the 1ˢᵗ mortgage deed. When I have asked to speak to the bank(s) regarding the 1ˢᵗ lien position – Bank of America has refused to allow any discussions. They state they are the servicer – they have 100% authority and only they speak to the bank(s). However, in the case of modification we have evidence they never asked a single bank to modify a single loan. We also have evidence they intend to benefit for foreclosure as opposed to use the government funds to modify loans as they were instructed to do. Uniquely – they also claim different banks have the 1ˢᵗ lien position at the same time – Six to date, possibly 7. While we litigate these claims – we would like to maintain a tenant to cover the cost of the maintenance on the property.

12. Bank of America asserts that they are entitled to approximately $2,7575,616.

13. While I do not agree with Bank of America's assertion as to its ownership or value of this lien, presuming Bank of America is correct, there is approximately $400,000 in equity in this property.

14. I currently reside in Moscow, Russia but I use 10 Tucson as my address in the United States for all other purposes.

15. I live in a different time zone from my counsel. I am 10 hours ahead.

16. My counsel and I schedule meetings at 6:00 A.M. to discuss this case.

17. My initial Chapter 7 filing was filed on March 17ᵗʰ, 2023.

18. My initial filing was filed as an emergency filing to stop a pending foreclosure prosecuted by Bank of America, National Association.

- 3
DECLARATION
**Exhibit "E"**                                                                              **078**

19. My counsel and I did not have time to put together a complete petition before the 14 days had expired after fiing.

20. My Plan of Re-Organization – which I intend to file is to rent out the property located at 10 Tucson for one year, pending inflation, the economy, the value of USD in the market & the results of the active litigation with the banks at the conclusion of 1 year.  It would be my desire to sell the property in 1 year – if conditions permit.  Otherwise – to rent the property – Until the litigation is completed and conditions permit.  And then to sell the property when it pleases the court maximizing the conditions to satisfy outstanding creditors and hopefully providing for some or all of the 1.5 Million invested in the property of 10 Tucson.

21. I make these declarations under penalty of perjury of the laws of the United States and know that they are true.

Dated:  May 2nd, 2023                Signed: _____

JEFFREY SCOTT BEIER

- 4
DECLARATION
**Exhibit "E"**                                                           **079**

EXHIBIT 1

Exhibit "E"                                        080

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Jeffrey** | **S** | **Beier** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: _____ **Central** _____ District of _____ **California** _____

Case number _____

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

    ☐ No. Go to Part 2.
    ☑ Yes. Where is the property?

| | | |
|---|---|---|
| 1.1 | **10 Tuscon** | **What is the property?** Check all that apply. |

**1.1**
**10 Tuscon**
Street address, if available, or other description

**Trabuco Canyon, CA 92679**
City    State    ZIP Code

**Orange**
County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Source of Value: **www.zillow.com**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?
**$3,117,300.00**    **$3,117,300.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee Simple**

☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here .......................................... → **$3,117,300.00**

### Part 2:    Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

    ☑ No
    ☐ Yes

**Exhibit "E"**    **081**

Debtor **Beier, Jeffrey S**                       Case number *(if known)* _____

| | | |
|---|---|---|
| 3.1 Make: _____<br>Model: _____<br>Year: _____<br>Approximate mileage: _____<br>Other information: _____ | **Who has an interest in the property?** Check one.<br>☐ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br><br>☐ **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*<br><br>**Current value of the entire property?** _____<br><br>**Current value of the portion you own?** _____ |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No

☐ Yes

| | | |
|---|---|---|
| 4.1 Make: _____<br>Model: _____<br>Year: _____<br>Other information: _____ | **Who has an interest in the property?** Check one.<br>☐ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br><br>☐ **Check if this is community property** (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*<br><br>**Current value of the entire property?** _____<br><br>**Current value of the portion you own?** _____ |

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here ...................................................... →     **$0.00**

---

**Part 3:** **Describe Your Personal and Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | **Current value of the portion you own?**<br>Do not deduct secured claims or exemptions. |
|---|---|
| 6. **Household goods and furnishings**<br>*Examples:* Major appliances, furniture, linens, china, kitchenware<br>☐ No<br>☑ Yes. Describe. .........     Household goods and furnishings | **$725.00** |
| 7. **Electronics**<br>*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games<br>☐ No<br>☑ Yes. Describe. .........     Electronics | **$725.00** |
| 8. **Collectibles of value**<br>*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles<br>☑ No<br>☐ Yes. Describe. ......... | |

Official Form 106A/B              **Schedule A/B: Property**              page **2**

**Exhibit "E"**           **082**

Debtor **Beier, Jeffrey S**                                          Case number *(if known)* _____

| | |
|---|---|
| **9.** **Equipment for sports and hobbies** | |
| *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments | |
| ☐ No | |
| ☑ Yes. Describe. .........  Equipment for sports and hobbies | $725.00 |

| | |
|---|---|
| **10.** **Firearms** | |
| *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment | |
| ☑ No | |
| ☐ Yes. Describe. ......... | |

| | |
|---|---|
| **11.** **Clothes** | |
| *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories | |
| ☐ No | |
| ☑ Yes. Describe. .........  Clothes | $725.00 |

| | |
|---|---|
| **12.** **Jewelry** | |
| *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver | |
| ☐ No | |
| ☑ Yes. Describe. .........  Jewelry | $725.00 |

| | |
|---|---|
| **13.** **Non-farm animals** | |
| *Examples:* Dogs, cats, birds, horses | |
| ☐ No | |
| ☑ Yes. Describe. .........  1 Cat "Leeloo" | $1.00 |

| | |
|---|---|
| **14.** **Any other personal and household items you did not already list, including any health aids you did not list** | |
| ☑ No | |
| ☐ Yes. Give specific information. ............. | |

| | |
|---|---|
| **15.** **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ................................................................ → | $3,626.00 |

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| **Do you own or have any legal or equitable interest in any of the following?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|
| **16.** **Cash** | |
| *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition | |
| ☑ No | |
| ☐ Yes ....................................................................................................................  Cash: ................... | |

Official Form 106A/B                     Schedule A/B: Property                          page 3

**Exhibit "E"**                                                                           **083**

Debtor __Beier, Jeffrey S_____    Case number *(if known)* _____

---

**17.** **Deposits of money**

*Examples:*  Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes .....................    Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | **School's First Federal Credit Union**<br>**Has not been used since 2016.** | $0.00 |
| 17.2. Checking account: | **Wife's Account**<br>**Sber Bank (Moscow)**<br>**$10,000 Rubles on the day of filing.** | unknown |

**18.** **Bonds, mutual funds, or publicly traded stocks**

*Examples:*  Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes .....................    Institution or issuer name:

**19.** **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No

☑ Yes. Give specific
information about
them...................    Name of entity:    % of ownership:

| | |
|---|---|
| **The Debtor was the CFO of a company possibly named "Liberty Waste Management" (10%) Owner and 911 Roll Off (50%), Clear Selection and others in 2014, 2015 and 2016. He was absent from the business after 2016. His former partner James Raider (In Colorado) absconded with these interests.** | 100.00% |
| | unknown |
| **The Debtor works as an independent contractor in Moscow, Russia. His income is paid to the Debtor's wife who is a Russian Citizen.** | 100.00% |
| | unknown |

**20.** **Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific
information about
them...................    Issuer name:

---

**Exhibit "E"**                        **084**

Debtor **Beier, Jeffrey S**_____    Case number *(if known)*_____

---

21. **Retirement or pension accounts**

    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

    ☑ No

    ☐ Yes. List each
      account separately.    Type of account:    Institution name:

      401(k) or similar plan: _____    _____

      Pension plan: _____    _____

      IRA: _____    _____

      Retirement account: _____    _____

      Keogh: _____    _____

      Additional account: _____    _____

      Additional account: _____    _____

22. **Security deposits and prepayments**

    Your share of all unused deposits you have made so that you may continue service or use from a company

    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or
      others

    ☑ No

    ☐ Yes ......................    Institution name or individual:

      Electric: _____    _____

      Gas: _____    _____

      Heating oil: _____    _____

      Security deposit on rental unit: _____    _____

      Prepaid rent: _____    _____

      Telephone: _____    _____

      Water: _____    _____

      Rented furniture: _____    _____

      Other: _____    _____

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

    ☑ No

    ☐ Yes ....................    Issuer name and description:

      _____    _____

      _____    _____

      _____    _____

**Exhibit "E"**                                                                085

Debtor **Beier, Jeffrey S**                                                          Case number *(if known)* _____

---

24.  **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
     26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

     ☑ No
     ☐ Yes ..................    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

     _____    _____
     _____    _____
     _____    _____

25.  **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

     ☐ No
     ☑ Yes. Give specific    | Beier 10 Tucson Trust (This may be the title owner to the real property. No other assets in         $0.00
     information about them. ...| this trust.)

26.  **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
     *Examples:*  Internet domain names, websites, proceeds from royalties and licensing agreements

     ☑ No
     ☐ Yes. Give specific
     information about them. ...  | _____    _____

27.  **Licenses, franchises, and other general intangibles**
     *Examples:*  Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

     ☐ No
     ☑ Yes. Give specific    | Franchise rights to Russia Business Network International which are Unincorporated
     information about them. ...| Mutual Benefit Associations. The franchise rights were purchased in March 2018 and      $150,000.00
                              | unilaterally cancelled by BNI. The value represents the Debtor's claim against Business
                              | Network International shut down in July of 2019.

| **Money or property owed to you?** | | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|---|

28.  **Tax refunds owed to you**

     ☐ No
     ☑ Yes. Give specific information about    | The Debtor has a loss carry forward of about $350,000.    Federal:         unknown
     them, including whether you             | Unused since 2017.
     already filed the returns and                                                          State:
     the tax years. ...................                                                     Local:

29.  **Family support**
     *Examples:*  Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property
                 settlement

Official Form 106A/B                        **Schedule A/B: Property**                        page 6

**Exhibit "E"**                                                                              086

Debtor **Beier, Jeffrey S**                                                                    Case number *(if known)* _____

---

☑ No

☐ Yes. Give specific information. ........

|  |  |  |
|---|---|---|
| | Alimony: | |
| | Maintenance: | |
| | Support: | |
| | Divorce settlement: | |
| | Property settlement: | |

30. **Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Give specific information. ........

31. **Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No

☐ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| | | |
| | | |
| | | |

32. **Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information. ........

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

☑ Yes. Describe each claim. ..............    Claim against Bank of America                                    **unknown**

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim. ..............

35. **Any financial assets you did not already list**

☐ No

☑ Yes. Give specific information. ........    Claim against Littleton Colorado Police.                          **$7,500.00**

---

Official Form 106A/B                         **Schedule A/B: Property**                                    page **7**

**Exhibit "E"**                                                                                            **087**

Debtor  Beier, Jeffrey S _____    Case number *(if known)* _____

---

36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached    →    **$157,500.00**
for Part 4. Write that number here .................................................................................

| **Part 5:** | **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.** |

37.  **Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38.  **Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe. ......... [                                      ]    _____

39.  **Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No

☐ Yes. Describe. ......... [                                      ]    _____

40.  **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

☐ Yes. Describe. ......... [                                      ]    _____

41.  **Inventory**

☑ No

☐ Yes. Describe. ......... [                                      ]    _____

42.  **Interests in partnerships or joint ventures**

☑ No

☐ Yes. Describe .......

Name of entity:                                    % of ownership:

_____    _____    _____

_____    _____    _____

_____    _____    _____

43.  **Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

☐ No

☐ Yes. Describe. ......... [                                      ]    _____

---

Official Form 106A/B    **Schedule A/B: Property**    page 8

**Exhibit "E"**    **088**

Debtor __Beier, Jeffrey S_____     Case number *(if known)* _____

**44.** **Any business-related property you did not already list**

☑ No

☐ Yes. Give specific information .........

_____  _____
_____  _____
_____  _____
_____  _____
_____  _____
_____  _____

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here ......................................................................... → | **$0.00** |

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** If you own or have an interest in farmland, list it in Part 1. |

**46.** **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

**Current value of the portion you own?** Do not deduct secured claims or exemptions.

**47.** **Farm animals**
*Examples:* Livestock, poultry, farm-raised fish

☑ No

☐ Yes .........................   _____

**48.** **Crops—either growing or harvested**

☑ No

☐ Yes. Give specific information. ...........   _____

**49.** **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes .........................   _____

**50.** **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes .........................   _____

**51.** **Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific information. ...........   _____

**Exhibit "E"**          **089**

Debtor __Beier, Jeffrey S_____    Case number *(if known)* _____

| | | |
|---|---|---|
| 52. | Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here .......................................................................... → | $0.00 |

**Part 7:    Describe All Property You Own or Have an Interest in That You Did Not List Above**

53. **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information. ............

54. **Add the dollar value of all of your entries from Part 7. Write that number here .......................................** → **$0.00**

**Part 8:    List the Totals of Each Part of this Form**

| | | | |
|---|---|---|---|
| 55. | Part 1: Total real estate, line 2 .......................................................................... | → | $3,117,300.00 |
| 56. | Part 2: Total vehicles, line 5 | $0.00 | |
| 57. | Part 3: Total personal and household items, line 15 | $3,626.00 | |
| 58. | Part 4: Total financial assets, line 36 | $157,500.00 | |
| 59. | Part 5: Total business-related property, line 45 | $0.00 | |
| 60. | Part 6: Total farm- and fishing-related property, line 52 | $0.00 | |
| 61. | Part 7: Total other property not listed, line 54 | + $0.00 | |
| 62. | **Total personal property.** Add lines 56 through 61. ............... | $161,126.00    Copy personal property total → | + $161,126.00 |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62. ............................................................ | | $3,278,426.00 |

**Exhibit "E"**                                            **090**

# Exhibit "F"

1
Gregory P. Campbell (CA SBN 281732)
gcampbell@aldridgepite.com

2
Todd S. Garan (CA SBN 236878)
tgaran@aldridgepite.com

3
**ALDRIDGE PITE, LLP**
8880 Rio San Diego Drive, Suite 725

4
San Diego, CA 92108
Telephone: (858) 750-7600

5
Facsimile: (619) 590-1385

6
Attorneys for Creditor THE BANK OF NEW

7
YORK MELLON FKA THE BANK OF NEW
YORK SUCCESSOR TRUSTEE TO

8
JPMORGAN CHASE BANK, N.A., AS
TRUSTEE FOR THE BEAR STEARNS ALT-

9
A TRUST, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-04

10

11
**UNITED STATES BANKRUPTCY COURT**

12
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

13
In re                                         Case No. 8:23-bk-10898-TA

14
JEFFREY S BEIER,                              Chapter 11

15
        Debtor(s).                            **OPPOSITION TO DEBTOR'S MOTION

16
                                              FOR ORDER IMPOSING STAY [DKT
                                              NO. 9]**

17
                                              **SUBJECT PROPERTY:**

18
                                              10 Tucson, Coto De Caza Area,
                                              California 92679

19
                                              **HEARING:**

20
                                              Date:  May 23, 2023
                                              Time:  10:30 a.m.

21
                                              Ctrm:  Crtrm 5B, 411 W Fourth St., Santa
                                                     Ana, CA 92701.

22

23
        THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR

24
TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS

25
ALT-A  TRUST,  MORTGAGE  PASS-THROUGH  CERTIFICATES,  SERIES  2005-04

26
("Creditor"), by and through its authorized loan servicer, Bank of America Mortgage ("BANA") secured

27
creditor of the above captioned Debtor, Jeffrey S Beier ("Debtor") hereby submits its *Opposition to

28
Debtor's Motion for Imposing Stay* ("Opposition") filed by the Debtor at Docket No. 9.

-1-

**Exhibit "F"**                                          **091**

1
2

## I.    INTRODUCTION

3        Debtor files the instant *Motion for Order Imposing a Stay or Continuing the Automatic Stay*
4   ("Motion to Extend Stay") seeking a court order extending the automatic stay under 11 U.S.C.
5   §§362(c)(3)(B) & (C) as the instant case represents the second bankruptcy filing within the last year and
6   **Debtor's Fifth Bankruptcy Case**. However, Creditor asserts Debtor failed to meet *his* burden of proof
7   to demonstrate the stay should be extended. A presumption of bad faith applies under the Bankruptcy
8   Code as the Court dismissed the prior case within the last year based on Debtor's failure to comply with
9   the provisions of the Code and a Court Order. Creditor has been unable to exercise its rights under state
10  law as Debtor has filed multiple bankruptcy cases and state court lawsuits to hinder or delay Creditor's
11  rights. Debtor filed the instant Bankruptcy Case on the eve of the scheduled foreclosure, a sale Creditor
12  has been attempting to complete for years. While Debtor alleged the stay should be imposed as to the
13  Property, Debtor's Schedules suggest title to the Property is held in the name of a trust. Debtor has failed
14  to rebut the presumption of bad faith with ***clear and convincing evidence to the contrary***.

15        Further, Debtor has failed to present sufficient evidence of a substantial change in circumstances
16  to justify re-imposing the stay. While Debtor alleges he filed the instant Bankruptcy Case in good faith
17  as he was out of the country when he filed the prior case, there is **no evidence** to suggest Debtor's
18  financial circumstances have improved since the dismissal of the Fourth Case. Further, based on the
19  United States Trustee's Motion to Dismiss, Debtor has continued his pattern of non-compliance. While
20  the Debtor alleged the Property is rented and will be sold, the Debtor failed to list income on Schedule I,
21  and the Debtor's Declaration suggests the tenant has since vacated the Property. Debtor has failed to
22  show a significant change in circumstances to overcome the presumption of bad faith to justify a new
23  filing or imposition of the automatic stay. As a result, the Motion to Extend the Stay must be denied.
24  /./.
25  /./.
26  /./.
27  /./.
28

-2-

**Exhibit "F"**                                                                        092

## II.  STATEMENT OF FACTS[1]

### A.  THE SUBJECT LOAN

On March 2, 2005, Debtor and Toni Beier (the "Borrowers") executed a promissory note (the "Note") in the original sum of $1,470,000.00. The Note reflects it was indorsed. The Note is secured by a Deed of Trust ("Deed of Trust") granting an interest in the real property located at 10 Tucson, Coto De Caza Area, California 92679 ("Property"). The Deed of Trust reflects that it was duly recorded in the County Recorder's Office. The Note and Deed of Trust are collectively referred to as the "Subject Loan". Subsequently, interest in the Subject Loan was assigned to Creditor. Copies of the Note, Deed, and Assignment are collectively attached hereto as Exhibit 1.

### B.  THE FORECLOSURE

On October 14, 2022, Creditor recorded its most recent Notice of Default ("NOD"), which listed a contractual default of $1,885,886.84. A copy of the NOD is attached hereto as Exhibit 2.

On January 24, 2023, Creditor recorded its most recent Notice of Sale ("NOS"), which listed a sale date of March 20, 2023. A copy of the NOS is attached hereto as Exhibit 3.

Due to the multiple bankruptcy cases filed by the Debtor, Creditor postponed the sale, which is currently scheduled for June 2, 2023.

### C.  STATE COURT LITIGATION

On or about March 7, 2017, Debtor filed a Complaint in the Superior Court of California, County of Orange against Creditor and BANA and was assigned Case 30-2017-00907172, challenging standing and the rights of the defendants to proceed with foreclosure. The defendants obtained summary judgment dismissing the case, and that dismissal was upheld at the California Court of Appeal and then at the California Supreme Court.

On March 8, 2023, Debtor filed another Complaint in the Superior Court of California, County of Orange against Creditor and BANA and was assigned Case No. 30-2023-01312331 ("State Court Complaint") again challenging standing and the rights of the defendants to proceed with foreclosure.

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the documents and other records on file in the this case and any recorded documents.

**Exhibit "F"**                                                    093

1    Further, Debtor filed an Ex Parte Application for a TRO to stay the scheduled foreclosure sale.

2         On March 17, 2023, the State Court entered an order denying the TRO.

3         On April 20, 2023, Creditor filed a Motion to Dismiss the Complaint. A hearing on the Motion

4    to Dismiss is scheduled for May 25, 2023.

5         The State Court proceedings are now stayed due to the Bankruptcy filing.

6         A copy of the State Court docket is attached hereto as Exhibit 4.

7    **D.  THE PRIOR BANKRUPTCY CASES**

8         On April 25, 2008, Borrowers filed a prior bankruptcy petition under Chapter 7 of the

9    Bankruptcy Code and were assigned Case No. 8:08-bk-12163-RK (the "First Case"). On August 21,

10   2008, the Court entered a Discharge Order in the First Case.  On January 13, 2009, the Court entered

11   an Order Dismissing the First Case.  A copy of the docket from the First Case is attached hereto as

12   Exhibit 5.

13        On February 11, 2009, Debtor filed a second prior bankruptcy petition under Chapter 13 of the

14   Bankruptcy Code and was assigned Case No. 8:09-bk-11124-TA (the "Second Case"). On October 1,

15   2009, the Court entered an Order Dismissing the Second Case. A copy of the docket from the Second

16   Case is attached hereto as Exhibit 6.

17        On July 1, 2010, Debtor filed a third voluntary bankruptcy petition under Chapter 7 of the

18   Bankruptcy Code and was assigned Case No. 8:10-bk-19081-TA (the "Third Case"). On March 10,

19   2011, the Court entered an Order Dismissing the Third Case. A copy of the docket from the Third Case

20   is attached hereto as Exhibit 7.

21        On March 17, 2023, ***three (3) days before the scheduled foreclosure sale***, Debtor filed a

22   fourth voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code and was assigned Case

23   No. 8:23-bk-10556-TA (the "Fourth Case").Notably, Debtor listed the Subject Property as his service

24   address on PACER. Further, Debtor listed the Subject Property as his address on the petition in the

25   Fourth Case. (*See* Fourth Case, Dkt No. 1).

26   /././

27   /././

28

**Exhibit "F"**                                                                                                  **094**

1    On April 4, 2023, the Court entered an Order Dismissing the Fourth Case based on the Debtor's

2    failure to file required information. A copy of the docket from the Fourth Case is attached hereto as

3    Exhibit 8.

4

5    **C.  THE INSTANT BANKRUPTCY CASE**

6        On April 28, 2023, Debtor filed the instant **fifth voluntary petition** under Chapter 11 of the

7    Bankruptcy Code in the Central District of California – Santa Ana Division and was assigned

8    bankruptcy case number 8:23-bk-10898-TA (the "Bankruptcy Case"). The Petition states the Debtor

9    now lives in Moscow, Russia. At the same time, Debtor stated he is filing in this District as over the last

10   180 days he has lived in this District longer than any other district. (*See* Dkt. No. 1).

11       Pursuant to the sworn Bankruptcy Schedules, Debtor listed no income on Schedule I. Further,

12   Debtor failed to list any expenses associated with the Subject Loan/Property on Schedule J (i.e. the

13   mortgage payments, taxes, or insurance).  At the same time, Debtor's Statement of Financial Affairs

14   suggests the Debtor earns rental income and receives family contributions. (*See* Dkt No. 1).

15       The Subject Property is the only Property listed on Schedule A, with an alleged value of

16   $3,117,300.00. Creditor's Claim is listed a disputed on Schedule D in the amount of $2,757,616.00.

17   Further, Debtor indicated on Schedule B that the Beier 10 Tucson Trust "may be the title owner to the

18   real property." (*See* Dkt No. 1).

19       On May 2, 2023, Debtor filed a *Motion to Impose or Extend the Automatic Stay* ("Motion to

20   Extend Stay"). (Dkt No. 9). In the Motion to Extend, Debtor requested the extension of the automatic

21   stay under §362(c)(3). Debtor alleged the instant fifth Bankruptcy Case was filed in good faith as the

22   "Debtor is intending to utilize his real property to generate income in a plan of reorganization and there

23   is a sufficient equity cushion."  Debtor alleges he will generate income from renting the Property for

24   approximately one year and then sell the Property at the end of the year. Further, Debtor alleged the

25   presumption of bad faith should not apply as the original case was filed as an emergency petition…after

26   due diligence was performed by Debtor's counsel it became impossible to prepare the necessary

27   paperwork to finish the petition within the necessary time period because the Debtor lives outside the

28

-5-

**Exhibit "F"**                                              095

1  country.

2     Pursuant to the Debtor's Declaration in Support of the Motion, the Property is currently rented

3  for $7,500 per month, but the tenant is leaving on May 15, 2023.

4     On May 10, 2023, the United States Trustee filed a Motion to Dismiss the Bankruptcy Case

5  ("Motion to Dismiss") based on failure timely to provide information or attend meetings reasonably

6  requested by the United States Trustee. Debtor has not complied with any of the requirements set forth

7  in the U.S. Trustee's Guidelines and Requirements, including but not limited to the Debtor's failure to

8  provide the U.S. Trustee with (1) evidence that all pre-petition bank accounts have been closed; (2)

9  evidence that debtor-in-possession bank accounts have been opened; and (3) proof of insurance covering

10  liability as it relates to the Debtor's Trabuco Canyon Property. (Dkt No. 18). According, Debtor has

11  continued his pattern of non-compliance with the provisions of the Bankruptcy Code and Bankruptcy

12  Rules.

13

14  **III. ARGUMENT**

15  **A. DEBTOR HAS FAILED TO MEET *HIS* BURDEN TO JUSTIFY AN EXTENSION OF
THE AUTOMATIC STAY**

16    **1.  Legal Standard**

17     Section 362(c)(3)(A) of the Bankruptcy Code provides, "if a single or joint case is filed by or

18  against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of

19  the debtor was pending within the preceding 1-year period but was dismissed,…the stay under [§362(a)]

20  with respect to any action taken with respect to a debt or property securing such debt…shall terminate

21  with respect to the debtor on the 30th day after the filing of the latter case." 11 U.S.C. § 362(c)(3)(A). On

22  the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing,

23  "the court *may* extend the stay in particular cases as to any or all creditors…after notice and a hearing

24  completed before expiration of the 30-day period *only if the party in interest demonstrates that the*

25  *filing of the latter case is in good faith as to the creditors to be stayed*." 11 U.S.C. §362(c)(3)(B)

26  (emphasis added). A case is presumptively *not* filed in good faith:

27

28    (i)  as to all creditors, if:

-6-

**Exhibit "F"**            096

(I)    more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

(II)    a previous case under any of chapter 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to:

    (aa)    file or amend the petition or other documents as required by the title or the court without substantial excuse…;

    (bb)    provide adequate protection as ordered by the court; or

    (cc)    perform the terms of a plan confirmed by the court; or

(III)    there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded with a discharge if filed under chapter 7 or a plan that will be fully performed if filed under chapters 11 or 13.

(ii)    as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that    action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor…

11 U.S.C. § 363(c)(3)(C)(i)-(ii). The debtor bears the ultimate burden of persuasion to demonstrate through ***clear and convincing evidence to the contrary*** that the presumption of bad faith does not apply. *In re Casteneda*, 342 B.R. 90, 94 (Bankr. S.D. Cal. 2006); 11 U.S.C. § 362(c)(3)(C).

    **2.**    **This Case Was Presumptively Filed in Bad Faith.**

    The instant case was not filed in good faith as a matter of fact and law. Indeed, the presumption prescribed by section 362(c)(3) applies in this case. First, the presumption arises because Debtor's Fourth Case was pending within the preceding year of this case. *See* 11 U.S.C. § 362(c)(3)(C)(i)(I). Second, the presumption arises because Debtor's Fourth Case was dismissed, in part, based on Debtor's failure to comply with the provisions of the Bankruptcy Code, file required documents, or comply with a Court Order. 11 U.S.C. § 362(c)(3)(C)(i)(II). Debtor fails to offer a reasonable explanation as to why he failed to comply with the provisions of the Bankruptcy Code in the Fourth Case (or prior cases, or this case). While Debtor alleged he lives out of the country, Debtor alleged on the Fourth Case petition that he resided as the Subject Property as of the filing of the Fourth Case. Further, residing in a different county does not alleviate the Debtor from the requirements of the Bankruptcy Code and Rules. Creditor questions whether the Debtor's residence outside of the United States qualifies the Debtor to file the

**Exhibit "F"**        **097**

1  instant Bankruptcy Case in this District. Third, as discussed in greater detail below, the presumption

2  arises as **Debtor** has failed to demonstrate a substantial change in his financial affairs since the dismissal

3  of the Fourth Case. 11 U.S.C. § 362(c)(3)(C)(i)(III). In light of the foregoing, Debtor has the burden of

4  establishing by *clear and convincing evidence* that this case was filed in good faith.  Debtor has failed

5  to do so.

6         **3.**     **Debtor Fails to Rebut the Presumption with a Change in Circumstances.**

7       Debtor failed to provide an adequate explanation as to how Debtor's financial circumstances

8  have improved to suggest the instant case will lead towards a confirmed plan. Other than the Debtor's

9  Declaration, the Motion to Extend the Stay fails to include any evidence to support Debtor's assertions.

10       First, this is the Debtor's fifth bankruptcy case. Over the last decade, Debtor repeatedly failed to

11  comply with the provisions of the Bankruptcy Code or complete a plan of reorganization.

12       Second, Debtor alleged the stay should be imposed in the instant Bankruptcy Case as "Debtor is

13  intending to utilize his real property to generate income in a plan of reorganization and there is a

14  sufficient equity cushion."  Debtor alleged he will generate income from renting the Property for

15  approximately one year and then sell the Property at the end of the year. Further, Debtor alleged the

16  presumption of bad faith should not apply as the original case was filed as an emergency petition…after

17  due diligence was performed by Debtor's counsel it became impossible to prepare the necessary

18  paperwork to finish the petition within the necessary time period because the Debtor lives outside the

19  country.

20       Regardless of where the Debtor resides, the Debtor's pattern of non-compliance has continued in

21  this case. Indeed, the United States Trustee filed a Motion to Dismiss based on Debtor's failure timely to

22  provide information or attend meetings reasonably requested by the United States Trustee. Debtor has

23  not complied with any of the requirements set forth in the U.S. Trustee's Guidelines and Requirements,

24  including but not limited to the Debtor's failure to provide the U.S. Trustee with (1) evidence that all

25  pre-petition bank accounts have been closed; (2) evidence that debtor-in-possession bank accounts have

26  been opened; and (3) proof of insurance covering liability as it relates to the Debtor's Trabuco Canyon

27  Property. (Dkt No. 18). According, Debtor's circumstances have not improved as Debtor has continued

28

-8-

**Exhibit "F"**       **098**

1    his pattern of non-compliance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

2         Pursuant to the Debtor's Declaration , the Property is currently rented for $7,500 per month, but

3    the tenant is leaving on May 15, 2023. Accordingly, the Debtor will not have income to pay the Claim.

4    Further, the alleged rental income of $7,500 per month is less than the contractual payment of

5    $9,326.89. However, pursuant to the sworn Bankruptcy Schedules, Debtor listed no income on

6    Schedule I. Further, Debtor failed to list any expenses associated with the Subject Loan/Property on

7    Schedule J (i.e. the mortgage payments, taxes, or insurance). At the same time, Debtor's Statement of

8    Financial Affairs suggests the Debtor earns rental income and receives family contributions. (*See* Dkt

9    No. 1).

10        While the Debtor alleges the Property will be sold, Debtor has yet to employ a broker to list the

11   Property for sale or employed an appraiser. If the Debtor truly intended to sell the Property and pay

12   Creditor's Claim in full, he would have done so prior to the scheduled foreclosure sale. Rather, Debtor

13   has failed to make payments on the loan for over a decade. The Subject Loan is contractually due for the

14   September 1, 2007 payment. Debtor has filed multiple lawsuits and five Bankruptcy cases to delay the

15   foreclosure of the Property. Creditor does not believe the Debtor has any intention of paying Creditor's

16   Claim or selling the Property.

17        There is no indication the Debtor's financial circumstances have improved since the dismissal of

18   the Fourth Case. If anything, the Debtor's financial circumstance has declined due to missed payments,

19   the loss of income, and the continued accrual of interest and fees on the Debtor's secured obligations.

20   Thus, there has not been a substantial change in the financial or personal affairs of Debtor since the

21   dismissal of the Fourth Case or any other reason to conclude that the instant Bankruptcy Case will result

22   in a confirmed Plan.

23        Moreover, Debtor is already in violation of the Bankruptcy Code and Rules as outlined in the

24   Motion to Dismiss.

25        Accordingly, ***Debtor*** has failed to meet ***his burden*** through ***clear and convincing evidence to***

26   ***the contrary*** that the presumption of bad faith does not apply. As a result, the Motion to Extend must be

27   denied.

28

**Exhibit "F"**                                                                 **099**

**4.    There is No Likelihood of a Successful Reorganization**

In *United Sav. Ass'n v. Timbers*, the Supreme Court stated that, "there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 376 (1988).

First, there is insufficient equity in the Property. The Subject Property is the only Property listed on Schedule A, with an alleged value of $3,117,300.00. Creditor's Claim is listed a disputed on Schedule D in the amount of $2,757,616.00. Even if the Debtor's valuation is accurate, when an eight percent (8%) cost of sale is included ($249,384.00), the resulting equity cushion is only $109,850.00. As the Debtor proposes to make no payments to creditor, the amount of Creditor's Claim will continue to increase, depleting any available equity in the Property. Accordingly, there is insufficient equity to support a sale or Plan of reorganization or liquidation. As there is little to no equity in the Property to pay claims, there is no prospect of a successful reorganization within the foreseeable future.

Second, Debtor indicated on Schedule B that the Beier 10 Tucson Trust "may be the title owner to the real property." (*See* Dkt No. 1). If the Debtor does not own the Property, it is not property of the Bankruptcy Estate.

Finally, there is no indication Debtor generates sufficient income to cure the substantial default on Creditor's Claim, resume contractual payments, and pay unsecured creditors through a Plan. Pursuant to the Debtor's Declaration in Support of the Motion to Extend, the Property is currently rented for $7,500 per month, but the tenant is leaving on May 15, 2023. Accordingly, the Debtor will not have income to pay the Claim. Further, the alleged rental income of $7,500 per month is less than the contractual payments of $9,326.89. However, pursuant to the sworn Bankruptcy Schedules, Debtor listed no income on Schedule I. Further, Debtor failed to list any expenses associated with the Subject Loan/Property on Schedule J (i.e. the mortgage payments, taxes, or insurance).

Put simply, Debtor has already been granted an opportunity to reorganize his debts. Debtor failed to present any evidence or even an explanation to suggest this Chapter 11 will be feasible given Debtor's prior defaults, prior cases, and inability to comply with the provisions of the Bankruptcy Code.

Creditor asserts Debtor's financial circumstance has not substantially improved. If anything,

-10-

**Exhibit "F"**                                                                                                     **100**

1  Debtor's financial circumstance is worse as the contractual arrears owed on Creditor's Claim have

2  increased due to interest and fees. If Debtor truly intended to reorganize his debts, he would have availed

3  himself of the reorganization protections of the Bankruptcy Code during the prior cases. Debtor has

4  improperly sought to use this Bankruptcy Court as a revolving door through five consecutive

5  bankruptcy cases and multiple state court lawsuits to delay Creditor's rights under state law. As the

6  instant case represents the second bankruptcy case within one year, it does not appear the Debtor filed

7  the case in good faith.

8  　　　　Debtor bears the ultimate burden of persuasion to demonstrate through ***clear and convincing***

9  ***evidence to the contrary*** that the presumption of bad faith does not apply. Debtor has failed to submit

10  any evidence to demonstrate that the presumption does not apply. As a result, Debtor has failed to meet

11  his burden. Simply put, the totality of the circumstances reflects that Debtor filed this case for no other

12  purpose than to delay and hinder creditor rights under state law. As a result, the Motion to Extend the

13  Stay should be denied.

14  **WHEREFORE**: Creditor respectfully request:

15  　　　1.　　　That the Court deny the Motion to Extend the Stay; and

16  　　　2.　　　Such other relief as the Court deems just and proper.

17  　　　　　　　　　　　Respectfully submitted,

18  　　　　　　　　　　　**ALDRIDGE PITE, LLP**

20  Dated: May 11, 2023　　　　　/s/ *Gregory P. Campbell*
　　　　　　　　　　　Gregory P. Campbell (CA SBN 281732)
21  　　　　　　　　　　　Attorneys for Creditor

-11-

**Exhibit "F"**　　　　　101

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8880 Rio San Diego Drive, Suite 725 San Diego, CA 92108

A true and correct copy of the foregoing document entitled: **Opposition to Debtor's Motion for Order Imposing Stay [DKT No. 9]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____May 11, 2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.sa.ecf@usdoj.gov
Michael J Hauser- michael.hauser@usdoj.gov

**ATTORNEY FOR DEBTOR:**
Anerio V Altman - LakeForestBankruptcy@jubileebk.net

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____May 11, 2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Theodor Albert
U.S. Bankruptcy Court Central District Of California (Santa Ana)
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085/ Courtroom 5B
Santa Ana, CA 92701-4593

**DEBTOR:**
Jeffrey Beier
PO Box 7644
Laguna Niguel, CA 92677

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/11/2023 | Lauren Timby | /s/ Lauren Timby |
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **Exhibit "F"**                     F 9013-3.1.PROOF.SERVICE

**Exhibit "G"**

| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO | |
|---|---|
| Court Address:<br>7325 S POTOMAC ST, CENTENNIAL, CO, 80112 | DATE FILED: May 28, 2020 3:18 PM<br>CASE NUMBER: 2019CR2493 |
| THE PEOPLE OF THE STATE OF COLORADO<br>v.<br>**Defendant(s)** JEFFREY SCOTT BEIER | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number:  2019CR2493 |
| | Division: 206          Courtroom: |
| **Order:NOTICE OF DEFENDANTS ARREST IN RUSSIA DA-1** | |

The motion/proposed order attached hereto: ACTION TAKEN.

Pursuant to the previous order of Chief Judge Michelle Amico, the indictment is unsealed.


Issue Date: 5/28/2020


DARREN LOUIS VAHLE
District Court Judge

**Exhibit "G"**          103

| | |
|---|---|
| DISTRICT COURT<br>ARAPAHOE COUNTY, COLORADO<br>Court Address:  Arapahoe County Justice Center<br>7325 South Potomac Street, Centennial, CO 80112 | |
| IN RE: 2019 ARAPAHOE COUNTY GRAND JURY:<br><br>**JEFFREY BEIER** | |
| | ☐ COURT USE ONLY ☐ |
| GEORGE H. BRAUCHLER, Reg. No. 25910<br>District Attorney, Eighteenth Judicial District<br>JOHN E. KELLNER, Reg. No. 37937<br>Chief Deputy District Attorney<br>6450 South Revere Parkway<br>Centennial, CO 80111<br>Phone: (720) 874-8500 | Case Number:<br>**19CR2493**<br>Division/Ctrm:<br>**206** |
| NOTICE OF DEFENDANT'S ARREST IN RUSSIA    [DA-1] | |

GEORGE H. BRAUCHLER, District Attorney in and for the Eighteenth Judicial District, State of Colorado, by and through his duly authorized Chief Deputy District Attorney, herein notifies this Honorable Court of the defendant's arrest in Russia and that the condition to automatically unseal the indictment has been met.

1.    On August 9, 2019, the 2019 Arapahoe County Grand Jury presented the Honorable Chief Judge Amico with an Indictment in the above-captioned case. An arrest warrant was issued and Chief Judge Amico set a no-bond hold.

2.    On August 9, 2019, Judge Amico also issued an Order to Seal the indictment until the Defendant is in custody. The Order states: "Once the Defendant is placed under arrest, the Indictment shall be automatically un-sealed."

3.    In coordination with the Federal Bureau of Investigation, Interpol, and Russian authorities, the Defendant was arrested in Russia on March 11, 2020. *People's Ex.* 1 is the official notification from the Russian Prosecutor General's Office along with a translated copy of the text.

4.    On April 10, 2020, the Judge of the Moscow Nikulinsky District Court, A.V. Bobkov, ordered the Defendant to remain in custody until September 11, 2020, pending extradition to Colorado to face the charges in this case. *People's Ex.* 2. The District Attorney is actively coordinating with the U.S. Department of Justice to finalize the Defendant's extradition.

5.    Chief Judge Amico issued a self-executing order to automatically unseal the Indictment upon Defendant's arrest and the People herein notify the Court that the condition (arrest) has been met. The Defendant's proceedings in Russia are public and it has come to the People's attention that the Defendant's legal team in Russia have contacted U.S. citizens about his case. Also, because the indictment was automatically unsealed upon Defendant's arrest, the People have notified the victim's family of the status of the case. Because this is a case of great public interest with ongoing proceedings in Russia, the People thought it would be prudent to notify the Court of

**Exhibit "G"**                                                            104

Defendant's arrest so that the Court can unseal the indictment.

WHEREFORE, the People respectfully notify the Court of Defendant's arrest and that Chief Judge Amico's automatic unsealing Order has been triggered.

GEORGE H. BRAUCHLER,
District Attorney

By: _____

John Kellner, Reg. #37937
Chief Deputy District Attorney

Attachment to Order - 2019CR2493

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

OFFICE OF THE UNITED STATES TRUSTEE, 411 WEST FOURTH ST., SUITE 7160, SANTA ANA, CA 92701

A true and correct copy of the foregoing document entitled REPLY OF U.S. TRUSTEE TO DEBTOR'S OPPOSITION TO MOTION BY UNITED STATES TRUSTEE TO DISMISS CASE OR CONVERT CASE TO ONE UNDER CHAPTER 7 PURSUANT TO 11 U.S.C.§ 1112(b) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 31, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Anerio V Altman     LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- Greg P Campbell     ch11ecf@aldridgepite.com,
  gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- Michael J Hauser     michael.hauser@usdoj.gov
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On **May 31, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Jeffrey S Beier
P O Box 7644
Laguna Niguel, CA 92677

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 31, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who1consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: 5/31/23 _____     Tari King _____     *s/s Tari King* _____

**1**