ARTURO M. CISNEROS, Chapter 7 Trustee
3403 10th Street, Suite 714
Riverside, California 92501
Phone: (951) 682-9705
Fax: (949) 252-1032
Email: arturo@mclaw.org

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case Number: 8:23-bk-10898-TA |
| JEFFREY S. BEIER, | Chapter 7 |
| Debtor. | **REPLY TO OPPOSITION TO APPLICATION TO EMPLOY REAL ESTATE BROKER** |
| | <u>HEARING DATE:</u><br>DATE: September 12, 2023<br>TIME: 11:00 a.m.<br>CTRM: 5B<br>PLACE: Via Zoom |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

   A. Cisneros, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Jeffrey S. Beier ("Debtor"), hereby replies to Debtor's opposition to his application ("Application") to

1

Reply

employ Brian Thompson ("Broker") as his real estate broker in connection with the marketing and sale of the real property commonly known as 10 Tucson, Coto De Caza, California 92679 ("Property") as follows.

A. **Introduction.**

The Property, which is the Estate's sole asset, is in imminent risk of foreclosure based on Debtor's serial bankruptcy filings and failure to pay the mortgage for almost 16 years. Additionally, although the Property has generated significant rental income for Debtor, he failed to use that income to maintain, update, and improve the Property. Debtor's neglect of the Property is evident when it is compared to other similarly situated luxury homes in the vicinity.

Now, rather than support Trustee's efforts to reach an agreement with the foreclosing lienholder to facilitate the sale of the Property and realize a distribution for unsecured creditors, who allegedly include Debtor's own family members, he seeks to frustrate the process by baselessly opposing Trustee's employment of Broker. In opposition to the Application, Debtor speculates that a different broker might be able to obtain a higher price if repairs and upgrades are made and if different photographs are taken. Although there can be little dispute that the current market value of the Property would be likely be higher if Debtor had used the rents he collected to maintain it, Debtor spent them and left nothing for the Estate. In any event, Trustee encourages Debtor and his preferred broker to focus their efforts on eliciting offers to purchase the Property, rather than attempting to stifle the sale of it, because the looming alternative is foreclosure, a scenario that benefits no one, least of all unsecured creditors.

Based on the foregoing, and as explained in further detail below, Trustee's Application should be granted.

B. **Relevant Facts.**

1. On March 8, 2005, a deed of trust, in the original, principal amount of $1,470,000 was recorded against the Property in the Official Records of the Orange County Recorder's Office as document number 2005000170527 ("Deed of Trust"). The Deed of Trust secures a promissory note, in the original, principal amount of $1,470,000, which is dated March 2, 2005 and bears the signatures of Jeffrey S. Beier and Toni R. Beier ("Note").

2

Reply

2. In his sworn Schedule A/B, Debtor identified his interest in the Property, which he valued at $3,117,300.

3. In his sworn Schedule A/B, Debtor also identified a "[c]laim against Bank of America," which he valued at an unknown amount.

4. In his sworn Schedule D, Debtor identified a $2,757,616 lien against the Property in favor of Bank of America, National Association, which he described as "unliquidated and disputed."

5. On July 12, 2023, BONY filed a secured proof of claim in the amount of $2,786,180.50 based on the Note and Deed of Trust ("BONY Claim").

6. According to BONY's notice of default, the loan evidenced by the Note and Deed of Trust is due for the September 1, 2007 payment.

7. Debtor filed the following, prior bankruptcy cases, each of which was dismissed:

    a. United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:08-bk-12163-RK ("First Bankruptcy Case");

    b. United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:09-bk-11124-TA ("Second Bankruptcy Case");

    c. United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:10-bk-19081-TA ("Third Bankruptcy Case"); and

    d. United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-bk-10556-TA ("Fourth Bankruptcy Case").

8. Debtor filed the following lawsuits in the Superior Court of the State of California for the County of Orange in connection with the Property, each of which has been dismissed:

    a. Orange County Superior Court case number 30-2011-00463450-CU-OR-CJC, styled as *Beier v. BAC Home Loans Servicing, LP, et al*;

    b. Orange County Superior Court case number 30-2015-00788856-CU-OR-CJC, styled as *Beier v. The Bank of New York Mellon, et al*;

    c. Orange County Superior Court case number 30-2017-01312331-CU-OR-CJC, styled as *Beier v. Bank of America, et al*; and

Reply

   d.  Orange County Superior Court case number 30-2023-01312331-CU-OR-CJC, styled as *Beier v. The Bank of New York Mellon, et al*.

  9.  On March 26, 2009, Debtor filed a lawsuit against Mortgage Electronic Registration Systems, Inc., Countrywide Home Loans, Inc., Countrywide Home Loans Servicing, L.P., and Wells Fargo Document Custody as United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:09-ap-01252-TA for injunctive relief, declaratory relief, and to quiet title in connection with the Property ("Adversary Proceeding"). The Adversary Proceeding was dismissed, with prejudice, by stipulation on December 3, 2009.

  10.  Based on the dismissal of the Fourth Bankruptcy case within 365 days of the filing of the instant Bankruptcy Case, the automatic stay would have expired as to Debtor by operation of law within 30 days of the Petition Date pursuant to 11 U.S.C. § 362(c)(3)(A).

  11.  On May 2, 2023, Debtor filed a motion for an order continuing the automatic stay, which was granted for a period of 30 days from the date of the Court's order entered on July 17, 2023.

  12.  On July 27, 2023, Trustee filed an application to employ a real estate broker to market and sell the Property ("Application").

  13.  On June 28, 2023, Broker listed the Property for sale at $3,000,000 on the Multiple Listing Service ("MLS"). Broker subsequently increased the listing price to $3,070,000 on August 3, 2023. *See* Declaration of Brian Thompson, filed concurrently herewith ("Declaration"), ¶ 4.

  14.  On August 9, 2023, six days after the Property was listed, Debtor filed his opposition to the Application.

  15.  The value of the Property is negatively impacted by *inter alia* the following factors:

   a.  The carpet in the Property is in need of replacement based on age, lack of maintenance, and damage/smells caused by dogs;

   b.  Most of the doors and window coverings in the Property have not been maintained, are damaged, and in need of replacement;

   c.  The built-in barbeque is incomplete;

   d.  The exterior façade is in need of repair, repainting, and updating; and

Reply

   e. The Property is generally in need of repainting and updating.

*See* Declaration, ¶ 5.

 16. Contrary to Debtor's allegations, Broker has only operating the air conditioning units in preparation for and during open houses as well as tours/showings to provide a comfortable environment for potential purchasers.  *See* Declaration, ¶ 6.

 17. A five percent (5%) total commission is customary for the area in which the Property is located.  Nevertheless, as the Trustee has previously informed Debtor, the Broker has agreed to lower his commission to two percent (2%) in the event a cooperating broker for the winning bidder agrees to lower total commissions to four percent (4%).  *See* Declaration, ¶ 7.

 18. No home has been listed or sold for more than $3.2 million in the subject development.  Multiple sister-models of the home were sold in December of 2022 and January of 2023 for between $2.4 million and $2.6 million.  *See* Declaration, ¶ 8.

 19. The comparable sales offered by the Debtor are inappropriate:

   a. 2 Wandering River:  This was a recent remodel/upgrade in a better location.

   b. 112 Vela Court:  This was an off-market sale.

   c. 1 Sky Meadow:  This was a completely remodeled modern home.

*See* Declaration, ¶ 9.

 20. Broker has conducted over thirty tours of the Property and two open houses, which has resulted in three offers.  *See* Declaration, ¶ 10.

 **C.** **<u>Debtor Has Failed to Articulate Any Basis on Which the Application Could be Denied.</u>**

 In order for a Trustee to employ a professional, 11 U.S.C. § 327(a) only requires that the proposed professional: (1) does not hold or represent an interest adverse to the estate; and (2) is a disinterested persons pursuant to 11 U.S.C. § 101(14).

 11 U.S.C. § 101(14) provides that "disinterested person means a person that "is not a creditor, equity security holder, or an insider, is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders,

Reply

by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

Debtor does not contend that Brian Thompson holds or represents an adverse interest to the Estate or that he is not a "disinterested person," as that term is defined in 11 U.S.C. § 101(14) or otherwise. Rather, Debtor's opposition to the Application is premised on musings that, if the Property were updated, or perhaps if different photographs of it were taken, it might command a higher sales price. However, even if Debtor's contentions were accepted as true, he has failed to articulate any basis on which the Application could be denied.

### D.    Conclusion.

Based on the foregoing, Trustee respectfully requests that the Court grant his Application to employ Brian Thompson as his real estate broker. Furthermore, Trustee encourages Debtor, his preferred broker, and any other brokers within earshot to work with him on achieving what should be the top priority for all concerned: achieving the highest possible sales price for the Property. Based on rapidly rising interest rates and the prospect of foreclosure, there is precious little time to waste.

DATED: August 31, 2023

By: */s/ A. Cisneros*
A.  CISNEROS
*Chapter 7 Trustee*

## DECLARATION OF BRIAN THOMPSON

I, Brian Thompson of Winterstone Real Estate and Development, declare as follows:

1. The matters stated herein are true and correct and within my personal knowledge. If called as a witness, I could and would competently testify thereto.

2. I am a real estate broker, duly licensed in the State of California, and am the principal of Winterstone Real Estate and Development.

3. I make this Declaration in support of Chapter 7 Trustee A. Cisneros's Reply to Debtor's Opposition to the Application to Employ me as his real estate broker to market and sell the real property commonly known as 10 Tucson, Coto De Caza, California 92679 ("Property").

4. On June 28, 2023, I listed the Property for sale at $3,000,000 on the Multiple Listing Service ("MLS"). I subsequently increased the listed asking price to $3,070,000 on August 3, 2023.

5. In my opinion, the value of the Property is negatively impacted by *inter alia* the following factors:

   a. The carpet in the Property is in need of replacement based on age, lack of maintenance, and damage/smells caused by dogs;

   b. Most of the doors and window coverings in the Property have not been maintained, are damaged, and in need of replacement;

   c. The built-in barbeque is incomplete;

   d. The exterior façade is in need of repair, repainting, and updating; and

   e. The Property is generally in need of repainting and updating.

6. I have only operated the air conditioning units in preparation for and during open houses as well as tours/showings to provide a comfortable environment for potential purchasers. An overly hot 5,850 sf home during summer time, where multiple rooms have a strong odor of dog is not an optimal showing experience.

7. A five percent (5%) total commission is customary for the area in which the Property is located. Nevertheless, I have agreed to lower my commission to two percent (2%) in the event a cooperating broker for the winning bidder agrees to lower total commissions to four percent (4%).

8. Based on my review of records concerning the sale of homes in the same

development as the Property, no home has been listed or sold for more than $3.2 million. Multiple sister-models of the Property were sold in December, 2022 and January, 2023 for between $2.4 million and $2.6 million (7 Endicott: 5,850 sf-sold 12/21/2022 for $2,575,000 and 18 Flagstone: 5,860 sf-sold 01/03/2023 for $2,450,000).

    9.    The comparable sales offered by Debtor are distinguishable as follows:

        a.    2 Wandering River: This was a recent remodel/upgrade in a better location.

        b.    112 Vela Court: This was an off-market sale.

        c.    1 Sky Meadow: This was a completely remodeled modern home.

    10.    I have conducted over thirty tours of the Property and two open houses, which has resulted in four offers.

I declare under penalty of perjury, according to the laws of the United States of America, that the foregoing is true and correct and this declaration was executed at Lake Forest, California on August 30, 2023.

By: /s/ Brian Thompson
BRIAN THOMPSON

Reply

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO OPPOSITION TO APPLICATION TO EMPLOY REAL ESTATE BROKER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 31, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF U.S. TRUSTEE: United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov**
**CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)     amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 31, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Jeffrey S Beier, P O Box 7644, Laguna Niguel, CA 92677**
**NOTICE:  Brian Thompson, Winterstone Real Estate Development, 23792 Rockfield Blvd., Ste. 101, Lake Forest CA 92630**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 10, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **August 31, 2023** | Erica F. Pedraza | /s/Erica F. Pedraza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                **F 9013-3.1.PROOF.SERVICE**

**SECTION 1 CONT.**
DEBTOR'S ATTORNEY: Anerio V Altman     LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
NOTICE: Greg P Campbell     ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
NOTICE: Arturo Cisneros     arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Michael J Hauser     michael.hauser@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**