NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Proposed Attorneys for Chapter 7 Trustee, A. Cisneros*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JEFFREY S. BEIER,<br><br>       Debtor. | Bankruptcy Case No. 8:23-bk-10898-TA<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER AND OVERBIDDER ARE "GOOD FAITH PURCHASERS" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, PROPOSED BUYER, AND OVERBIDDER IN SUPPORT HEREOF**<br><br>[10 Tucson, Coto De Caza, California 92679 – Assessor's Parcel Number 755-241-13]<br><br><u>Hearing:</u><br>Date: October 31, 2023<br>Time: 11:00 a.m.<br>Place: Via Zoom Teleconference |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, AND OTHER INTERESTED PARTIES:**

A. Cisneros, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Jeffrey S. Beier ("Debtor"), hereby moves the Court for an Order: (1) Authorizing the Sale of the Property Commonly Known as 10 Tucson, Coto De Caza, California 92679 [APN: 755-241-13] ("Property") Free And Clear of Liens and Interests Pursuant To 11 U.S.C. § 363(f)[1]; (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4) Authorizing Distribution of Sale Proceeds; (5) Determining that the Proposed Buyer and Overbidders are "Good Faith Purchasers" Under § 363(m); and (6) Waiving the 14-day stay of Federal Rule of Bankruptcy Procedure ("FRBP") 6004(h) ("Motion"). In support hereof, Trustee submits the following:

## I.    **SUMMARY.**

Subject to Court approval and overbid, Trustee has accepted an offer from Sunrise 1 Holdings LLC ("Buyer"), to purchase the Property for $3,050,000. Trustee has also received a qualified overbid in the amount of $3,200,000 from Lu Li ("Overbidder").

In Trustee's business judgment, the Property has a fair market value of at least $3,200,000.

The sale of the Property is in the best interests of creditors and the Estate. Predicated on the granting of the Motion, and if the overbid of $3,200,000 is the winning bid at the auction, the Estate will receive net proceeds of approximately $176,000, and perhaps more, after payment of costs of sale, which include a reduced Broker's commission of 5%, as negotiated by Trustee, and a deed of trust recorded in favor of The Bank of New York Mellon ("BONY Deed of Trust"). According to The Bank of New York Mellon's ("BONY") proof of claim ("BONY Claim"), approximately $2,786,180 is owed under the BONY Deed of Trust.

Since his appointment, Trustee has endeavored to facilitate a settlement between the parties to pave the way for a sale of the Property and reduced payoff of the BONY Deed of Trust in resolution of Debtor's alleged claims in connection therewith. However, although BONY has

---

[1] Unless otherwise indicated, all statutory references herein pertain to Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure.

Motion to Sell

postponed its foreclosure and is working with the Trustee, Debtor has failed to cooperate with Trustee by providing information necessary for Trustee's accountant to estimate the tax consequences of the sale of the Property to the Estate. Nevertheless, Trustee has prepared a settlement agreement and circulated it to the parties in the hope that a resolution can be reached prior to the hearing on this Motion.

Based on Debtor's scheduled claims in connection with the BONY Deed of Trust, which Trustee intends to abandon, Trustee proposes to pay an interim distribution of $2.4 million to BONY and deposit the balance of the net sale proceeds in a trust account pending settlement negotiations orthe outcome of litigation to be commenced by Debtor against BONY within 30 days of entry of the order granting this Motion. Therefore, Trustee respectfully requests that the Court authorize the sale of the Property free and clear of the BONY Deed of Trust pursuant to §§ 363(f)(3) and (4) because the Property is being sold for an amount in excess of the amount owed under the BONY Deed of Trust and because BONY's Deed of Trust is in dispute by the Debtor.

Trustee objects to a second priority, revolving credit agreement, deed of trust in favor of Countrywide Home Loans, Inc. ("Junior Deed of Trust"), which was recorded against the Property on May 25, 2005. Trustee contends that the statute of limitations within which to foreclose the Junior Deed of Trust has expired. Alternatively, Trustee contends that nothing is due under the revolving credit agreement that the Junior Deed of Trust purports to secure. Therefore, Trustee respectfully requests that the Court authorize the sale of the Property free and clear of the Junior Deed of Trust pursuant to § 363(f)(4) because the Junior Deed of Trust is in bona fide dispute.

## II.    BACKGROUND.

### A.    The Filing of the Petition and Subject Property.

1.    This case was commenced on April 28, 2023, with the filing of a petition under Chapter 11 of the Bankruptcy Code ("Petition"). *See* Docket Entry ("DE") 1.

2.    Debtor's previous Chapter 11 petition, filed on March 17, 2023, was dismissed on April 4, 2023. *See* United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-bk-10556-TA, DE 13.

3.    In his Schedules A/B and D, Debtor identified his ownership of Property, valued it at

Motion to Sell

$3,117,300, and identified the BONY Deed of Trust in the amount of $2,757,616.  *See* DE 1.

4.      In his Schedule D, Debtor identified the BONY Deed of Trust as "unliquidated" and "disputed."  *See* DE 1.

**B.      The Deed of Trust Against the Property and Assignments Thereof.**

5.      Trustee is informed that, on March 8, 2005, a deed of trust, in the original, principal amount of $1,470,000 was recorded against the Property in the Official Records of the Orange County Recorder's Office as document number 2005000170527 ("Deed of Trust").  The Deed of Trust secures a promissory note, in the original, principal amount of $1,470,000, which is dated March 2, 2005 and bears the signatures of Jeffrey S. Beier and Toni R. Beier.

6.      On June 9, 2020, a Substitution of Trustee and Assignment of the Deed of Trust to The Bank of New York Mellon fka The Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee, BSALTA 2005-04 was recorded against the Property in the Official Records of the Orange County Recorder's Office as document number 2010000269465.

7.      On June 20, 2023, a Corrective Assignment of the Deed of Trust to The Bank of New York Mellon fka The Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee, BSALTA 2005-04 was recorded against the Property in the Official Records of the Orange County Recorder's Office as document number 2023000146073.

**C.      The Motion to Extend the Automatic Stay and Motion to Dismiss or Convert.**

8.      On May 2, 2023, Debtor filed a Motion to Extend the Automatic Stay ("Motion to Extend"), which was initially set for hearing on May 23, 2023 and continued to June 27, 2023.  *See* DE 9, 11, and 30.

9.      On May 10, 2023, the Office of the United States Trustee filed a Motion to Dismiss or Convert Debtor's case.  *See* DE 18 and 34.

10.      On May 11, 2023, BONY filed an opposition to the Motion to Extend.  *See* DE 22.

**D.      The Stipulation to Appoint a Chapter 11 Trustee and Appointment of Trustee.**

11.      On June 2, 2023, Debtor and the Office of the United States Trustee stipulated to appointment of a Chapter 11 Trustee.  *See* DE 36-37.

12.      On June 7, 2023, Trustee was appointed as the Chapter 11 Trustee of Debtor's

Motion to Sell

bankruptcy estate. *See* DE 40.

13.    On June 27, 2023, at the continued hearing on the Motion to Extend, the Court continued the automatic stay for a further 30 days from entry of an order on the Motion to Extend. *See* DE 52 and 64.

**E.**    **BONY's Proof of Claim.**

14.    On July 12, 2023, the BONY Claim was filed in the amount of $2,786,180.    *See* Claims Register No. 2-1.

**F.**    **Debtor's Prior Bankruptcy Filings.**

15.    Trustee is informed that, prior to the filing of the Petition, Debtor filed the following, prior bankruptcy cases, each of which was dismissed:

a.    United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:08-bk-12163-RK;

b.    United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:09-bk-11124-TA;

c.    United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:10-bk-19081-TA; and

d.    United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-bk-10556-TA.

**G.**    **Debtor's Prior Lawsuits in Connection with the Deed of Trust.**

16.    Trustee is informed that Debtor filed the following lawsuits in the Superior Court of the State of California for the County of Orange in connection with the Property, each of which has been dismissed:

a.    Orange County Superior Court case number 30-2011-00463450-CU-OR-CJC, styled as *Beier v. BAC Home Loans Servicing, LP, et al*;

b.    Orange County Superior Court case number 30-2015-00788856-CU-OR-CJC, styled as *Beier v. The Bank of New York Mellon, et al*;

c.    Orange County Superior Court case number 30-2017-01312331-CU-OR-CJC, styled as *Beier v. Bank of America, et al*; and

Motion to Sell

d.       Orange County Superior Court case number 30-2023-01312331-CU-OR-CJC, styled as *Beier v. The Bank of New York Mellon, et al.*

**H.      The Conversion of the Case to Chapter 7 and Appointment of Trustee.**

17.      On July 7, 2023, following a status conference whereat Trustee made an unopposed motion to convert the case to Chapter 7 pursuant to the Court's scheduling order, the Court entered an order converting the case to Chapter 7.  *See* DE 57.

18.      On July 10, 2023, Trustee was appointed the Chapter 7 Trustee of the Estate.  *See* DE 61.

19.      On August 9, 2023, Trustee filed a Notice of Assets.  The deadline to file proofs of claim is November 13, 2023.  *See* DE 70.

20.      The 11 U.S.C. § 341(a) was held and concluded on August 9, 2023.  *See* DE 71.

**I.      Trustee's Employment of a Real Estate Broker.**

21.      On July 27, 2023, Trustee filed an Application to Employ Brian Thompson ("Broker") as his real estate broker for the purposes of marketing and sale of the Property ("Broker Application").  *See* DE 66.

22.      On August 9, 2023, Debtor filed an opposition to the Broker Application.  *See* DE 72.

23.      On August 31, 2023, Trustee filed a reply to Debtor's opposition, and the Application was granted at a hearing held on September 12, 2023.  *See* DE 74 and 79.

**J.      The Marketing of the Property, Accepted Offer of $3,050,000, and Overbid of $3,200,000.**

24.      On June 28, 2023, Broker listed the Property for sale at $3,000,000 on the Multiple Listing Service ("MLS").  Broker subsequently increased the listing asking price to $3,070,000 on August 3, 2023.  *See* DE 74.

25.      Trustee has received and accepted an offer to purchase the Property for $3,050,000 and has received an overbid at $3,200,000.  True and correct copies of the offer and overbid are attached to the Declaration of A. Cisneros, filed concurrently herewith ("Trustee Declaration"), as Exhibits "1" and "2," respectively.

///

Motion to Sell

## III.    THE OFFER TO PURCHASE.

26.    In summary, the Purchase Agreement provides as follows:

a.    Purchase Price:  Buyer has agreed to pay $3,050,000 for the Property and Overbidder has agreed to pay $3,200,000.

b.    Closing of Sale:  The sale shall close as quickly as possible, but not later than 30 days after entry of a Bankruptcy Court order approving the sale.

c.    "As Is" and "Where-As":  The Property is being sold, "as-is – where-as," with no contingencies; thus, Trustee is not making any representations, warranties, either express or implied, as to the Property's condition, uses (prior, present or future), or otherwise.

d.    Transfer of the Property: Trustee will convey title to Buyer via a Trustee's Quitclaim Deed.

e.    Acknowledgement of Trustee's Capacity:  Buyer and Overbidder are expressly aware and fully informed that Trustee is selling the Property exclusively in his capacity as Chapter 7 Trustee of the Estate.  No personal liability for costs, fees or other charges on Trustee's part is intended, and any liability is strictly the liability of the Estate.

f.    Approval of the Bankruptcy Court:  Buyer and Overbidder are aware that the sale is expressly conditioned on approval by the Court and subject to overbid.

g.    Bankruptcy Jurisdiction:  Trustee is selling the Property in his capacity as Chapter 7 Trustee of the Estate.  As such, resolution of any and all disputes between Trustee, Buyer, Overbidder, or any additional overbidders shall be resolved by the Bankruptcy Court.

27.    Trustee shall approve, in writing, all disbursements of sale proceeds.  Escrow shall not be authorized to disburse any funds without Trustee's prior written approval.

28.    If Trustee is unable to close escrow because of unknown title defects, because the liens and encumbrances exceed the amount known to Trustee, by being divested of title by the Court, because of the Lawsuit, or because the tax consequences of the sale are excessive, Trustee, Buyer, Overbidder, or any additional overbidders' sole damages shall be limited to a refund of its deposit less escrow and bond charges.

///

Motion to Sell

## IV.    SALE FREE AND CLEAR OF LIENS AND INTERESTS.

29.    According to a Preliminary Title Report obtained by Trustee, the Property is encumbered by the following liens:

    a.    The BONY Deed of Trust in the original, principal amount of $1,470,000; and

    b.    The Junior Deed of Trust in the original, principal amount of $710,000.

A true and correct copy of the Preliminary Title Report is attached to Trustee Declaration as Exhibit "3."

30.    Trustee seeks authority to sell the Property "free and clear of any interest in such property of an entity..." § 363(f) allows such a sale if any of the five following conditions are met:

> "(1)    applicable non bankruptcy law permits sale of such property free and clear of such interest;
> (2)    such entity consents;
> (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4)    such interest is in bona fide dispute; or
> (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."
>
> 11 U.S.C. § 363(f).

Section 363(f) is written in the disjunctive, such that satisfaction of any one of the five conditions is sufficient to allow Trustee to sell property of the estate free and Clear of Liens and Interests. *In re Gerwer,* 898 F.2d 730 (9th Cir. 1990).

**A.    The Property May be Sold Free and Clear of the BONY Deed of Trust Pursuant to § 363(f)(3).**

31.    Trustee's sale of the Property satisfies § 363(f)(3) because the Property is being sold for $3,050,000, which exceeds the $2,786,180 owed under the BONY Deed of Trust according to the BONY Claim.

**B.    The Property May be Sold Free and Clear of the BONY Deed of Trust and Junior Deed of Trust Pursuant to § 363(f)(4).**

32.    A trustee may sell free and clear of a lien or other competing property interest under § 363(f)(4) when that interest is subject to bona fide dispute. *See Union Planters Bank, N.A. v. Burns (In re Gaylord Grain L.L.C.)*, 306 B.R. 624, 627 (8th Cir. BAP 2004).    "Bona fide dispute" is not

Motion to Sell

defined in section 363(f)(4) or anywhere else in the Bankruptcy Code. The term 'bona fide dispute' is also found in section 303, and the Ninth Circuit, in interpreting the phrase for purposes of that section, defines it as the existence of 'an objective basis for either a factual or a legal dispute as to the validity of the debt.' *In re Vortex Fishing Sys., Inc.,* 277 F.3d 1057, 1064 (9th Cir. 2002)." *In re GGW Brands, LLC,* 2013 WL 6906375 at *24 (Bankr. C.D. Cal. November 15, 2013).

"[T]he purpose of § 363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the representative of the estate so that liquidation of the estate's assets need not be delayed while such disputes are being litigated." *Moldo v. Clark (In re Clark),* 266 B.R. 163, 171 (B.A.P. 9th Cir.2001).

Irreparable harm cannot be established for purposes of issuing an injunction where "the extent of the harm ... is calculable in money damages. *See, e.g., Fox Broad. Co., Inc. v. Dish Network, LLC,* 905 F.Supp.2d 1088, 1110–11 (C.D.Cal.2012); *In re Am. Land Acquisition Corp.,* 2013 WL 2481534, at *7 (Bankr. E.D.N .Y. 2013) ("[A]bsent special circumstances, the sale of commercial property does not create an irreparable harm, since any harm due to the sale of the property or interference with the business can be remedied with monetary damages.").

33.    Based on Debtor's scheduled claims in connection with the BONY Deed of Trust, it is in bona fide dispute.  Although Trustee hopes for a resolution before the hearing, if that does not occur, the Court may also authorize the sale of the Property free and clear of the BONY Deed of Trust pursuant to § 363(f)(4).

34.    Trustee is informed and believes, and thereon alleges, that the statute of limitations within which to foreclose the Junior Deed of Trust has expired.  Alternatively, Trustee alleges that nothing is owed under the revolving credit agreement that the Junior Deed of Trust purports to secure.  Therefore, the Court may authorize the sale of the Property free and clear of the Junior Deed of Trust pursuant to § 363(f)(4).

35.    To the extent that any additional liens are discovered, Trustee proposes that the sale be approved free and clear of said liens pursuant to § 363(f), with same to attach to the proceeds of sale in the same order of priority, extent, and validity.

///

Motion to Sell

## V.    THE PROPOSED SALE IS FOR FAIR MARKET VALUE.

36.    The Property was listed on the Multiple Listing Service ("MLS") as well as several other real estate websites and was actively marketed by the Broker for $3,000,000, subsequently increased to $3,070,000.  The Broker's marketing efforts resulted in the receipt the Buyer's offer of $3,050,000 and the overbid, in the amount of $3,200,000.

37.    As further evidence that the Property is being sold for fair market value, it continues to be marketed for overbids and will be marketed up to the time of the hearing on this Motion.

## VI.    THE REQUESTED OVERBID PROCEDURES SHOULD BE APPROVED.

38.    In order to obtain the highest and best offer for the benefit of creditors of the Estate, Trustee proposes that the following overbid procedures be approved.  Notice is being provided of the opportunity for overbidding to all interested parties in this matter.

a)    Only qualified bidders may submit an overbid.  A "Qualified Bidder" is one who provides a financial statement, credit report, and such business and banking references as are required in Trustee's reasonable discretion, sufficient to assure Trustee of the bidder's ability (based on availability of financing, experience or other conditions) to consummate the purchase of the Property, and one who can consummate the purchase of the Property on the same terms and conditions, other than price, as those proposed in the Offer.

b)    Each bid must be received by Trustee and his counsel no later than 2 business days prior to the hearing.

c)    The initial overbid must exceed the current highest overbid of $3,200,000 by at least $20,000.  However, if a qualified overbid includes a reduced broker compensation of 4%, Trustee's Broker will reduce his compensation accordingly (from 5% to 4%).  Here, the first overbid must be at least $3,220,000.  Each subsequent bid must then be in increments of at least $10,000.  For instance, the first subsequent bid must be at least $3,230,000.

d)    Each bid must be non-contingent, and on the same terms and conditions, other than price, as those proposed in the Purchase Agreements with Buyer and

Motion to Sell

Overbidder.

e)    Each bidder must match all terms and conditions of the Purchase Agreements with Buyer and Overbidder.  Thus, an "earnest money" deposit of at least $91,500 must be made.  Said deposit must be received by Trustee at 3403 10th Street, Suite 714, Riverside, California 92501 by no later than 2 business days prior to the hearing.  Said deposit must be in the form of a cashier's check or certified check.

f)    Should a bidder fail to qualify for financing or timely close escrow, the $91,500 deposit is non-refundable.  However, in the event that an overbidder becomes the successful purchaser, Buyer's deposit will be returned to Buyer.

g)    In the event there are no overbids received by Trustee, Overbidder shall, subject to Court approval, be deemed the successful bidder, and the Estate's right, title and interest in the Property shall be sold to Overbidder for the sum of $3,200,000, as-is, where-as, without representations or warranties.

39.    The foregoing procedures will provide for an orderly completion of the sale of the Property by permitting all bidders to compete on similar terms and will allow interested parties and the Court to compare competing bids in order to realize the highest benefit for the Estate.

**VII.    THE COURT HAS AUTHORITY TO APPROVE THE OVERBID PROCEDURES.**

40.    Implementation of the bidding procedures is an action outside the ordinary course of business. A trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." § 363(b)(1). Furthermore, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." § 105(a). Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the implementation of overbidding procedures.

41.    The Ninth Circuit has recognized the power of a Bankruptcy Court to issue orders determining the terms and conditions for overbids with respect to a sale of estate assets. *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982). The *Crown Corporation* Court entered an order specifying the minimum consideration required for an overbid as well as the particular contractual

Motion to Sell

terms required to be offered by overbidders. *Id* at 777. The *Crown Corporation* decision also approves of an order requiring and setting the amount of potential overbidders' deposits and authorized courts to determine the disposition of such deposits. *Id*. While the discussion is not extensive, the *Crown Corporation* decision recognizes the inherent authority of Bankruptcy Courts to order the implementation of bidding procedures such as those proposed in the present case.

**A.    The Proposed Procedures are Untainted by Self-Dealing.**

42.    The proposed overbid procedures have been presented in good faith and have been negotiated on an "arm's-length" basis. Therefore, the dealings between Trustee and the Proposed Buyer (or any successful Buyer) are not tainted.

**B.    The Proposed Procedures Encourage Bidding and are Fair in Amount.**

43.    The overbid procedures are designed to encourage, not hamper, bidding and are reasonable under the circumstances. This Motion is intended to provide potential overbidders with adequate information to make an informed decision as to the amount of their bid.

**C.    The Proposed Bidding Procedures are Fair, Reasonable and Serve the Best Interests of the Estate.**

44.    The proposed bidding procedures serve the Estate in several ways. First, the procedures themselves are fair, reasonable, and productive.  They will permit Trustee to conduct an orderly sale of the Property and obtain the best possible price on the best possible terms. Second, the bidding procedures are a necessary component of Trustee's sale of the Property.  The bidding procedures will ensure that all bids will be comparable. If competing bids are received, Trustee will determine which bid is the highest and best for the Estate. The comparability requirement of the bidding procedures will make it possible to accomplish this task.

45.    The bidding procedures will help Trustee to obtain the highest and best price for the Property. The procedures institute minimum overbid increments that Trustee believes are reasonable. Thus, if competing bids are received, Trustee will be able to obtain substantial benefit for this Estate from the sale of the Property. The bidding procedures require potential bidders to deposit certified funds prior to the hearing. It would be a serious loss to the Estate if Trustee surrendered the opportunity to sell the Property to the Proposed Buyer in favor of a competing bidder, only to later

Motion to Sell

discover that the bidder is incapable of consummating the transaction. Thus, requiring bidders to make a substantial deposit will protect the Estate from such a loss.

## VIII.   THE BROKER'S COMPENSATION SHOULD BE APPROVED.

46.     On September 12, 2023, the Court held a hearing on Trustee's Application to Employ Broker and granted the application.

47.     Trustee and Broker have agreed that Broker will be compensated at a reduced commission of 5% of the purchase price or overbid, as negotiated by Trustee.

48.     Due to the facts of this case, Trustee has determined that the commission of 5% is reasonable and appropriate.

## IX.   THE PROPOSED SALE SUBSTANTIALLY BENEFITS THE ESTATE.

49.     The sale of the Property will benefit the estate as follows:

| Estimated Equity Analysis | |
|---|---:|
| Overbid Received | $3,200,000 |
| Broker Commissions (5%) | ($160,000) |
| Estimated Costs of Sale (2%) | ($64,000) |
| Property Taxes – Orange County | ($0.00) |
| First Priority Deed of Trust – BONY | ($2,786,180) |
| Junior Deed of Trust - Countrywide | Disputed ($0.00) |
| **Net Proceeds the Estate** | **$176,000** |

## X.   TAX CONSEQUENCES OF THE SALE.

50.     Trustee's accountant needs additional information from Debtor in order to determine the tax consequences of the sale of the Property to the Estate.  Although Trustee's counsel has requested this information from Debtor's counsel, Debtor has failed to provide it.  Trustee's counsel is currently in the process of meeting and conferring with Debtor's counsel regarding a Federal Rule of Bankruptcy Procedure 2004 request for production and examination of Debtor.   Therefore, Trustee anticipates filing a supplemental declaration from his accountant regarding the tax consequences of the sale of the Property to the Estate prior to the hearing on this Motion.

## XI.   PROPOSED DISTRIBUTION OF SALE PROCEEDS.

51.     Trustee seeks authority for distribution of sale proceeds as follows:

a)      For normal/customary escrow and closing costs;

b)      $160,000 to Brokers;

Motion to Sell

c)     Estimated closing costs in the amount of approximately $64,000; and

b)     An interim distribution of $2.4 million to BONY, with the balance of the net proceeds to be held in trust pending the outcome of litigation between Debtor and BONY or distributed to BONY within 30 days of the closing of the sale of the Property if Debtor does not file suit against BONY on his alleged claims.

## XII.  DETERMINATION OF GOOD FAITH PURCHASER.

52.  Trustee further seeks an Order determining that Buyer and Overbidder are "Good Faith Purchasers" under § 363(m), such that any appeal of the Order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained.

53.  Buyer and Overbidder participated in the negotiation of their respective Purchase Agreements.  Neither Buyer nor Overbidder are "insiders" under § 101(31), in that neither Buyer nor Overbidder nor their representatives are relatives or general partners of Debtor, nor is Debtor a partner, director, officer, or person in control of Buyer or Overbidder.

54.  There is no relationship between Trustee, Buyer, or Overbidder.  Thus, the proposed sale is an arms-length transaction and is in good faith.

## XIII.  WAIVER OF THE STAY IS APPROPRIATE.

55.  The waiver of the stay imposed by FRBP 6004(h) is appropriate.  Time is of the essence because both Buyer and Overbidder can close within 30 days of entry of the order approving this Motion and the stay of § 362(a) has terminated with regard to the Property.  Therefore, foreclosure of the BONY Deed of Trust may proceed at any time.  Trustee believes that it is likely that the Estate will receive nothing if the BONY Deed of Trust is foreclosed.  Accordingly, Trustee requests that the Court waive the stay of FRBP 6004(h).

**WHEREFORE,** Trustee requests that the Court enter an order:

a.  Authorizing the sale of the Property to Buyer pursuant to §§ 363(b) and (f)(3), (4);

b.  Approving the overbid procedures;

c.  Approving the Broker's compensation;

d.  Authorizing the distributions as proposed herein;

14

Motion to Sell

e.    Determining that Buyer, Overbidder, or any additional overbidders, are "Good Faith Purchasers" under § 363(m);

f.    Waiving the 14-day stay of FRBP 6004(h);

g.    Authorizing Trustee to sign all documents necessary, and to undertake any non-material amendments and modifications necessary, to complete the sale to the highest, qualified bidder without further notice, hearing, or Court order; and

h.    For such other and further orders as the Court deems just and proper.

DATED: October 3, 2023

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

_/s/ Nathan F. Smith_
NATHAN F. SMITH, #264635
*Proposed Attorneys for Chapter 7 Trustee, A. Cisneros*

## DECLARATION OF A. CISNEROS

I, A. Cisneros, declare as follows:

1.    I am the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate ("Estate") of Jeffrey S. Beier ("Debtor"), Case No. 8:23-bk-10898-TA.

2.    In this capacity, I have personal knowledge of the facts stated herein or believe them to be true based upon information and belief, and, if called upon to testify thereto, I could and would do so competently and truthfully.

3.    I make this declaration in support of the Motion for Order (1) Authorizing Trustee to Sell Real Property Free and Clear of Liens and Interests Pursuant to § 363(f); (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4) Authorizing Distribution of Sale Proceeds; (5) Determining that the Proposed Buyer and Overbidder are "Good Faith Purchasers" Under § 363(m); and (6) Waiving 14-Day Stay of FRBP 6004(h) ("Motion").  Unless otherwise noted, capitalized terms in this Declaration have the meaning set forth in the Motion.  I have read and I am aware of the contents of the Motion and the accompanying Memorandum of Points and Authorities.  The facts stated in the Motion and the Memorandum of Points and Authorities are true and correct to the best of my knowledge.

4.    The Estate includes the real property commonly known as 10 Tucson, Coto De Caza, California 92679 [APN: 755-241-13] ("Property").

5.    Subject to Court approval and overbids, I have accepted a $3,050,000 offer from Sunrise 1 Holdings LLC ("Buyer") and an overbid of $3,200,000 from Lu Li ("Overbidder") in connection with my sale of the Property.  True and correct copies of the respective Residential Purchase Agreements and Counteroffers are attached hereto as Exhibits "1" and "2."

6.    The sale is in the best interest of creditors and the Estate and should be approved. Assuming the Court approves the Motion, and no overbids are received, the Estate will receive approximately $176,000 from the sale for the benefit of creditors of the Estate following payment of costs of sale, including Broker's commission, and a lien against the Property and may receive more depending on the outcome of negotiations in connection with the BONY Deed of Trust.

///

Motion to Sell

7.      Buyer and Overbidder have tendered $91,500 deposits to the escrow agent handling the sale of the Property in the form of a cashier's check.

8.      In summary, the Purchase Agreement provides as follows:

  a. <u>Purchase Price</u>:  Buyer has agreed to pay $3,050,000 for the Property and Overbidder has agreed to pay $3,200,000.

  b. <u>Closing of Sale</u>:  The sale shall close as quickly as possible, but not later than 30 days after Bankruptcy Court approval of the sale.

  c. <u>"As Is" and "Where As"</u>:  The Property is being sold, "as-is – where-as," thus Trustee is not making any representations, warranties, either express or implied, as to the Property's condition, uses (prior, present or future), or otherwise.

  d. <u>Transfer of the Property:</u>  I will convey title to the successful bidder via a Trustee's Quitclaim Deed.

  e. <u>Acknowledgement of Trustee's Capacity</u>:   Buyer and Overbidder are expressly aware and fully informed that I am selling the Property exclusively in my capacity as Chapter 7 Trustee of the Estate.  No personal liability for costs, fees or other charges on my part is intended, and any liability is strictly the liability of the Estate.

  f. <u>Approval of the Bankruptcy Court</u>:  Buyer and Overbidder are aware that the sale is expressly conditioned on approval by the Court and subject to overbid.

  g. <u>Bankruptcy Jurisdiction</u>:  I am selling the Property in my capacity as Chapter 7 of the Estate.  As such, resolution of any and all disputes between Trustee and Buyer, Overbidder, or any additional overbidders shall be resolved by the Court.

9.      I shall approve in writing all disbursements to be made on the sale of the Property. Escrow shall not be authorized to disburse any funds to anyone without my prior written approval.

10.     If I am unable to close escrow because of unknown title defects, because the liens and encumbrances exceed the amount known to me, by being divested of title by the Court, because of

the Lawsuit, or because the tax consequences of the sale are excessive, Buyer, Overbidder, or additional overbidders' sole damages shall be limited to a refund of their deposit less escrow and bond charges.

11.     In my business judgment the sale of the Property should be approved.

12.     Pursuant to the Preliminary Title Report, the Property is encumbered by the following liens:

    a.     The BONY Deed of Trust in the original, principal amount of $1,470,000; and

    b.     The Junior Deed of Trust in the original, principal amount of $710,000.

A true and correct copy of a Preliminary Title Report for the Property is attached hereto as Exhibit "2."

13.     I do not believe the Property is subject to any further liens or encumbrances. However, in an abundance of caution and to provide assurances to Buyer, I seek authority to sell the Property "free and clear of any interest in such property of an entity..."

14.     Fair market value for the Property is being realized.  The Property was initially listed for $3,000,000, which was later increased to $3,070,000 and the offers received are $3,050,000 and $3,200,000.  The Property will continue to be marketed pending an order on the Motion to Sell and Buyer's offer is subject to overbid.

15.     In preparing to market the Property for sale, the Property was placed on the Multiple Listing Service ("MLS") as well as multiple other real estate websites.  The marketing efforts resulted in the receipt of four offers, the highest of which are the offers of Buyer and Overbidder, which have been accepted subject to overbid and Bankruptcy Court Approval.

16.     In order to obtain the highest and best offer for the benefit of creditors of the Estate, I propose that Overbidder's overbid be approved, along with the proposed overbid procedures.  Notice is being provided of the opportunity for overbidding to all interested parties in this matter.

17.     The proposed overbid procedures as set forth in the foregoing Motion will provide for an orderly completion of the sale of the Property by permitting all bidders to compete on similar terms and will allow interested parties and the Court to compare competing bids in order to realize the highest benefit for the estate.

Motion to Sell

18.    I negotiated an agreement with the Broker, whereby he will be compensated at a reduced commission of 5% of the approved purchase price or overbid or 4% if Broker represented both parties to the transaction.

19.    Due to the facts of this case, I have determined that the proposed commission is reasonable and appropriate, and I am requesting authorization to pay such commission.

20.    Buyer and Overbidder participated in the negotiation of the Purchase Agreement. I am informed and believe that neither Buyer nor Overbidder is an "insider" as defined in § 101(31), in that neither Buyer nor Overbidder is a relative or general partner of Debtor, nor is Debtor its partner, director, officer, or person in control of Buyer or Overbidder.

21.    There is no relationship between Buyer or Overbidder and me. Thus, the proposed sale is an arms-length transaction negotiated in good faith between the parties.

22.    The sale of the Property would benefit the estate as follows:

| Estimated Equity Analysis | |
| --- | --- |
| Overbid Received | $3,200,000 |
| Broker Commissions (5%) | ($160,000) |
| Estimated Costs of Sale (2%) | ($64,000) |
| Property Taxes – Orange County | ($0.00) |
| First Priority Deed of Trust – BONY | ($2,786,180) |
| Junior Deed of Trust - Countrywide | Disputed ($0.00) |
| **Net Proceeds the Estate** | **$176,000** |

23.    With respect to the waiver of the stay imposed by FRBP 6004(h), time is of the essence because both Buyer and Overbidder can close within 30 days of entry of the order approving this Motion and the stay of § 362(a) has terminated with regard to the Property. Therefore, foreclosure of the BONY Deed of Trust may proceed at any time. I believe that it is likely that the Estate will receive nothing if the BONY Deed of Trust is foreclosed. Accordingly, I request that the Court waive the stay of FRBP 6004(h).

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the $\underline{1}$ day of October, 2023, at Riverside, California.

_____
A. CISNEROS

## DECLARATION OF BRIAN THOMPSON

I, Brian Thompson of Winterstone Real Estate and Development, declare as follows:

1.  I am a real estate agent employed by Winterstone Real Estate and Development, the real estate broker for A. Cisneros, the Chapter 7 Trustee for the bankruptcy estate of Jeffrey S. Beier ("Debtor"), Case No. 8:23-bk-10898-TA. In this capacity, I have personal knowledge of the facts stated herein, and, if called upon to testify thereto, I could and would do so competently and truthfully.

2.  I listed the property commonly known as 10 Tucson, Coto De Caza, California 92679 [APN: 755-241-13] ("Property") for $3,000,000 on the Multiple Listing Service ("MLS"). I subsequently increased the listed asking price to $3,070,000 on August 3, 2023.

3.  My efforts have resulted in over thirty individual tours of the Property and two open houses. These efforts have also resulted in four offers to purchase the Property, the highest of which are the $3,050,000 offer received from Sunrise 1 Holdings LLC ("Buyer") and the $3,200,000 overbid received from Lu Li ("Overbidder").

4.  The Property was listed on the MLS as well as websites, including but not limited to Zillow.com, Redfin.com, and Truila.com.

5.  I posted multiple open houses on the MLS and the websites mentioned above and have participated in several showings of the Property.

6.  I have continued to market the Property since receipt of Buyer and Overbidder's offers and will continue to market the Property pending a ruling on Trustee's Motion to Sell the Property. My marketing efforts will include continued showings to interested parties, communications via email and phone with interested parties, and continuing marketing efforts to attract interest in the Property and overbids.

I declare under penalty of perjury, according to the laws of the United States of America, that the foregoing is true and correct and this declaration was executed at Lake Forest, California on October 2, 2023.

By: _____
BRIAN THOMPSON

Motion to Sell

## DECLARATION OF RAMIN GHAMSARI

I, Ramin Ghamsari, declare as follows:

1.      I am the managing member of Sunrise 1 Holdings LLC ("Buyer"), the proposed buyer of the real property commonly known as 10 Tucson, Coto De Caza, California 92679 [APN: 755-241-13] ("Property").  In this capacity, I have personal knowledge of the facts stated herein, and, if called upon to testify thereto, I could and would do so competently and truthfully.

2.      Neither Buyer nor I am a relative or a general partner of Debtor, Trustee, or Trustee's Broker.

3.      Neither Buyer nor I am part of a partnership in which Debtor, Trustee, or Trustee's Broker, are a general partner, director, officer, or person in control.

4.      I participated in the negotiation of the Residential Purchase Agreement and Joint Escrow Instructions and Counteroffer through my broker.

5.      The proposed sale of the Property is an arms-length transaction and is in good faith.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 2 day of October, 2023, at Los Angeles , California.

By: R. Ghamsar

RAMIN GHAMSARI

Motion to Sell

## DECLARATION OF LU LI

I, Lu Li, declare as follows:

1.      I submitted an overbid for purchase of the real property commonly known as 10 Tucson, Coto De Caza, California 92679 [APN: 755-241-13] ("Property").  In this capacity, I have personal knowledge of the facts stated herein, and, if called upon to testify thereto, I could and would do so competently and truthfully.

2.      I am not a relative or a general partner of Debtor, Trustee, or Trustee's Broker.

3.      I am not part of a partnership in which Debtor, Trustee, or Trustee's Broker, are a general partner, director, officer, or person in control.

4.      I participated in the negotiation of the Residential Purchase Agreement and Joint Escrow Instructions and Counteroffer through my broker.

5.      The proposed sale of the Property is an arms-length transaction and is in good faith.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 2nd day of October, 2023, at _____Orange_____, California.

By: 

LU LI

Motion to Sell

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**2112 Business Center Dr., Irvine, CA 92612**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER AND OVERBIDDER ARE "GOOD FAITH PURCHASERS" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, PROPOSED BUYER, AND OVERBIDDER IN SUPPORT HEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 3, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**OFFICE OF U.S. TRUSTEE: United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com;
ecf.alert+Cisneros@titlexi.com**

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 3, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR: Jeffrey S Beier, P O Box 7644, Laguna Niguel, CA 92677
NOTICE: Brian Thompson, Winterstone Real Estate and Development, 23792 Rockfield Blvd. STE 101, Lake Forest, CA 92630**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 10, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **October 3, 2023** | Diep Quach | /s/ Diep Quach |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**SECTION 1 CONT.**
DEBTOR'S ATTORNEY: Anerio V Altman    LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
NOTICE: Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
NOTICE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Michael J Hauser    michael.hauser@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**