| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NATHAN F. SMITH, #264635<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Drive<br>Irvine, CA 92612<br>Phone: (949) 252-9400<br>Fax: (949) 252-1032<br>Email: nathan@mclaw.org | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Chapter 7 Trustee, A. Cisneros | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>JEFFREY S. BEIER,<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:23-bk-10898-TA<br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR:**<br>CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION;**<br>(*Specify name of Motion*)<br><br>DATE: 10/31/2023<br>TIME: 11:00 am<br>COURTROOM: Via Zoom Teleconference<br>PLACE: United States Bankruptcy Court<br>411 West Fourth Street<br>Santa Ana CA 92701 |
|---|---|

1. TO (*specify name*): __The Debtor, Debtor's Counsel and All Other Interested Parties__

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**(4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER AND OVERBIDDER ARE "GOOD FAITH PURCHASERS" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, PROPOSED BUYER, AND OVERBIDDER IN SUPPORT HEREOF

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                        Page 1                                                **F 9013-1.1.HEARING.NOTICE**

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  10/03/2023

MALCOLM ♦ CISNEROS, A Law Corporation
Printed name of law firm

/s/ Nathan F. Smith
Signature

Nathan F. Smith
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    F 9013-1.1.HEARING.NOTICE

| | |
|---|---|
| In re:<br>JEFFREY S. BEIER,<br><br>Debtor, | Chapter 7<br><br>Case No. 8:23-bk-10898-TA |

## TITLE OF MOTION:

CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. §363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER AND OVERBIDDER ARE "GOOD FAITH PURCHASERS" UNDER 11 U.S.C. §363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, PROPOSED BUYER, AND OVERBIDDER IN SUPPORT HEREOF

A complete copy of the Motion may be obtained upon request by contacting the Clerk's Office at the United States Bankruptcy Court, 411 West Fourth Street, Santa Ana CA 92701; or by contacting the office of the Trustee's Counsel, Malcolm & Cisneros.

## MOTION SUMMARY

A. Cisneros ("Trustee"), Trustee for the bankruptcy estate of Jeffrey S. Beier ("Debtor"), moves the Court for an order authorizing him to sell property of the bankruptcy estate located in the County of Orange, State of California, and commonly known as 10 Tucson, Coto De Caza, California 92679 ("Property") free and clear of liens.

The Trustee seeks Court authority to sell the Property to Lu Li ("Overbidder"), for the total purchase price of Three Million Two Hundred Thousand and 00/100 ($3,200,000) ("Purchase Price"), subject to Bankruptcy Court approval and overbids.

In Trustee's business judgment, the Property has a fair market value of at least $3,200,000. As such, Trustee respectfully requests an order: (1) Authorizing him to sell the Property free and clear of liens; (2) Approving overbid procedures; (3) Approving Broker compensation; (4) Authorizing distribution of sale proceeds; (5) Determining that the proposed Buyer is a "Good Faith Purchaser" under § 363(m); and (6) Waiving the 14-day stay of FRBP 6004(h).

The sale of the Property is in the best interests of creditors and the Estate. Predicated on the granting of the Motion, and if the overbid of $3,200,000 is the winning bid at the auction, the Estate will receive net proceeds of approximately $176,000, and perhaps more, after payment of costs of sale, which include a reduced Broker's commission of 5%, as negotiated by Trustee, and a deed of trust recorded in favor of The Bank of New York Mellon ("BONY Deed of Trust"). According to The Bank of New York Mellon's ("BONY") proof of claim ("BONY Claim"), approximately $2,786,180 is owed under the BONY Deed of Trust.

This case was commenced on April 28, 2023 with the filing of a petition under Chapter 11 of the Bankruptcy Code ("Petition").

Debtor's previous Chapter 11 petition, filed on March 17, 2023, was dismissed on April 4, 2023.

In his Schedules A/B and D, Debtor identified his ownership of Property, valued it at $3,117,300, and identified the BONY Deed of Trust in the amount of $2,757,616.

In his Schedule D, Debtor identified the BONY Deed of Trust as "unliquidated" and "disputed."

| In re: | Chapter 7 |
|---|---|
| JEFFREY S. BEIER, | |
| | Case No. 8:23-bk-10898-TA |
| Debtor, | |

Trustee is informed that, on March 8, 2005, a deed of trust, in the original, principal amount of $1,470,000 was recorded against the Property in the Official Records of the Orange County Recorder's Office as document number 2005000170527 ("Deed of Trust").  The Deed of Trust secures a promissory note, in the original, principal amount of $1,470,000, which is dated March 2, 2005 and bears the signatures of Jeffrey S. Beier and Toni R. Beier.
On June 9, 2020, a Substitution of Trustee and Assignment of the Deed of Trust to The Bank of New York Mellon fka The Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee, BSALTA 2005-04 was recorded against the Property in the Official Records of the Orange County Recorder's Office as document number 2010000269465.

On June 20, 2023, a Corrective Assignment of the Deed of Trust to The Bank of New York Mellon fka The Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A. as Trustee, BSALTA 2005-04 was recorded against the Property in the Official Records of the Orange County Recorder's Office as document number 2023000146073

On May 2, 2023, Debtor filed a Motion to Extend the Automatic Stay ("Motion to Extend"), which was initially set for hearing on May 23, 2023 and continued to June 27, 2023.

On May 10, 2023, the Office of the United States Trustee filed a Motion to Dismiss or Convert Debtor's case.

On May 11, 2023, BONY filed an opposition to the Motion to Extend.

On June 2, 2023, Debtor and the Office of the United States Trustee stipulated to appointment of a Chapter 11 Trustee.

On June 7, 2023, Trustee was appointed as the Chapter 11 Trustee of Debtor's bankruptcy estate.

On June 27, 2023, at the continued hearing on the Motion to Extend, the Court continued the automatic stay for a further 30 days from entry of an order on the Motion to Extend.

On July 12, 2023, the BONY Claim was filed in the amount of $2,786,180.

Trustee is informed that, prior to the filing of the Petition, Debtor filed the following, prior bankruptcy cases, each of which was dismissed:
   a.   United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:08-bk-12163-RK;
   b.   United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:09-bk-11124-TA;
   c.   United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:10-bk-19081-TA; and
   d.   United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-bk-10556-TA.

| In re:<br>JEFFREY S. BEIER,<br><br>Debtor, | Chapter 7<br><br>Case No. 8:23-bk-10898-TA |
|---|---|

Trustee is informed that Debtor filed the following lawsuits in the Superior Court of the State of California for the County of Orange in connection with the Property, each of which has been dismissed:

    a.    Orange County Superior Court case number 30-2011-00463450-CU-OR-CJC, styled as Beier v. BAC Home Loans Servicing, LP, et al;

    b.    Orange County Superior Court case number 30-2015-00788856-CU-OR-CJC, styled as Beier v. The Bank of New York Mellon, et al;

    c.    Orange County Superior Court case number 30-2017-01312331-CU-OR-CJC, styled as Beier v. Bank of America, et al; and

    d.    Orange County Superior Court case number 30-2023-01312331-CU-OR-CJC, styled as Beier v. The Bank of New York Mellon, et al.

On July 7, 2023, following a status conference whereat Trustee made an unopposed motion to convert the case to Chapter 7 pursuant to the Court's scheduling order, the Court entered an order converting the case to Chapter 7.

On July 10, 2023, Trustee was appointed the Chapter 7 Trustee of the Estate.

On August 9, 2023, Trustee filed a Notice of Assets. The deadline to file proofs of claim is November 13, 2023.

The 11 U.S.C. § 341(a) was held and concluded on August 9, 2023.

On July 27, 2023, Trustee filed an Application to Employ Brian Thompson ("Broker") as his real estate broker for the purposes of marketing and sale of the Property ("Broker Application").

On August 9, 2023, Debtor filed an opposition to the Broker Application.

On August 31, 2023, Trustee filed a reply to Debtor's opposition, and the Application was granted at a hearing held on September 12, 2023.

On June 28, 2023, Broker listed the Property for sale at $3,000,000 on the Multiple Listing Service ("MLS"). Broker subsequently increased the listing asking price to $3,070,000 on August 3, 2023.

Trustee has received and accepted an offer to purchase the Property for $3,050,000 and has received an overbid at $3,200,000.

## SALE TERMS

Trustee has received and accepted, pending Bankruptcy Court approval, and is providing notice to creditors concurrently herewith, an offer from Buyer to purchase the Property, subject to overbids, for $3,050,000. A true and correct copy of the Residential Purchase Agreement and Counter-Offer (collectively referred to as the "Purchase Agreement") is attached to the Motion as Exhibit "1" which provides in part as follows:

- The Buyer has agreed to pay the Debtor's bankruptcy estate a total of $3,050,000 and Overbidder has agreed to pay $3,200,000. Buyer and Overbidder have tendered $91,500 deposits to the escrow agent handling the sale of the Property in the form of a cashier's check.
- The sale shall close as quickly as possible, but not later than 30 days after entry of a Bankruptcy Court order approving the sale (or such time frame extended by the Trustee and the Buyers).
- The Property is being sold, "as is – where as," thus the Trustee is not making any representations, warranties, either express or implied, as to the Property's condition, uses (prior, present or future), or otherwise.

| In re:<br>JEFFREY S. BEIER,<br><br>Debtor, | Chapter 7<br><br>Case No. 8:23-bk-10898-TA |
|---|---|

- The Trustee will convey title to Buyer via a Trustee's Quitclaim Deed.
- The Buyer is aware that this transaction is expressly conditioned on approval of the United States Bankruptcy Court for the Central District of California.
- The Trustee is selling the Property in his capacity as the Chapter 7 Trustee of the Debtor's bankruptcy estate and further, since the Property is property of the Debtor's bankruptcy estate, the resolution of any and all disputes between the Seller and the Buyers (or any overbidder) concerning the Property shall be resolved by the United States Bankruptcy Court for the Central District of California.

Trustee shall approve, in writing, all disbursements of sale proceeds. Escrow shall not be authorized to disburse any funds without Trustee's prior written approval. If the is unable to close escrow because of unknown title defects, because the liens and encumbrances exceed the amount known to Trustee, by being divested of title by the Court, or because the tax consequences of the sale are excessive, Buyer's sole damages shall be limited to a refund of its deposit less escrow and bond charges.

## SALE FREE AND CLEAR OF LIENS

According to a Preliminary Title Report obtained by Trustee, the Property is encumbered by the following liens:
  a. The BONY Deed of Trust in the original, principal amount of $1,470,000; and
  c. The Junior Deed of Trust in the original, principal amount of $710,000.

The Trustee seeks authority to sell the Property "free and clear of any interest in such property of an entity..." Section 363(f) allows such a sale if any of the five following conditions are met:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Section 363(f) is written in the disjunctive, such that satisfaction of any one of the five conditions is sufficient to allow Trustee to sell property of the estate free and clear of liens. In re Gerwer, 898 F.2d 730 (9th Cir. 1990). Trustee's sale of the Property satisfies § 363(f)(3) because the Property is being sold for $3,050,000, which exceeds the $2,786,180 owed under the BONY Deed of Trust according to the BONY Claim.

To the extent that any additional liens are discovered, Trustee proposes that the sale be approved free and clear of said liens pursuant to § 363(f), with same to attach to the proceeds of sale in the same order of priority, extent, and validity.

## PROPOSED OVERBID PROCEDURES

The Trustee proposes the following overbid procedures subject to Bankruptcy Court approval:
- Only qualified bidders may submit an overbid. A "Qualified Bidder" is one who provides a financial statement, credit report, and such business and banking references as are required in Trustee's reasonable discretion, sufficient to assure Trustee of the bidder's ability (based on availability of financing, experience or other conditions) to consummate the purchase of the Property, and one who can consummate the purchase of the Property on the same terms and conditions, other than price, as those proposed in the Offer.
- Each bid must be received by Trustee and his counsel no later than 2 business days prior to the hearing.

| In re:<br>JEFFREY S. BEIER,<br><br>Debtor, | Chapter 7<br><br>Case No. 8:23-bk-10898-TA |
|---|---|

- The initial overbid must exceed the current highest overbid of $3,200,000 by at least $20,000. However, if a qualified overbid includes a reduced broker compensation of 4%, Trustee's Broker will reduce his compensation accordingly (from 5% to 4%). Here, the first overbid must be at least $3,220,000. Each subsequent bid must then be in increments of at least $10,000. For instance, the first subsequent bid must be at least $3,230,000.
- Each bid must be non-contingent, and on the same terms and conditions, other than price, as those proposed in the Purchase Agreements with Buyer and Overbidder.
- Each bidder must match all terms and conditions of the Purchase Agreements with Buyer and Overbidder. Thus, an "earnest money" deposit of at least $91,500 must be made. Said deposit must be received by Trustee at 3403 10th Street, Suite 714, Riverside, California 92501 by no later than 2 business days prior to the hearing. Said deposit must be in the form of a cashier's check or certified check.

- Should a bidder fail to qualify for financing or timely close escrow, the $91,500 deposit is non-refundable. However, in the event that an overbidder becomes the successful purchaser, Buyer's deposit will be returned to Buyer.
- In the event there are no overbids received by Trustee, Overbidder shall, subject to Court approval, be deemed the successful bidder, and the Estate's right, title and interest in the Property shall be sold to Overbidder for the sum of $3,200,000, as-is, where-as, without representations or warranties.

**BROKER COMPENSATION AND OTHER COSTS ASSOCIATED WITH THE SALE**

On July 27, 2023, Trustee filed an application to employ Brian Thompson of Winterstone Real Estate and Development as his real estate broker. On September 12, 2023, the Court held a hearing on Trustee's Application to Employ Broker and granted the application.

The Trustee requests authorization to pay compensation for real estate broker services. Trustee and Broker have agreed that Broker will be at a reduced commission of 5% of the purchase price or overbid, as negotiated by Trustee.

In addition, the Trustee seeks authority for distribution of sale proceeds as follows:
    a)    For normal/customary escrow and closing costs, including 5% in broker commission;
    b)    Estimated $2,400,000.00 to BONY with the balance of the net proceeds to be held in trust pending the outcome of litigation between Debtor and BONY or distributed to BONY within 30 days of the closing of the sale of the Property if Debtor does not file suit against BONY on his alleged claims;
    c)    $160,000.00 to Broker; and
    d)    Estimated closing costs of approximately $64,000.

**DETERMINATION OF GOOD FAITH PURCHASER**

Trustee further seeks an Order determining that Buyer and Overbidder are "Good Faith Purchasers" under § 363(m), such that any appeal of the Order granting this Motion, even if successful, will not affect the validity of the sale unless a stay pending appeal is obtained. Buyer and Overbidder participated in the negotiation of their respective Purchase Agreements. Neither Buyer nor Overbidder are "insiders" under § 101(31), in that neither Buyer nor Overbidder nor their representatives are relatives or general partners of Debtor, nor is Debtor a partner, director, officer, or person in control of Buyer or Overbidder. Thus, the proposed sale is an arms-length transaction and is in good faith. See Buyer's Declarations filed herewith.

| In re:<br>JEFFREY S. BEIER,<br><br>Debtor, | Chapter 7<br><br>Case No. 8:23-bk-10898-TA |
|---|---|

## WAIVER OF STAY PURSUANT TO RULE 6004(h)

The Trustee also requests that the Court waive the stay under the Federal Rules of Bankruptcy Procedure, 6004(h). Time is of the essence because Buyer is able to close within 30 days of entry of the order approving this Motion.

## BENEFIT TO THE ESTATE

The sale of the Property as proposed herein will generate estimated net proceeds in the amount calculated as follows:

| Estimated Equity Analysis | |
|---|---:|
| Overbid Received | $3,200,000 |
| Broker Commissions (5%) | ($160,000) |
| Estimated Costs of Sale (2%) | ($64,000) |
| Property Taxes – Orange County | ($0.00) |
| First Priority Deed of Trust – BONY | ($2,786,180) |
| Junior Deed of Trust - Countrywide | Disputed ($0.00) |
| **Net Proceeds the Estate** | **$176,000** |

Trustee's accountant needs additional information from Debtor in order to determine the tax consequences of the sale of the Property to the Estate. Although Trustee's counsel has requested this information from Debtor's counsel, Debtor has failed to provide it. Trustee's counsel is currently in the process of meeting and conferring with Debtor's counsel regarding a Federal Rule of Bankruptcy Procedure 2004 request for production and examination of Debtor. Therefore, Trustee anticipates filing a supplemental declaration from his accountant regarding the tax consequences of the sale of the Property to the Estate prior to the hearing on this Motion.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2112 Business Center Drive, 2nd Floor, Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*) CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f); (2) APPROVING OVERBID PROCEDURE  \*\*\*
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/03/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
OFFICE OF U.S. TRUSTEE: United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
CHAPTER 7 TRUSTEE: Arturo Cisneros (TR)    amctrustee@mclaw.org, acisneros@iq7technology.com; ecf.alert+Cisneros@titlexi.com

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/03/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR: Jeffrey S Beier, P O Box 7644, Laguna Niguel, CA 92677
NOTICE: Brian Thompson, Winterstone Real Estate and Development, 23792 Rockfield Blvd. STE 101, Lake Forest CA 92630

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

\*\*\*(3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS; (5) DETERMINING THAT THE PROPOSED BUYER AND OVERBIDDER ARE "GOOD FAITH PURCHASERS" UNDER 11 U.S.C. § 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, PROPOSED BUYER, AND OVERBIDDER IN SUPPORT HEREOF

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/03/2023 | Diep Quach | /s/ Diep Quach |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012     Page 3     **F 9013-1.1.HEARING.NOTICE**

**SECTION 1 CONT.**
DEBTOR'S ATTORNEY: Anerio V Altman    LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
NOTICE: Greg P Campbell    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
NOTICE: Arturo Cisneros    arturo@mclaw.org, CACD_ECF@mclaw.org
NOTICE: Michael J Hauser    michael.hauser@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**SECTION 2 CONT.**
Bank of America, National Association
Attn: Bankruptcy Department
PO Box 982238
El Paso, TX 79998

~~Gary and Patricia Beier~~
~~Drakes Bay~~
~~Laguna Niguel, CA 92677~~
*10.03.2023 return to sender, insufficient address, unable to forward*

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

National Service Professionals
10001 W Oakland Park Blvd Ste 301
Sunrise, FL 33351-6925

Sandy Elsberg
10 Tucson
Trabuco Cyn, CA 92679-5200

~~Sergei Nasonav~~
*No complete address*

~~Steven Beier~~
~~San Jose~~
*No complete address*

THE BANK OF NEW YORK MELLON
C/O Bank of America, N.A.
P.O. Box 31785
Tampa FL 33631-3785