Joseph C. Delmotte (CA SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
8880 Rio San Diego Drive, Suite 725
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Respondent/Secured Creditor*
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JEFFREY S. BEIER,<br><br>    Debtor. | Case No. 8:23-bk-10898-TA<br><br>Chapter 7<br><br>**OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS: (5) DETERMINING THAT THE PROPOSED BUYER AND OVERBIDDER ARE "GOOD FAITH PURCHASERS" UNDER 11 U.S.C. 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, PROPOSED BUYER, AND OVERBIDDER IN SUPPORT HEREOF**<br><br>DATE:  October 31, 2023<br>TIME:   11:00 a.m.<br>CTRM:  Via Zoom Teleconference<br><br>411 West Fourth Street<br>Santa Ana, CA  92701 |

- 1 -    CASE NO. 8:23-bk-10898-TA
**OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO SELL**

The Bank of New York Mellon FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04 ("BONY"), a secured creditor of the above-referenced bankruptcy estate, hereby submits this Opposition to the Chapter 7 Trustee's Motion for Order: (1) Authorizing Sale of Real Property Free and Clear of Interests Pursuant to 11 U.S.C. § 363(f); (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4) Authorizing Distribution of Sale Proceeds; (5) Determining that the Proposed Buyer and Overbidder are "Good Faith Purchasers" Under 11 U.S.C. § 363(m); and (6) Waiving 14 Day Stay Impose by Federal Rule of Bankruptcy Procedure 6004(h) ("Motion to Sell") filed by the Chapter 7 Trustee Arturo Cisneros ("Trustee").

## I.    INTRODUCTION

Pursuant to the Motion to Sell, Trustee seeks authorization from the Court to sell certain real property on which BONY holds a first position lien free and clear of all liens. To clarify, BONY would not oppose the sale of the property to the extent its lien would be paid in full through escrow upon sale but does oppose the proposed distribution of the sale proceeds pursuant to the Motion to Sell to the extent the Trustee will only pay an interim distribution to BONY upon sale in an amount which is insufficient to pay off the principal, with the remaining balance to potentially be paid at an undetermined time in the future upon the outcome of prospective litigation by the Debtor. As an initial matter, the Motion to Sell does not include sufficient evidence to support the sale free and clear of BONY's lien without BONY's consent. However, to the extent the Court determines there is adequate evidence to support a sale of the property free and clear of liens under 11 U.S.C. Section 363(f), BONY respectfully requests that its claim be paid in full upon sale rather than the distribution strategy proposed in the Motion to Sell which may not pay BONY's lien in full depending on the outcome of potential litigation by the Debtor. BONY contends that the proposed distribution of sale proceeds in the Motion to Sell would be inequitable, cause unreasonable uncertainty regarding the distribution of the sale proceeds and effectively punish BONY for refraining from foreclosing on the property and engaging in good faith negotiations with the Trustee while simultaneously promoting further

meritless litigation by the Debtor. A more equitable and reasonable distribution proposal would be to pay BONY's lien in full immediately upon sale when it is certain the sale proceeds will be sufficient to pay its lien in full and Debtor will not be prejudiced as he is free to pursue any claims against BONY upon the Trustee's abandonment of those claims notwithstanding the payment of BONY's claim in full from the sale proceeds. Accordingly, for the reasons discussed more fully herein, BONY requests that any sale free and clear of its lien be made contingent upon the payment of its claim in full upon sale or, alternatively, that the Motion to Sell be denied.

## I.    STATEMENT OF FACTS[1]

### A. LOAN HISTORY

On March 2, 2005, Debtor executed a promissory note in the principal sum of $1,470,000.00 (the "Note") in favor of Countrywide Home Loans, Inc.. The Note is indorsed to Movant. The Note is secured by a deed of trust (the "Deed of Trust") executed by Debtor and on the real property located at 10 Tucson, Coto de Caza Area, California 92679 (the "Property") and the beneficial interest in the Deed of trust was subsequently assigned to BONY. The Deed of Trust reflects that it was duly recorded. Copies of the Note, recorded Deed of Trust and Assignment of Deed of Trust are attached to BONY's proof of claim filed on the Court's claims register ("CCR") in the instant bankruptcy case as claim number 2 and attached hereto as Exhibit A for reference. The Note and Deed of Trust are referred to collectively herein after as the Subject Loan.

### B. THE JUNIOR DEED OF TRUST

On or about May 17, 2005, Debtor and Toni R. Beier executed a Deed of Trust and Assignment of Rents on the Property in favor of Countrywide Home Loans, Inc. to secure a

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, BONY requests that the Court take judicial notice of the documents and other records on file in the instant case including those documents attached in support of BONY's proof of claim filed on the Court's claims register as claim number 2 and attached hereto as Exhibit A, the recorded Junior Deed of Trust attached hereto as Exhibit B, and a copy of the Joint Stipulation and Motion for Order of Dismissal of Action filed in the Adversary Case No. 8:09-ap-1252-TA attached hereto as Exhibit C

maximum principal obligation in the amount of $710,000.00 which was recorded in the Official Records of Orange County as Document No. 2005000403976 (the "Junior Deed of Trust"). According to the Preliminary Title Report obtained by the Trustee, the Property is still encumbered by the Junior Deed of Trust in addition to BONY's Deed of Trust. (See Motion to Sell [Docket No. 87], p. 8, Exhibit 3).

### C. PRIOR BANKRUPTCY CASES AND ADVERSARY PROCEEDING

On April 25, 2008, Debtor and Toni Renita Beier filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division and were assigned case number 8:08-bk-12163-RK (the "First Bankruptcy Case"). Debtor and Toni Renita Beier received a discharge on August 21, 2008 and the First Bankruptcy Case was closed on January 13, 2009.

On February 11, 2009, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division, and was assigned case number 8:09-bk-11124-TA (the "Second Bankruptcy Case"). The Second Bankruptcy Case was dismissed on October 1, 2009 and subsequently closed on January 29, 2010.

On March 26, 2009, Debtor commenced an adversary proceeding which was assigned case number 8:09-ap-1252-TA (the "Adversary Case") by filing a Complaint to Quiet Title and Seeking Monetary Damages, Statutory Damages, Punitive Damages, Injunctive Relief and Declaratory Relief ("Complaint") against Mortgage Electronic Registration Systems, Inc., Countrywide Home Loans, Inc. ("Countrywide"), predecessor-in-interest to BONY, Countrywide Home Loans Servicing, L.P., and Wells Fargo Document Custody. In the Complaint, Debtor challenged Countrywide's standing to enforce the Note and its ability to foreclose on the Property pursuant to the Deed of Trust. On October 12, 2009, a Joint Stipulation and Motion for Order of Dismissal of Action was filed in the Adversary Case providing for the **dismissal of all claims with prejudice** and the Adversary Case was closed on September 28, 2010. A copy of the Joint Stipulation and Motion for Order of Dismissal of Action reflecting the dismissal of all claims with prejudice is attached hereto as Exhibit C.

On July 1, 2010, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division, and was assigned case number 8:10-bk-19081-TA (the "Third Bankruptcy Case"). The Third Bankruptcy Case was dismissed on March 10, 2011 and subsequently closed on May 4, 2011.

On March 17, 2023, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division, and was assigned case number 8:23-bk-10556-TA (the "Fourth Bankruptcy Case"). The Fourth Bankruptcy Case was dismissed on April 4, 2023 and subsequently closed on April 7, 2023.

### D.    PRIOR LAWSUITS BY DEBTOR FILED IN STATE COURT

According to the Motion to Sell, Debtor filed the following lawsuits in the Superior Court of the State of California for the County of Orange in connection with the Property, each of which was either dismissed at the state court level or removed to federal court and subsequently dismissed:

a. Orange County Superior Court case number 30-2011-00463450-CU-OR-CJC, styled as *Beier v. BAC Home Loans Servicing, LP, et al*;

b. Orange County Superior Court case number 30-2015-00788856-CU-OR-CJC, styled as *Beier v. The Bank of New York Mellon, et al*;

c. Orange County Superior Court case number 30-2017-01312331-CU-OR-CJC, styled as *Beier v. Bank of America, et al*; and

d. Orange County Superior Court case number 30-2023-01312331-CU-OR-CJC, styled as *Beier v. The Bank of New York Mellon, et al*.

e. U.S. District Court, Central District of California (Southern Division – Santa Ana), case number 8:23-cv-00668-FWS-JDE, styled as Jeffrey S. beier v. Bank of America N.A. et al.

### E.    THE CURRENT BANKRUPTCY CASE AND TRUSTEE'S MOTION TO SELL

On April 28, 2023, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, and was assigned case number 8:23-bk-10898-TA. An order converting the case to Chapter 7 was subsequently entered on July 7, 2023.

In Debtor's Schedule A/B, Debtor identified his interest in the Property, which he valued at $3,117,300. In Debtor's Schedule D, Debtor identified a $2,757,616 lien against the Property in favor of Bank of America, National Association, which he listed as "unliquidated and disputed."

Based on the dismissal of the Fourth Bankruptcy case within 365 days of the filing of the instant Bankruptcy Case, the automatic stay would have expired as to Debtor by operation of law within 30 days of the Petition Date pursuant to 11 U.S.C. § 362(c)(3)(A), and on May 2, 2023, Debtor filed a motion for an order continuing the automatic stay, which was granted for a period of 30 days from the date of the Bankruptcy Court Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay ("Order Continuing the Automatic Stay") entered on July 17, 2023. As a result, the automatic stay terminated on August 16, 2023.

On August 5, 2013, BONY filed a proof of claim in Debtor's bankruptcy case regarding the Subject Loan reflecting a total secured claim in the amount of $2,786,180.50 and pre-petition arrears in the amount of $1,787,448.67. (See Exhibit A). Bank of America, N.A. ("Bank of America") is the servicing agent for the Subject Loan on behalf of BONY.

On October 3, 2023, the Trustee filed the Motion to Sell wherein he requests authorization from the Court to sell the Property for $3,050,000.00, subject to overbid, free and clear of BONY's lien pursuant to 11 U.S.C. Sections 363(f)(3) and (f)(4). The Motion to Sell lists the payoff on BONY's claim to be in the amount of $2,786,180.00 and proposes to make an interim distribution of $2,400,000.00 to BONY with the balance of the net proceeds to be held in trust pending settlement negotiations or the outcome of litigation between Debtor and BONY or distributed to BONY within 30 days of the closing of the sale of the Property if Debtor does not file suit against BONY on his alleged claims. (See Docket No. 87).

As of October 9, 2023, the approximate payoff on BONY's claim is in the amount of $2,835,920.53 and interest is accruing daily at a rate of $236.54. As BONY has retained counsel, it also continues to accrue attorney's fees and costs.

On October 17, 2023, the undersigned counsel for BONY and the Trustee entered into a Stipulation to Extend the Deadline to file an Opposition to the Motion to Sell to October 20th, 2023 which was approved by order of the Court. (See Docket Nos. 93, 95).

## II.

## ANALYSIS

### A. THE TRUSTEE IS NOT AUTHORIZED TO SELL THE PROPERTY FREE AND CLEAR BONY'S LIEN IN THE ABSENCE OF BONY'S CONSENT

Section 363 of the Bankruptcy Code governs the post-petition use, lease or sale of property of the estate. Pursuant to Section 363: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate..." 11 U.S.C. § 363(b)(1). Section 363 further provides that the trustee may sell such property free and clear of any interest in such property of an entity other than the estate, ***only if***:

(1) applicable nonbankruptcy law permits [the] sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)(1)-(5) (emphasis added). A trustee's power to sell property free and clear of any interest under Section 363 is not intended to allow the trustee, in the sale of property of the estate, to destroy interests of creditors secured by such property. See e.g., In re Williamson, 43 B.R. 813 (Bankr. D. Utah 1984) (emphasis added).

In this case, the Trustee seeks authorization from the Court to sell property of the estate, i.e., the Property, free and clear all liens including BONY's first position lien. Of the five (5) provisions that authorize a sale free and clear under Section 363 of the Code, three (3) do not apply in this case. First, the Trustee has failed to identify any applicable non-bankruptcy law that would permit the Trustee to sell the Property free and clear of BONY's lien pursuant to Section 363(f)(1). Indeed, California real property law does not permit a sale free and clear and would preserve BONY's lien despite the transfer. See Nguyen v. Calhoun, 105 Cal. App. 4th, 428, 438

(Cal.Ct.App. 2003) ("Real property is transferable even though the title is subject to a mortgage or deed of trust, but the transfer will not eliminate the existence of that encumbrance. Thus, the grantee takes title to the property subject to all deeds of trust and other encumbrances, whether or not the deed so provides."). Section 363(f)(2) is inapplicable as BONY does not consent to the sale of the Property free and clear of its interest to the extent the Motion to Sell does not provide for BONY's lien to be paid in full immediately upon sale and could potentially result in insufficient funds to pay BONY's lien in full. Finally, the Trustee fails to identify why BONY would be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest to sell the Property free and clear pursuant to 11 U.S.C. Section 363(f)(5). Accordingly, the sole remaining options which the Trustee alleges permit the sale of the Property free and clear of liens are §§363(f)(3) and (f)(4). For the reasons discussed more fully below, neither of these provisions permit the sale of the Property free and clear of BONY's lien in this case.

**1.  The Sale Price for the Property Could Potentially Fail to Exceed the Amount of BONY's Lien at the Eventual Time of Payoff Based on the Trustee's Proposed Distribution of the Sale Proceeds if Debtor Files a Lawsuit and the Trustee has Not Provided Sufficient Evidence that the Sale Price Exceeds the Aggregate Value of all Liens on the Property so as to Permit the Sale of the Property Free and Clear Pursuant to 11 U.S.C. Section 363(f)(3)**

The Trustee argues that the Property may be sold free and clear of BONY's lien on the basis that the sale price of $3,050,000.00 exceeds the amount of BONY's Deed of Trust which is listed in the amount of $2,786,180. (See Motion to Sell [Docket No. 87], p. 8). While the sale price presently exceeds the amount of BONY's lien which is currently in the amount of $2,835,920.53, the Motion to Sell only proposes to make an interim distribution of $2,400,000.00 to BONY following the sale rather than a full payoff. Under the distribution strategy proposed in the Motion to Sell, there is a possibility that BONY would not be paid in full on its lien if the remaining sale proceeds held in the trust are not disbursed until after the resolution of litigation by Debtor. In the interim, the Subject Loan is accruing interest at a daily rate of $264.54 as well as attorney's fees and costs such that the sale price may not yield sufficient proceeds to pay off BONY's lien in full at the time any prospective litigation is

resolved. In this scenario, the sale price would **not** exceed the eventual value of BONY's lien on the Property and therefore it would be improper to permit the Trustee to sell the Property free and clear of BONY's lien as proposed.

In addition to the fact that the sale price may not be sufficient to pay off BONY's lien at the time BONY is actually entitled to receive the balance of the sale proceeds pursuant to the distribution proposed in the Motion to Sell, Section 363(f)(3) permits the sale free and clear only when the price at which the property is to be sold is greater than the **aggregate value of all liens**…" 11 U.S.C. § 363(f)(3) (emphasis added). Here, in addition to BONY's first position Deed of Trust which is presently in the amount of $2,835,920.53, there is the Junior Deed of Trust in the amount of $710,000.00 which is acknowledged by the Trustee in the Motion to Sell and evidenced by the Preliminary Title Report attached to the Trustee Declaration as Exhibit 2. (See Exhibit B and Motion to Sell [Docket No. 87], pp. 8, 18). While the Trustee alleges that nothing is owed on the revolving line of credit which the Junior Deed of Trust secures, the Preliminary Title Report does not reflect that the Junior Deed of Trust has been reconveyed or released as would be expected if the loan secured by the Junior Deed of Trust had been paid in full. Furthermore, the Motion to Sell does not include any evidence that the price at which the Property is to be sold is greater than the aggregate value of both BONY's lien and the Junior Deed of Trust. In the absence of evidence that the amount owing on the Junior Deed of Trust for $710,000.00 together with BONY's first position deed of trust in the amount of $2,835,920.53 is less than the sale price or, at a minimum, that the sale proceeds will be sufficient to pay off BONY's lien in full at the time BONY is entitled to the balance of the sale proceeds, the Trustee is not permitted to sell the Property free and clear of BONY's lien as the sale price does not exceed the aggregate value of all liens as required by Section 363(f)(3).

**2.    BONY's Interest in the Property is Not in Bona Fide Dispute so as to Permit the Sale of the Property Free and Clear of BONY's Lien Pursuant to 11 U.S.C. Section 363(f)(4)**

In the Motion to Sell, the Trustee argues that based on Debtor's scheduled claims in connection with the BONY Deed of Trust, it is in bona fide dispute. (See Motion to Sell [Docket

No. 87], p. 9). "Bona fide dispute" is not defined in section 363(f)(4) or anywhere else in the Bankruptcy Code. The term 'bona fide dispute' is also found in section 303 of the Code, and the Ninth Circuit, in interpreting the phrase for purposes of that section, defines it as the existence of 'an **objective basis** for either a factual or a legal dispute as to the validity of the debt.' In re Vortex Fishing Sys., Inc., 277 F.3d 1057, 1064 (9th Cir. 2002) (emphasis added). Furthermore, a mere allegation of a bona fide dispute without evidence is not sufficient. In Re Octagon Roofing, 123 B.R. at 590. See also In re Terrace Chalet Apartments, Ltd, 159 B.R. 821 (N.D.Ill.1993) ("it would be nonsensical for a court to allow the trustee to sell property pursuant to 363(f)(4) when the trustee believes the secured party's interest to be valid.").

In this case, BONY filed a Proof of Claim which constitutes prima facie evidence of the validity and amount of the claim pursuant to Federal Rule of Bankruptcy Procedure 3001(f) and Section 502(a). (In Re Consolidated Pioneer Mortg., 178, B.R. 222 (9th Cir. BAP 1995). As of the filing of this Opposition, neither the Debtor nor the Trustee have objected to BONY's Proof of Claim or commenced an adversary proceeding in order to challenge the validity of BONY's Deed of Trust or the underlying debt, and the Trustee has indicated an intention to abandon any claims on behalf of the estate. (See Motion to Sell [Docket No. 87], p. 3). While the Motion to Sell references a history of prior litigation by Debtor, all such litigation has notably been dismissed including the Complaint filed in the Adversary Case wherein Debtor challenged the validity of BONY's Deed of Trust which was notably dismissed with prejudice. (See Exhibit 3). A dismissal with prejudice is considered to be a judgment on the merits preventing subsequent litigation between the parties on the dismissed claim. (Federal Home Loan Bank of San Francisco v. Countrywide Financial Corp. (2013) 214 Cal.App.4th 1520, 1527, 154 Cal.Rptr.3d 873; Torrey Pines Bank v. Superior Court (1989) 216 Cal.App.3d 813, 820, 265 Cal.Rptr. 217).

Given the prior dismissal of Debtor's claims challenging the validity of BONY's Deed of Trust with prejudice, the subsequent history of dismissed lawsuits by Debtor evidencing the meritless nature of the claims, and the Trustee's failure to object to BONY's proof of claim in the current case or otherwise take any action to challenge the validity of BONY's lien, it follows that there is no objective basis for either a factual or legal dispute regarding the validity of debt

which would permit the Trustee to sell the Property free and clear of BONY's lien. Indeed, under the circumstances, the information provided in the Motion to Sell regarding Debtor's identification of BONY's claim as disputed in the bankruptcy schedules would be more appropriately characterized as a subjective basis for a factual or legal dispute rather than the objective basis for a legal dispute required in order to constitute a bona fide dispute for purposes of selling the Property free and clear of liens pursuant to Section 363(f)(4). Accordingly, absent further evidence which supports an objective basis for either a factual or legal dispute regarding the validity of BONY's lien and the underlying debt, the Trustee should not be permitted to sell the Property free and clear of BONY's lien.

**B.    TO THE EXTENT THE COURT DETERMINES THE TRUSTEE MAY SELL THE PROPERTY FREE AND CLEAR OF BONY'S LIEN, BONY REQUESTS THAT ITS LIEN BE PAID IN FULL THROUGH ESCROW IMMEDIATELY UPON SALE**

As previously discussed, BONY is only opposed to the sale free and clear of its lien to the extent the distribution proposed by the Trustee does not provide for the immediate payoff of its lien upon sale. Accordingly, in the event the Court determines the Trustee has satisfied the requirements to sell the Property free and clear of BONY's lien, BONY would merely request that the Court condition the approval of the sale on the payment of BONY's secured claim in full through escrow immediately upon sale at a time when the sale proceeds are sufficient to pay off BONY's lien in full. Given that the interim distribution of $2,400,000.00 to BONY proposed in the Motion to Sell will not even pay off the principal balance, interest will continue to accrue and BONY will continue to incur additional attorney's fees and costs pending the resolution of any potential litigation by Debtor. As a result, BONY's payoff could easily exceed the amount of funds held in the Trust by the time the litigation is resolved, and BONY would have no recourse due to the loss of its security interest if the Property is sold free and clear of liens.

Notably, BONY has refrained from exercising its available remedies to foreclose on the Property in order to work with the Trustee and Debtor's counsel in good faith towards an amicable solution which would resolve Debtor's claims and simultaneously provide a benefit to the estate. However, as indicated by the Trustee in the Motion to Sell, Debtor has failed to

cooperate with the Trustee and the parties have been unable to reach a resolution. (See Motion to Sell [Docket No. 87], p. 3). As a result, BONY now faces the potential loss of its security interest and the absence of any recourse in the event there are insufficient funds to pay off its claim following the resolution of any prospective litigation by the Debtor. For these reasons, BONY contends that the proposed distribution strategy in the Motion to Sell is prejudicial to BONY and promotes further meritless litigation by the Debtor to the detriment of BONY and the estate. A preferable and more equitable distribution of the sale proceeds would provide for the immediate payoff of BONY's lien in full from the sale proceeds immediately upon sale through escrow. In contrast to the uncertain and potentially inequitable distribution of sale proceeds proposed in the Motion to Sell if Debtor commences litigation, the distribution proposed by BONY would ensure BONY's claim is paid in full, provide an immediate benefit to the estate and not prejudice Debtor who would be free to pursue any potential claims and judgment against BONY and/or Bank of America upon abandonment of those claims by the Trustee. The undersigned counsel for BONY will continue to attempt negotiations with the Trustee regarding a proposed resolution of Debtor's claims and an alternative, more equitable distribution strategy regarding the sale proceeds and hopes an amicable resolution can be reached prior to the hearing on the Motion to Sell.

**WHEREFORE**, BONY respectfully requests:

1. That any sale free and clear of BONY's lien approved by the Court be made expressly contingent upon the immediate payment of BONY's lien in full upon sale pursuant to an updated payoff demand from Bank of America and that BONY's lien shall immediately attach to the sale proceeds with the same force and effect, and in the same priority, validity and scope as its lien; and

2. To the extent that the Trustee disputes any amounts which BONY claims are owed on the Subject Loan, the undisputed amount of BONY's claim shall be paid at the close of the sale and the disputed amount of BONY's claim shall be segregated in an interest bearing account with an additional $3,000.00 in sale proceeds pending further Order of the bankruptcy court to allow for BONY's

potential recovery of any of its reasonable attorney's fees and costs incurred to the extent that BONY successfully establishes its right to the disputed amount due on its claim; or

3. Alternatively, that the Motion to Sell be denied; and

4. For such other relief as the court deems just and proper.

Dated: October 20, 2023    ALDRIDGE PITE, LLP

/s/ *Joseph C. Delmotte*  (SBN 259460)
Joseph C. Delmotte
Attorneys for *Respondent*/*Secured Creditor* THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8880 Rio San Diego Drive, Suite 725  San Diego, CA 92108

A true and correct copy of the foregoing document entitled: **OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO 11 U.S.C. 363(f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BROKER COMPENSATION; (4) AUTHORIZING DISTRIBUTION OF SALE PROCEEDS: (5) DETERMINING THAT THE PROPOSED BUYER AND OVERBIDDER ARE "GOOD FAITH PURCHASERS" UNDER 11 U.S.C. 363(m); AND (6) WAIVING 14 DAY STAY IMPOSED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h); DECLARATIONS OF A. CISNEROS, BRIAN THOMPSON, PROPOSED BUYER, AND OVERBIDDER IN SUPPORT HEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __October 20, 2023__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.sa.ecf@usdoj.gov

**TRUSTEE:**
Arturo Cisneros- arturo@mclaw.org

**ATTORNEY FOR DEBTOR:**
Anerio V Altman  LakeForestBankruptcy@jubileebk.net

**TRUSTEE'S ATTORNEY:**
Nathan F. Smith- nathan@mclaw.org

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __October 20, 2023__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Theodor Albert
U.S. Bankruptcy Court  Central District Of California (Santa Ana)
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

**DEBTOR:**
Jeffrey S Beier
P O Box 7644
Laguna Niguel, CA 92677

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/20/2023 | Lauren Timby | /s/ Lauren Timby |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE