RECORDING REQUESTED BY STEWART TITLE IRVINE

Recording Requested By:
K. BUDDE

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

60.00

04:21pm 05/25/05

103 91 D11 A36 17

0.00 0.00 0.00 0.00 48.00 0.00 0.00 0.00

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By:
MELISSA A. SIMMS

60712555

[Space Above This Line For Recording Data]

2477-NB
[Escrow/Closing #]

[Doc ID #]

## DEED OF TRUST AND ASSIGNMENT OF RENTS

MIN

This Deed of Trust secures an obligation which calls for payment of interest at a variable interest rate.
THIS DEED OF TRUST is made this 17th    day of MAY, 2005    , between
JEFFREY S BEIER, AND TONI R BEIER, HUSBAND AND WIFE AS JOINT TENANTS

whose address is, Coto De Caza
10 TUCSON, COTA DE CAZA, CA 92679
herein called "Trustor,"
RECONTRUST COMPANY, N.A.
225 W HILLCREST DRIVE, MSN: TO-02, THOUSAND OAKS, CA 91360
herein called "Trustee," and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS")
a Delaware corporation with an address of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**MERS is the "Beneficiary" under this Deed of Trust** and is acting solely as a nominee for
COUNTRYWIDE HOME LOANS, INC.
("Lender" or "you") and its successors and assigns, with an address of
4500 Park Granada, Calabasas, CA 91302-1613
Trustor irrevocably grants, transfers and assigns to Trustee, in trust and with power of sale, all of the real
property in the City or Town of COTA DE CAZA    , County of
ORANGE    , State of California, having the street address of
10 TUCSON, COTA DE CAZA, CA 92679-5200

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)(d)

Page 1 of 10

Initials:



Exhibit B

DOC ID #: ▮▮▮▮▮▮▮▮

and more specifically described as:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 755-241-13    together with all improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property."

TRUSTOR UNDERSTANDS and agrees that MERS is a separate corporation acting solely as nominee for Lender and Lender's successors and assigns, and holds only legal title to the interests granted by Trustor in this Deed of Trust, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

1.   THIS DEED OF TRUST SECURES:

   a.   All of the obligations of Trustor in favor of Lender or order under the terms of a revolving credit agreement dated MAY 17, 2005, herein called Agreement. The Agreement provides, among other things, for the payment of all sums advanced by Lender from time to time pursuant to the Agreement and for the payment of interest. The maximum principal obligation under the Agreement to be secured by this Deed of Trust at any one time is
   SEVEN HUNDRED TEN THOUSAND and 00/100
   Dollars ($ 710,000.00   ) unless Lender, with Trustor's written consent, hereafter increases this amount. Advances made by Lender to protect the security of this Deed of Trust or to preserve the Property shall not be subject to the limitation of the preceding sentence.

   The security of this Deed of Trust shall not be affected by the extension, renewal or modification from time to time of the obligations, instruments or agreements described above.

   b.   Payment of any and all obligations and liabilities, whatsoever, whether primary, secondary, direct, indirect, fixed or contingent, whether now or hereafter due from Trustor (or any successor in interest to Trustor) whether created directly or acquired by assignment if the document evidencing such obligation or liability or any other writing signed by Trustor (or any successor in interest to Trustor) specifically provides that said obligation or liability is secured by this Deed of Trust.

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)    Page 2 of 10    Initials: ▮▮

Exhibit B

DOC ID #: ▓▓▓▓▓▓▓▓

c.  Performance of each agreement of Trustor herein contained or contained in any other agreement, instrument or other writing to which Trustor is a party if the same is written in connection with any of the foregoing.

d.  Payment of all sums to be expended by the Lender or Trustee pursuant to the terms hereof.

2.  TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

a.  To keep the Property in good condition and repair; not to remove or demolish any building or improvement thereon; to complete or cause to be completed any construction of buildings or other improvements thereon which are financed in whole or in part by the indebtedness secured hereby and to restore promptly and in good and workmanlike manner any building or other improvement which may be damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting the Property or requiring any alteration or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said Property in violation of law; to cultivate, irrigate, weed, fertilize, fumigate, spray, prune and do all other acts which from the character or use of the Property may be reasonably necessary, the specific enumerations herein not excluding the general.

b.  To provide, maintain and deliver to Lender fire and other insurance on the Property satisfactory to and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon indebtedness secured hereby and in such order as Lender may determine, or at option of Lender, the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default hereunder or invalidate any act done pursuant to such notice.

c.  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Lender or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Lender or Trustee may appear, and in any suit brought by Lender to foreclose this Deed of Trust. It is agreed that the Lender shall be subrogated to the claims and liens of all parties whose claims or liens are discharged or paid with the proceeds of the Agreement secured hereby.

d.  To pay at least ten days before delinquency all taxes and assessments affecting the Property, including, without limitation, assessment on appurtenant water stock, all encumbrances, charges and liens on the Property or any part thereof, and all costs, fees and expenses of this trust.

e.  That should Trustor fail to make any payment or do any act as herein provided, then Lender or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may:

(1)  Make or do the same in such manner and to such extent as either may deem necessary or appropriate to protect the security hereof, Lender or Trustee being authorized to enter upon the Property for such purposes.

(2)  Appear in and defend any action or proceeding purporting to affect the security hereof or the rights or power of Lender or Trustee.

● MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                              Page 3 of 10                                Initials: ▓▓▓

Exhibit B

DOC ID #:

(3) Pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior and superior hereto.

(4) In exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

f. To pay immediately and without demand all sums so expended by Lender or Trustee, with interest from date of expenditure at the maximum rate allowed by law in effect at the date hereof or at the option of Lender, such sums may be added to the principal balance of any indebtedness secured hereby and shall bear the highest rate of interest as any such indebtedness.

g. To pay for any statement provided for by the law in effect on the date hereof regarding the obligation secured hereby in the amount demanded by the Lender but not to exceed the maximum allowed by law at the time the statement is demanded.

3. IT IS FURTHER AGREED THAT:

a. Any award of damages in connection with any condemnation for public use of or injury to the Property or any part thereof is hereby assigned and shall be paid to Lender who may apply or release such monies received by it in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

b. By accepting payment of any sum secured hereby after its due date, or after the filing of notice of default and of election to sell, Lender shall not waive its right to require prompt payment when due of all other sums so secured, or to declare default for failure so to pay, or to proceed with the sale under any such notice of default and of election to sell, for any unpaid balance of said indebtedness. If Lender holds any additional security for any obligation secured hereby, it may enforce the sale thereof at its option, either before, contemporaneously with, or after the sale is made hereunder, and on any default of Trustor, Lender may, at its option, offset against any indebtedness owing by it to Trustor, the whole or any part of the indebtedness secured hereby.

c. Without affecting the liability of any person, including, without limitation, Trustor, for the payment of any indebtedness secured hereby, or the lien of this Deed of Trust on the remainder of the Property for the full amount of any indebtedness unpaid, Lender and Trustee are respectively empowered as follows:

(1) Lender may from time to time and without notice (a) release any person liable for the payment of any of the indebtedness, (b) extend the time or otherwise alter the terms of payment of any of the indebtedness, (c) accept additional security therefor of any kind, including Deeds of Trust or mortgages, (d) alter, substitute or release any of the Property securing the indebtedness.

(2) Trustee may, at any time, and from time to time, upon the written request of Lender (a) consent to the making of any map or plat of the Property, (b) join in granting any easement or creating any restriction thereon, (c) join in any subordination or other agreement affecting this Deed of Trust or the lien or charge thereof or, (d) reconvey, without any warranty, all or any part of the Property.

• MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                        Page 4 of 10                        Initials: 

Exhibit B

DOC ID #:

d. Upon (a) written request of Lender or (b) performance of all obligations of the Trustor hereunder and under each and every note, guarantee, Agreement or other writing evidencing the indebtedness secured hereby, and upon surrender of this Deed of Trust to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the Property then held hereunder. The recital in such reconveyance of any matters of facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such reconveyance, Trustee may destroy said note, guarantee, Agreement or other evidence of indebtedness and this Deed of Trust (unless directed in such request to retain them).

e. Trustor hereby gives to and confers upon Lender the right, power and authority during the continuance of these trusts to collect the rents, issues and profits of the Property and of any personal property located thereon, and hereby absolutely and unconditionally assigns all such rents, issues and profits to Lender; provided, however, that Lender hereby consents to the collection and retention of such rents, issues and profits as they accrue and become payable only if Trustor is not, at such time, in default with respect to payment of any indebtedness secured hereby or in the performance of any agreement hereunder. Upon any such default, Lender may at any time, without notice, either in person, by agent, or by a receiver to be appointed by a court, without regard to the adequacy of any security for the indebtedness hereby secured and without limiting the generality of Section 2.e.(1), above, enter upon and take possession of the Property or any part thereof, and in its own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Lender may determine; also perform such acts of repair, nurturing, cultivation, irrigation, weeding, fertilizing, fumigation, spraying, pruning or protection, as may be necessary or proper to conserve the value of the Property or any trees, planting or crops growing thereon; also lease the same or any part thereof for such rental, term, and upon such conditions as its judgment may dictate; also prepare for harvest, sever, remove, and sell any crops that may be growing upon the premises, and apply the net proceeds thereof to the indebtedness secured hereby. The entering upon and taking possession of the Property and performance or failure to perform any of the acts described in the preceding sentence, the collection of or failure to collect such rents, issues and profits, and the application thereof as aforesaid, shall not waive or cure any default or notice of default hereunder, or invalidate any act done pursuant to such notice and shall not constitute or otherwise result in any assumption by or liability of Lender for maintenance, depreciation, misuse or risk of loss other than for damage or loss to the Property due to Lender's gross negligence or intentional torts. Trustor also assigns to Trustee, as further security for the performance of the obligations secured hereby, all prepaid rents and all monies which may have been or may hereafter be deposited with said Trustor by any lessee of the premises herein described, to secure the payment of any rent, and upon default in the performance of any of the provisions hereof, Trustor agrees to deliver such rents and deposits to the Trustee.

f. Upon default by Trustor in the performance of any payment or other obligation secured hereby or in the performance of any agreement hereunder, or if, whether voluntarily or involuntarily, there is a sale or transfer of all or any part of (i) the Property or an interest therein, or (ii) a beneficial interest in Trustor and Trustor is not a natural person, or if Trustor ceases to use the Property as Trustor's primary residence, Lender may declare all sums secured hereby immediately due without notice or demand and no waiver of this right shall be effective unless in writing and signed by Lender.

DOC ID #:

g.  Waiver of a right granted to Lender hereunder as to one transaction or occurrence shall not be deemed to be a waiver of the right as to any subsequent transaction or occurrence. Lender may rescind any notice before Trustee's sale by executing a notice of rescission and recording the same. The recordation of such notice shall constitute also a cancellation of any prior declaration of default and demand for sale, and of any acceleration of maturity of indebtedness affected by any prior declaration or notice of default. The exercise by Lender of the right of rescission shall not constitute a waiver of any default then existing or subsequently occurring, nor impair the right of the Lender to execute other declarations of default and demand for sale, or notices of default and of election to cause the Property to be sold, nor otherwise affect the note or deed of trust, or any of the rights, obligations or remedies of the Lender or Trustee hereunder.

h.  At least three months or any lesser period required by law having elapsed between the recordation of the notice of default and the date of sale, Trustee, having first given notice of sale as then required by law, shall sell the Property at the time and place of sale fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as the Trustee may determine, at public auction to the highest bidder for cash, in lawful money of the United States of America, payable at the time of sale except as otherwise permitted by law. Trustee may postpone sale of all or any portion of the Property by public announcement at the time of sale, and from time to time thereafter may postpone the sale by public announcement, all as permitted by law. Trustee shall deliver to the purchaser its deed conveying the Property so sold, but without any covenant or warranty, expressed or implied. The recital in any such deed of any matters or facts, stated either specifically or in general terms, or as conclusions of law or fact, shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Lender, may purchase at the sale. After deducting all costs, fees and expenses of Trustee and of this trust, including costs of evidence of title in connection with the sale, the Trustee shall apply the proceeds of this sale to the payment of all sums then secured hereby, in such order and manner as may be required by the Lender; the remainder, if any, to be paid to the person or persons legally entitled thereto. If Lender shall elect to bring suit to foreclose this Deed of Trust in the manner and subject to the provisions, rights and remedies relating to the foreclosure of a mortgage, Lender shall be entitled to reasonable attorney's fees and litigation costs.

i.  Lender, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Lender and duly acknowledged and recorded in the office of the recorder of the county or counties where said Property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Lender hereunder, the book and page where this Deed of Trust is recorded and the name and address of the new trustee.

j.  This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Lender shall mean the owner and holder, including, without limitation, pledgees, of the note, guarantee, Agreement, or other evidence of indebtedness secured hereby, whether or not named as Lender herein. In this Deed of Trust, whenever the context so requires, the singular number includes the plural.

• MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                    Page 6 of 10                    Initials:

Exhibit B

DOC ID #: ▮

k.  Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Lender or Trustee shall be a party unless brought by Trustee.

l.  If Trustor or any successor in interest to Trustor sells, transfers or encumbers any interest in the Property, whether voluntarily or involuntarily, or if a beneficial interest in Trustor is sold or transferred, voluntarily or involuntarily, and Trustor is not a natural person: (a) the transferor and the transferee shall each immediately give written notice of said transfer to the Lender, at its address designated on the first page of this Deed of Trust; (b) if this Deed of Trust secures Trustor's obligation under an Agreement as defined herein, all credit extended by Lender under the Agreement, whether before or after the Property is transferred, shall be secured under this Deed of Trust as if no transfer had occurred except for credit extended by Lender more than five days after it has received the written notices required by this paragraph.

m.  The pleading of any statute of limitations as a defense to any and all obligations secured by this Deed of Trust is hereby waived to the full extent permitted by law.

4.  WITH REGARD TO ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES, TRUSTOR AGREES:
   a. As used in this Paragraph 4:

   (1) "Environmental Law" means all federal, state and local law concerning the public health, safety or welfare, environment or a Hazardous Substance, including without limitation, the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Sec. 9601 et seq., Resource Conservation and Recovery Act, 42 U.S.C. Sec. 6901 et seq., Toxic Substances Control Act, 15 U.S.C. Sec. 2601 et seq., Hazardous Materials Transportation Act, 49 U.S.C. Sec. 1801 et seq., Clean Water Act and Water Quality Act of 1987, 33 U.S.C. Sec. 1251 et seq., Safe Drinking Water Act, 41 U.S.C. Sec. 300f et seq., Clean Air Act, 42 U.S.C. Sec. 7901 et seq., Carpenter-Presley-Tanner Hazardous Account Act, Cal.Health & Safety Code Sec. 25300 et seq., Hazardous Waste Control Law, Cal.Health & Safety Code Sec. 25100 et seq., Porter-Cologne Water Quality Control Act, Cal.Water Code Sec. 1300 et seq., Hazardous Waste Disposal Land Use Law, Cal.Health & Safety Code Sec. 25220 et seq., Safe Drinking Water and Toxic Enforcement Act of 1986, Cal.Health & Safety Code Sec. 25249.5 et seq., Hazardous Substances Underground Storage Tank Law, Cal.Health & Safety Code Sec. 25280 et seq., Air Resources Law, Cal.Health & Safety Code Sec. 3900 et seq., Hazardous Materials Release Response Plans and Inventory, Cal.Health & Safety Code Sec. 25500 et seq., and Toxic Pits Cleanup Act of 1984, Cal.Health & Safety Code Sec. 25208 et seq.
   (2) "Hazardous Substance" means any substance which has characteristics of ignitability, corrosivity, toxicity, reactivity or radioactivity or other characteristics which render it dangerous or potentially dangerous to public health, safety or welfare or the environment, including without limitation, (i) petroleum or any fraction or other byproduct thereof, (ii) asbestos, (iii) lead, (iv) cyanide, (v) polychlorinated biphenyls, (vi) urea formaldehyde and (vii) anything defined as a "hazardous material," "toxic substance," "hazardous substance," "hazardous waste" or "waste" under any Environmental Law, including without limitation, "hazardous substance" as defined in Cal.Health & Safety Code Sec. 25316 and "waste" and "hazardous substance" as defined in Cal.Water Code Sec. 13050(d) and Sec. 13050(p)(l), respectively. The term is intended by Trustor and Lender to be interpreted in its most comprehensive and cumulative sense.

Exhibit B

DOC ID #: ███████

b.  Trustor represents and warrants that except as disclosed to and acknowledged in writing by Lender before the date of this Deed of Trust:

   (1) No Hazardous Substance has been located, used, manufactured, generated, treated, handled, stored, spilled, disposed of, discharged or released by any person on, under or about the Property.

   (2) Trustor has no knowledge of or reason to believe that there is any pending or threatened investigation, assessment, claim, demand, action or proceeding of any kind relating to (i) any alleged or actual Hazardous Substance located under or about the Property or (ii) alleged or actual violation or noncompliance by Trustor or any tenant of Trustor with regard to any Environmental Law involving the Property.

   (3) Neither Trustor nor any tenant of Trustor is required by any Environmental Law to obtain or maintain any permit, license, financial responsibility certificate or other approval as a condition to its business operations or in connection with its use, development or maintenance of the Property.

c.  Trustor represents and warrants that Trustor and every tenant of Trustor have been, are and will remain in full compliance with any Environmental Law applicable to its business operations and its use, development or maintenance of the Property.

d.  Trustor agrees to permit, or cause any tenant of Trustor to permit, Lender to enter and inspect the Property at any reasonable time for purposes of determining, as Lender deems necessary or desirable: (i) the existence, location and nature of any Hazardous Substance on, under or about the Property, (ii) the existence, location, nature, magnitude and spread of any Hazardous Substance that has been spilled, disposed of, discharged or released on, under or about the Property or (iii) whether or not Trustor and any tenant of Trustor are in compliance with applicable Environmental Law. If Trustor or its tenant fails to comply fully with the terms hereof, Lender may obtain affirmative injunctive relief therefor.

e.  Trustor agrees to indemnify and hold Lender and its successors or assigns harmless from and against all losses, claims, demands, liabilities, damages, cleanup, response and remediation costs, penalties and expenses, including, without limitation, all costs of litigation and attorneys' fees, which Lender and its successors and assigns may directly or indirectly sustain or suffer as a consequence of any inaccuracy or breach of any representation, warranty or promise made in this Deed of Trust in connection with any Hazardous Substance or Environmental Law. Notwithstanding any of the language in this Deed of Trust to the contrary, this indemnity covers claims asserted after all the indebtedness secured by this Deed of Trust has been paid and discharged, whether or not this Deed of Trust has also been reconveyed to Trustor. The only exclusions hereto may relate to claims arising out of the affirmative acts of Lender or of a third party after Trustor's interest in the Property has terminated.



Exhibit B

DOC ID #: ▮

f.   The provisions of this Paragraph 4 shall not be affected by the acquisition by Lender or its successors or assigns of any ownership or other interest in the Property beyond Lender's security interest in the Property created under this Deed of Trust, whether or not such acquisition is pursuant to the foreclosure of this Deed of Trust or a merger of the interest of the Lender or its successors and assigns in the Property.

5.   ADDITIONAL PROVISIONS:

a.   The execution of this Deed of Trust by any person who has no present interest in the Property shall not be deemed to indicate that such an interest presently exists. Rather, execution of this Deed of Trust by such a person shall constitute such person's agreement that if such person hereafter acquires an interest in the Property, such interest shall be subject to the interest granted hereunder.

b.   The execution of this Deed of Trust by any person who has a present interest in the Property shall not in itself be deemed to indicate that such person is liable to Lender for any obligation described in Section 1., above. Any personal liability of such person to Lender shall be determined on an independent basis (such as execution of the document or documents evidencing the obligation described in Section 1., above). Execution of this Deed of Trust by any such person shall nevertheless indicate that such person's interest in the Property shall be subject to the interest granted hereunder.

Exhibit B

DOC ID #:

The undersigned Trustors request that a copy of any notice of default, and of any notice of sale hereunder, be mailed to their respective addresses set forth below.

By signing below, Trustor agrees to all the terms and conditions of this Deed of Trust.

Mailing Address For Notices

_____
JEFFREY S. BEIER
10 TUCSON
COTA DE CAZA, CA 92679

_____
TONI R. BEIER

_____

_____

State of California
County of Orange
On May 18, 2005, before me Donna Laughray, Notary, personally appeared

Jeffrey S. Beier and Toni R. Beier

, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
    WITNESS my hand and official seal.



DONNA LAUGHRAY
Comm. #1520459
NOTARY PUBLIC-CALIFORNIA
Orange County
My Comm. Expires Oct. 18, 2008

• MERS HELOC - CA Deed of Trust
1D988-CA (02/04)                    Page 10 of 10

Exhibit B

*GOVERNMENT CODE SECTION 27361.7*

*I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:*

| | |
|---|---|
| *NAME OF NOTARY:* | *DONNA LAUGHRAY* |
| *DATE COMMISSION EXPIRES* | *OCTOBER 18, 2008* |
| *COUNTY WHERE BOND IS FILE:* | *ORANGE* |
| *COMMISSION NUMBER:* | *1520459* |
| *VENDOR NUMBER:* | *VSI1* |
| *PLACE OF EXECUTION:* | *IRVINE, CA* |
| *DATE:* | *MAY 25, 2005* |

*STEWART TITLE OF CALIFORNIA*

*BY:* _____

*PATRICK CAHILL*

Exhibit B

Prepared by: MELISSA A. SIMMS

**COUNTRYWIDE HOME LOANS, INC.**

Branch #: 0001006
27101 PUERTA REAL, ST 100
MISSION VIEJO, CA 92691
Phone: (949)282-2200
Br Fax No.: (949)348-1073

DATE: 05/17/2005
CASE #:
DOC ID #:
BORROWER: JEFFREY S. BEIER
PROPERTY ADDRESS: 10 TUCSON
COTA DE CAZA, CA 92679-5200

**LEGAL DESCRIPTION EXHIBIT A**

FHA/VA/CONV
• Legal Description Exhibit A
1C404-XX (04/03)(d)




Exhibit B

# EXHIBIT "A"

## LEGAL DESCRIPTION

The land referred to herein is situated in the State of California, County of ORANGE, described as follows:

Parcel 1:

Lot 1 of Tract No. 15841, in the County of Orange, State of California, as shown on a subdivision map ("Map") recorded on December 23, 1999, in book 794, pages 25 to 29, inclusive of miscellaneous maps, in the office of the Orange County recorder.

Excepting therefrom; all oil, oil rights, natural gas rights, mineral rights, and other hydrocarbon substances by whatever name known, together with appurtenant rights thereto, without, however, any right to enter upon the surface of said land nor any portion of the subsurface lying above a depth of 500 feet, as excepted or reserved in instruments of record.

Except all water, claims or rights to water, in or under said land.

Parcel 2:

Non-exclusive easements for use, access, ingress, egress, maintenance, repair, drainage, encroachment, support, and for other purposes, all as described in the Master Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Coto de Caza ("Master Declaration"), recorded on March 5, 1984 as Instrument No. 84-092424, in the Supplemental Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for Oak Knoll in Coto De Caza ("Supplemental Declaration") recorded on September 11, 2000 as Instrument No. 2000-0471430, in the Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for The Summit ("Summit Declaration") recorded on September 20, 2000 as Instrument No. 2000-0492456, all in official records and all as amended or restated, and as described in the map and notice recorded December 20, 2000 as Instrument No. 2000-0691033.

End of Legal Description

Exhibit B

# PLANNED UNIT DEVELOPMENT RIDER

Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
MELISSA A. SIMMS

2477-NB
[Escrow/Closing #]          [Doc ID #]

**MULTISTATE PUD RIDER** - Single Family/Second Mortgage
Page 1 of 4

VMP -207R (0402) CHL (06/04)(d)          Initials: [signature]
VMP Mortgage Solutions, Inc. (800)521-7291          3/99

Exhibit B

DOC ID #: ███████

THIS PLANNED UNIT DEVELOPMENT RIDER is made SEVENTEENTH day of MAY, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to
COUNTRYWIDE HOME LOANS, INC.

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

10 TUCSON, COTA DE CAZA, CA 92679-5200

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in
THE COVENANTS, CONDITIONS, AND RESTRICTIONS FILED OF RECORD THAT AFFECT THE PROPERTY

(the "Declaration"). The Property is a part of a planned unit development known as
OAK KNOLL AT COTO DE CAZA

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

-207R (0402)  CHL (06/04)         Page 2 of 4                                Initials: _____    3/99

Exhibit B

DOC ID #: ▮▮▮▮▮▮▮▮

**B. Hazard Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

-207R (0402)    CHL (06/04)          Page 3 of 4                    Initials: _____          3/99

Exhibit B

DOC ID #: █████

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)
JEFFREY S. BEIER                         - Borrower

_____ (Seal)
TONI R. BEIER                            - Borrower

_____ (Seal)
                                         - Borrower

_____ (Seal)
                                         - Borrower

-207R (0402)  CHL (06/04)        Page 4 of 4                    3/99

Exhibit B