| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anerio V. Altman, Esq. #228445<br>Lake Forest Bankruptcy<br>PO Box 515381<br>Los Angeles, CA 90051<br>Phone and Fax:  (949) 218-2002<br>avaesq@lakeforestbkoffice.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* DEBTOR | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>JEFFREY SCOTT BEIER | CASE NO.: 8:23-bk-10898-TA<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br>TO BE RELIEVED AS COUNSEL |
| | *(Specify name of Motion)* |
| Debtor(s). | DATE: 01/09/2024<br>TIME:  11:00 am<br>COURTROOM: 5B<br>PLACE: 411 West Fourth Street #5B<br>          Santa Ana, CA 92701 |

1.  TO (*specify name*):  JEFFREY SCOTT BEIER

2.  NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.  **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: _12/03/2023_____

LAKE FOREST BANKRUPTCY
Printed name of law firm

Signature

ANERIO V. ALTMAN, ESQ.
Printed name of attorney

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
 PO Box 515381, Los Angeles, CA 90051

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
 MOTION TO BE RELIEVED AS COUNSEL

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 12/03/2023   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) 12/03/2023   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/03/2023   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Delivery to the court per the court manual.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/03/2023 | ANERIO V. ALTMAN, ESQ. | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

CM/ECF SERVICE

- **Anerio V Altman**   LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com,
  gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Arturo Cisneros**   arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**   amctrustee@mclaw.org,
  acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Joseph C Delmotte**   ecfcacb@aldridgepite.com,
  JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **David R Haberbush**   dhaberbush@lbinsolvency.com,
  ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vhaberbush@lbinsolvency.co
  m,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Nathan F Smith**   nathan@mclaw.org,
  CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

U.S. MAIL

> **Brian Thompson**
> Winterstone Real Estate
> 23792 Rockfield Blvd Ste 101
> Lake Forest, CA 92630

EMAIL-

JEFFREY BEIER

jeff0021@yandex.ru

E-Delivery by MYCASE Case Management to Debtor Jeffrey Beier

Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
PO Box 515381
Los Angeles, CA 90051
Phone and Fax:  (949) 218-2002
avaesq@lakeforestbkoffice.com
**COUNSEL FOR**
**JEFFREY SCOTT BEIER**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA –SANTA ANA DIVISION

| | |
|---|---|
| In re:  JEFFREY SCOTT BEIER | **Case No.:** 8:23-bk-10898-TA |
| | **Chapter:** 7 |
| | **MOTION TO BE RELIEVED AS COUNSEL** |
| | **JUDGE:** HON. THEODOR ALBERT |
| | **HEARING** Date:   January 9th, 2024 Time:  11:00 A.M. Courtroom:  5B Address:  411 West Fourth Street, Santa Ana, CA 92701 (By Zoom.gov) |

- 1

## I.    INTRODUCTION

Attorney Anerio V. Altman, Esq. files this motion on behalf of ANERIO V. ALTMAN, and LAKE FOREST BANKRUPTCY II, APC ("Counsel") to relieve ANERIO V. ALTMAN and LAKE FOREST BANKRUPTCY II, APC as counsel for Debtor JEFFREY SCOTT BEIER ("Debtor") in Bankruptcy Proceeding 8:23-bk-10898-TA

## II.    COUNSEL'S RECITATION OF FACTS

A.    Counsel has been employed as the attorney of record by Debtor in Bankruptcy Proceeding 8:23-bk-10898-TA since April 28th, 2023.

B.    There has been a breakdown in communications between Counsel and the Debtor.

C.    The Debtor has retained new counsel who has filed documents without Counsel's consent or guidance.

D.    While it is Debtor's right to hire and consult with new counsel, such filings are occurring without the consent or control of his current Counsel.

E.    Any filings in the court on behalf of the Debtor must be with the consent and control of his attorney of record.

F.    After request, the Debtor will not sign a substitution of attorney form.

G.    As a direct result of Debtor's actions, Counsel cannot prosecute this matter.

H.    A dispute has arisen between the Debtor and Counsel that makes the continued exercise of Counsel's authority as attorney to the Debtor problematic, if not impossible.

I.    The Debtor's actions have created a direct conflict between the Debtor and Counsel rendering Counsel's duty to prosecute this matter impossible.

- 2

1       J.       Counsel can no longer represent the Debtor in these circumstances.

2       **III.       LEGAL ARGUMENT**

3       Counsel requests that the court relieve Anerio V. Altman and Lake Forest Bankruptcy II,

4 APC as counsel to the Debtor because the Debtor's conduct has made it unreasonably difficult for

5 Counsel to carry out its duties.  This request is timely.

6       A. THE LEGAL STANDARD

7       The decision of whether to allow an attorney to seek to withdraw, pursuant to the Federal

8 Rules of Civil Procedure and the Rules of the Central District Court of California is within the

9 sound discretion of the court and will depend upon resulting prejudice to the client and the level

10 of delay in any proceeding caused by such withdrawal.  <u>Mandall v. Superior Court</u> (1977), 67 Cal.

11 App. 3d 1, 4, 136 Cal. Rptr 3554.  "Even with the client's consent, an attorney may not withdraw

12 as counsel except with leave of court."  <u>18 Schwarzer, Cal. Practice Guide</u>: <u>Civ. Pro. Before Trial</u>

13 Sec. 12:190 P. 12-65 (The Rutter Group 2004) (citing Local Rule 83-2.9.2.1 of the Central

14 District.)  The request for withdrawal will be granted if the motion is timely made, before the case

15 is set for trial, and there is no showing that the withdrawal prejudices the parties to the action.

16 (People v. Prince (1977) 268 Cal. App. 2d 398, 406; see also <u>Ramirez v. Sturdevant</u> (1994) 21 Cal.

17 App. 4th 904 ("attorney is not limited to withdrawing from the case for cause when withdrawal can

18 be accomplished without undue prejudice to the interests of the client."))

19       The Debtor's utilization of new counsel to file documents or take new legal action without

20 Counsel's consent put the Debtor and Debtor's Cousnel in direct conflict.  Counsel cannot provide

21 legal advice to its client nor file documents with the court on the client's behalf.

22       B. NOTICE OF THIS MOTION IS TIMELY

23

24

1    The hearing on this Motion is being heard at least 24 days after it has been filed. "An

2  attorney's motion to withdraw must be made upon written notice to the client and to all other

3  parties. <u>Schwarzer, *supra.*</u> at Sec. 12:198, p. 12-65 (citing Local Rule 83-2.9.2.1 5 of the Central

4  District, see Local Rule 83.3(g).) The notice required for this motion complies with LRBP 9013-

5  1(d).

6         C. WITHDRAWAL   IS   MANDATORY   UNDER   CALIFORNIA   RULE   OF

7            PROFESSIONAL CONDUCT 3-700(B) and (C)(1)(d)

8         Irreconcilable differences have arisen between the Debtor and Counsel that make its

9  continued representation of the Debtor impossible without violating its ethical and professional

10  duties. Withdrawal is mandatory under California Rule of Professional Conduct 3-700(B) where

11  the attorney either knows or should have known that a violation will occur as a result of the

12  representation. Withdrawal is permissible under California Rule of Professional Conduct 3-

13  700(C)(1)(d) where the client's conduct makes it unreasonably difficult for an attorney to carry

14  out his employment. <u>Pearlmutter v. Alexander</u> (1979) 97 Cal. App. 3d Supp. 16, 20 ("Rules of

15  Professional Conduct…authorizes withdrawal where the client's conduct makes it unreasonably

16  difficult to the attorney to carry out his employment effectively.")

17         Counsel alleges that withdrawal here is mandatory, but even if not mandatory, relationship

18  between the parties is such that Counsel cannot carry out its duties. It is impossible for counsel to

19  execute his duties where he is now in an active conflict with his client. Counsel cannot, and will

20  not, say whether such deficiencies in communication, or conflict are the byproduct of willful or

21  negligent acts on the part of the Debtor. Such is not clear and it should be noted that Counsel is

22  not alleging anything else about the Debtor by this statement. However, with the existence of the

23

24

1  breakdown of communication by and between the parties, Counsel should not attempt to execute

2  his duties where he cannot employ a duty of undivided loyalty to his client.

3        D.  THE DEBTOR WILL NOT BE PREJUDICED BY THIS WITHDRAWAL

4        The Debtor will not be prejudiced by this withdrawal.

5        The Debtor has new counsel who has filed documents on behalf of the Debtor and set it for

6  a hearing on January 9th, 2024.  There are no pending issues requiring this Counsel's involvement

7  that need to be resolved prior to the hearing on this motion.

8        E.  NO OTHER PARTY WILL BE PREJUDICED BY THIS WITHDRAWAL

9        No other party will be prejudiced by this withdrawal.  No party is relying upon Debtor's

10  Counsel to perform in any way Counsel is currently able to perform prior to the hearing on this

11  Motion.

12  **IV.    CONCLUSION**

13        For the reasons stated herein, Counsel requests that he be relieved in this matter.

14

15  Dated:  December 3rd, 2023              Signed:_____

16                                         ANERIO V. ALTMAN, ESQ.
                                           ATTORNEY FOR DEBTOR
17                                         JEFFREY SCOTT BEIER

18

19

20

21

22

23

24
                                  - 5 -

1

## DECLARATION OF ANERIO V. ALTMAN, ESQ.

2       I, ANERIO V. ALTMAN, ESQ, declare as follows:

3   A.     I am over the age of 18 years old and am legally able and competent to testify to

4       the following in a court of law if required to do so.

5   B.     I have read the statements contained in this motion.

6   C.     They are true and correct as to the best of my knowledge.

7   D.     The Debtor does not in any capacity waive attorney client privilege by these filings

8       and to the highest extent possible maintains such privilege except to the limited

9       extent attorney client communications have been presented in this motion.

10   E.     Any such statement by me regarding the Debtor should regard be considered to

11       relate my impression of events and is not a statement of fact in any capacity

12       regarding the Debtor, his paperwork filed with the court, or any representation

13       made to the court.

14   F.     I make these communications under penalty of perjury of the laws of the United

15       States and know them to be true.

16 Dated:  December 3rd, 2023       Signed:_____

17                   ANERIO V. ALTMAN, ESQ.
ATTORNEY FOR DEBTOR
JEFFREY SCOTT BEIER

18

19

20

21

22

23

24