Joseph C. Delmotte (CA SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
8880 Rio San Diego Drive, Suite 725
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Respondent/Secured Creditor*
THE BANK OF NEW YORK MELLON FKA THE BANK OF
NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A
TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10898-TA |
| JEFFREY S. BEIER, | Chapter 7 |
| Debtor. | **OPPOSITION TO OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04** |
| | DATE:  January 9, 2024<br>TIME:   11:00 a.m.<br>CTRM:  5b |
| | 411 West Fourth Street<br>Santa Ana, CA  92701 |

*Secured Creditor/Respondent* The Bank of New York Mellon FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04 ("BONY") respectfully submits the following Opposition to the Objection to Proof of Claim 2-1 filed by the Bank of New York Mellon, FKA The Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04

("Claim Objection") filed by the debtor Jeffrey S. Beier ("Debtor").  The Opposition is based on the Declaration of Jae Min filed in Support of the Opposition to the Claim Objection ("JM Declaration"), the Declaration of Joseph Delmotte in Support of the Opposition to the Claim Objection ("JD Declaration") and Request for Judicial Notice in Support of the Opposition to the Claim Objection ("RJN") filed concurrently herewith, the exhibits attached thereto, and on such further information as may be provided by BONY prior to the hearing on the Claim Objection.

## I.    **INTRODUCTION**

The Claim Objection represents Debtor's most recent and misguided attempt to challenge BONY's right to enforce the subject note and deed of trust following years of meritless litigation in both state court and the bankruptcy courts whereby Debtor sought to delay and hinder BONY's efforts to foreclose on its security interest despite not having made a payment since 2007 and Debtor is collaterally estopped from re-litigating these same issues in the current bankruptcy case via the Claim Objection to the extent those issues were previously resolved by final order. The crux of Debtor's Claim Objection is that BONY's proof of claim contains insufficient documentation to substantiate BONY's status as the note holder and beneficiary of record entitled to enforce the note and deed of trust. In addition, Debtor argues because BONY is time barred from suing Debtor to enforce the note under the applicable statute of limitations and the order on the Trustee's Motion to Sell does not preserve BONY's lien on the sale proceeds, its proof of claim should be disallowed in its entirety.

As an initial matter, Debtor appears to be seeking relief that is not appropriate nor available via an objection to proof of claim to the extent Debtor's objective is to prevent the Trustee from making further disbursements to BONY from the sale proceeds of the property on which BONY held a first priority lien as beneficiary of record as reflected in the Motion to Sell. Furthermore, Debtor lacks standing to object to a proof of claim as the case converted to a chapter 7 and Debtor has provided no evidence that this is a surplus case in which he has a pecuniary interest in the outcome of the Claim Objection. However, to the extent the Court is still inclined to consider the merits of the Claim Objection and determines that Debtor has demonstrated standing to file the Claim Objection, BONY submits this opposition in support of

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

its proof of claim and to address the arguments raised by Debtor in the Claim Objection. To that end, while it is BONY's position that its proof of claim is presumptively valid and the Debtor's Claim Objection fails to introduce evidence sufficient to negate the prima facie validity of its claim, BONY has filed a supporting declaration to substantiate its status both the note holder with standing to file a proof of claim and record beneficiary of the deed of trust with a permissible claim against Debtor's property and right to enforce its lien on the proceeds from the Trustee's sale of its security interest. In addition, the applicable statute of limitations neither time barred BONY from filing a proof of claim in Debtor's case nor otherwise prohibits or impairs the Trustee from making payment distributions to BONY from the sale proceeds of the subject property up to the amount owing under its deed of trust. Finally, contrary to Debtor's assertions, BONY's lien did attach to the sale proceeds upon completion of the Trustee's sale of BONY's collateral and BONY is entitled to payment from those sale proceeds up to the amount of its deed of trust as was contemplated by the Trustee in the Motion to Sell which Debtor did not oppose. For all these reasons, which are discussed in greater detail herein, Debtor's Claim Objection should be overruled.

## II.    STATEMENT OF FACTS

### A.  LOAN HISTORY

On March 2, 2005, Debtor and Toni R. Beier (collectively, the "Borrowers") executed a promissory note in the principal sum of $1,470,000.00 (the "Note") in favor of Countrywide Home Loans, Inc., (See JM Declaration, **Exhibit A**). The Note was subsequently indorsed in blank and BONY, through the use of an authorized agent and/or document custodian, is in possession of the indorsed in blank Note. (See JM Declaration, **Exhibit A**, ¶ 6).

The Note is secured by a deed of trust (the "Deed of Trust") executed by Borrowers and on the real property located at 10 Tucson, Coto de Caza Area, California 92679 (the "Property") which was duly recorded and the beneficial interest in the Deed of trust was subsequently assigned to BONY. (See JM Declaration, **Exhibits B, C, ¶¶ 7, 8**). The Note and Deed of Trust are referred to collectively herein after as the Subject Loan.

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

## B. PRIOR BANKRUPTCY CASES AND ADVERSARY PROCEEDING

First (1st) Bankruptcy Case

On April 25, 2008, the Borrowers filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division and were assigned case number 8:08-bk-12163-RK (the "First Bankruptcy Case"). Borrowers received a discharge on August 21, 2008 and the First Bankruptcy Case was closed on January 13, 2009. (See RJN, **Exhibits A, C**).

Second (2nd) Bankruptcy Case

On February 11, 2009, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division, and was assigned case number 8:09-bk-11124-TA (the "Second Bankruptcy Case"). The Second Bankruptcy Case was dismissed on October 1, 2009 and subsequently closed on January 29, 2010. (See RJN, **Exhibit D**).

Adversary Proceeding filed in Second (2nd) Bankruptcy Case – Dismissed with Prejudice

On March 26, 2009, Debtor commenced an adversary proceeding which was assigned case number 8:09-ap-01252-TA (the "Adversary Case") by filing a Complaint to Quiet Title and Seeking Monetary Damages, Statutory Damages, Punitive Damages, Injunctive Relief and Declaratory Relief ("Adversary Complaint") against Mortgage Electronic Registration Systems, Inc. ("MERS"), Countrywide Home Loans, Inc. ("Countrywide"), predecessor-in-interest to BONY, Countrywide Home Loans Servicing, L.P., and Wells Fargo Document Custody. In the Complaint, Debtor challenged Countrywide's standing to enforce the Note and its ability to foreclose on the Property pursuant to the Deed of Trust. On October 12, 2009, a Joint Stipulation and Motion for Order of Dismissal of Action was filed in the Adversary Case providing for the dismissal of all claims **with prejudice** and the Adversary Case was closed on September 28, 2010. (See RJN, **Exhibits E, F**).

Third (3rd) Bankruptcy Case

On July 1, 2010, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division,

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

and was assigned case number 8:10-bk-19081-TA (the "<u>Third Bankruptcy Case</u>"). The Third Bankruptcy Case was dismissed on March 10, 2011 and subsequently closed on May 4, 2011. (<u>See</u> RJN, **Exhibit G**).

Fourth (4th) Bankruptcy Case

On March 17, 2023, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division, and was assigned case number 8:23-bk-10556-TA (the "<u>Fourth Bankruptcy Case</u>"). The Fourth Bankruptcy Case was dismissed on April 4, 2023 and subsequently closed on April 7, 2023. (<u>See</u> RJN, **Exhibit T**).

## C.    PRIOR LAWSUITS BY DEBTOR FILED IN STATE COURT

On or about April 5, 2011, Debtor filed a Complaint in the Superior Court of California, County of Orange, against BAC Home Loans, Servicing, LP, predecessor in interest to BANA as servicer for BONY, and was assigned Case No. 30-2011-00463450-CU-OR-CJC. Debtor requested voluntary dismissal and the case was dismissed on or about November 15, 2011. (<u>See</u> RJN, **Exhibit I**).

On or about May 20, 2015, Debtor filed a Complaint in the Superior Court of California, County of Orange, against BONY, and was assigned Case No. 30-2015-00788856-CU-OR-CJC, challenging BONY's standing to proceed with foreclosure. Debtor requested voluntary dismissal and the case was dismissed on or about February 18, 2016. (<u>See</u> RJN, **Exhibits J, K**).

On or about March 7, 2017, Debtor filed a Complaint in the Superior Court of California, County of Orange, against BONY and BANA, and was assigned Case No. 30-2017-00907172-CU-OR-CJC. On October 2, 2017, Debtor filed a Second Amended Complaint for: (1) Violation of §2923.6; (2) Negligence; (3) Unfair Business Practices, B&P Code Section 17200. And (4) Request for Declaratory Relief challenging the standing rights of BONY to proceed with foreclosure. Defendant's obtained summary judgment dismissing the case, Debtor appealed and that dismissal was upheld at the California Court of Appeal. (<u>See</u> RJN, **Exhibits L, M, N, O and P**).

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

On or about March 8, 2023, Debtor filed another Complaint in the Superior Court of California, County of Orange against BONY and BANA and was assigned Case No. 30-2023-01312331-CU-OR-CJC, again challenging standing and the rights of BONY to proceed with foreclosure. The case was subsequently removed to federal court and the United States District Court for the Central District of California (Southern Division – Santa Ana) and assigned case number 8:23-cv-00668-FWS-JDE. Defendants filed a Motion to Dismiss and thereafter the parties stipulated to a voluntary dismissal on or about May 1, 2023. (See RJN, **Exhibits Q, R and S**).

### D.     THE CURRENT BANKRUPTCY CASE

On April 28, 2023, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, and was assigned case number 8:23-bk-10898-TA, Debtor's fifth (5th) bankruptcy filing since the origination of the Subject Loan. An order converting the case to Chapter 7 was subsequently entered on July 7, 2023. (See RJN, **Exhibit V**).

In Debtor's Schedule A/B, Debtor identified his interest in the Property, which he valued at $3,117,300. In Debtor's Schedule D, Debtor identified a $2,757,616 lien against the Property in favor of Bank of America, National Association, which he listed as "unliquidated and disputed." (See RJN, **Exhibit W**).

On May 2, 2023, Debtor filed a Motion for an Order Continuing the Automatic Stay ("Motion to Continue Stay") wherein he acknowledged an interest in the Property and explained his proposal to rent the property to generate rental income as part of his proposed reorganization. The Motion to Continue Stay was granted for a period of 30 days from the date of the Bankruptcy Court Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay ("Order Continuing the Automatic Stay") entered on July 17, 2023. (See RJN, **Exhibit X**).

On July 12, 2023, BONY filed a proof of claim in Debtor's bankruptcy case regarding the Subject Loan reflecting a total secured claim in the amount of $2,786,180.50 and pre-petition arrears in the amount of $1,787,448.67 (the "Proof of Claim"). Bank of America, N.A. ("Bank of

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

America") is the servicing agent for the Subject Loan on behalf of BONY and authorized to act on its behalf as attorney in fact. (See JM Declaration, Exhibits D, F, ¶¶ 10, 11).

On October 3, 2023, the Trustee filed the Chapter 7 Trustee's Motion for Order: (1) Authorizing Sale of Real Property Free and Clear of Liens and Interests Pursuant to 11 U.S.C. §363(f); (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4) Authorizing Distribution of sale Proceeds; (5) Determining that the Proposed Buyer and Overbidder are "Good Faith Purchases" under 11 U.S.C. §363(m); and (6) Waiving 14 Day Stay Imposed by Federal Rule of Bankruptcy Procedure 6004(h) ("Motion to Sell") whereby the Trustee requested authorization from the Court to sell the Property for $3,200,000.00, subject to overbid, free and clear of BONY's lien pursuant to 11 U.S.C. Sections 363(f)(3) and (f)(4). Notably, the Motion to Sell acknowledged BONY as the record beneficiary of a first priority lien on the Property pursuant to its recorded Deed of Trusts and the Assignments of record. The Motion to Sell lists the payoff on BONY's claim to be in the amount of $2,786,180.00 and proposes to make an interim distribution of $2,400,000.00 to BONY with the balance of the net proceeds to be held in trust pending settlement negotiations or the outcome of litigation between Debtor and BONY or distributed to BONY within 30 days of the closing of the sale of the Property if Debtor does not file suit against BONY on his alleged claims.  (See RJN, **Exhibit Y**).

On October 20, 2023, BONY filed an Opposition to the Motion to Sell as it believed the thirty (30) day window proposed for Debtor commence litigation against BONY before the Trustee would distribute the remaining payoff proceeds would promote further meritless litigation by Debtor in an attempt to delay the proposed distribution of the sale proceeds to BONY by the Trustee. Further, the Opposition requested that any sale free and clear of BONY's lien be made expressly contingent upon payment of BONY's lien in full upon sale pursuant to an updated payoff demand from Bank of America with BONY's lien immediately attaching to the sale proceeds with the same force and effect, and in the same priority, validity and scope as its lien.  (See RJN, **Exhibit Z**).

On November 7, 2023, the Trustee filed a Notice of Trustee's Intent to Abandon Pursuant to 11 U.S.C. §554(a) and Local Bankruptcy Rule 6007-1 whereby the Trustee concluded after

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

reviewing Debtor's prior litigation against BONY and the purported basis of the claims in Debtor's Schedules A/B, it is the Trustee's belief that the claims are of inconsequential value and benefit to the Estate, and providing notice of Trustee's intention to abandon said claims. (See Docket No. 102).

On November 15, 2023, the Court entered an Order Granting the Motion to Sell ("Sale Order") granting the Motion to Sell including authorization for the Trustee to make an interim distribution of $2.4 million to BONY and deposit the balance of the net proceeds in a trust account pending settlement negotiations or the outcome of litigation to be commenced by Debtor within 30 days of the Sale Order, and authorizing the Trustee to make further disbursement of the remaining sale proceeds to BONY if Debtor fails to commence litigation within 30 days of the Sale Order.  (See RJN, **Exhibit AA**).

On November 30, 2023, the sale of the Property closed and the Trustee has since issued an interim distribution payment in the amount of $2,400,000.00 to BONY pursuant to the Sale Order which has not yet been applied. (See RJN, **Exhibit CC**).

On December 1, 2023, Debtor filed the Claim Objection wherein he objects to BONY's Proof of Claim and requests that the claim be disallowed on the basis that the Proof of Claim lacks sufficient documentation to substantiate BONY's standing to enforce the Note and Deed of Trust to file the Proof of Claim, that the statute of limitations for BONY to sue Debtor on the Note has expired and the Sale Order did not provide for BONY's lien to attach to the sale proceeds. (See RJN, **Exhibit BB**).

On December 7, 2023, the Court entered an Order of Abandonment abandoning any claims the estate may have against Bank of America, N.A. and BONY related to the Note, Deed of Trust and related to the loan evidenced by the Note and Deed of Trust. (See Docket No. 121).

As Debtor did not commence a lawsuit against BONY within the thirty (30) day timeframe in the Sale Order, the Trustee is authorized to make further disbursements to BONY in an amount sufficient to pay off its lien under the Deed of Trust.

### III. STATEMENT OF LAW ON PRIMA FACIE VALIDITY OF PROOF OF CLAIM

A Proof of Claim, if filed in accordance with Section 501 and the pertinent Bankruptcy

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

1  Rules, constitutes prima facie evidence of the validity and amount of the claim pursuant to

2  Federal Rule of Bankruptcy Procedure 3001(f) and Section 502(a).  (In re Consolidated Pioneer

3  Mortg., 178 B.R. 222 (9th Cir. BAP 1995).

4       After an objection is raised, the objecting party bears the burden of going forward to

5  produce evidence sufficient to negate the prima facie validity of the filed claim.  In re Allegheny

6  Intern. Inc., 954 F.2d 167, 173 (3rd Cir. 1992). The objecting party then has the burden of

7  presenting additional sufficient evidence to "defeat the claim by probative force equal to that of

8  the allegations of the proofs of claim themselves."  In re Rally Partners, LP, 308 B.R. 165,168-

9  169 (Bankr. E.D. Tex. 2003).  If the objecting party produces evidence sufficient to negate the

10  validity of the claim, the ultimate burden of persuasion remains on the claimant to demonstrate

11  by a preponderance of the evidence that the claim deserves to share in the distribution of the

12  debtor's assets.  Allegheny, 954 F.2d at 174; In re Holm, 931 F.2d 620, 623; 3 Lawrence P. King,

13  Collier on Bankruptcy § 502.02, at 502-22 (15th Ed. 1993).

14       In this case, Debtor challenges the adequacy of the documentation attached to the Proof

15  of Claim for purposes of establishing BONY's right to enforce the Note and Deed of Trust with

16  standing to file the Proof of Claim. Given Debtor's accusations regarding the adequacy of the

17  documentation included in the Proof of Claim and questions regarding the basis for including

18  certain documents, it is worth noting that the record reflects that the Proof of Claim was filed in

19  accordance with Federal Rule of Bankruptcy Procedure 3001. More specifically, the Proof of

20  Claim was: (1) filed on the Court's Official B10 Form, as required by Rule 3001(a); (2) executed

21  by BONY's authorized agent (i.e., its counsel), thereby satisfying Rule 3001(b); (3) accompanied

22  by a duplicate of the writing on which the Proof of Claim is based (i.e., the Note) in accordance

23  with Rule 3001(c)(1); and (4) accompanied by evidence that BONY's security interest in the

24  Property has been perfected (i.e., a copy of the recorded Deed of Trust), thereby satisfying Rule

25  3001(d). In addition, the Proof of Claim includes an itemized statement outlining principal,

26  interest, fees, expenses and an escrow analysis, satisfying Rule 3001(c)(2). Since the Proof of

27  Claim was filed in accordance with Rule 3001, it constitutes *prima facie* evidence of both the

28  validity and amount of the claim. See Fed. R. Bankr. P. 3001(f). In this Opposition and the

supporting declarations and request for judicial notice filed concurrently therewith, BONY has introduced additional evidence in support of its status as the note holder and beneficiary with a right to file a proof of claim in Debtor's case and a right to the sale proceeds from the Property to be distributed by the Trustee. In addition, BONY has provided evidence that it is not time barred from filing a proof of claim and that, contrary to Debtor's contentions, BONY's lien attached to the sale proceeds following the sale of the Property and it is entitled to payment of those proceeds up to the amount owing on its Deed of Trust. Accordingly, while the evidence presented by Debtor is not sufficient to negate the prima facie validity of BONY's Proof of Claim, based on the additional evidence provided via declaration substantiating BONY's status as the note holder and beneficiary of the Deed of Trust and the explanation addressing Debtor's arguments raised in the Claim Objection regarding the statute of limitations and attachment of BONY's lien to the sale proceeds, the Claim Objection should be overruled and the Proof of Claim allowed to the extent necessary for the Trustee to make the remaining payment distributions from the sale proceeds of the Property up to the amount required to pay off BONY's Deed of Trust. Alternatively, to the extent the Court determines the Proof of Claim does not need to be allowed in order for the Trustee to make further disbursements from the sale proceeds to BONY up to the payoff amount owing under the Deed of Trust, that the order disallowing the Proof of Claim reflect the same.

## IV. <u>ARGUMENT</u>

**A. AN OBJECTION TO BONY'S PROOF OF CLAIM IS NOT THE APPROPRIATE PROCEDURAL MECHANISM TO PREVENT FURTHER DISBURSEMENTS OF THE PROPERTY SALE PROCEEDS TO BONY AND DEBTOR LACKS STANDING TO OBJECT TO BONY'S PROOF OF CLAIM**

As an initial matter, it is notable that Debtor's case previously converted from one under Chapter 11 of the Code to one under Chapter 7. The Proof of Claim filed by BONY reflects a fully secured claim which would not otherwise be entitled to payment in a chapter 7 but for the fact that the Trustee liquidated property of the estate on which BONY held a valid first priority lien pursuant to its Deed of Trust. As beneficiary of record which held a lien on the sale proceeds

pursuant to its Deed of Trust, BONY was entitled to receive distributions from the sale proceeds up to the amount of its lien regardless of whether it filed a proof of claim in Debtor's bankruptcy case. In other words, even in the event BONY's Proof of Claim were to be disallowed, in the absence of an injunction or an order from an adversary proceeding expressly preventing the Trustee from disbursing the sale proceeds to pay off BONY's lien, BONY is entitled to receive the sale proceeds up to the amount of its lien pursuant to the Deed of Trust. *See* <u>In re Coy</u> (C.D.Cal. 2016) 552. B.R. 552 B.R. 199, 206 ("Moreover, the Federal Rules of Bankruptcy Procedure provide that any determination of the validity, priority, or extent of a lien requires an adversary proceeding. Fed. R. Bankr. P. 7001(2)").   For this reason, to the extent the relief sought by Debtor is an order restricting the Trustee from disbursing additional sale proceeds to BONY in order to pay off its lien, filing an objection to BONY's proof of claim is not the procedural mechanism to achieve this goal. Furthermore, given that the estate's liabilities exceed its assets and Debtor has demonstrated no possibility of being paid a surplus, Debtor has no pecuniary interest in the outcome of the Claim Objection and therefore lacks standing to object to BONY's Proof of Claim. Generally, in order to have standing in a bankruptcy case, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings. *See* <u>In Re Moss</u>, 320 B.R. 143, 149, (Bankr. E.D Mich. 2005). One rule that follows from this "pecuniary interest" standard is that an insolvent Chapter 7 debtor generally does not have standing to object to claims. <u>Id</u>.   "In fact, almost every court that has dealt with the issue of a chapter 7 debtor's standing to object, has held that unless there is going to be a surplus, debtors do not have standing to object to a proof of claim. <u>United States v. Jones</u>, 260 B.R. 415, 418 (E.D. Mich. 2000). For these reasons, the Court should overrule the Claim Objection. However, assuming arguendo the Court determines Debtor does have standing to object to the Proof of Claim notwithstanding the conversion to a Chapter 7 and is still willing to consider the merits of the Claim Objection even in the event the allowance of the Proof of Claim may have no impact on the Trustee's ability to make disbursements owing under BONY's Deed of Trust, BONY submits its opposition to the Claim Objection to address the arguments raised by Debtor.

/././

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

**B. DEBTOR IS COLLATERALLY ESTOPPED FROM RELITIGATING ISSUES RELATING TO LACK OF STANDING TO ENFORCE THE NOTE AND DEED OF TRUST THAT WERE PREVIOUSLY RESOLVED BY FINAL JUDGMENT**

Issue preclusion bars relitigation of an issue if four elements are met: "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the final judgment." In re Cass, No. ADV 12-1235-RK, 2013 WL 1459272, at *10 (B.A.P. 9th Cir. Apr. 11, 2013), aff'd, 606 F. App'x 318 (9th Cir. 2015) (citing In re Berr, 172 B.R. 299, 306 (B.A.P. 9th Cir. 1994)).

Here, Debtor previously commenced an adversary proceeding in bankruptcy case number 8:09-bk-11124-TA by filing a Complaint to Quiet Title and Seeking Monetary Damages, Statutory Damages, Punitive Damages, Injunctive Relief, and Declaration Relief ("Adversary Complaint") against MERS, Countrywide, Countrywide Home Loans Servicing, L.P., and Wells Fargo Document Custody. In the Adversary Complaint, Debtor challenged the ability of any of the defendants from enforcing the Note either judicially or non-judicially on the basis that none of them qualified as note holders and seeking declaratory relief that defendants cannot foreclose judicially or non-judicially on this basis and have no enforceable lien against the Property. (See RJN, **Exhibit E**, pp. 8, 9, 13). Defendants filed a Motion to Dismiss the Adversary Complaint and the parties subsequently filed a Joint Stipulation and Motion for Dismissal of Action whereby the parties agreed to dismissal of all claims **with prejudice** which was approved by the Court. (See RJN, **Exhibit F**).

Subsequently, Debtor filed a Second Amended Complaint for: (1) Violation of § 2923.6; (2) Negligence; (3) Unfair Business Practices, B&P Code § 17200 et seq; and (4) Request for Declaratory Relief ("2nd Amended Complaint") in the Superior Court of California, County of Orange, whereby Debtor sought to challenge, amongst other things, BONY's status as the Note holder and ability to enforce the Note due to the statute of limitations having passed and the validity of the Assignments of the Deed of Trust to BONY. (See RJN, **Exhibit M**, pp. 17-18). BONY filed a Motion for Summary Judgment, or in the Alternative, Summary Adjudication on

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

Plaintiff's Second Amended Complaint and on November 21, 2019, the Court entered judgment ("Judgment") in favor of BONY and the other defendants and ordered Debtor is to recover nothing from the defendants. Debtor appealed the Judgment and that dismissal was upheld at the California Court of Appeal. (See RJN, **Exhibits O, P**). Based on the foregoing history, Debtor is collaterally estopped from attempting to relitigate issues regarding BONY's status as the Note holder, the validity of the Assignments of Deed of Trust and the statute of limitations applicable to enforcement of the Note.

**C.   BONY HAS STANDING TO FILE A PROOF OF CLAIM BASED ON ITS STATUS AS THE NOTE HOLDER AND IS ALSO THE BENEFICIARY OF RECORD ENTITLED TO ENFORCE THE DEED OF TRUST**

As previously discussed, the primary basis for the Claim Objection is that the documents attached in support of the Proof of Claim fail to establish BONY's status as the Note holder and beneficiary entitled to enforce the Note and Deed of Trust and, therefore, its Proof of Claim should be disallowed in its entirety. Specifically, Debtor questions the adequacy of the Note, Deed of Trust and Assignments of Deed of Trust attached to the Proof of Claim as evidence of BONY's standing to enforce the Note and Deed of Trust and cites the absence of a supporting declaration or further explanation as to how the documents attached to the Proof of Claim support BONY's right to enforce the Note and Deed of Trust. (See RJN, **Exhibit BB**, pp. 2-4). Debtor's arguments in the Claim Objection are premised on a fundamental misunderstanding regarding what is required in order to be a note holder and beneficiary under applicable California state law. For the reasons explained in greater detail below, which are further substantiated by the supporting declaration filed concurrently with this Opposition, BONY was entitled to file the Proof of Claim based on its status as the note holder and also qualifies as the beneficiary of record entitled to the enforce the provisions of the Deed of Trust regarding the Property and the proceeds from the sale of the Property.

1. BONY IS Entitled to Enforce the Note and Therefore Has Standing to File a Proof of Claim

In bankruptcy proceedings, state substantive law controls the rights of note and

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

lienholders. *See* United States v. Butner, 440 U.S. 48, 54-55 (1979)(nature and extent of property interests in bankruptcy are determined by applicable state law). Therefore, one must look to California law to determine whether BONY has a "right to payment" under the Note which would provide standing to file a proof of claim. California has adopted the provisions of the Uniform Commercial Code which are codified as the California Commercial Code. California Commercial Code §3104 defines a negotiable instrument an unconditional promise or order to pay a fixed amount of money, without or without interest or other charges described in the promise or order, if it is all of the following:

> (1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder.
> (2) Is payable on demand or at a definite time.
> (3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

See Cal. Comm. Code §3104(a). A promise or order other than a check is not a negotiable instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this division. See Cal. Comm. Code §3104(d). Based on the aforementioned requirements and absence of any statements on the Note that it is not negotiable or an instrument governed by the California Commercial Code, the Note qualifies as a negotiable instrument.

California Commercial Code §3301 further provides in pertinent part: [The] [p]erson entitled to enforce an instrument means (a) *the holder of the instrument*, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. Cal. Comm. Code §3301 (emphasis added).[1] Section 1201 of the California

---

[1] The California Commercial Code defines "person" as "an individual, corporation, business

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

Commercial Code defines "holder" as the "person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession…" Cal. Comm. Code §1201(a)(21)(a). An instrument is payable to the bearer if it does not state a payee. <u>See</u> Cal Comm. Code § 3109(a)(2). In this case, the Note was originally made payable to the order of Countrywide Home Loans, Inc. ("<u>Countrywide</u>") The payee of an instrument may negotiate it by indorsing it and delivering it to another person, who then becomes its holder. <u>See</u> Cal. Com. Code § 3201. Section 3201 provides, in pertinent part:

> (a)    "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.
>
> (b)    Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

Since the Note was originally made payable to the order of Countrywide, an identified party, in order to negotiate the Note, Countrywide was required to: (1) transfer possession of the Note; and (2) indorse the Note to the transferee <u>or</u> in blank. That is precisely what Countrywide did in this case. More specifically, subsequent to the Debtor's execution of the Note, Countrywide indorsed the Note in blank and BONY, through an authorized agent and/or custodian, is currently in possession of the indorsed in blank Note. (<u>See</u> JM Declaration, ¶6, **Exhibit A**). While the Claim Objection references an indorsement to JPMorgan Chase Bank, N.A., as Trustee, a closer examination of the Note reveals that indorsement was crossed out and voided as a result. (<u>See</u> JM Declaration, ¶5). Accordingly, the only indorsement is from Countrywide in blank. As the "person" in possession of the indorsed in blank Note, BONY qualifies as the "holder" under the California Commercial Code and, thus, is entitled to enforce the instrument as a matter of fact and law. <u>See</u> Cal. Comm. Code §§ 3301, 1201(a)(21)(a). It follows that Creditor has standing to file a Proof of Claim.

<u>2. BONY is the Beneficiary of Record Entitled to Enforce the Deed of Trust</u>

---

trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity." Cal. Comm. Code § 1201(27).

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

Under California law, the deed of trust follows the note it secures. *See* <u>Yvanova v. New</u> <u>Century Mortg. Corp.</u>, 62 Cal. 4th 919, 927 (2016) (deed of trust follows the note it secures even without a separate assignment). California law is also clear that the power of sale under a deed of trust may be exercised by an assignee if the assignment is duly acknowledged and recorded. <u>See</u> Cal. Civ. Code § 2932.5. Here, the Deed of Trust, which was acknowledged and properly recorded in the Official Records of Orange County, California, identifies MERS as the beneficiary acting solely as nominee for the lender Countrywide. (<u>See</u> JM Declaration, **Exhibit B**). The duly recorded Substitution of Trustee and Assignment of Deed of Trust reflects that MERS, as the beneficiary under the Deed of Trust, assigned all beneficiary interest in the Deed of Trust to BONY. (<u>See</u> JM Declaration, **Exhibit C**). Although a Corrective Assignment of Deed of Trust was subsequently prepared and recorded, the verbiage in the Corrective Assignment indicates that it was only being recorded to add the nominee verbiage to the Assignment previously recorded on June 9, 2010 as Instrument No. 2010000269465 (i.e., MERS, as beneficiary, as nominee for Countrywide Home Loans, Inc., its successors and assigns, assigns) and did not change the assignee, which was still identified as BONY (<u>See</u> JM Declaration, **Exhibit C**). As the current beneficiary under (and assignee of) the Deed of Trust, BONY is authorized to enforce the power of sale provisions contained therein. See Cal. Civ. Code § 2924a(1); Cal Civ. Code § 2932.5. Assuming arguendo that BONY were required to demonstrate that it is the assignee of the debt secured by the Deed of Trust (i.e., the Note), it has satisfied its burden.

**D. BONY HOLDS A CLAIM BASED ON ITS RIGHT TO PAYMENT AGAINST THE PROPERTY EVEN TO THE EXTENT IT IS NOT ENTITLED TO ENFORCE DEBTOR'S PERSONAL LIABILITY ON THE NOTE**

Under the Bankruptcy Code, a "claim" may be either a:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

See 11 U.S.C. § 101(5). "Congress intended this language to adopt the broadest definition of 'claim' " and that the " 'right to payment' [means] nothing more or less than an enforceable obligation ..." In re KM Allied of Nampa, 11.2 IBCR 69, 70–71 (Bankr.D.Idaho 2011) (citing Pennsylvania Dept. of Pub. Welfare v. Davenport, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990)). Furthermore, the Code's definition of "claim" under Section 101(5) includes nonrecourse claims because such a creditor "still retain[s] a 'right to payment' in the form of its right to proceeds from the sale of the debtor's property," and the "creditor's surviving right to foreclose on the mortgage can be viewed as a 'right to an equitable remedy' for the debtor's default on the underlying obligation." Id. at 71 (quoting Johnson v. Home State Bank, 501 U.S. at 84, 111 S.Ct. 2150). In other words, a bankruptcy discharge merely extinguishes one mode of enforcing a claim – that is, an action against the debtor in personam – while leaving intact the ability to enforce an action against the debtor in rem. Johnson v. Home State Bank, 501 U.S. 78, 80 (1991). A secured creditor's right to foreclose on a pre-petition lien against a debtor's property survives through the bankruptcy unaffected by the discharge and the surviving mortgage lien in this scenario remains a "claim" against the debtor. Id. at 73-74, 80. Thus, even to the extent BONY is a nonrecourse creditor based on an inability to enforce Debtor's personal liability on the Note, and may only look to its collateral (i.e, the Property at the time the Proof of Claim was filed and currently the sale proceeds from the Property to which its lien attached) for satisfaction of its debt, it holds a valid in rem claim against the Debtor's property which constitutes a claim within the meaning of 11 U.S.C. Section 101(5). Here, Debtor is the owner of the Property and lists the Property in his Schedules. (See Docket No. 11). As such, BONY is entitled to file a proof of claim in Debtor's bankruptcy case based on its claim against the Property and the sale proceeds therefrom.

### E. BONY WAS NOT TIME BARRED FROM FILING A PROOF OF CLAIM NOR FROM RECEIVING PAYMENTS FROM THE SALE OF THE PROPERTY AS THE BENEFICIARY OF RECORD UNDER THE DEED OF TRUST

In the Claim Objection, Debtor argues that BONY is time barred from suing Debtor to

enforce the Note under the four (4) year statute of limitations under California Code of Civil Procedure §337(a) on the basis that Debtor has not made a payment on the Note since September 2007 (See RJN, **Exhibit BB**, pp. 5, 7). First, the correct statute of limitations is six (6) years under the California Commercial Code because the Note is a negotiable instrument and the statute of limitations never expired as it was continuously tolled as a result of Debtor's prior discharge or re-started and/or revived as a result of Debtor's multiple written acknowledgments of the debt. (See Cal. Comm. Code §3118(a); Cal. Code Civ. Proc. §§356, 360). Second and more importantly, even assuming arguendo the aforementioned statute of limitations did expire, its expiration would only limit BONY's right to sue Debtor on the Note and Deed of Trust (i.e., judicial foreclosure) and would not otherwise impair BONY's right to receive sale proceeds from the Property disbursed by the Trustee pursuant to the Motion to Sell and Sale Order.

### 1. Debtor's Prior Chapter 7 Discharge Tolled the Statute of Limitations Period Before it Expired

Section 356 of the California Code of Civil Procedure provides as follows:

> When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the breach.

Debtor received a prior chapter 7 discharge on August 21, 2008. (See RJN, **Exhibit C**). As Debtor executed the Note on March 2, 2005, even assuming there was no subsequent tolling or re-starting of the statute of limitations period based on payments made by Debtor and acknowledgement of the debt, which there was by Debtor's own admission, the six (6) year statute of limitations would not have expired by this time. Since the discharge injunction extinguished Debtor's personal liability prior to the expiration of the statute of limitations, this permanently stayed BONY's ability to commence a judicial foreclosure action to enforce the Note. Accordingly, while BONY is stayed from commencing a judicial action to enforce the Note or Deed of Trust, it is due to the Debtor's prior discharge and not the lapsing of the statute of limitations as suggested by Debtor in the Claim Objection.

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

**2. Debtor's Multiple Acknowledgments of the Debt Since Making the Last Payment Re-Started and/or Revised the Statute of Limitations Period**

Section 360 of the California Code of Civil Procedure provides, in pertinent part:

> No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, <u>unless the same is contained in some writing, signed by the party to be charged thereby</u>, provided that any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time. (emphasis added).

Since allegedly making his last payment on the debt under the Note in September 2007, Debtor has acknowledged the existence of the debt in a signed writing as contemplated by Section 360 of the California Code of Civil Procedure. (See Cal. Civ. Code. Proc. §360). Indeed, it is worth reiterating that despite the lengthy litigation history involving the Subject Loan, Debtor has never actually disputed the *existence* of the debt under the Note but rather disputed *who* is entitled to enforce the Note and Deed of Trust. Despite an ongoing dispute over the rightful party to enforce the Note and Deed of Trust, Debtor acknowledges the debt under penalty of perjury in his sworn bankruptcy schedules filed in prior bankruptcy cases (i.e., Case Nos. 8:08-bk-12163-RK filed in 2008; 8:10-bk-19081-TA filed in 2010, 8:23-bk-10556-TA filed in March 2023) and signing the Note and Deed of Trust that are the basis for the Subject Loan in multiple verified Complaints filed in state court. (See RJN, **Exhibits** B, H, K, M, U, W). In addition, Debtor also submitted a written Request for Mortgage Assistance to Bank of America regarding the Subject Loan on or around November 2016 and even filed a signed declaration under penalty of perjury in support of the Claim Objection in the current case acknowledging signing the Note and Deed of Trust for the Subject Loan and the current existence of the debt but indicating he's been unable to identify to whom payments should be made. (See JM Declaration, **Exhibit E**; RJN, **Exhibit BB**). Accordingly, based on Debtor's multiple express acknowledgements of the debt related to the Note and Deed of Trust which were not only made

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

1   in writing but were frequently made under penalty of perjury, there is both statutory and case law

2   support that the statute of limitations was re-started multiple times and/or revived such that it has

3   not presently expired. (See Cal. Civ. Code. §§ 337, 360; *See also* Western Coal & Min. Co. v.

4   Jones (1946) 27 Cal. 2d 819, 822 ("The statutory rule in respect to the tolling of the statute by a

5   subsequent writing is § 360); Curtis v. Holee, 184 Cal. 726, 195 P. 395, 18 A.L.R. 1024 ("If the

6   grantee acknowledged the existence of the debt in writing with sufficient certainty, that will

7   suffice to take the debt out of the operation of the statute."). t'Bear v. Forman, 359 F. Supp. 3d

8   882, 905-906 (N.D. Cal. 2019). (Under California law, borrower's written acknowledgments

9   were sufficient to restart four-year statute of limitations for lender's claims for breach of

10  promissory notes, where acknowledgments were made prior to the expiration of the limitations

11  period and contained borrower's electronic signature and his acknowledgment of his obligation

12  to pay the notes on lender's demand). Accordingly, the statute of limitations did not time bar

13  BONY from filing its Proof of Claim in the current case.

14
15  3. Expiration of the Statute of limitations Under Cal. Civ. Code Section 337 or Cal.
    Comm. Code Section 3118(a) would Only Time Bar BONY from Suing Debtor under the
    Note and Deed of Trust but would Not Impair BONY's Right to the Sale Proceeds
16  resulting from the Motion to Sell

17  Even assuming the statute of limitations under California Civil Code Section 337 lapsed

18  as argued by Debtor, this would only prevent BONY from bringing suit or initiating a legal

19  proceeding to collect the debt (i.e. suing to enforce Debtor's personal liability on the Note or the

20  Deed of Trust through a judicial foreclosure). See Cal. Civ. Code. §337(d). However, BONY

21  would still have a claim against Debtor's property based on its right to exercise the power of sale

22  clause in the Deed of Trust which is governed by an alternate statute of limitations that permitted

23  the filing of its Proof of Claim. Specifically, California Civil Code Section 882.020, subdivision

24  (a)(1) provides that a power of sale may not be used to enforce a lien after 10 years from the last

25  date fixed for payment, if that date is ascertainable from the recorded evidence of indebtedness

26  which, in this case, would be ten (10) years from the April 1, 2035 maturity date. West's

27  Ann.Cal.Civ.Code §882.020(a). The distinction between the different statutes of limitations is

28

1  relevant because it illustrates that the expiration of the particular statute of limitations that is the

2  basis for the Debtor's Claim Objection (i.e., Cal. Civ. Code. Section 337a) would only extinguish

3  BONY's right to pursue judicial foreclosure. In other words, any applicable time bar imposed by

4  the expiration of the statute of limitations under Section 337a as raised by Debtor in the Claim

5  Objection, would in no way prevent or impair BONY from seeking recovery of the sale proceeds

6  to which its lien attached following the sale of the Property, up to the full amount owing on the

7  Deed of Trust.

8  **F.  BONY'S LIEN ATTACHED TO THE SALE PROCEEDS OF THE PROPERTY**

9  As a final argument, Debtor contends that the Proof of Claim should be disallowed

10  because BONY's lien did not attach to the sale proceeds. The sole basis for Debtor's contention

11  is that Sale Order did not expressly provide for BONY's lien to attach to the sale proceeds

12  following the sale of the Property by the Trustee. Contrary to Debtor's conclusory argument,

13  when a trustee sells a property free and clear of a creditor's lien, that creditor's lien attaches to

14  the sale proceeds. *See* <u>In Re Groves</u>, 652 B.R. 104, 114 (9th Cir. BAP 2023) ("Section 363(f)

15  permits the sale of estate property to be made free and clear of liens and other interests, <u>with any</u>

16  <u>such liens and interests to attach to the proceeds of the sale</u>, if one of several criteria are met. The

17  relevant provisions in this instance were creditor consent <u>or where such interest is in bona fide</u>

18  <u>dispute</u>" (emphasis added)). A sale of the property of the estate free and clear of liens does not

19  impair, divest, void, cancel or destroy any liens of interests, <u>but merely transfers liens or the</u>

20  <u>interests attached to particular property to liquidated proceeds of the sale</u> in the possession of the

21  trustee and the estate and provides for the satisfaction of the liens in order of priority to the

22  extent the proceeds derived from the sale are sufficient to satisfy all valid liens and

23  encumbrances. 11 Norton Bankr. L. & Prac.3d, Fed R. Bankr. P. 6004. Editors' Comment (2013)

24  (emphasis added). *See also* <u>In re Laines</u> 352 B.R. 410, 415 (Bankr. E.D. Va. 2005)(Section

25  363(f) merely permits the sale to go forward. It does not invalidate a lien or adjudicate that a lien

26  does not attach to the property. <u>In fact, the lien, if any, transfers to the proceeds of the</u>

27  <u>sale.</u>)(emphasis added). The case law is consistent with the position of the Trustee in the current

28

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

case that where there is a sale free and clear of liens, the lien(s) attach to the proceeds of the sale by operation of law. (See JD Declaration, ¶4). Indeed, despite the staggered distributions proposed to BONY and the placement of the sale proceeds in a Trust pending the resolution of settlement or litigation with the Debtor, the treatment of BONY's lien in the Motion to Sell is otherwise consistent with a lien attaching to the sale proceeds with the same validity and priority as the Deed of Trust. As such, Debtor's argument that the Proof of Claim should be disallowed on the basis that the Sale Order did not expressly preserve BONY's lien on the sale proceeds is not supported by law and the facts of this case. It follows that the Claim Objection should be overruled.

## V. **CONCLUSION**

Debtor filed the instant Claim Objection following years of meritless and unsuccessful litigation in an effort hinder BONY's efforts to foreclose on the Property despite having admittedly not made a payment since 2007 under the guise of not knowing the correct party to make payments to. The Claim Objection was presumably filed in response to the Sale Order which permitted the Trustee to disburse the payoff balance owing to BONY from the sale of the Property on which it held a valid first priority lien in the event Debtor failed to commence litigation within thirty (30) days entry of the Sale Order. As discussed herein, even assuming the Claim Objection had merit, which it does not, it is not the appropriate procedural mechanism to achieve this purpose and Debtor lacks standing to object to BONY's Proof of Claim. In response to Debtor's allegations challenging BONY's lack of standing to file the Proof of Claim, BONY has filed a supporting declaration further substantiating BONY's status as the note holder and beneficiary entitled to enforce the Note and Deed of Trust with standing to file the Proof of Claim. In addition, BONY has provided an explanation for why the applicable statute of limitations would only prevent BONY from pursuing judicial foreclosure and does not otherwise impair BONY's right to receive payment distributions from the Trustee from the sale proceeds of the Property. Finally, BONY has provided evidence to rebut Debtor's assertions that BONY's lien did not attach to the sale proceeds following the sale of the Property. For all of the foregoing

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

1    reasons, the Claim Objection should be overruled.

2              WHEREFORE, BONY respectfully requests:

3        1.        That Debtor's Claim Objection be overruled; or

4        2.        To the extent the Court is inclined to disallow the Proof of Claim on the grounds

5    that Debtor's case converted to a Chapter 7 and BONY's claim is fully secured by the sale

6    proceeds, that the order disallowing the Proof of Claim clarify that distributions to BONY by the

7    Trustee are limited to the sale proceeds from the Property up to the amount owing to BONY

8    under its Deed of Trust and that BONY shall have no further claim against the estate; and

9        3.        For such other and further relief as this Court deems just and proper.

10   Dated:  December 26, 2023                ALDRIDGE PITE, LLP

11
                                            /s/ *Joseph C. Delmotte*  (SBN 259460)
12                                          Joseph C. Delmotte
                                            Attorneys for *Respondent*/*Secured Creditor* THE
13                                          BANK OF NEW YORK MELLON FKA THE
                                            BANK OF NEW YORK SUCCESSOR TRUSTEE
14                                          TO JPMORGAN CHASE BANK, N.A., AS
                                            TRUSTEE FOR THE BEAR STEARNS ALT-A
15                                          TRUST, MORTGAGE PASS-THROUGH
                                            CERTIFICATES, SERIES 2005-04
16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8880 Rio San Diego Drive, Suite 725  San Diego, CA 92108

A true and correct copy of the foregoing document entitled: **OPPOSITION TO OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____ December 26, 2023 _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.sa.ecf@usdoj.gov

**TRUSTEE:**
Arturo   Cisneros- arturo@mclaw.org

**ATTORNEY FOR DEBTOR:**
David R Haberbush dhaberbush@lbinsolvency.com

**TRUSTEE'S ATTORNEY:**
Nathan F. Smith- nathan@mclaw.org

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____ December 26, 2023 _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Theodor Albert
U.S. Bankruptcy Court  Central District Of California
(Santa Ana)
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

**DEBTOR:**
Jeffrey S Beier
P O Box 7644
Laguna Niguel, CA 92677

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/26/2023 | Lauren Timby | /s/ Lauren Timby |
| *Date* | *Printed name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**