ORIGINAL

1  Brett A. Baer, SBN 212992
   Doan Law Firm, LLP
2  2850 Pio Pico Drive, Suite D
   Carlsbad, CA 92008
3  Phone (760) 450-3333
   Fax (760) 720-6082
4  baerb@doanlaw.com

FILED

MAR 26 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNI.
BY_____ Deputy Cler

5

6  Attorneys for Jeff Beier

7              **UNITED STATES BANKRUPTCY COURT**
        **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

8

9  JEFFREY SCOTT BEIER                )    **Chapter 13**

10                                    )    **Case No: 8:09-bk-11124-TA**
           Plaintiff,                 )
11                                    )    **Adv No:**
   vs.                                )
12                                    )    **COMPLAINT TO**
                                      )    **QUIET TITLE AND**
13 MORTGAGE ELECTRONIC                )    **SEEKING MONETARY**
   REGISTRATION SYSTEMS, INC. (MERS), )    **DAMAGES, STATUTORY**
14 COUNTRYWIDE HOME LOANS, INC.       )    **DAMAGES, PUNITIVE**
   COUNTRYWIDE HOME LOANS             )    **DAMAGES, INJUNCTIVE**
15 SERVICING, L.P., WELLS FARGO       )    **RELIEF, AND DECLARATORY**
   DOCUMENT CUSTODY, and Does 1 thru  )    **RELIEF**
16 50 inclusive.,                     )

17                                    )
           Defendants.                )
18                                    )    **JURY TRIAL DEMANDED**

19  ─────────────────────────────────

20                                **I.**
21                          **INTRODUCTION**

22 1.    JEFFREY SCOTT BEIER ("BEIER") brings this Lawsuit against

23       MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS),

24       COUNTRYWIDE HOME LOANS, INC., ("CHL"), COUNTRYWIDE HOME

25       LOANS SERVICING, L.P.,("CHLS"), WELLS FARGO DOCUMENT

26       CUSTODY ("WF"), and DOES 1 through 50, inclusive, collectively

27       referred to as "Defendants," for its unlawful and unfair collection

28       practices.

                          Page 1 of 14

                                              **Exhibit E**

2.  BEIER seeks actual economic and non-economic damages, punitive damages, statutory damages, attorney fees, costs, injunctive, and declaratory relief.

## II.
## JURISDICTION

3.  Jurisdiction is conferred on this Court pursuant to the provisions of 28 USC 1334 in that this proceeding arises from and is related to the above captioned underlying bankruptcy case under Title 11.

4.  This Court has subject matter jurisdiction to hear this case pursuant to 28 USC 1334 and 28 USC 157(b)(1), (2)(O), respectively.

5.  This matter is primarily a core proceeding under 28 U.S.C. 157 and therefore the Bankruptcy Court has jurisdiction to enter a final order.

6.  Venue lies in this District pursuant to 28 USC 1391(b).

7.  This adversary is proper in that it seeks injunctive, equitable, declaratory, and monetary relief  per FRBP 7001(1),  FRBP 7001(7), and FRBP 7001(9).

## III.
## PARTIES

8.  BEIER, at all times relevant, owns real estate at 10 Tucson, Coto De Caza, CA  92679("Residence").

9.  BEIER is a "debtor" as defined by California Civil Code 1788.2(h) and 11 USC 101(13).

10. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) is a business entity doing business in Orange County, California, and alleges it has a claim against property of the estate as a creditor defined by 11 USC 101(10)(B).

Exhibit E

11.  COUNTRYWIDE HOME LOANS, INC., ("CHL"),is a business entity doing business in Orange County, California, and alleges it has a claim against property of the estate as a creditor defined by 11 USC 101(10)(B).

12.  COUNTRYWIDE HOME LOANS SERVICING, L.P.,("CHLS"), is a business entity doing business in Orange County, California, and alleges it has a claim against property of the estate as a creditor defined by 11 USC 101(10)(B).

13.  WELLS FARGO DOCUMENT CUSTODY ("WF") is a business entity doing business in Orange County, California, and alleges it has a claim against property of the estate as a creditor defined by 11 USC 101(10)(B).

14.  The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 50, inclusive, are unknown to BEIER, who therefore sue these Defendants by such fictitious names.  BEIER is informed, believes, and allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, dual agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. BEIER requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

15.  The purported debt which Defendants attempted to collect from BEIER was a "consumer debt" as defined by California Civil Code §1788.2(f),

Exhibit E

California Civil Code §1788.2(d), 11 USC 101(8), and 15 USC §
1692a(5)

16.  Defendants are "debt collectors" as defined by California Civil Code
1788.2(c) and 15 USC 1692.

## IV.
## FACTS

17.  On or about March 2, 2005, BEIER executed an Adjustable Rate Note
to Countrywide Home Loans, Inc.  That same date, BEIER executed a
Deed of Trust to Countrywide Home Loans, Inc. to act as security to
the Note.

18.  The Note has never been endorsed or negotiated.

19.  The Note was eventually sold and securitized into a pool with other
loans.

20.  The underlying personal obligation was eventually discharged in a
Chapter 7 Bankruptcy in 2008.

21.  On or about May 12, 2008, MERS attempted to obtain relief of stay in
the prior Bankruptcy Case No 8:08-12163-RK to pursue the residence.

22.  The relief of stay was opposed by BEIER.

23.  Throughout the stay litigation, MERS was never able to provide BEIER
any evidence it had the ability to seek relief of stay.

24.  In or about August, 2008, BEIER retained Doan Law Firm, LLP, to
investigate the proprieties and enforceability of the underlying Note.

25.  On August 25, 2008, DOAN LAW FIRM, LLP notified RECONTRUST
COMPANY (agent to CHL), of Law Firm representation and that BEIER
contested the enforceability of the Note.

26.  On August 27, 2008, DOAN LAW FIRM, LLP notified CHL of Law Firm
representation and contested the enforceability of the Note.

Exhibit E

27. On September 9, 2008, DOAN LAW FIRM, LLP advised CHL that litigation would commence unless the enforceability of the Note was resolved.

28. The September 9, 2008 correspondence was again faxed to CHL on 9/10/08 and 9/23/08.

29. CHL never responded.

30. BEIER, through counsel, has made numerous requests that Defendants produce the original Note.

31. BEIER, through counsel, has made numerous requests that Defendants provide the name and address of the Owner of the Note.

32. BEIER, through counsel, has made numerous requests that Defendants provide the name and address of the Holder of the Note.

33. Notwithstanding multiple relief of stay hearings, the inability to provide proof of the ability to foreclose, and the lack of response to counsel, BEIER purposely stipulated to a limited relief of stay provided proof of the ability to foreclosure was provided to BEIER within 30 days.

34. On November 17, 2008, an order for Relief of Stay was entered, conditional only if MERS disclosed **"the identity of the note holder to the Debtor and provide documentation that it holds the note within thirty days of entry of the Order."**

35. For the next thirty days, numerous correspondence took place between BEIER's counsel and MERS' counsel, demanding compliance with the Court Order to avoid an Order to Show Cause from being filed.

36. The thirty days expired on December 17, 2008 and MERS failed to comply with the Court Order.

37. On December 18, 2008 counsel for CHL then sent counsel for BEIER a quick letter alleging that WF was the note holder. Strangely, counsel

Exhibit E

for CHL also referred to a "medication proposal" as well, which remains unexplained to date.

38. No other documentation was provided that WF holds the note as required by the Court Order.

39. Counsel for BEIER noted the deficiency to Counsel for CHL, who ignored the same.

40. MERS then instituted non-judicial foreclosure proceedings in direct violation of the Court Order dated November 17, 2008.

41. As of the filing of this complaint, Defendants refuse to provide documentation that they hold the note per the Bankruptcy Court Order dated November 17, 2008.

42. Defendants refuse to produce the original Note.

43. Defendants refuse to produce the name and address of the Owner of the Note.

44. Defendants refuse to produce the name and address of the Holder of the Note.

45. Upon information and belief, BEIER alleges that MERS, CHL, CHLS, and WF do not possess the note.

46. Upon information and belief, BEIER alleges that MERS, CHL, CHLS, and WF do not know who possesses the Note.

47. Upon information and belief, BEIER alleges that MERS, CHL, CHLS, and WF do not own the Note.

48. Upon information and belief, BEIER alleges that MERS, CHL, CHLS, and WF do not know who owns the Note.

49. Upon information and belief, BEIER alleges that MERS, CHL, CHLS, and WF do not know who are the Holders of the Note.

50. Upon information and belief, BEIER alleges that MERS, CHL, CHLS, and WF are not the Holders of the Note.

Exhibit E

51. Upon information and belief, BEIER alleges that MERS, CHL, CHLS, and WF have no contractual relationship with Beier.

52. For all intents and purposes, the Note has been destroyed and is no longer enforceable.

53. Notwithstanding the forgoing, MERS, CHL, CHLS, and WF are unlawfully attempting to conduct a non-judicial foreclosure on BEIER's Residence in an attempt to collect on the Trust Deed associated with the Note.

## V.
## SEVEN (7) CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### QUIET TITLE

54. BEIER realleges and incorporates by reference the above paragraphs as though set forth fully herein.

55. BEIER was possessed of his property within five years of the commencement of this action.

56. BEIER is seeking to quiet title against the claims of Defendants.

57. Defendants can not legally enforce the Note.

58. Defendants can not legally enforce any accessory deed of trust to the Note.

59. Defendants' claims are without any right whatsoever and such Defendants have no right, title, estate, lien, or interest whatsoever in the above-described property or any part thereof.

60. BEIER seeks to quiet title commencing with the date that Defendants erroneously asserted their rights to enforce the Note against BEIER, such date to be established at trial.

Exhibit E

### SECOND CAUSE OF ACTION:
### INABILITY TO ENFORCE THE NOTE
### JUDICIALLY OR NON-JUDICIALLY
### CAL COM CODE 3301

61. BEIER realleges and incorporates by reference the above paragraphs as though set forth fully herein.

62. The Note is a negotiable instrument pursuant to California Commercial Code 3104(a).

63. A note is personal property and the deed of trust securing a note is a mere incident of the debt it secures, with no separable ascertainable market value. Ca Civ Code 657, 663. Kirby v. Palos Verdes Escrow Co. 183 Cal. App. 3d 57, 62.

64. A fundamental feature of negotiable instruments is that they are transferred by the **delivery of possession**, not by contract or assignment. In re Kang Jin Hwang, 396 B.R. 757.

65. The right to enforce a negotiable instrument such as a Note is only transferable by delivery of the instrument itself. California Commercial Code § 3203.

66. *"A mortgagee's purported assignment of the mortgage without an assignment of the debt which is secured is a legal nullity."* Kelley v. Upshaw (1952) 39 Cal 2d 179, 246 P2d 23, 1952 Cal LEXIS 248.

67. California Commercial Code § 3301 only allows enforcement of the Note by possession, either as a holder or nonholder in possession with holder rights:

*"Person entitled to enforce" an instrument means*
    *(a)   the **holder** of the instrument,*
    *(b)   a **nonholder in possession** of the instrument who has the **rights of a holder**, or*
    *(c)   a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.*

Exhibit E

68. **Defendants are not holders of the Note**.

69. **Defendants are not  nonholders in possession of the Note with holder rights.**

70. **Defendants are not in possession of the instrument with the ability to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418.**

71. Defendants have no enforceable right to enforce the Note pursuant to California Commercial Code 3301.

72. California Code of Civil Procedure 725(a) and 726 provide for judicial foreclosures, where as California Civil Code 2924, et seq, provides for non-judicial foreclosures.

73. Defendants are unable to proceed with a judicial foreclosure under California Code of Civil Procedure 726 since they lack the ability to enforce the underlying Note.

74. Defendants are unable to proceed with a non-judicial foreclosure since their inability to enforce the note can not trigger any "breach of the obligation" per California Civil Code 2924(a).

75. BEIER is entitled to Declaratory Relief finding that the Defendants can not comply with Commercial Code 3301 and likewise can not foreclose judicially or non-judicially.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF RFDCPA**
**CAL CIV CODE § 1788.17**

76. BEIER realleges and incorporates by reference the above paragraphs as though set forth fully herein.

77. California Civil Code Section § 1788.17 requires that Defendants comply with the provisions of 15 USC § 1692, with a few exceptions not relevant here.

Exhibit E

78. 15 U.S.C. § 1692f(6) provides the following acts are unlawful;

*Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—*

> *(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;*

79. 15 U.S.C. § 1692f(1) provides the following acts are unlawful;

*The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

80. Defendants attempts to foreclose on BEIER's residence violated 15 U.S.C.§ 1692(f)(6) and § 1692(f)(1).

81. The foregoing violations of 15 USC § 1692(f)(6) and § 1692(f)1 by Defendants result in violations of California Civil Code Section § 1788.17.

82. The forgoing acts by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section § 1788.30(b), and trigger multiple $1,000.00 penalties.

83. California Civil Code Section 1788.17 provides that Defendants are subject to the remedies of 15 USC § 1692(k) for failing to comply with the provisions of 15 USC § 1692(f)(6) and § 1692(f)1.

84. The forgoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 USC § 1692, which trigger additional damages of $1,000.00 under 15 USC § 1692(k)(a)(2)(A).

Exhibit E

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF FDCPA**
**15 USC 1692**

85. BEIER realleges and incorporates by reference the above paragraphs as though set forth fully herein.

86. 15 U.S.C. § 1692f(6) provides the following acts are unlawful; *Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—*

    (A) *there is no present right to possession of the property claimed as collateral through an enforceable security interest;*

87. 15 U.S.C. § 1692f(1) provides the following acts are unlawful; *The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

88. Defendants attempts to foreclose on BEIER's residence violated 15 U.S.C.§ 1692(f)(6) and § 1692(f)(1).

89. Defendants are subject to the remedies of 15 USC § 1692(k) for failing to comply with the provisions of 15 USC § 1692(f)(6) and § 1692(f)1.

90. The forgoing acts by Defendants were intentional, persistent, frequent, and devious violations of 15 USC § 1692, which trigger damages of $1,000.00 under 15 USC § 1692(k)(a)(2)(A).

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF CIVIL CODE §1708**

91. BEIER realleges and incorporates by reference the above paragraphs as though set forth fully herein.

92. California Civil Code 1708 provides "every person is bound, without

Exhibit E

1    contract, to abstain from injuring the person or property of another, or

2    infringing upon any of his or her rights."

3  93.  BEIER has suffered and will continue to suffer damages as a result of an

4    illegal, fraudulent, or wilfully attempted foreclosure of his Residence.

### SIXTH CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA CIVIL CODE § 1785.25(a)

8  94.  BEIER realleges and incorporates by reference the above paragraphs as

9    though set forth fully herein.

10  95.  California Civil Code §1785.25(a) prohibits any person from furnishing

11    information to a credit reporting bureau that such person knows or should

12    know is incomplete or inaccurate.

13  96.  California Civil Code §1785.25(a) provides:

14    *"A person shall not furnish information on a specific transaction or*

15    *experience to any consumer credit reporting agency if the person knows*

16    *or should know the information is incomplete or inaccurate."*

17  97.  BEIER alleges that Defendants intentionally and erroneously reported on

18    a monthly basis that a balance was still owed notwithstanding no balance

19    was owed per CC 3301 and also due to the Chapter 7 discharge.

20  98.  BEIER is entitled to relief for said Defendants' misconduct under California

21    Civil Code §1785.31, including actual damages, court costs, loss of

22    wages, attorneys' fees, pain and suffering, statutory damages of up to

23    $5,000.00 for each monthly act, and injunctive relief.

### SEVENTH CAUSE OF ACTION:
### LIBEL

27  99.  BEIER realleges and incorporates by reference the above paragraphs as

28    though set forth fully herein.

Exhibit E

100. The conduct of Defendants constitutes libel that tends to defame, disparage, and injure BEIER in his business and reputation and has also caused pain and suffering.

101. Such libel has occurred on a continuing basis from improper credit reporting from the date of discharge to present.

102. Such libel has occurred when foreclosure proceedings were published by defendants who have no relationship to BEIER.

103. As a result of Defendants' acts and omissions, BEIER has been injured in an amount yet to be ascertained.

104. The conduct of these Defendants as alleged herein was willful, fraudulent, malicious, and oppressive. As a result, BEIER requests an award of punitive damages.

## VI.
## PRAYERS FOR RELIEF

WHEREFORE, BEIER having set forth the claims for relief against Defendants, respectfully prays that this Court grant the following relief against the Defendants:

1. Quiet title;

2. For a declaration of the rights of the parties relative to BEIER Residence, including a declaration that Defendants have no enforceable lien against BEIER Residence;

3. Actual Economic and Non-Economic Damages;

4. For exemplary and punitive damages;

5. Statutory damages per California Civil Code 1785.31 and 1788.30;

6. Costs and reasonable attorney's fees pursuant to California Civil Code §1717; California Civil Code 1788.30; California Civil Code 1785.31; 15 USC 1692(k); and

Exhibit E

1    7.    For such other and further relief as the Court may deem just and

2    proper.

3

Dated:      March 25, 2009   Respectfully submitted,

4

5                            DOAN LAW FIRM, LLP

6

7                            By:                           

                                      Brett A. Baer,

8                                      Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit E

FORM B104 (08/07)                                                                                     2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Jeffrey Scott Beier | DEFENDANTS<br>Mortgage Electronic Registration Systems, Inc. (MERS),<br>Countrywide Home Loans, Inc., Countrywide Home Loans |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Brett A. Baer, Doan Law Firm LLP<br>2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008<br>(760) 450-3333 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Quiet Title and Seeking Monetary Damages, Statutory Damages, Punitive Damages, Injunctive Relief and Declaratory Relief

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

RECEIVED

MAR 26 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

Exhibit E

FORM B104 (08/07), page 2                                        2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
|---|---|---|
| Jeffrey Scott Beier | | 8:09-bk-11124 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Santa Ana | |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| Jeffrey Scott Beier | Mortgage Electronic Systems, Inc. et al | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District | | |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 3/26/09 | Brett A. Baer |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

# Exhibit E