1 | ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
2 | DOUGLAS C. STASTNY (State Bar No. 269470)
dcs@severson.com
3 | SEVERSON & WERSON
A Professional Corporation
4 | The Atrium
19100 Von Karman Avenue, Suite 700
5 | Irvine, California 92612
Telephone: (949) 442-7110
6 | Facsimile: (949) 442-7118

7 | Attorneys for Defendants
BANK OF AMERICA, N.A.; and THE BANK OF NEW YORK
8 | MELLON fka The Bank of New York Successor Trustee to
JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A
9 | Trust, Mortgage Pass-Through Certificates, Series 2005-4

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/08/2019** at 04:00:00 PM
Clerk of the Superior Court
By Sonya Wilson, Deputy Clerk

10 | **SUPERIOR COURT OF CALIFORNIA**

11 | **COUNTY OF ORANGE — CENTRAL JUSTICE CENTER**

| | |
|---|---|
| 12 · Jeffrey S. Beier,<br><br>13 ·      Plaintiff,<br><br>14 ·     vs.<br><br>15 · Bank of America N.A., Clear Recon Corp.,<br>The Bank Of New York Mellon FKA The<br>16 · Bank Of New York Successor Trustee To JP<br>Morgan Chase Bank, N.A., As Trustee For<br>17 · The Bear Stearns Alt-A Trust, Mortgage Pass-<br>Through Certificates Series 2005-4; and Does<br>18 · 1-50, inclusive,<br><br>19 ·      Defendants. | Case No. 30-2017-00907172-CU-OR-CJC<br>Hon. Layne H. Melzer<br>Dept. C12<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION ON PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:    November 7, 2019<br>Time:   2:00 p.m.<br>Crtrm.:  C12<br>Reservation #:   73081216<br><br>Action Filed:    March 7, 2017<br>Trial Date:     October 21, 2019 |

20

21

22

23

24

25

26

27

28

70000.2998/14924030.1

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Exhibit N

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 8

II.   FACTS ............................................................................................................ 9

    A.    Origination And Servicing ................................................................... 9

    B.    Plaintiff's Default .............................................................................. 10

    C.    2016 Loan Modification Review And Appeal ..................................... 10

III.  LEGAL STANDARD ................................................................................... 11

    A.    The Scope Of Issues Is Defined By The Pleadings ................................ 12

IV.  DEFENDANTS ARE ENTITLED TO SUMMARY
JUDGMENT/ADJUDICATION .................................................................. 12

    A.    Defendants Are Entitled To Judgment On The Civ. Code §2923.6 Claim ............. 12

          1.     The HBOR Does Not Apply To Plaintiff Or The Loan .............................. 13

          2.     BANA's Denial Letter Was HBOR Compliant ........................................ 14

          3.     No Dual Tracking Occurred ....................................................................... 16

          4.     Plaintiff Has No Remedy .......................................................................... 17

    B.    Defendants Are Entitled To Judgment On The Negligence Claim ........................ 18

          1.     Defendants Did Not Owe Plaintiff A Duty Of Care ................................... 18

          2.     BANA Did Not Error In Calculating Plaintiff's Loan Modification
Eligibility ................................................................................................. 19

          3.     Plaintiff Did Appeal, But Provided No New Information To Alter
The Result ................................................................................................ 20

          4.     Defendants Did Not Cause Plaintiff Any Harm .......................................... 21

    C.    Defendants Are Entitled To Judgment On The UCL Claim ................................... 21

          1.     Plaintiff Lacks Standing To Establish A UCL Claim ................................. 22

          2.     Plaintiffs Fail To Establish Any Unlawful Conduct By Defendants .......... 23

          3.     Plaintiff Fails To Establish Any Fraudulent Or Unfair Conduct By
Defendants ............................................................................................... 24

V.   CONCLUSION ............................................................................................ 25

Exhibit N

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4 5

*Aguilar v. Atlantic Richfield Co.*
(2001) 25 Cal.4th at p. 826 .................................................................................................... 11

6

*Cal. Emergency Physicians Med. Group v. Pacificare of Cal.*
(2003) 111 Cal.App.4th 1127 ................................................................................................ 21

7 8

*Cel-Tech Comm., Inc. v. Los Angeles Cellular Telephone Co.*
(1999) 20 Cal.4th 163 ...................................................................................................... 21, 24

9 10

*Chabner v. United of Omaha Life Ins. Co.*
(9th Cir. 2000) 225 F.3d 1042 .............................................................................................. 23

11

*Daro v. Superior Court*
(2007) 151 Cal.App.4th 109 .................................................................................................. 22

12 13

*Farmers Ins. Exch. v. Superior Court*
(1992) 2 **Cal.4th** 377 .............................................................................................................. 22

14 15

**Glenn** K. **Jackson Inc.** v. **Roe**
**(9th** Cir. **2001)** 273 F.3d 1192 ................................................................................................ 23

16

*Government Employees Insurance Company v. Superior Court (Sims)*
**(2000)** 79 **Cal.App.4th** 95 ..................................................................................................... 12

17 18

*Ingels v. Westwood One Broad. Servs., Inc.*
**(2005)** 129 **Cal.App.4th** 1050 .............................................................................................. 21

19 20

*Jamison v. Bank of America, N.A.*
(E.D.Cal.2016) 194 F.Supp.3d 1022 ................................................................................... 22

21

*Khoury v. Maly's of Cal.,*
14 **Cal.App.4th 612 (1993)** .................................................................................................. 22

22 23

*Krantz v. BT Visual Images, L.L.C.*
(2001) 89 Cal.App.4th 164 .................................................................................................... 23

24 25

*Kwikset Corp. v. Superior Court*
(2011) 51 Cal.4th 310 ........................................................................................................... 22

26

*Lazar v. Hertz Corporation*
(1999) 69 Cal.App.4th 1494 .................................................................................................. 11

27 28

*LeWinter v. Genmar Industries, Inc.*
(1994) 26 Cal.App.4th 1214 .................................................................................................. 12

Exhibit N

*Lowe v. California League of Prof. Baseball*
   (1997) 56 Cal.App.4th 112.................................................................................... 12

*Lueras v. BAC Home Loans Servicing, LP*
   (2013) 221 Cal.App.4th 49.................................................................................... 18

*Mass. Mutual Life Ins. Co. v. Super. Ct.*
   (2002) 97 Cal.App.4th 1282................................................................................. 24

*McKell v. Washington Mutual, Inc. et al.*
   (2006) 142 Cal.App.4th 1457............................................................................... 24

*Mitchell v. United National Ins. Co.*
   (2005) 127 Cal.App.4th 547................................................................................. 11

*Nymark v. Heart Fed. Sav. & Loan Assn.*
   (1991) 231 Cal.App.3d 1089................................................................................ 18

*Oaks Management Corp. v. Superior Court*
   (2006) 145 Cal. App. 4th 453............................................................................... 18

*Roth v. Rhodes*
   (1994) 25 Cal.App.4th 530................................................................................... 12

*Rothschild v. Tyco Internat'l (US), Inc.*
   (2000) 83 Cal.App.4th 488................................................................................... 21

*Sanchez v. Swinerton & Walberg*
   (1996) 47 Cal.App.4th 1461................................................................................. 12

*Scheiding v. Dinwiddie*
   (1999) 69 Cal.App.4th 64..................................................................................... 11

*Union Bank v. Superior Court*
   (1995) 31 Cal.App.4th 573................................................................................... 12

*Williams v. Beechnut Nutrition Corp.*
   (1986) 185 Cal.App.3d 135.................................................................................. 18

**Statutes**

Civ. Code §2924.12(b) ........................................................................................... 17

Code of Civ. Proc. §437c(f)(2) & (o)(2) ................................................................ 11

**Other Authorities**

4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 576 ..................................... 18

Exhibit N

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that on November 7, 2019 at 2:00 p.m. in Department C12 of

3    the above-entitled Court, located at 700 Civic Center Drive West, Santa Ana, California 92701,

4    Defendants Bank of America, N.A.'s ("BANA") and THE BANK OF NEW YORK MELLON fka

5    The Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear

6    Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2005-4 **("BONY") (collectively,**

7    **"Defendants") will, and hereby** do, **move the Court, pursuant** to **Code** of **Civil Procedure §437c,**

8    for **summary judgment** in **favor** of **Defendants and against Plaintiff Jeffrey** S. Beier **("Plaintiff")**

9    **with respect** to **each remaining**[1] **cause** of **action asserted against Defendants that** is **set forth** in

10   **Plaintiff's Second Amended Complaint** ("SAC").

11   This motion is made on the grounds that there is no triable issue against Defendants as to

12   any material fact, the action against Defendants has no merit, and that Defendants are entitled to

13   judgment as a matter of law.  This motion is based on this notice of motion and motion, the

14   memorandum of points and authorities, the declaration of Douglas C. Stastny ("Stastny Decl."),

15   the declaration of Arsheen Littlejohn ("Littlejohn Decl."), the request for judicial notice, and any

16   further oral or other evidence presented to the Court at or before the time of hearing on this

17   motion. Defendants are entitled to judgment because the undisputed material facts show that the

18   Homeowner Bill of Rights ("HBOR") is not applicable and Plaintiff establishes no violation if it is

19   applicable, Defendants owed no duty of care, nor breach any duty of care owed to Plaintiff, and

20   that there is no evidence of any unlawful, unfair, or fraudulent conduct or practices by Defendants.

21   Further, for the additional reasons set forth in detail below and in the supporting documents, there

22   is no triable issue of material fact as to any of Plaintiff's causes of action and therefore Defendants

23   are entitled to judgment as a matter of law.

[1] Defendants' demurrer to the fourth cause of action for Declaratory Relief was sustained without leave to amend on February 5, 2018.

Exhibit N

1    In the alternative, if for any reason summary judgment is not granted, Defendants will, and

2    hereby do, move the Court, pursuant Code of Civil Procedure §437c(f)(1) for summary

3    adjudication on the following grounds:

4    1.    Defendants are entitled to judgment on the First Cause of Action for Violation of

5    Civ. Code §2923.6 because the HBOR does not apply to Plaintiff of the Loan.

6    2.    Defendants are entitled to judgment on the First Cause of Action for Violation of

7    Civ. Code §2923.6 because BANA's December 24, 2016 denial letter was HBOR complaint.

8    3.    Defendants are entitled to judgment on the First Cause of Action for Violation of

9    Civ. Code §2923.6 because no dual tracking occurred while Plaintiff's loan modification review or

10   appeal were pending.

11   4.    Defendants are entitled to judgment on the First Cause of Action for Violation of

12   Civ. Code §2923.6 because Plaintiff has no remaining remedy under the HBOR.

13   5.    Defendants are entitled to judgment on the Second Cause of Action for Negligence

14   because Defendants did not owe Plaintiff a duty of care as a matter of law.

15   6.    Defendants are entitled to judgment on the Second Cause of Action for Negligence

16   because BANA did not error in calculating Plaintiff's loan modification eligibility.

17   7.    Defendants are entitled to judgment on the Second Cause of Action for Negligence

18   because Plaintiff was provided the opportunity to appeal the denial, and did appeal, the denial.

19   8.    Defendants are entitled to judgment on the Second Cause of Action for Negligence

20   because Defendants did not proximately or legally cause Plaintiff any harm.

21   9.    Defendants are entitled to judgment on the Third Cause of Action for Violation of

22   Business and Professions Code §17200 because Plaintiff lacks standing to establish a UCL claim.

23   10.    Defendants are entitled to judgment on the Third Cause of Action for Violation of

24   Business and Professions Code §17200 because Plaintiff fails to establish any unlawful conduct by

25   Defendants.

26   11.    BANA is entitled to judgment on the Third Cause of Action for Violation of

27   Business and Professions Code §17200 because Plaintiff fails to establish any unfair conduct by

28   Defendants.

Exhibit N

12.    BANA is entitled to judgment on the Third Cause of Action for Violation of Business and Professions **Code §17200 because Plaintiff fails** to establish any fraudulent conduct by Defendants.

The alternative motion for summary adjudication is made on the ground that there are no triable issues of material fact as to any of the noticed issues/causes of action and thus Defendants are entitled to summary adjudication as a matter of law. The **alternative motion** is **based on this notice** of **motion and motion, the memorandum** of **points and authorities, the Stastny Decl., the Littlejohn Decl., the request for judicial notice, and** any further oral or other evidence presented to the Court at or before the time of hearing on this motion.

DATED:  July 8, 2019

SEVERSON & WERSON
A Professional Corporation


By:  _____
DOUGLAS C. STASTNY

Attorneys for Defendants
BANK OF AMERICA, N.A.; and THE BANK OF
NEW YORK MELLON fka The Bank of New York
Successor Trustee to JPMorgan Chase Bank, N.A., as
Trustee for the Bear Stearns Alt-A Trust, Mortgage
Pass-Through Certificates, Series 2005-4

Exhibit N

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

**Plaintiff obtained** a $1,470,000 refinance loan from Countrywide Home Loans, Inc. in March 2005 secured by the subject property located in lavish Cota De Caza. Plaintiff stopped making mortgage payments in September 2007. Even without payment for nearly 12 years, no foreclosure has taken place.

In November 2016, Plaintiff submitted an application to BANA for a loan modification. At the time, the arrears owed on the loan exceeded $1,000,000. Also, at that time, Plaintiff was not living in the property - having not stepped foot in the United States since September 2016. After considering Plaintiff's application, BANA sent Plaintiff a denial letter on December 24, 2016 notifying him that he did not qualify for a loan modification under any of the available programs. The letter noted that Plaintiff was ineligible for several of the available programs because the unpaid principal balance on the loan was higher than the program limits – in this case Plaintiff's loan amount was nearly double the permitted program limit. For the remaining programs, BANA determined that, even with Plaintiff's hefty $24,307.33 monthly income, an affordable payment could not be created to allow BANA to modify the loan within those programs' limits.

Plaintiff promptly appealed the denial, contending that BANA miscalculated his monthly income – Plaintiff believed it should have been $16,011. However, Plaintiff provided BANA no new information to change the outcome. Plaintiff also failed to comprehend the fact that a lower income of $16,011, as opposed to BANA's $24,307.33 calculation, would have only further disqualified him from loan modification eligibility. Therefore, Plaintiff's entire basis for challenging BANA's calculation of his income is a complete red herring issue that in fact shows that BANA gave Plaintiff an even better chance at qualifying for a loan modification than his own calculation. As a result, Plaintiff's appeal was denied.

Plaintiff brings this action now claiming that BANA violated California's Homeowner Bill of Rights ("HBOR") by not providing him a denial letter in compliance with Civ. Code. §2923.6. Plaintiff also contends that BANA was negligent in handling his application and appeal. Based

Exhibit N

1  upon these failed claims, Plaintiff contends that Defendants violated California's Unfair

2  Competition Law under Bus. & Prof. Code § 17200 ("UCL").

3       Each of Plaintiff's claims are without merit for several overarching reasons. First, each of

4  Plaintiff's claims relies upon a finding that BANA violated the HBOR. However, the HBOR does

5  not apply to Plaintiff or his loan because the property was not "owner-occupied" when the

6  application was submitted, as required by the statute. To the extent HBOR is applicable, which

7  Defendants certainly do no concede, Plaintiff has failed to establish that any violation occurred or

8  that BANA's denial letter or handling of Plaintiff's application and appeal violated any provision

9  of HBOR. Plaintiff is also without any remedy under HBOR because no sale has taken place.

10       Plaintiff's negligence cause of action is without merit both factually and as a matter of law

11  because Defendants owed Plaintiff no duty of care and because Plaintiff fails to establish that

12  **Defendants breached any duty owed** to Plaintiff, or was the **cause** of **any** of **his alleged harm.**

13       **Lastly, Plaintiff's UCL cause** of **action** is **without merit because Plaintiff lacks standing** to

14  bring such a claim, having not lost any money or property, and because Plaintiff fails to establish

15  any unlawful, unfair, or fraudulent conduct or practices by Defendants.

16       As such, because the undisputed material facts show that Defendants are entitled to

17  judgment, Defendants respectfully request that the Court grant summary judgment in favor of

18  Defendants or, in the alternative, summary adjudication to the respective issues addressed below.

19  **II.    FACTS**

20       **A.    Origination And Servicing**

21       On or about March 2, 2005, Plaintiff Jeffrey S. Beier ("Plaintiff") and Toni R. Beier

22  obtained a refinance loan ("Loan") evidenced by a promissory note in the principal amount of

23  $1,470,000.00 ("Note") in favor of Countrywide Home Loans, Inc. ("CHL"). (UMF 1.)[2] The Loan

24  was secured by a Deed of Trust ("DOT") recorded against the real property located at 10 Tuscon,

25  Coto De Caza, CA 92679 ("Property") and executed by Plaintiff. (UMF 2.) The DOT identifies

26  _____

27  [2]    For those facts that are material to the decision of this motion, Defendants will cite to the Separate Statement of Undisputed Material Facts ("UMF"). For other and general background facts, Defendants will cite directly to the supporting evidence or SAC.

28

MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit N

1  Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for CHL,
2  its successors and assigns. (UMF 3.)

3      After origination, **the Loan was serviced** by **Countrywide Home Loans Servicing LP. (UMF**
4  **4.) Effective April 27, 2009, Countrywide** Home Loans Servicing LP **changed** its **name** to BAC
5  Home Loans Servicing, LP. (UMF 5.)  Effective July 1, 2011, BAC Home Loans Servicing, LP
6  merged with and into BANA. (UMF 6.) BANA has serviced the Loan since July 1, 2011 and
7  continues to service the Loan to this date.  (UMF 7.)  On June 9, 2010, a Substitution of Trustee
8  and Assignment of the Deed of Trust was recorded, which assigned the DOT from MERS to The
9  Bank of New York Mellon Fka The Bank of New York As Successor In Interest To JPMorgan
10  Chase Bank, N.A. As Trustee, BSALTA 2005-04 ("BONY").  (UMF 8.)

11      **B.**    **Plaintiff's Default**

12      The last payment Plaintiff made on the Loan was on August 15, 2007. (UMF 9.)  On July 1,
13  2016, the operative Notice of Default ("NOD") was recorded reflecting that Plaintiff was
14  $994,151.37 in arrears under the Loan as of June 30, 2016. (UMF 10.)  On October 18, 2016, a
15  Notice of Trustee's Sale ("NOTS") was recorded, noticing the sale for November 10, 2016.
16  (UMF  11.)  However, the sale did not take place and no sale has occurred to date.  (UMF 12.)

17      **C.**    **2016 Loan Modification Review And Appeal**

18      As of September 2016, Plaintiff has not stepped foot in the United States of America nor the
19  Property and thereby has not occupied the Property. (UMF 13.)  On or about November 1, 2016,
20  Plaintiff submitted financial documentation to BANA for consideration of an application for a loan
21  modification. (UMF 14.)  On or about November 3, 2016, Plaintiff submitted additional financial
22  documentation to BANA. (UMF 15.)  On or about November 5, 2016, BANA mailed Plaintiff a
23  letter advising Plaintiff that additional documentation was necessary for BANA to complete its
24  review of his loan modification application. (UMF 16.)  On or about December 2, 2016, Plaintiff
25  submitted additional documentation to BANA. (UMF 17.)  On or about December 24, 2016,
26  BANA mailed Plaintiff a letter dated December 24, 2016 advising Plaintiff that he did not qualify
27  for a loan modification under any of the available programs. (UMF 18.)

28

MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit N

1    On or about January 23, 2017, Plaintiff submitted an appeal of the December 24, 2016 loan

2  modification denial to BANA. (UMF 19.)  The sole basis of Plaintiff's appeal was BANA's

3  calculation of Plaintiff's income, which Plaintiff believed should have been $16,011, as opposed to

4  BANA's $24,307.33 calculation. (UMF 20.)  On or about January 23, 2017, Plaintiff's counsel also

5  submitted an appeal of the December 24, 2016 loan modification denial to BANA seeking any

6  NPV inputs used in the determination. (UMF 21.)  Neither Plaintiff nor his counsel submitted any

7  new documentation to alter BANA's previous income calculation. (UMF 22.)  In fact, Plaintiff

8  provided the same profit and loss statement that was provided with his initial application. (UMF 19

9  & 22.)  On or **about** February 21, 2017, **BANA mailed Plaintiff** a **letter dated February 21, 2017**

10  **advising Plaintiff that** his **appeal** had been denied. (UMF 23.)  Plaintiff did not submit any new

11  information or documentation that changed the outcome of the previous December 24, 2016 denial

12  and BANA's calculation of Plaintiff's income was correct based upon the information Plaintiff

13  submitted. (UMF 24.)

14    In January 2017, Plaintiff's counsel requested that BANA provide the NPV calculation used

15  for the loan modification review. (UMF 25.)  On March 8, 2017, BANA sent Plaintiff's counsel the

16  requested NPV inputs by email. (UMF 26.)

17  **III.    LEGAL STANDARD**

18    A defendant is entitled to summary judgment if it can show a complete defense to all of

19  plaintiffs' causes of action, or that one or more cause of action elements cannot be established.

20  (See Code of Civ. Proc. §437c(f)(2) & (o)(2); *Scheiding v. Dinwiddie* (1999) 69 Cal.App.4th 64,

21  82-83.)  "A defendant is entitled to summary adjudication if it meets the burden of showing that a

22  cause of action is meritless because one or more elements of the cause of action cannot be

23  established." (*Lazar v. Hertz Corporation* (1999) 69 Cal.App.4th 1494, 1506.) "Once the

24  defendant has made such a showing, the burden shift to the plaintiff to show that a triable issue of

25  one or more material facts exists as to that cause of action..." (*Mitchell v. United National Ins. Co.*

26  (2005) 127 Cal.App.4th 547, 467.) "There is a triable issue of material fact if, and only if, the

27  evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party

28  opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic*

Exhibit N

1    *Richfield Co.* (2001) 25 Cal.4th at p. 826, 850.)  The moving party's evidentiary showing may be

2    made by showing that non-moving party failed to provide discovery responses with evidence to

3    support their claims.  (*Union Bank v. Superior Court* (1995) 31 Cal.App.4th 573, 581, 593.)

4        **A.**    **The Scope Of Issues Is Defined By The Pleadings**

5           The issues to be resolved on summary judgment are defined by the pleadings.  A defendant

6    moving for summary judgment "need only demonstrate the absence of triable issues of **material**

7    **fact** *as to **those bases** of **liability the plaintiff has** pleaded*."  (*Sanchez v. Swinerton & Walberg*

8    (1996) 47 Cal.App.4th 1461, 1465 (emphasis added); see *Lowe v. California League of Prof.*

9    *Baseball* (1997) 56 Cal.App.4th 112, 122.)  A plaintiff cannot avoid summary judgment by

10   resorting to theories that have not been pled.  (See *Government Employees Insurance Company v.*

11   *Superior Court (Sims)* (2000) 79 Cal.App.4th 95, 99 n. 4; *Roth v. Rhodes* (1994) 25 Cal.App.4th

12   530, 541.)  Nor can he "raise new issues of materiality merely by submitting a declaration in

13   opposition to the summary judgment motion."  (*LeWinter v. Genmar Industries, Inc.* (1994) 26

14   Cal.App.4th 1214, 1223.)

15   **IV.**    **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT/ADJUDICATION**

16          The crux of Plaintiff's three remaining claims against Defendants is that Plaintiff disagrees

17   with BANA's denial of his loan modification application.  Plaintiff contends that the denial letter

18   he received was not compliant with the HBOR.  However, the undisputed material facts in this case

19   establish the following facts fatal to Plaintiff's claims: (1) Plaintiff was not occupying the Property

20   and thus the HBOR does not apply; (2) if the HBOR is applicable, BANA's denial letter was

21   compliant; (3) any deficiency in the denial letter was subsequently cured when BANA provided

22   Plaintiff the NPV inputs; and (4) no foreclosure has taken place so Plaintiff has suffered no

23   damages or loss of property and thus has no remedy.  Therefore, the undisputed material facts

24   demonstrate the Defendants are entitled to judgment in this case.

25       **A.**    **Defendants Are Entitled To Judgment On The Civ. Code §2923.6 Claim**

26          Plaintiff's Civ. Code §2923.6 claim is two-fold.  First, Plaintiff contends that BANA's

27   December 24, 2016 denial letter was not compliant with §2923.6 because it: (1) did not provide the

28   NPV inputs BANA used, and (2) did not provide a process by which to appeal the determination.

MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit N

1  (SAC ¶¶67, 71, 79-80.)  Second, Plaintiff contends that dual tracking occurred by BANA

2  postponing the foreclosure sale during the pendency of the review of Plaintiff's loan modification

3  application. (SAC ¶¶64 & 66.)

4         However, Plaintiff's claim fails for four primary reasons: (1) the HBOR does not apply to

5  Plaintiff or the Loan because the Property was not "owner-occupied;" (2) the denial letter was

6  HBOR compliant; (3) postponement of a foreclosure sale does not equate to dual tracking without

7  the recordation of a Notice of Trustee's Sale or a completed foreclosure sale; and (4) Plaintiff is

8  without a remedy because no sale **has taken place and because BANA remedied any** possible

9  violation relating to the NPV inputs.

10         **1.    The HBOR Does Not Apply To Plaintiff Or The Loan**

11         Plaintiff alleges violations of Civ. Code §2923.6[3] of the HBOR.  However, Civ. Code

12  §2924.15 holds that:

13         "(a) Unless otherwise provided, paragraph (5) of subdivision (a) of
           Section 2924, and Sections 2923.5, 2923.55, 2923.6, 2923.7, 2924.9,
14         2924.10, 2924.11, and 2924.18 shall apply only to first lien
           mortgages or deeds of trust that are secured by **owner-occupied**
15         residential real property containing no more than four dwelling units.
           For these purposes, owner-occupied means that the property is the
16         principal residence of the borrower and is security for a loan made
           for personal, family, or household purposes." (Emphasis added.)
17

18  While Plaintiff alleges that he has occupied the property as his primary residence since April 2003[4],

19  at deposition, he admitted that he has not stepped foot in the United States of America, nor the

20  Property, since September 2016 and thereby has not occupied the Property.  Thus, at the time that

21  Plaintiff submitted his loan modification application in November 2016, and all relevant times

22  thereafter, the Property was not owner-occupied. (UMF 13-23.)  Therefore, the HBOR does not

23  apply to Plaintiff or the Loan.  As such, Defendants are entitled to judgment on the §2923.6 claim,

24  _____

25  [3] All references to the HBOR statutes are to the statutes as they existed at the time applicable to the
    SAC, in 2016 and 2017. Numerous of the HBOR statutes at issue sunset and thereby were repealed
26  effective January 1, 2018.

27  [4] SAC ¶8.  Notably, Plaintiff does not allege that the Property contains no more than four dwelling
    units and therefore fails to allege that the HBOR is applicable.
28

Exhibit N

1  as well as the derivative negligence and UCL claims, all of which are dependent upon Plaintiff

2  establishing a HBOR violation.

3             **2.    BANA's Denial Letter Was HBOR Compliant**

4             Plaintiff contends that BANA's December 24, 2016 denial letter was not compliant with

5  §2923.6 because it: (1) did not provide the NPV inputs used, and (2) did not provide a process by

6  which to appeal the determination. (SAC ¶¶67, 71, 79-80.)  Both contentions are without merit.

7             Civ. **Code §2923.6(f) holds that:**

8             **"Following the denial** of a first lien loan modification application, the
   mortgage servicer shall send a written notice to the borrower
9             identifying the reasons for denial, including the following:

10                      (1) The amount of time from the date of the denial letter in
    which the borrower may request an appeal of the denial of the first
11            lien loan modification and instructions regarding how to appeal the
    denial.

12
                       (2) If the denial was based on investor disallowance, the
13            specific reasons for the investor disallowance.

14                      (3) If the denial is the result of a net present value calculation,
    the monthly gross income and property value used to calculate the net
15            present value and a statement that the borrower may obtain all of the
    inputs used in the net present value calculation upon written request
16            to the mortgage servicer.

17                      (4) If applicable, a finding that the borrower was previously
    offered a first lien loan modification and failed to successfully make
18            payments under the terms of the modified loan.

19                      (5) If applicable, a description of other foreclosure prevention
    alternatives for which the borrower may be eligible, and a list of the
20            steps the borrower must take in order to be considered for those
    options. If the mortgage servicer has already approved the borrower
21            for another foreclosure prevention alternative, information necessary
    to complete the foreclosure prevention alternative."

22

23             Plaintiff was determined to not meet the eligibility requirements for five (5) possible loan

24  modification programs:

25             **(1)      Home Affordable Modification Program**

26             **(2)      Hardest Hit Fund – Principal Reduction Program**

27             **(3)      Bank of America Loan Modification Program**

28             **(4)      Bank of America Capitalization Loan Modification Program**

MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit N

(5)    **Home Affordable Modification Tier 2 Program**

For the **(1) Home Affordable Modification Program, (2) Hardest Hit Fund – Principal Reduction Program**, and **(5) Home Affordable Modification Tier 2 Program**, Plaintiff did not meet the basic eligibility rules for those programs due to the fact that the unpaid principal balance on the Loan was higher than the program limits.[5] (UMF 18.)  Because Plaintiff did not meet the basic eligibility rules for those programs, BANA did **not evaluate Plaintiff under any other** of those programs' criteria. (UMF 18.)

For the **(3) Bank of America Loan Modification Program**, the investor for the Loan did not approve a modification because an affordable payment, based upon the financial information provided by Plaintiff, could not be created without changing the terms of the Loan beyond the limits of that program. (UMF 18.)

For the **(4) Bank of America Capitalization Loan Modification Program**, BANA sought to reduce the monthly mortgage payment to equal a target payment that was a specified percentage of Plaintiff's gross monthly income. (UMF 18.)  Because Plaintiff's gross monthly income of $24,307.33 was so low relative to the outstanding amount of the Loan, the portion of the amount of the Loan to which BANA would need to eliminate interest and amortization exceeded the specified percentage of Plaintiff's gross monthly income. (UMF 18.)

Here, BANA's December 24, 2016 denial letter met all applicable criteria under §2923.6(f). As to §2923.6(f)(1), BANA's denial letter stated that if Plaintiff believed that BANA's decision was incorrect, Plaintiff had 30 days from the date of the letter by which to contact BANA and provide any information to show why BANA determination of eligibility was in error. (UMF 18.)

As to §2923.6(f)(2), BANA's denial letter specified that for the **(3) Bank of America Loan Modification Program**, the investor for the Loan did not approve a modification because an affordable payment, based upon the financial information provided by Plaintiff, could not be created without changing the terms of the Loan beyond the limits of that program. (UMF 18.)

---

[5] The unpaid principal balance limit under HAMP for a one-unit property is $729,750.00. (UMF 27.)

MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit N

1    As to §2923.6(f)(3), none of the denials were the result of a NPV calculation, so this

2    subsection is inapplicable. For the **(1) Home Affordable Modification Program, (2) Hardest Hit**

3    **Fund – Principal Reduction Program**, and **(5) Home Affordable Modification Tier 2 Program**,

4    Plaintiff did not meet the basic eligibility rules for those programs due to the fact that the unpaid

5    principal balance on the Loan was higher than the program limits. (UMF 18.)  Because Plaintiff did

6    not meet the basic threshold eligibility rules for those programs, BANA did **not evaluate Plaintiff**

7    **under any other** of those programs' criteria. (UMF 18.)  As such, the denials for those programs

8    were not the result of a NPV calculation, but instead the result of Plaintiff's failure to meet the

9    basic threshold eligibility rules for those programs and thus §2923.6(f)(3) is inapplicable. (UMF

10    18.)

11    Civ. Code §2923.6(f)(4) is inapplicable because there is no evidence Plaintiff previously

12    being offered a loan modification and failing to make payment thereon.

13    Lastly, as to §2923.6(f)(5), BANA's denial letter advised Plaintiff that he was qualified to

14    pursue a short sale and listed the steps Plaintiff was required to take to be considered for that

15    option. (UMF 18.)  Accordingly, BANA's December 24, 2016 denial letter was compliant with

16    each applicable provision of §2923.6(f) and thus Defendants are entitled to judgment.

17    **3.    No Dual Tracking Occurred**

18    Plaintiff contends that dual tracking occurred by BANA's postponement of the foreclosure

19    sale during the pendency of the review of Plaintiff's loan modification application. (SAC ¶¶64 &

20    66.)

21    The relevant portion of Civ. Code §2923.6(c) dealing with dual tracking holds that:

22    "If a borrower submits a complete application for a first lien loan
modification offered by, or through, the borrower's mortgage
23    servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or
authorized agent shall not record a notice of default or notice of sale,
24    or conduct a trustee's sale, while the complete first lien loan
modification application is pending. A mortgage servicer, mortgagee,
25    trustee, beneficiary, or authorized agent shall not record a notice of
default or notice of sale or conduct a trustee's sale until any of the
26    following occurs:

27    (1) The mortgage servicer makes a written determination that
the borrower is not eligible for a first lien loan modification, and any
28    appeal period pursuant to subdivision (d) has expired.

MEMORANDUM OF POINTS AND AUTHORITIES


Exhibit N

1    Here, Plaintiff's allegations run afoul of the statute.  Plaintiff concludes that merely
2  "resetting" or postponing the foreclosure sale date during the pendency of the loan modification
3  review and appeal violated §2923.6(c). (SAC ¶¶ 36, 38, 64 & 66.)   However, §2923.6(c) clearly
4  states that the only violating acts are "record[ing] a notice of default or notice of sale, or conducting
5  a trustee's sale." The operative Notice of Default and Notice of Trustee's Sale were recorded prior
6  to Plaintiff's submission of his loan modification application. (UMF 10-11, 14.) **Defendants did not**
7  **recorded any notice** of default or notice of trustee's sale during the pendency of the loan
8  modification review or during the appeal period. (UMF 30.)  Defendants also did not conduct a
9  trustee's sale. (UMF 12.)  Therefore, Plaintiff fails to establish that Defendants violated §2923.6 by
10  merely postponing the pending foreclosure sale while BANA considered Plaintiff's loan
11  modification application and appeal.

12         **4.    Plaintiff Has No Remedy**

13    Plaintiff's Civ. Code §2923.6 cause of action and Prayer seek damages. (SAC ¶123.)

14    Civ. Code §2924.12(a) holds that if a trustee's deed upon sale has not been recorded, a
15  borrower may only bring an action for injunctive relief to enjoin a material violation of Civ. Code
16  §2923.6, and further any such injunction shall only remain in place until the court determines that
17  the violation has been corrected or remedied.  Damages are only available if a trustee's deed upon
18  sale has been recorded. (Civ. Code §2924.12(b).)

19    Here, Plaintiff is without a remedy considering he does not request, and has not requested,
20  an injunction relating to his §2923.6 claim.  No sale has taken place, so Plaintiff cannot recover
21  damages. (UMF 12.)  Moreover, to the extent that Plaintiff contends that BANA violated
22  §2923.6(f)(3), by not providing him the NPV calculations in its denial letter, Plaintiff received the
23  NPV data through his counsel on March 8, 2017 and thus BANA has remedied any purported
24  violation. (UMF 26.)  As such, Plaintiff has no remedy for his §2923.6 claim and Defendants are
25  entitled to judgment.

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

**Exhibit N**

**B.    Defendants Are Entitled To Judgment On The Negligence Claim**

Plaintiff's negligence cause of action alleges that BANA was negligent in reviewing Plaintiff's loan modification application and calculating his income, and by not providing Plaintiff a means by which to appeal the denial of his application. (SAC ¶¶ 89-92.)

The essential elements of a cause of action for negligence are: (1) the defendant's legal duty of care toward the plaintiff; (2) the defendant's breach of duty—the negligent act or omission; (3) injury to the plaintiff as a result of the breach—proximate or legal cause; and (4) damage to the plaintiff. (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 576, p. 701; *Williams v. Beechnut Nutrition Corp.* (1986) 185 Cal.App.3d 135, 141.)

Here, Plaintiff's negligence claim fails for four primary reasons: (1) Defendants did not owe Plaintiff a duty of care as a matter of law; (2) BANA did not error in calculating Plaintiff's eligibility; (3) Plaintiff did appeal the denial and did not provide any information to change the denial determination; and (4) Defendants did not cause Plaintiff any harm.

**1.    Defendants Did Not Owe Plaintiff A Duty Of Care**

As financial institutions, Defendants owed Plaintiff no duty of care since their involvement in the loan transaction did not exceed the scope of its conventional role as a mere lender of money. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (*Nymark v. Heart Fed. Sav. & Loan Assn.*, (1991) 231 Cal.App.3d 1089, 1096.) Absent "special circumstances" a loan transaction "is at arms-length and there is no fiduciary relationship between the borrower and lender." (*Oaks Management Corp. v. Superior Court* (2006) 145 Cal. App. 4th 453, 466; *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 67 (collecting cases and holding that lender owed borrower no duty of care because "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.").)

Here, Plaintiff fails to allege or establish any special circumstances that would create a duty of care owed to Plaintiff under the circumstances. BANA is the servicer of the Loan on behalf of BONY, who is the assigned beneficiary under the DOT. (UMF 7-8.)  Since the subject loan

Exhibit N

1    modification review falls squarely within the scope of a lending institution's conventional role as a

2    lender of money, Defendants owed Plaintiff no duty of care as a matter of law and thus Plaintiff's

3    negligence claim fails for this reason alone, as a matter of law.

4                          **2.        BANA Did Not Error In Calculating Plaintiff's**

5                                 **Loan Modification Eligibility**

6         Plaintiff contends that BANA failed to properly calculate the NPV inputs for his gross

7    income and failed to provide him a means to correct the valued used. (SAC ¶¶90-92.)

8         As noted above, of the five loan modification programs that Plaintiff was considered for,

9    Plaintiff was found to be ineligible for three of them based solely upon the fact that the unpaid

10   principal balance on the Loan was higher than the program limits [**(1) Home Affordable**

11   **Modification Program, (2) Hardest Hit Fund – Principal Reduction Program**, and **(5) Home**

12   **Affordable Modification Tier 2 Program**].  Because Plaintiff did not meet the basic eligibility

13   rules for those programs, BANA did not evaluate Plaintiff under any other of those programs'

14   criteria and thus the NPV value for Plaintiff's income was not a factor considered, nor any other

15   NPV calculation. (UMF 18.)

16        For the **(3) Bank of America Loan Modification Program** and **(4) Bank of America**

17   **Capitalization Loan Modification Program**, Plaintiff's gross monthly income of $24,307.33 was

18   determined based upon the financial information that Plaintiff provided. (UMF 14 & 18.)  The

19   Profit and Loss Statement Plaintiff provided declared Gross Profit in the amount of $128,881.

20   (UMF 28.)  From that amount, Plaintiff subtracted $13,214 in purported Operating Expenses: Sales

21   and Marketing, and an additional $67,633 in purported Operating Expenses: General and

22   Administrative. (UMF 28.)  By Plaintiff's calculation, removing the stated expenses equated to a

23   three-month income of $48,034; or $16,011 per month. (UMF 28.)  However, BANA's

24   underwriting policies and procedures, as well as industry standards, required the underwriter to add

25   the Operating Expense entries for "Wages and salaries" and "Depreciation" back into Plaintiff's

26   Gross Profit. (UMF 29.)  By excluding these items as expenses, BANA calculated Plaintiff's three-

27   month income at $72,923; or $24,307.33 per month. (UMF 29.)  This is the gross monthly income

28   figure that BANA properly used for determining Plaintiff's loan modification eligibility. (UMF

Exhibit N

1    29.) Since Plaintiff's income was the sole basis of whether or not an affordable payment could be

2    created based upon Plaintiff's financial information, no other NPV inputs were relevant or subject

3    to appeal. (UMF 18.)

4         Moreover, Plaintiff's position utterly lacks reason.  Plaintiff complains that his gross

5    monthly income should have been calculated at $16,011, as opposed to BANA's $24,307.33

6    calculation. (UMF 19-20.)  However, the reason Plaintiff was ineligible for the BANA programs

7    was because even with the higher income amount of $24,307.33, BANA still could not create an

8    affordable payment in light of the severe arrears and loan amount. (UMF 18.)  Thus, using

9    Plaintiff's significantly lower $16,011 monthly income figure would have only further disqualified

10   him from loan modification eligibility.  Therefore, Plaintiff's entire basis for challenging BANA's

11   calculation of his income is a complete red herring issue that in fact shows that BANA gave

12   Plaintiff an even better chance at qualifying for a loan modification than his own calculation.

13        Lastly, while Plaintiff contends that BANA's staff is **not** trained to use its loss mitigation

14   software program, BANA does provide such training and there was no error in how BANA

15   calculated Plaintiff's income here. (UMF 31.)  As such, Plaintiff fails to establish that BANA

16   breached any duty owed to him in calculating his gross monthly income based upon his own

17   financial information.

18        **3.**    **Plaintiff Did Appeal, But Provided No New Information**

19               **To Alter The Result**

20        Plaintiff contends that by not providing him all of the NPV inputs in its denial letter, he was

21   not provided a means to correct the allegedly mistaken income calculation. (SAC ¶¶90-92.)

22        First, Plaintiff did appeal the denial and specifically regarding the calculation of his gross

23   monthly income. (UMF 19.)  In fact, that was the sole basis for his appeal.(UMF 20.)  However, in

24   appealing that calculation Plaintiff merely provided the same Profit and Loss Statement that he

25   submitted with his original application. (UMF 19-20, 22.)  Therefore, Plaintiff did not submit any

26   new information or documentation that changed the outcome of the previous December 24, 2016

27   denial and BANA's calculation of Plaintiff's income was correct based upon the information

28

MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit N

1   Plaintiff submitted. (UMF 24.) As such, Plaintiff fails to establish that BANA breached any duty

2   owed to him regarding the appeal of the loan modification denial.

3               **4.      Defendants Did Not Cause Plaintiff Any Harm**

4               Plaintiff contends that he was damaged because his application was not processed with care

5   and improperly denied. (SAC ¶93.) However, as noted above, there was no error in processing

6   Plaintiff's application. To the extent Plaintiff contends that the denial of his application subjected

7   him to costs to prevent the foreclosure sale, those costs and the threat of foreclosure are the result

8   of Plaintiff's default, not any conduct by Defendants. (UMF 9.) As such, Plaintiff fails to establish

9   that his purported damages were proximately or legally caused by Defendants and thus Defendants

10  are entitled to judgment on the negligence claim.

11          **C.      Defendants Are Entitled To Judgment On The UCL Claim**

12              Plaintiff's third cause of action is for violation of California Bus. & Prof. Code § 17200

13  ("UCL"). Plaintiff contends that Defendants violated the UCL by: (1) failing to record a new Civ.

14  Code §2923.55 declaration with the Notice of Default; (2) miscalculating Plaintiff's income and

15  not providing him NVP inputs; (3) dual tracking; and (4) failing to outline the procedure for

16  appealing the denial of his loan modification application. (SAC ¶¶98-105.)

17              The UCL defines unfair competition as including "any unlawful, unfair or fraudulent

18  business act or practice." (*Cel-Tech Comm., Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20

19  Cal.4th 163, 175.) "Its coverage is sweeping, embracing 'anything that can properly be called a

20  business practice and that at the same time is forbidden by law.'" (*Id.* (citations omitted).) "It

21  governs 'anti-competitive business practices' as well as injuries to consumers. . . ." (*Id.* (citations

22  omitted).) Where a plaintiff cannot state a claim under the "borrowed" law, he or she cannot state a

23  UCL claim either. (*Ingels v. Westwood One Broad. Servs., Inc.*, (2005) 129 Cal.App.4th 1050,

24  1060, ("A defendant cannot be liable under § 17200 for committing unlawful business practices

25  without having violated another law.").) Thus, there must be a violation of a predicate law in order

26  to proceed on a UCL cause of action. (*Cal. Emergency Physicians Med. Group v. Pacificare of Cal.*

27  (2003) 111 Cal.App.4th 1127, 1123; *Rothschild v. Tyco Internat'l (US), Inc.* (2000) 83 Cal.App.4th

28  488, 493-94; *Ingels v. Westwood One Broadcasting Serv. Inc.* (2005) 129 Cal.App.4th 1050, 1060.)

MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit N

1  A business practice or act is unlawful under the UCL only if it violates some other law. (*Farmers*

2  *Ins. Exch. v. Superior Court* (1992) 2 Cal.4th 377, 383; *Khoury v. Maly's of Cal.*, 14 Cal.App.4th

3  612 (1993).) Thus, in order to prevail under the UCL, a plaintiff must establish a violation of some

4  independent law. (*Jamison v. Bank of America, N.A.*, (E.D.Cal.2016) 194 F.Supp.3d 1022.)

5      Here, Plaintiff's claim fails for four primary reasons: (1) Plaintiff lacks standing having

6  suffered no loss of money or property; (2) Plaintiff fails to establish any unlawful conduct; and (3)

7  Plaintiff fails to establish any fraudulent or unfair conduct. Moreover, because both of Plaintiff's

8  predicate causes of action fail, so too does his UCL cause of action because there is no predicate

9  claim upon which to base his UCL claim.

10          **1.    Plaintiff Lacks Standing To Establish A UCL Claim**

11      Plaintiff contends that he has standing to bring a UCL claim "as the result of BANA's

12  failure to calculate its NPV using accurate data inputs for Plaintiff's gross income despite

13  Plaintiff's provision of a full and complete application for loan modification including an accurate

14  gross monthly income value." (SAC ¶99.)

15      Business & Professions Code §17204 limits private standing for a UCL claim to "a person

16  who has *suffered injury in fact* and has *lost money or property* as a *result* of unfair competition."

17  (Italics added.) "To satisfy the narrower standing requirements imposed by Proposition 64, a party

18  must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury in

19  fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*,

20  the unfair business practice or false advertising that is the gravamen of the claim." (*Kwikset*

21  *Corp. v. Superior Court* (2011) 51 Cal.4th 310, 322.) To satisfy the *causation* prong of the

22  standing requirement, a plaintiff must show a "causal connection" between their purported

23  economic injury and the alleged unfair conduct. (*Id.* at 326.) A plaintiff fails to satisfy the

24  statutory causation prong if s/he would have suffered "the same harm whether or not a defendant

25  complied with the law." (*Daro v. Superior Court* (2007) 151 Cal.App.4th 109, 1099.)

26      Here, Plaintiff cannot satisfy the causation prong of the §17204 standing requirements

27  because Plaintiff has not established a loss or deprivation of money or property that was caused by

28  Defendants. No foreclosure sale has taken place and thus title remains in Plaintiff's name. (UMF

MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit N

1   12.) Any money that Plaintiff has paid for legal fees to thwart of stall foreclosure are also

2   inapplicable because the threat of foreclosure is due to Plaintiff's default on the Loan in August

3   2007, which preceded any of the conduct alleged against Defendants. (UMF 9.) Therefore, because

4   of Plaintiff's default, he would have suffered the same threat of foreclosure whether or not

5   Defendants had complied with the law, which Defendants have firmly established that the did

6   comply with the law. Thus, even if Plaintiffs were able to establish any facts indicating

7   Defendants' actions violated at least one of the UCL's three unfair competition prongs (unlawful,

8   unfair, or fraudulent), which he has utterly failed to do so, Plaintiff has not proven that any of the

9   alleged violations have a direct causal link to the foreclosure or any alleged harm Plaintiff suffered.

10  As such, Plaintiff lacks standing to bring a UCL claim and Defendants are entitled to judgment.

11          **2.      Plaintiffs Fail To Establish Any Unlawful Conduct By Defendants**

12          Courts have made it clear that a plaintiff cannot use the UCL to circumvent the failure of a

13  claim to stand on its own merit; it cannot be used as an end-run around the requirements of other

14  statutes. (See *Glenn K. Jackson Inc. v. Roe* (9th Cir. 2001) 273 F.3d 1192, 1203 [dismissing UCL

15  claim where underlying negligence and fraud claims were insufficient as a matter of law].)

16  Moreover, "[a] court may not allow plaintiffs to plead around an absolute bar to relief simply by

17  recasting the cause of action as one for unfair competition." (*Chabner v. United of Omaha Life Ins.*

18  *Co.* (9th Cir. 2000) 225 F.3d 1042, 1048.)

19          Likewise, as §17200 requires an underlying law violation, any defense to the predicate

20  claim is a defense to the alleged UCL violation. (See *Krantz v. BT Visual Images, L.L.C.* (2001) 89

21  Cal.App.4th 164, 178 [the viability of a UCL claim stands or falls with the antecedent substantive

22  causes of action].)

23          Here, the only remaining predicate claims against Defendants are the Civ. Code §2923.6

24  and negligence claims. Since Defendants have established above that both of those claims fail

25  against Defendants, Plaintiff cannot establish any unlawful conduct to support his UCL cause of

26  action. (UMF 9-31.) Moreover, since the HBOR does not even apply to Plaintiff or the Loan, there

27  cannot possibly be any statutory violation to establish unlawful conduct.

28

Exhibit N

1    Plaintiff's contention that BANA was required to record a new Civ. Code §2923.55

2    declaration with the Notice of Default does not salvage this claim. (SAC ¶98.) While Plaintiff

3    alleges that each new Notice of Default that may be recorded requires a new declaration "under

4    current law," no such law exists or is identified by Plaintiff. Section 2923.55 is clear that a

5    mortgage servicer need only satisfy the requirement to contact the borrower, or otherwise satisfy

6    the due diligence requirement before recording a Notice of Default. Nowhere in §2923.55 does it

7    require a servicer to re-satisfy those requirements prior to recording a new Notice of Default.

8    Moreover, Plaintiff admits that BANA satisfied §2923.55 by discussing his financial situation with

9    him and exploring foreclosure avoidance options prior to the date of the Notice of Default

10   declaration. (UMF 32.)    Accordingly, Plaintiff entirely fails to establish any unlawful conduct by

11   Defendants to support his UCL claim.

12          **3.      Plaintiff Fails To Establish Any Fraudulent Or Unfair Conduct**

13                  **By Defendants**

14          Plaintiff relies upon his failed contentions that BANA mishandled his loan modification

15   application in order to try and satisfy the fraud or unfair prongs of the UCL. (SAC ¶¶100-105.)

16          A business practice is considered "fraudulent" within the meaning of §17200 if the "public

17   is likely to be deceived." (*Mass. Mutual Life Ins. Co. v. Super. Ct.* (2002) 97 Cal.App.4th 1282,

18   1290.) "The determination as to whether a business practice is deceptive is based on the likely

19   effect such practice would have on a reasonable consumer." (*McKell v. Washington Mutual, Inc. et*

20   *al.* (2006) 142 Cal.App.4th 1457, 1472.) A business practice is considered "unfair" if it threatens

21   to violate or violates the policy or spirit of an anti-trust law or otherwise significantly threatens or

22   harms competition.  (*Cel-Tech*, at 187.)

23          Here, as firmly established above, BANA did not error in calculating Plaintiff's eligibility

24   or in handling his appeal.  Plaintiff's gross monthly income of $24,307.33 was determined based

25   upon the financial information that Plaintiff provided and in compliance with industry standards.

26   (UMF 29.)  Plaintiff was given an opportunity to appeal the denial and specifically regarding the

27   calculation of his gross monthly income. (UMF 18.)  Plaintiff did appeal the denial. (UMF 19 &

28   21.)  However, in appealing BANA income calculation Plaintiff merely provided the same Profit

MEMORANDUM OF POINTS AND AUTHORITIES

Exhibit N

1 | and Loss Statement that he submitted with his original application. (UMF 22.)  Therefore, Plaintiff

2 | did not submit any new information or documentation that changed the outcome of the previous

3 | December 24, 2016 denial and BANA's calculation of Plaintiff's income was correct based upon

4 | the information Plaintiff submitted. (UMF 24.)  Therefore, Plaintiff has failed to establish that

5 | Defendants are responsible for any underlying act that would support their UCL claim and, as such,

6 | Defendants are entitled to judgment.

7 | **V.    CONCLUSION**

8 | Based upon the foregoing, and the fact that the undisputed material facts show that

9 | Defendants are entitled to judgment, Defendants respectfully request that the Court grant summary

10 | judgment in favor of Defendants or, in the alternative, summary adjudication to the respective

11 | issues address above.

12 |

13 | DATED:  July 8, 2019                    SEVERSON & WERSON
                                             A Professional Corporation

14 |

15 |                                         By:  _____

16 |                                              DOUGLAS C. STASTNY

17 |                                         Attorneys for Defendants
                                             BANK OF AMERICA, N.A.; and THE BANK OF

18 |                                         NEW YORK MELLON fka The Bank of New York
                                             Successor Trustee to JPMorgan Chase Bank, N.A., as

19 |                                         Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-
                                             Through Certificates, Series 2005-4

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

70000.2998/14924030.1                          -25-

Exhibit N

1

## PROOF OF SERVICE

2

At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Orange, State of California. My business address is The Atrium,
3   19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

4          On July 8, 2019, I served true copies of the following document(s): **DEFENDANTS'
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE**
5   **ALTERNATIVE, SUMMARY ADJUDICATION ON PLAINTIFF'S SECOND AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on the
6   interested parties in this action as follows:

7   Sanford Parke                                    Attorney for Plaintiff JEFFREY S. BEIER
Law Offices of Sanford Parke
8   1913 E. 17th Street, Suite 212                   Telephone:    (714) 750-5900
Santa Ana, CA 92705                              Facsimile:    (714) 948-4468
9                                                    Email: ocattorney@pacbell.net

10  ☒   **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection
11      and mailing, following our ordinary business practices. I am readily familiar with
Severson & Werson's practice for collecting and processing correspondence for mailing.
12      On the same day that the correspondence is placed for collection and mailing, it is
deposited in the ordinary course of business with the United States Postal Service, in a
13      sealed envelope with postage fully prepaid.

14  ☐   **BY ELECTRONIC SERVICE:** I electronically served the document(s) described above
via *[Vendor Name], on the recipients designated on the Transaction Receipt located on
15      the *[Vendor Name] website (https://*[Vendor Web Site]) pursuant to the Court Order
establishing the case website and authorizing service of documents.

16
☐   **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx
17      and addressed to the persons at the addresses listed in the Service List. I placed the
envelope or package for collection and overnight delivery at an office or a regularly
18      utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized
by FedEx to receive documents.

19
I declare under penalty of perjury under the laws of the State of California that the
20  foregoing is true and correct.

21      Executed on July 8, 2019, at Irvine, California.

22

23

24                                                   RYAN J. BROOKS

25

26

27

28

70000.2998/14924030.1

PROOF OF SERVICE

Exhibit N