Case 8:23-bk-10898-TA    Doc 127-15    Filed 12/26/23    Entered 12/26/23 17:17:38    Desc Exhibit O - Judgment 30-2017-00907172-CU-OR-CJC    Page 1 of 8

Electronically Received by Superior Court of California, County of Orange, 11/12/2019 08:34:00 AM.
DAVID H. YAMASAKI, Clerk of the Court By Anh Dang, Deputy Clerk. 30-2017-00907172-CU-OR-CJC ROA # 187

```
ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
DOUGLAS C. STASTNY (State Bar No. 269470)
dcs@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendants
BANK OF AMERICA, N.A.; and THE BANK OF NEW YORK
MELLON fka The Bank of New York Successor Trustee to
JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A
Trust, Mortgage Pass-Through Certificates, Series 2005-4
```

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 21 2019

DAVID H. YAMASAKI, Clerk of the Court

BY: _____, DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE — CENTRAL JUSTICE CENTER

| | |
|---|---|
| Jeffrey S. Beier,<br><br>   Plaintiff,<br><br>vs.<br><br>Bank of America N.A., Clear Recon Corp., The Bank Of New York Mellon FKA The Bank Of New York Successor Trustee To JP Morgan Chase Bank, N.A., As Trustee For The Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates Series 2005-4; and Does 1-50, inclusive,<br><br>   Defendants. | Case No. 30-2017-00907172-CU-OR-CJC<br>Hon. Layne H. Melzer<br>Dept. C12<br><br>[PROPOSED] JUDGMENT ~~OF~~ By ~~DISMISSAL~~ Court per CCP §437c<br><br><br>Action Filed: March 7, 2017<br>Trial Date:  December 9, 2019 |

10597.8000/15116775.1

[PROPOSED] JUDGMENT OF DISMISSAL

**Exhibit O**

1  Defendants BANK OF AMERICA, N.A. and THE BANK OF NEW YORK MELLON fka
2  The Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear
3  Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2005-4's (collectively,
4  "Defendants") Motion for Summary Judgment, or in the alternative, summary adjudication, to the
5  Second Amended Complaint came on regularly for hearing on November 7, 2019 at 2:00 p.m. in
6  Department C12 of the above-referenced Court, the Honorable Layne H. Melzer presiding.
7  Douglas C. Stastny appeared on behalf of Defendants. Sanford Parke appeared for Plaintiff
8  Jeffrey S. Beier ("Plaintiff").

9  After full consideration of the evidence, and the written and oral submissions by the
10 parties, the Court finds that there are no triable issues of material fact, and that the Defendants are
11 entitled to judgment as a matter of law for reasons set forth in the Court's Tentative Ruling, which
12 the Court adopted in its entirety, a copy of which is attached hereto as Exhibit A and incorporated
13 by reference herein as if fully set forth herein.

14 Defendants' Motion for Summary Judgment having been GRANTED, and good cause
15 appearing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT judgment is
16 entered in favor of Defendants and against Plaintiff in this matter.

17 ~~IT IS FURTHER ORDERED that Defendants are dismissed from this case with prejudice.~~
18 IT IS FURTHER ORDERED that Plaintiff is to recover nothing from Defendants.

20 **IT IS SO ORDERED.**

22 DATED: 11/21, 2019

Honorable Layne H. Melzer
Superior Court Judge

10597.8000/15116775.1                                    -2-

[PROPOSED] JUDGMENT OF DISMISSAL

Exhibit O

**EXHIBIT "A"**

Exhibit O

Case 8:23-bk-10898-TA    Doc 127-15    Filed 12/26/23    Entered 12/26/23 17:17:38
Desc Exhibit O - Judgment 30-2017-00907172-CU-OR-CJC    Page 4 of 8

Page 1 of 5

| 2 | Beier vs. Bank of America N.A. <br><br> 2017-00907172 | **DEFs Bank of America, N.A.; The Bank of New York Mellon** <br> Motion for Summary Judgment and/or Adjudication <br><br> **A. Motion for Leave to Amend** <br><br> The court hears Plaintiff's ex parte application to shorten time to hear the Motion for Leave to Amend, but denies the Motion for Leave to Amend and all requested continuances. <br><br> As an initial matter, the caption of the Motion appears to be cut and pasted from another case as it identifies purported new causes of action that are not included in the attached Proposed Third Amended Complaint (TAC). There is a disconnect between the Motion and the Proposed TAC. Plaintiff splatters "new facts" in the Motion that do not form the basis for any cause of action in the Proposed TAC. <br><br> The Proposed TAC seeks to allege new cause of action for violation of Civil Code §2923.7, negligent misrepresentation, and fraudulent misrepresentation. <br><br> With regard to the alleged violation of Civil Code §2923.7 for failure to provide a SPOC, Plaintiff has not articulated any new facts. Further, in the original Complaint filed 3/7/19, Plaintiff made this same allegation about not receiving a SPOC. The court sustained the Demurrer to this cause of action in the First Amended Complaint without leave to amend. (ROA 37.) <br><br> With regard to the alleged negligent and intentional misrepresentation claims, the Proposed TAC alleges that Defendant has made representations since at least 2008 that it owns the loan when in fact Wells Fargo owns the loan. (Proposed TAC para. 140). But Plaintiff made these allegations and they have been dismissed. In the fourth cause of action for declaratory relief in the FAC, Plaintiff made this same allegation that Defendant did not own the loan because it was improperly securitized. The court sustained the Demurrer to this cause of action on 8/1/17. Plaintiff then made the same allegations in the Second Amended Complaint. On 2/5/18, the court then sustained the Demurrer to this cause of action without leave to amend. A plaintiff has standing to bring a wrongful foreclosure claim based on an alleged void (as opposed to voidable) loan assignment. But this is expressly limited to postforeclosure challenges. Even if this were postforeclosure, at best the facts how that the transfers are voidable, not void. (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th |


Exhibit O

Case 8:23-bk-10898-TA    Doc 127-15    Filed 12/26/23    Entered 12/26/23 17:17:38
Desc Exhibit O - Judgment 30-2017-00907172-CU-OR-CJC    Page 5 of 8

Page 2 of 5

808, 814-815; *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.)

Here, there are no new facts that constitute a cause of action.

Further, Defendant is highly prejudiced by this eleventh hour request.

"It would be patently unfair to allow [Ps] to defeat [D's] summary judgment motion by allowing them to present a 'moving target' unbounded by the pleadings." [*Melican v. Regents of Univ. of Calif.* (2007) 151 Cal.App.4th 168, 176.]

The court denies the Motion.

### B. **MSJ**

The court grants Defendants' The Bank of New York Mellon and Bank of America, N.A.'s Motion for Summary Judgment as to the three remaining causes of action in Plaintiff Jeffrey S. Beier's Second Amended Complaint for violation of Civil Code § 2923.6, negligence, and unfair business practices.

RJN
The court grants Defendants' Request for Judicial Notice Exhibits A through E.

The court denies Plaintiff's Request for Judicial Notice of Exhibits A through C as irrelevant. Plaintiff argues that BANA does not own the DOT and that the note was improperly securitized. But Plaintiff made these allegations and they have been dismissed.

In the fourth cause of action for declaratory relief in the FAC, Plaintiff made this same allegation that Defendant did not own the loan because it was improperly securitized. The court sustained the Demurrer to this cause of action on 8/1/17. Plaintiff then made the same allegations in the Second Amended Complaint. On 2/5/18, the court sustained the Demurrer to this cause of action without leave to amend.

Evidentiary Objections
Plaintiff asks the court to strike the Declaration of BANA's representative Arsheen Littlejohn (Assistant VP of Bank of America) because her name was not disclosed in discovery. But Defendant does not tell the court when the discovery was propounded. There is no duty in state court to update discovery responses *sua sponte*. (*Biles v. Exxon Mobil Corp.*, (2004) 124 Cal. App. 4th 1315, 1328, there is no duty under California's discovery statutes to amend or


Exhibit O

Case 8:23-bk-10898-TA    Doc 127-15    Filed 12/26/23    Entered 12/26/23 17:17:38
Desc Exhibit O - Judgment 30-2017-00907172-CU-OR-CJC    Page 6 of 8

Page 3 of 5

supplement Interrogatory responses. The responding party need only provide such information as is available at the time the answers are prepared. There is no duty to update or amend the answers either to correct errors or to include new information discovered later.) Plaintiff cites only Federal cases for this proposition, which do not analyze California state discovery rules.

The "evidentiary objections" are included in a document called "Evidentiary Objections to Defendant's Separate Statement of Undisputed Material Facts". This is not an objection to evidence, but rather Separate Statement facts. (See *Hodjat v. State Farm Mutual Automobile Ins. Co.* (2012) 211 Cal.App.4th 1, 9 interposing objections into the separate statement defeats the goal of allowing the trial court to quickly and efficiently determine what particular piece of evidence is admitted and what is not. This is because the separate statement is focused on individual facts, which may be supported by the same or different pieces of evidence. A trial court would be forced to wade through all of the facts in order to rule on a particular piece of evidence.)

Here, while the objections are in a separate document, they are made to separate statement facts, which are supported by more than one piece of evidence. The court therefore denies Plaintiff's objections.

Even if the court were to consider the objections, the court finds that they lack merit. Plaintiff objects to his own RFA admissions as well as its own admissions in his SAC. Moreover, Littlejohn has laid the foundation for the business records exception to any hearsay or lack of personal knowledge objections.

Finally, the court sustains Defendants' objections to the Declaration of Mr. Parke Nos. 1-9. The court will not consider a summary of deposition testimony as evidence.

### A. First Cause of Action for Violation of Civil Code § 2923.6

Defendants have met their burden to show that there was no dual tracking violation. The relevant portion of Civ. Code §2923.6(c) dealing with dual tracking holds that a servicer/trustee cannot "record a notice of default or notice of sale or conduct a trustee's sale until" certain conditions are met. Thus, there is no support for the contention that postponing a trustee's sale constitutes dual tracking.

Case 8:23-bk-10898-TA    Doc 127-15    Filed 12/26/23    Entered 12/26/23 17:17:38
Desc Exhibit O - Judgment 30-2017-00907172-CU-OR-CJC    Page 7 of 8

Page 4 of 5

Further, the court finds that the undisputed facts show that the 12/24/16 letter was HBOR-compliant. Plaintiff is hyper focused on the fact that the Net Present Value (NPV) numbers were never provided (or improperly provided so as to not be discernable). But Defendants have shown that the loan modification application was denied because Plaintiff did not qualify for relief under any of the modification programs because his principal balance exceeded the program limits or because an affordable payment based on Plaintiff's numbers could not be obtained. The letter made this clear.

Further, Section 2923.55 merely requires that a servicer declare that it has satisfied the requirements to contact a borrower to discuss their financial situation prior to recording a NOD. The undisputed facts show that this was accomplished and thus any purported violation stemming from the withdrawal of this recorded notice is not material. Plaintiff testifies that Defendants did not make any effort to contact him in 2014/2015 but he does not indicate his mail or calls was ever forwarded, as he acknowledges that he is out of the country. The Opposition admits that Plaintiff has been on business travel abroad and lives in hotels as he travels from city to city. The Plaintiff has not rented or taken housing that would be considered as semi or permanent. (Opp., 10:9-11.)

The court finds that the undisputed evidence shows no material violation of Section 2923.55. Plaintiff subsequently submitted financial information and was evaluated for a loan modification application.

Finally, Civ. Code §2924.12(a) holds that if a trustee's deed upon sale has not been recorded, a borrower may only bring an action for injunctive relief to enjoin a material violation of Civ. Code §2923.6, and further any such injunction shall only remain in place until the court determines that the violation has been corrected or remedied.

Plaintiff does not ask for injunctive relief here. The court notes that Plaintiff does ask for an injunction in the unfair business practices cause of action but it is not to stop the foreclosure. Instead, it is to stop "Defendant from engaging in unfair business practices..."

Thus, any disputed facts as to occupancy, whether Plaintiff tried to pay his mortgage in 2009, whether NPV are mentioned in the denial letter, or the format of the NPV numbers later provided do not interfere with granting this Motion.

Case 8:23-bk-10898-TA    Doc 127-15    Filed 12/26/23    Entered 12/26/23 17:17:38
Desc Exhibit O - Judgment 30-2017-00907172-CU-OR-CJC    Page 8 of 8

Page 5 of 5

The court notes that Plaintiff's Counsel Parke testifies that the reasons stated in the denial letter as to why the Plaintiff was ineligible for modification programs indicate that a NPV calculation was made. (Parke Decl., ¶4.) Parke's testimony does not create a triable issue of fact in this regard. Plaintiff cites no evidence to show that NPV calculations had to have been made in order to determine that no affordable payment could be achieved based on the Plaintiff's financial information, as he contends.

Further, Plaintiff's demand was for the NPV inputs, not any NPV calculation. (UMF 25.) Which he was provided. (UMF 26.)

Plaintiff has not paid his mortgage in 12 years and has not even attempted to pay his mortgage in 9 years. The sale still has not taken place. The equities here are not in Plaintiff's favor.

### B. Second Cause of Action for Negligence

The court finds that Defendants do not owe Plaintiff a duty of care.

Further, the court finds that even if there were a duty, Defendants have shown that there are no triable issues of fact to dispute that Defendants were not negligent in reviewing Plaintiff's application for a loan modification or in providing him an appeal opportunity.

### C. Third Cause of Action for Unfair Business Practices

This cause of action is defective and thus Defendants are also entitled to summary adjudication of the section 17200 claims that are premised on the HBOR violations. Defendants have shown that there are no unfair, unlawful, or fraudulent acts on which to base this cause of action.

Defendants shall give notice and submit an appropriate order/judgment.

Exhibit O