| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HABERBUSH, LLP<br>DAVID R. HABERBUSH, ESQ., SBN 107190<br>RICHARD A. BROWNSTEIN, ESQ., SBN 70297<br>VANESSA M. HABERBUSH, ESQ., SBN 287044<br>444 West Ocean Boulevard, Suite 1400<br>Long Beach, CA 90802<br>Telephone: (562) 435-3456<br>Facsimile: (562) 435-6335<br>E-mail: dhaberbush@lbinsolvency.com | |
| ☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Jeffrey S. Beier,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:23-bk-10898-TA<br>CHAPTER: 7<br><br>**NOTICE OF OBJECTION TO CLAIM**<br><br>DATE: 01/09/2023<br>TIME: 11:00 am<br>COURTROOM:<br>PLACE: 411 West Fourth Street<br>Suite 5085 / Courtroom 5B<br>Santa Ana, CA 92701 |
|---|---|

1.  TO *(specify claimant and claimant's counsel, if any):* The Bank of New York Mellon FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04, and Counsel of Record

2.  NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #02_____) filed in the above referenced case. The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3.  **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

    **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date: 12/01/2023

HABERBUSH, LLP
Printed name of law firm

_____
Signature

Date Notice Mailed: 12/01/2023

David R. Haberbush
Printed name of attorney for objector

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 1                    F 3007-1.1.NOTICE.OBJ.CLAIM

Exhibit BB

HABERBUSH, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
RICHARD A. BROWNSTEIN, ESQ., SBN 70297
VANESSA M. HABERBUSH, ESQ., SBN 287044
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-mail: dhaberbush@lbinsolvency.com

Attorneys for Debtor Jeffrey S. Beier.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Jeffrey S. Beier,<br><br>       Debtor. | Case No. 8:23-bk-10898-TA<br><br>__Chapter 7__<br><br>**OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04; DECLARATION OF JEFFREY BEIER**<br><br>Request for Judicial Notice Filed Separately<br><br>__Hearing Date__<br>Date:  January 9, 2023<br>Time:  11:00 a.m.<br>Place:  Courtroom 5B<br>         411 West Fourth Street<br>         Santa Ana, CA 92701-4593 |

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Exhibit BB

**OBJECTION**

On July 12, 2023, The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 ("Claimant") filed Proof of Claim 2-1 (the "Proof of Claim"). A true and correct copy of the Proof of Claim is attached to the separately-filed request for judicial notice ("RJN") as Exhibit "A." The Proof of Claim was signed by the attorney for Claimant and consisted of 68 pages of unexplained attachments. No narrative nor declaration explaining the relevance or importance of the attachments was provided. As set forth below, Jeffrey Beier, debtor herein, ("Debtor") hereby objects to the Proof of Claim.

## I.    WHAT IS KNOWN FROM THE PROOF OF CLAIM

By its Proof of Claim, Claimant asserts that it was at the time the Proof of Claim was filed the holder of a $2,786,180.50 claim secured by real property located at 10 Tucson, Coto de Caza Area, California ("Real Property"). In support of its Proof of Claim Claimant attached:

What appears to be an account history with respect to the claim (pages 4-26 of the Proof of Claim);

A statement of Claimants name (page 27 of the Proof of Claim);

A page entitled Proof of Claim Disclosures (page 27 of the Proof of Claim);

What appears to be Escrow Account Summaries created by Bank of America (pages 30-34 of the Proof of Claim);

An Adjustable Rate Note in the principal sum of $1,470,000 dated March 3, 2005 naming Countrywide Home Loans, Inc. ("Countrywide"), as the lender and Jeffrey S. Beier and Toni Beier as borrowers ("Promissory Note"), the last page of which includes what appears to be a rubberstamp image stating Pay to the Order of JPMorgan Chase as Trustee (pages 35-38 to the Proof of Claim);

An Allonge to Deed of Trust/Mortgage Note purportedly signed by a vice president of Countrywide Home Loans, Inc., with the "Pay to the Order of:" left blank (page 39 to the Proof of Claim);

A deed of trust dated March 2, 2005 and recorded with the county recorder on March 8, 2005 as instrument number 2005000170527 ("Deed of Trust") identifying the beneficiary as Countrywide and

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Exhibit BB

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

the trustors as Jeffrey S. Beier and Toni Beier (pages 40-67 of the Proof of Claim);

A Substitution of Trustee and Assignment of Deed of Trust dated June 7, 2010 and recorded with the county recorder on June 9, 2010, identifying Mortgage Electronic Registration Systems, Inc., (hereinafter "MERS") beneficiary of the Deed of Trust (pages 68-69 of the Proof of Claim); and,

A Corrective Assignment of Deed of Trust dated June 15, 2023 but not showing that it was ever recorded with the County recorder changing the identification of MERS, "as beneficiary, as nominee for Countrywide Home Loans, Inc. its Successors and Assigns of [the Deed of Trust]" (pages 70-71 of the Proof of Claim).

Because no declaration or other explanation is provided to explain why the Proof of Claim form is accompanied by the attachments just described, Claimant's *proof of ownership* of both the subject Promissory Note and Deed of Trust serving as the basis upon which the secured Proof of Claim is asserted is less than clear and require supposition and logical leaps to reach the conclusion that in fact Claimant is the rightful owner of the Promissory Note and Deed of Trust.

First, Claimant by its own description of itself claims to be the successor trustee to JPMorgan Chase Bank, N.A. (hereafter "JPMorgan"), as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04. However there is nothing in the Proof of Claim showing how Claimant became the successor trustee to the identified trust. This not unimportant fact remains a mystery and apparently the Claimant believes that its having signed the Proof of Claim under penalty of perjury is sufficient grounds that its representations should be taken as truth. In fact the method by which Claimant became the alleged successor trustee and therefore owner of the Promissory Note and Deed of Trust as it claims to be remains unsupported and unexplained. In fact the the Proof of Claim shows that the original lender and beneficiary under the Deed of Trust was Countrywide and there is no document showing a transfer or assignment from Countrywide to any other person or entity.

Second, the Substitution of Trustee and Assignment of Deed of Trust and the Corrective Assignment of Deed of Trust (Proof of Claim, pages 68-71) in fact contradict that Claimant came into ownership of the Deed of Trust as successor to JPMorgan because MERS is identified as the beneficiary of the Deed of Trust and JPMorgan is not.

Third, the Proof of Claim suggests that this Court assume the validity of the alleged assignments

**Exhibit BB**

of the Deed of Trust by MERS to Claimant. What lies before this Court in the form of the Proof of

Claim is a broken chain of title with respect to the Deed of Trust. The chain of title for the Deed of Trust

as established by the Proof of Claim is that the original beneficiary of the Deed of Trust was

Countrywide. The only assignment of the Deed of Trust to be found in the documentation supporting

the Proof of Claim is that made by MERS (Proof of Claim, pages 68-71). There exists no documents

showing an assignment or transfer of the Deed of Trust by Countrywide to anyone, let alone MERS. It

appears that in allowing the Proof of Claim the Court is asked to assume that MERS somehow became

the beneficiary as nominee of Countrywide with respect to the Deed of Trust and, therefore, the proof

of an assignment to MERS is unnecessary. It is, however, quite curious that the Corrective Assignment

of Deed of Trust which identifies MERS as the beneficiary of the Deed of Trust and the nominee of

Countrywide took place more than 13 years after the original assignment of the Deed of Trust by MERS

to Claimant and less than one month before filing the Proof of Claim in the above-entitled bankruptcy

case. However, there is nothing in the Proof of Claim purporting to show how MERS became either the

beneficiary of the Deed of Trust or the nominee of Countrywide.

Fourth, the Promissory Note appears to have been endorsed over to JPMorgan but the Allonge

which ordinarily accompanies a transfer of a Promissory Note fails to identify the payee. What the Proof

of Claim does not show is that JPMorgan received the transfer of the Promissory Note *as trustee of the

same trust* for which Claimant claims to be the successor trustee. Nor does the Promissory Note provide

the date on which the endorsement to JPMorgan occurred. This is especially important in relation to

when an Assignment of the Deed of Trust occurred, if at all.

Fifth, there is no documentation showing how Claimant became the successor trustee in place

and instead of JPMorgan or that the trust to which the Promissory Note was endorsed is the same for

which Claimant is the purported trustee.

Sixth, the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 appears,

from the face of the Proof of Claim and the documents attached to it, to contend to be the actual owner

of the Promissory Note and Deed of Trust for which Claimant claims to be the trustee. Curiously, no

copy of the trust which undoubtedly will have a description of the assets settled in such trust has been

provided. If the trust, or the schedule of assets settled in the trust does not identify the subject Promissory

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Exhibit BB

Note and Deed of Trust then the trust cannot be the owner of them.

Seventh, no payments have been made on the Promissory Note since September 2007 (Declaration of. Jeffrey S. Beier at ¶5). As a consequence the Promissory Note is unenforceable due to the lapsing of the statute of limitations for the enforcement of the Promissory Note. The Real Property is a single family residence (Declaration of Jeffrey Beier, ¶2). California law provides that a contract, such as the Promissory Note, cannot be sued upon to recover any deficiency after a foreclosure sale of real property serving as collateral securing performance of such contract if such real property is a dwelling of not more than four families (California Code of Civil Procedure § 580b (a)(3)). Thus, the only suit that could be brought to recover sums due under the Promissory Note would have had to be brought within four years after a breach/default and if not so commenced within such time is barred by the applicable statute of limitations (California Code of Civil Procedure § 337 (a)).

Eighth, the Proof of Claim indicates that the payments should be sent to Bank of America, N.A. except for the pages 29-34 to the Proof of Claim Bank of America, N.A. appears to be a stranger to any of the transactions to the documents set out in the Proof of Claim. What its role and capacity is in connection with the claim upon which the Proof of Claim is based is a complete mystery.

## II.    ADDITIONAL FACTS

As has been illustrated above it is impossible to ascertain who is the true owner of the claim. Consequently, Jeffrey Beier, debtor herein, ("Debtor") on September 30, 2015 directed correspondence to Claimant and to JPMorgan which, among other things, sought information to determine the validity of the basis of Claimant's contention that it owned the Promissory Note and Deed of Trust. The correspondence was sent by return receipt requested. A true and correct copy of the correspondence and the executed return receipts are attached to the concurrently filed Declaration of Jeffrey Beier in support of this objection as Exhibits "2" and "3." To this date no response has been made by Claimant directly, or indirectly through any agent, servicer, or nominee. Notwithstanding that claimant has had more than eight years from Debtor's demand for proof that Claimant actually owns the Promissory Note and Deed of Trust, the best that Claimant can provide is the sketchy and incomplete documentation attached to the Proof of Claim. Even then, one of the documents (the Corrective Assignment of Deed of Trust [Proof of Claim, pages 70-71]) appears to have been manufactured for the express purpose of curing a defect

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Exhibit BB

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  in a prior attempted assignment of the Deed of Trust. Even so, the party purporting to make the

2  assignment of the Deed of Trust, MERS, is outside the chain of title of ownership of the Deed of Trust

3  as discussed above.

4       On November 15, 2023 this Court issued an order authorizing a sale of the Real Property by the

5  chapter 7 trustee appointed in this case. A true and correct copy of the order is attached to the RJN as

6  as Exhibit "B." The order authorizing the sale of the Real Property included provisions authorizing the

7  sale to be free and clear of Claimant's liens and allowing, but not requiring, the chapter 7 trustee to

8  distribute $2.4 million to Claimant. The basis for authorizing the sale free and clear of Claimant's lien

9  was the existence of bona fide disputes concerning its claims and liens secured by the Real Property. On

10  the basis of those bona fide disputes the Court authorized the sale pursuant to 11 U.S.C. §363 (f)(4). The

11  sale of the Real Property has, or shortly will be, completed.

12  **III.**    **ARGUMENT**

13       Because Claimant cannot show that it has any claim by virtue of the documents attached to the

14  Proof of Claim, this Court should disallow the Proof of Claim in its entirety.[1]

15       Federal Rule of Bankruptcy Procedure 3001 ("Rule 3001") provides in relevant part as follows:

16      (a)    *Form and Content.* A proof of claim is a written statement setting forth a
creditor's claim. A proof of claim shall conform substantially to the appropriate Official

17  Form....

18      (c)    *Claim Based on a Writing.* When a claim, or an interest in property of the Debtor
securing the claim, is based on a writing, the original or a duplicate shall be filed with

19  the proof of claim. If the writing has been lost or destroyed, a statement of the
circumstances of the loss or destruction shall be filed with the claim....

20

21      (f)    *Evidentiary Effect.*    A proof of claim executed and filed in accordance with
these rules shall constitute prima facie evidence of the validity and amount of the claim.

22  Fed. R. Bankr. P. 3001.

23       A proof of claim executed and filed in accordance with Rule 3001 constitutes *prima facie*

24  evidence of the validity and amount of the claim. *Garner v. Shier* (*In re Garner*), 246 B.R. 617 (B.A.P.

25  9th Cir. 2005). If a claim is entitled to the *prima facie* validity set forth by Rule 3001(f), a party objecting

26

27       [1]    Debtor also requests that the Court sustain the objection to the Proof of Claim as to the

28  remainder of the Proof of Claim (based the purchase money promissory note secured by the Property)
since that amount has been paid in full. Schaeffer Declaration at ¶ 4.

Exhibit BB

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

to a claim must present affirmative evidence to overcome the presumptive validity of a properly filed proof of claim, after which the burden of proof shifts back to the claimant. *Wright v. Holm* (*In re Holm*), 931 F.2d 620, 623 (9th Cir. 1991); *Spencer v. Pugh* (*In re Pugh*), 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993); *In re Michigan-Wisconsin Transportation Co.*, 161 B.R. 628 (Bankr. W.D. Mich. 1993).

The objecting party is not required to disprove the claim. *In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990). The objecting party only has the initial burden of producing facts sufficient to demonstrate that an actual dispute regarding the validity or amount of the claim exists. *In re Hydorn*, 94 B.R. 608 (Bankr. W.D. Mo. 1988). The burden of persuasion is always on the claimant to establish its entitlement to the claim. Further, the standard of proof that the claimant must satisfy to establish a valid claim against the bankrupt estate is a preponderance of the evidence. *In re Pugh*, 157 B.R. at 901; *Collier on Bankruptcy*, ¶ 3001.09 (16th ed. 2018).

As demonstrated above an actual dispute concerning Claimant's ownership of the Promissory Note and the Deed of Trust actually exist. The burden of persuasion now rests upon the Claimant who must come forward with documentary evidence sufficiently satisfactory to establish:

(1) that the Promissory Note and Deed of Trust were actually transferred/assigned to the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 by Countrywide;

(2) that JPMorgan was actually the trustee of the Bear Stearn Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04; and

(3) that The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04.

The order authorizing the sale of the Real Property authorized the sale free and clear of Claimant's lien but did not preserve the lien's enforceability against the proceeds. Consequently, Claimant does not have rights against the proceeds of the sale of the real property to exercise the power of sale previously existing in the Deed of Trust. Thus the only remaining rights to proceed against the proceeds of the sale are enforcement of the Promissory Note which, pursuant to California Code of Civil Procedure § 337 (a), is barred by the statute of limitations.

**Exhibit BB**

IV.    **CONCLUSION**

Claimant has failed to demonstrate that it is the owner of either the Promissory Note or the Deed of Trust. Not able to prove ownership of either document is grounds for disallowing the claim in its entirety as one not held by Claimant. Alternately, if Claimant proves ownership of either the Promissory Note or the Deed of Trust but not both of them, Claimant has failed to prove that it is both the owner of the claim and the owner of the collateral securing repayment of the claim. In that event, the claim is again unenforceable as an unsecured claim or as a secured claim for the reasons set forth hereinabove.

Wherefore, Debtor prays that this Court disallow Proof of Claim 2-1 in its entirety.

Respectfully submitted,

HABERBUSH, LLP

By: _____
David R. Haberbush, attorneys for Jeffrey Beier, Debtor

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Exhibit BB

## DECLARATION OF JEFFREY BEIER

I, Jeffrey Beier, hereby declare and state:

1.    I am an individual over the age of 18 years and have personal knowledge of the facts stated herein. If they were called as a witness I would and could competently testify to the following facts under penalty of perjury.

2.    I am the debtor in the above-captioned bankruptcy case. On March 3, 2005, I and my then wife signed a promissory note in the principal sum of $1,470,000 ("Loan") payable to Countrywide Home Loans, Inc. ("Countrywide"). On that same date she and I also signed a deed of trust naming Countrywide, as beneficiary. The deed of trust pledged my then wife's home located at 10 Tucson, Coto de Caza Area, California as collateral for the $1,470,000 promissory note we executed. 10 Tucson, Coto de Caza Area, California is and always has been a single family residence.

3.    Sometime after March 3, 2005 I was notified by Bank of America, N.A., who claimed to be the servicer of the Loan that Countrywide had made to my wife and myself, that the loan had been transferred/assigned.

4.    Shortly after obtaining the Loan I began encountering financial difficulties which caused me to fall behind in the payments I and my wife are obligated to make in repayment of the Loan. Therefore I contacted Bank of America in an effort to negotiate relief on the loan or a loan modification, but was told that the owner of the Loan was amenable to doing neither. When I inquired who was the owner of the loan I did not receive any answer to the question I posed.

5.    The last payment I made on the Loan was made in September 2007. I have not made any payments on the Loan since then because I have been unable to identify to whom I should be making the payments.

6.    On September 30, 2015, I sent a letter to the Bank of New York Mellon, fka The Bank of New York as successor in interest to JPMorgan Chase Bank, N. A., as Trustee BSALTA 2005-04 and two JPMorgan Chase Bank, National Association in which in part I sought information clarifying who actually held the Loan (both the Promissory Note and the Deed of Trust). A true and correct copy of the letter is attached hereto and incorporated herein, by this reference, as Exhibit "2." That letter was sent

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\HA\clients\ACTIVE\Beier\bankruptcy\OBJ\CTN TO POC.ash.wpd

THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit BB

return receipt requested and true and correct copies of the return receipts I received from the US Postal

Service are attached hereto and incorporated herein, by this reference, as Exhibit "3."

Executed at MOSCOW, RUSSIA, this 2nd day of December, 2023.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND

CORRECT UNDER THE LAWS OF THE STATE OF CALIFORNIA AND THE UNITED STATES

OF AMERICA.

Jeffrey Beier, Declarant

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\H A\chema\ACTIVE\Beier\Bankrupicy\OBJCTN TO POC wpd

10

THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit BB

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04; DECLARATION OF JEFFREY BEIER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 1, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anerio V Altman**   LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- **Greg C Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Arturo Cisneros**   arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**   amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Joseph C Delmotte**   ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Nathan F Smith**   nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On December 1, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 1, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Theodor C. Albert, JUDGE
United States Bankruptcy Court
411 West Fourth Street,
Suite 5085 / Courtroom 5B
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| December 1, 2023 | Alexander S. Bostic | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**
**Exhibit BB**

Brian Thompson
Winterstone Real Estate
23792 Rockfield Blvd Ste 101
Lake Forest, CA 92630

Bank of America, N.A.
P.O. Box 31785
Tampa, FL 33631

Bank of America, N.A.
P.O. Box 660933
Dallas, TX 75266

Greg P. Campbell
Aldridge Pite, LLP
8880 Rio San Diego Drive, Suite 725
San Diego, CA 92108

Jeffrey S Beier
P O Box 7644
Laguna Niguel, CA 92677
ORANGE, CA 92677

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Exhibit BB

# EXHIBIT "1"

# INTENTIONALLY LEFT BLANK

Exhibit "1"

Exhibit BB

September 30, 2015


To:
THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR IN
INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE, BSALTA 2005-04
383 MADISON AVENUE
NEW YORK, NY 10179

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
4 New York Plaza, 6th Floor
New York, New York 10004
Attention: Institutional Trust Services/Global Debt, Bear Stearns ALT-A Trust 2005-4.

re:  Jeffrey S. Beier, 10 Tucson, Coto De Caza, CA 92679

To the Trustees, Agents, Affiliates, or the Administrators of Bear Stearns ALT-A Trust, Mortgage Pass-
Through Certificates, Series 2005-4 (CIK#: 0001325764),


        I am Jeffrey S. Beier and I own the real property located at 10 Tucson, Coto De Caza, CA 92679,

APN 755-241-13 (the "Subject Property").  A certain document in the way of a **Notice of Default and**

**Election to Sell Under Deed of Trust** has been recorded with the County of Orange, California as

Instrument No. 2015000109060.  This document was recorded on March 3, 2015 and references a

scheduled non-judicial foreclosure of the Subject Property under a Trustee Sale No. 15-0233-11. (See the

attached Exhibit 1).  This item is improperly recorded.  I respectfully ask you to immediately rescind this

**Notice of Default and Election to Sell Under Deed of Trust** and record the rescission with the county.

        In March of 2005 I, Jeffrey S. Beier entered into a loan contract with Countrywide Home Loans,

Inc., known as Loan No. 090568364 (the "Loan").  THE BANK OF NEW YORK MELLON FKA THE

BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A., AS

TRUSTEE, BSALTA 2005-04 now claims to be the beneficial interest holder to this loan.  BANK OF

AMERICA, N.A. now claims to service this loan.  The Loan purported to bind the Subject Property with

a security interest, and this security interest was purported to be reflected on an instrument called a Deed

of Trust.

        First, by this letter, I demand that the above **Notice of Default and Election to Sell Under Deed**

**of Trust** be immediately rescinded, and also seeks certain information concerning this loan and the

purported debt, and if you have any validity whatsoever and/or financial interest in my home I demand to

meet with you to determine what that interest is and to be able to work out any differences we have.  To

this point I understand you are located in New York City.  All matters relating to this home were

Exhibit BB

conducted in Orange County CA however I am so determined to find someone to speak to me and/or meet with me that I am going to be coming to your offices in New York City Friday November 6th and again on Monday November 9th, 2015.  Please contact me via e-mail at JeffBeier@Outlook.com or via telephone at 720-757-3003 to confirm that you can meet with me.  If I do not hear from you I will just show up as I am determined to get to the bottom of what is going on with my home.

The attached **Notice of Default and Election to Sell Under Deed of Trust** is not accurate and not supported by any evidence, and therefore must be rescinded.  The notice is not accurate because it claims that THE WOLF FIRM is the trustee for the beneficiary under the Loan but this is not true because the Trustee named in the Deed of Trust is "CTC Real Estate Services" and the "Lender" listed on the Deed of Trust is "RECONTRUST COMPANY, N.A." and the beneficiary to the Loan as shown on the loan note is "Countrywide Home Loans, Inc."  The notice is not accurate because it claims that by January 6, 2015 BANK OF AMERICA, N.A. claims that it had "*[c]ontacted the borrower to assess the borrower's financial situation and to explore options for the borrower o avoid foreclosure…*" but this is not true because I never heard from BANK OF AMERICA, N.A. in the relevant time period.  I demand that the above **Notice of Default and Election to Sell Under Deed of Trust** be immediately rescinded.

Secondly, although this letter should not be construed as an affirmation or ratification of any obligation, I am interested in exploring any alternatives to foreclosure such as loan modification.  I would like to request that I be afforded the opportunity to explore options to avoid the pending foreclosure.  I have made dozens of request to find the individual or institution involved.  All of which have fell on deaf ears.

Thirdly, pursuant to my rights to know and understand issues relating to the title on my home, including but not limited to the provisions of California Civil Code §2923.55(b)(1)(B), I respectfully ask you to immediately provide the following information:

I. A full and complete copy, including all endorsements or filings if applicable, of my promissory note or other evidence of indebtedness.  Again – No one has responded to my request many times.

II. A mutually agreeable means of physical access to the "ink signature" original of the above loan note for testing and inspecting purposes as to authenticity.  The original please.

III. A copy of my deed of trust or mortgage.

IV. A copy of any and all assignment(s) of my note, mortgage or deed of trust required to demonstrate your purported right to foreclose on the Subject Property.

V. A statement as to whether or not the purported June 7, 2010 conveyance (see the attached Exhibit 2, Substitution of Trustee and Assignment of Deed of Trust) of the loan into the REMIC investment trust by the name of Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-4 (CIK#: 0001325764) was ratified by the REMIC trust:

Exhibit BB

Case 2:23-cv-08898-TA Doc 108-27 Filed 12/26/23 Entered 12/26/23 20:17:33 Desc
Desc Exhibit BB - Objection Proof of Claim 3 DKT 108 Page 17 of 21
Exhibit BB - Objection Proof of Claim 3 of 5

a.  as an unqualified late-transfer pursuant to 26 USCS § 860G(a)(4) after having occurred beyond the "Closing Day" of the REMIC trust and also having occurred two-years beyond "Startup Day." The attached Substitution of Trustee and Assignment of Deed of Trust shows that the deed "*[t]ogether with the note or notes*" was purportedly "hereby" (on June 7, 2010) granted, assigned and conveyed to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE, BSALTA 2005-04. However, this June 7, 2010 attempt to convey the Loan to the REMIC trust came five years after the trust had closed. The "Startup Day" and the "Closing Date" of the REMIC trust was April 29, 2005. (*See e.g.* Pooling and Servicing Agreement dated as of April 1, 2005 at http://www.sec.gov/Archives/edgar/data/1325764/000106823805000313/bsalta040105psa.htm).

b.  as an unqualified transfer from a non-qualified entity pursuant to 26 CFR §1.860F-2 after having been originated by an entity (Mortgage Electronic Registration Systems, Inc.) that did not receive regular and residual interests in the REMIC. A "REMIC" is a Real Estate Mortgage Investment Conduit, and its formation is characterized as the contribution of assets by a sponsor to a REMIC in exchange for REMIC regular and residual interests. 26 CFR §1.860F-2(a)(1). "A sponsor is a person who directly or indirectly exchanges qualified mortgages and related assets for regular and residual interests in a REMIC." 26 CFR 1.860F-2(b). All of the interests in the REMIC must be "regular interests" or "residual interests." 3B-50G Federal Income, Gift and Estate Taxation § 50G.03[1][b] IRC § 860D(a)(2). In this case Mortgage Electronic Registration Systems, Inc. was not a sponsor and did not receive any interests in the REMIC. The conveyance by Mortgage Electronic Registration Systems, Inc. is therefore in violation of the federal tax code.

c.  as an unqualified asset pursuant to 26 CFR §1.860F-2(a)(2) as not being specifically identified in the REMIC scheduled list of mortgage notes that formed the corpus of the REMIC. The organizational documents of a REMIC must "clearly and expressly identify the assets of, and the interests in, each REMIC, and each REMIC must satisfy all of the requirements of section 860D [26 USCS § 860D] and the related regulations." 26 CFR 1.860F-2(a)(2). In this case the organizational documents of BSALTA 2005-04 did not show my client's loan as an asset of BSALTA 2005-04 in the Exhibit B, Mortgage Loan Schedule that was attached to the SEC filing.

Copies of the above can be sent to me at the address shown below. **Please note that lack of any specific response as to the ratification issue in Paragraph V above will be deemed as confirmation that the REMIC <u>did not</u> ratify the June 7, 2010 unlawful assignment, taking into consideration the drastic tax implications under 26 USCS § 860G(d)(1)["Tax on contributions after startup date"].** In other words, lack of any specific response to the inquiry above asking whether or not THE TRUST ratified the questionable late conveyance will be interpreted whereby THE TRUST <u>did not</u> ratify the

Exhibit BB

conveyance, else THE TRUST would have incurred enormous tax liability. "There is hereby imposed for each taxable year of a REMIC a tax equal to 100 percent of the net income derived from prohibited transactions." 26 USCS § 860F(a)(1). (i.e. Tax penalties for unqualified (or late) mortgages that are transferred into a tax-exempt investment trust are penalized at 100% tax rates. These facts which I have discovered lead me to believe there is an organization who is "Better Off" not allowing me to meet with or work out any solutions that would benefit me personally and allow me to avoid thousands of dollars in penalties, interest, etc… that you affirm are real when I affirm you are not even the party I should be dealing with. The most frustrating part is that no one will speak with me or meet with me other than a lawyer who won't speak to me and forces me to incur additional expense by having a lawyer of my own for my own protection. It's as if you people designed a system to prevent me from working with you?

In addition to the above, there exists a concern over BSALTA 2005-04's ability or willingness to explore options to avoid foreclosure pursuant to California law. It appears that there may be a conflict of interest with BSALTA 2005-04 and any of its loan servicer agents with any genuine attempts to avoid foreclosure by way of, for example, a loan modification.

I desire to save the home from foreclosure, but inherent conflicts appear in the system. This letter hereby asks for clarifications on any such issues that could be offered. Research into the process of securitization of loans reveals that securitizing loans makes the original lender or their loan servicer immune to borrower's liability because the securitizations are often structured without recourse and without restrictions on the other interests held. (*See e.g.* Wells Fargo 2006 Annual Report at p.103). Lenders who sell the loans into securitized trusts are later able to "charge off" a troubled borrower's loan if a borrower goes into a default state due to difficult economic circumstances. In such a case the loan becomes an "impaired asset," and when analyzing impaired loans a bank typically considers the fair value of the collateral (i.e. the FMV of the borrower's home) when foreclosure is probable instead of considering discounted cash flows (i.e. a loan modification). (*See e.g.* Wells Fargo 2006 Annual Report at p.73). So in other words, your entity, if even a valid one, would be better off to foreclose on someone like me than to accept a reasonable solution. Even if it benefited every other bank for example, it wouldn't benefit you due to your secured interest no longer being in alignment with the original agreement between the original two parties of the contract. Am I correct here? You benefit more by foreclosure of your assets than you do by modification or finding a mutually beneficial solution. There IS NO mutually beneficial solution due a loan you purport to have purchased which I have yet to see you prove. These facts do not take into account the tax ramifications you would experience to unwind write offs you have already taken per your annual reports. Am I missing something here?

For profitability and accounting reasons, accounting under discounted cash flows is less appealing and thus rarely done. Accordingly, it would appear that any modification to any loan (such as my loan) when the borrower faces financial difficulty would be **IMPOSSIBLE** to the REMIC trust (or the loan servicer) to accommodate because any modification to a loan would require the bank to go back and restate earnings according to SEC law or other General Accounting Principals (GAP). In summary,  by the time a troubled borrower (if you even have a valid right to be involved) is able to even contact the real lender, that lender has already charged off the loan as an impaired asset, accounted for the asset pursuant to

Exhibit BB

asserted Fair Market Value according to you, and stated earnings for the relevant time period. Modification to a loan becomes highly unattractive and even unaffordable on account of a subsequent need to restate earnings to account for a past charge-off that would then become inaccurate.

Another flaw in securitization appears prevalent.  What the process of securitization highlights is that loan servicers are in fact 'principal-less agents,' and their incentives in managing individual loans do not mirror the interests of investors or trustees acting on behalf of investors, much less homeowners. See *Culhane v. Aurora Loan Servs*., 826 F. Supp. 2d 352, 375 (D. Mass. 2011)(fn15), citing Adam J. Levitin & Tara Twomey, Mortgage Servicing, 28 Yale J. on Reg. 1, 81.  It's as if I'm trying to communicate with the invisible man.

Legal scholars have suggested that loan servicers, without direction as to which option to pursue from the investors or trustee acting on the investors' behalf, tend to elect the one that serves their own economic interest: foreclosure. *Id*. at 375, citing Diane E. Thompson, Nat'l Consumer Law Ctr., Why Servicers Foreclose When They Should Modify and Other Puzzles of Servicer Behavior: Servicer Compensation and Its Consequences (2009)[1] ("A servicer deciding between a foreclosure and a loan modification faces the prospect of near certain loss if the loan is modified and no penalty, but potential profit, if the home is foreclosed").  Such publications would also suggest that there is a conflict of interest negating any desire to modify my loan.

In addition to the above, REMIC trusts appear to accommodate "credit enhancements" that pay the loan servicer bank if a loan goes into a default and a foreclosure.  In short, while the major loan servicing organizations (Wells Fargo, Nationstar, Bank of America, Chase, etc) claim to offer and work toward loan modifications for troubled borrowers, such efforts appear only illusory because of the existing conflicts of interest and because of the requirement where the bank servicer and trust entities would be required to go back and restate earnings for loan portfolios that contained any modified loan.

Clarification on these issues is appreciated, but in any event I will look forward to the document requested above wherein your entity supports its standing claim as to my property.  I will also look forward to hearing from you regarding my request to meet with you on November 6th and/or November 9th at your offices in New York City, New York.


Thank you,


*Jeffrey S. Beier*
Homeowner
10 Tucson
Coto De Caza, CA 92679

---

[1] www.nclc.org/images/pdf/pr-reports/report-servicers-modify.pdf

Exhibit BB

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES
$ 000.00
02 1P
0001911803   OCT 05 2015
MAILED FROM ZIP CODE 80124

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees   $

Sent To   JP Morgan
Street, Apt. No.;   4 New York Plaza 6th Floor
or PO Box No.
City, State, ZIP+4   New York, NY 10004

7013 2250 0002 0423 8067

PS Form 3800, August 2006        See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PITNEY BOWES
$ 000.00
02 1P
0001911803   OCT 05 2015
MAILED FROM ZIP CODE 80124

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Postmark
Here

Total Postage & Fees   $

Sent To   Bank of NY
Street, Apt. No.;   383 Madison Ave
or PO Box No.
City, State, ZIP+4   New York   NY 10179

7013 2250 0002 0423 8063

PS Form 3800, August 2006        See Reverse for Instructions

Exhibit "3"                    Page 17

Exhibit BB

Lone Tree Packaging Store
9227 E Lincoln Ave #200
Lone Tree, CO 80124

303-649-0105
co122@gopackagingstore.com

USPS First Class Mail          9.10
    Track #: 70132250000204238087
USPS First Class Mail          9.10
    Track #: 70132250000204238063
USPS First Class Mail         10.05
    Track #: 70132250000204238070

    SUBTOTAL              28.25
    TAX                    0.00
    TOTAL                 28.25
TEND MCVisa               28.25

Customer: None selected
Don                    10/05/2015
#8794                   01:01 PM
CCTran#1187052996

Signature_____

*************************************
    Thank you for your business!
*************************************



Exhibit BB