HABERBUSH, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
RICHARD A. BROWNSTEIN, ESQ., SBN 70297
VANESSA M. HABERBUSH, ESQ., SBN 287044
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-mail: dhaberbush@lbinsolvency.com

Attorneys for Debtor Jeffrey S. Beier.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

In re

Jeffrey S. Beier,

      Debtor.

Case No. 8:23-bk-10898-TA

**Chapter 7**

**REPLY TO OPPOSITION TO OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04**

[Request for Judicial Notice Separately Filed]

**Hearing Date**
Date:  January 9, 2024
Time:  11:00 a.m.
Place:  Courtroom 5B
       411 West Fourth Street
       Santa Ana, CA 92701-4593

      Debtor Jeffrey S. Beier, debtor in the above-captioned bankruptcy case ("Debtor"), hereby replies to the Opposition [docket number 124] (the "Opposition") of The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 ("Claimant") to Beier's Objection to Proof of Claim 2-1 Filed by Claimant [docket number 108] (the "Objection").[1]

---

[1] All defined terms used herein have the same meanings as those set forth in the Objection unless defined otherwise.

F:\H A\clients\ACTIVE\Beier - 16409\Bankruptcy\Objection to Claim\REPLY TO OPP TO OBJCTN TO POC.wpd

THIS DOCUMENT PREPARED ON RECYCLED PAPER

1

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1    The Opposition fails to provide any facts or justification to support the Proof of Claim. While

2    Claimant provides numerous arguments, they are not supported in fact or law. Consequently, the Court

3    should sustain the Objection.

4    **I.    FACTUAL BACKGROUND**

5    While Claimant provides numerous additional facts in the Opposition to those set forth in the

6    Objection, Claimant fails to demonstrate how any of these facts are relevant to the issues raised in the

7    Objection, namely, (1) that Claimant is the owner of either the Promissory Note or the Deed of Trust and

8    (2) that Claimant has authority to enforce its claim against the proceeds of the sale of the Real Property.

9    While many of the additional facts are discussed below, Claimant clarifies the language of  order

10    authorizing a sale of the Real Property (attached to the RJN to the Objection as Exhibit "B") (the "Sale

11    Order").

12    The Sale Order sold the Real Property free and clear of all liens, including Claimant's asserted

13    liens, and stated that the "Trustee may make the interim distribution of $2.4 million to BONY and

14    deposit the balance of the net sale proceeds in a trust account pending settlement negotiations or the

15    outcome of litigation to be commenced by Debtor against BONY within 30 days of entry of the order

16    granting the Motion." Sale Order at page 3, lines 11-14. Based on the Sale Order and Claimant's failure

17    to support its Proof of Claim, this Court should sustain the Objection.

18    **II.    LEGAL ARGUMENT**

19    While the Opposition makes a number of arguments, none of them are supported and they are

20    addressed in turn.

21    **A.    <u>The Objection is an Appropriate Legal Action.</u>**

22    The Opposition attempts to assert that the Objection is not the appropriate legal mechanism to

23    challenge the Proof of Claim. Opposition at page 10-11. The Opposition states that Claimant has

24    obtained the $2.4 million distribution. Opposition, page 8, lines 12-14. The Opposition also asserts that

25    Debtor failed to bring legal action against Claimant within the 30 days asserted by the Sale Order, but

26    this Objection is litigation and reserves those rights. To the extent that the distribution of funds has

27    occurred, it may require an adversary proceeding or other action to recover those funds if the Objection

28    is sustained. Therefore, while the Opposition states that the Objection is the wrong procedural

F:\21A\clients\ACTIVE\Beier - 1640\Bankruptcy\Objection to Claim\REPLY TO OPP TO OBJCTN TO POC.wpd
2
THIS DOCUMENT PREPARED ON RECYCLED PAPER

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1   mechanism, Opposition at page 10-11, this is simply not the case, and more litigation would be required

2   to recover the funds paid. If the Proof of Claim is disallowed prior to other disbursements, there is no

3   right of payment such that no further relief would be required as to any additional payments. To the

4   extent the Objection is sustained, the trustee and/or Debtor may need to bring additional litigation to

5   obtain the appropriate remedy, but that does not mean this is an inappropriate procedural mechanism to

6   challenge the Proof of Claim.

7          **B.**     **Debtor has Standing to Make the Objection.**

8          While Claimant states that Debtor has no standing to bring the Objection because Debtor has

9   "demonstrated no possibility of being paid a surplus," Opposition at page 11, line 13, not only is

10  standing not so limited but a successful objection would mean payment on Debtor's homestead

11  exemption and a likely surplus estate. Pursuant to section 502(a) of the Bankruptcy Code, a

12  "party-in-interest" has standing to object to a proof of claim. It is well-established that a debtor qualifies

13  as a "party-in-interest" and thus has standing to object to proofs of claim in a chapter 7 bankruptcy case

14  where the debtor would or could be injured by the allowance of the claim. *See In re An-Tze Cheng*, 308

15  B.R. 448, 454 (B.A.P. 9th Cir. 2004), *aff'd and remanded sub nom. In re Cheng*, 160 F. App'x 644 (9th

16  Cir. 2005). For example, "standing to object to claims exists, . . .when there is a sufficient possibility

17  of a surplus to give the chapter 7 debtor a pecuniary interest or when the claim involved will not be

18  discharged." *In re Wellman*, 378 B.R. 416, n.5 (B.A.P. 9th Cir. 2007); *see also, e.g.*, Collier on

19  Bankruptcy 5.02.02[2][d] (16th ed.) (explaining that a chapter 7 debtor has standing to object to a proof

20  of claim "if there is any chance that a disallowance will yield a solvent estate that would provide a return

21  to the debtor").

22         Here, if the Proof of Claim is disallowed, there will be significant funds available for the estate

23  and Debtor. As shown by the Claims Register in this Case, a true and correct copy of which is attached

24  to the Request for Judicial Notice Filed in Support of this Reply as Exhibit "A,", there are substantially

25  less than $2,000,000 in claims if the claim of Claimant is disallowed. This would necessarily result in

26  a surplus estate to Debtor. There is a reasonable chance that there would be a return to Debtor such that

27  he has standing to bring this Objection. Further, if any funds are not distributed to Claimant, they would

28  be distributed to Debtor on account of his homestead exemption, thereby giving him further standing

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

to bring this Objection. A true and correct copy of Debtor's Schedule C is attached to the RJN as Exhibit "B."

**C.    Claimant has Failed to Show that Debtor is Collaterally Estopped from Bringing the Objection.**

While Claimant indicates that Debtor is collaterally estopped from relitigating the issues raised in the Objection, *see* Objection at page 12-13, Claimant has failed to provide one order or judgment showing that these facts have been litigated before or that collateral estoppel in fact applies. While there may have been many actions, Claimant has not shown that any of these actions litigated or determined the chain of title issues raised in this Objection. This is made evident from the decision of the California Court of Appeal. *See* RJN filed by Claimant at exhibits O and P. As shown by the California Court of Appeal's ruling, while the relief requested was premised on the chain of title issues, the Court never made a ruling on this. In fact, the Court stated "The law in California is clear. A party may not enjoin a nonjudicial foreclosure based on a claim that the assignment of the deed of trust is voidable." Claimant's RJN at Exhibit "P" at page 14. The Court then never analyzed whether an assignment of the deed of trust was made because it did not need to.  The simple reality is that these issues were never considered and Claimant does not show otherwise. Therefore, collateral estoppel does not prevent Debtor from raising the Objection.

**D.    Claimant Has Not Shown that it Has Standing to File the Claim.**

While Claimant continues to assert that it has standing to file the Proof of Claim, Claimant continues to fail to present evidence that it is the proper holder of the Claim. While Claimant has presented the Declaration of Jae Min in Support of the Opposition, it merely sets forth all of the documents attached to the Proof of Claim with no changes or additions other than the inclusion of Exhibit D, which is a limited power of attorney. *See* Declaration of Jae Mae. Further, Claimant fails to explain how this Declaration remedies the chain of title issues. *See* Declaration of Jae Mae.  Because Claimant has failed to address these issues, the Opposition fails.[2] The Declaration fails to explain the

---

[2]    Interestingly, Claimant tries to assert that an endorsement was in blank, when the indorsement was crossed out. Opposition at page 15, lines 18-19. As shown below, the law demonstrates that Claimant has failed to demonstrate the necessary facts to support this conclusion. Pursuant to California Commercial Code § 3109 and Cal. Com. Code § 3205, there are very specific steps and

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  missing pieces or how the documents show what Jae Min states to be true or that Claimant is in fact the

2  proper holder of the claims upon which the Proof of Claim is based. Instead, the documents speak for

3  themselves that Claimant simply cannot show that it is the holder of the Claim. Because Claimant has

4  failed to meet its burden of proof, this Court should sustain the Objection.

5      **E.    <u>Claimant no Longer Has Right to Payment.</u>**

6      Further, the Sale Order sold the Real Property free and clear of Claimant's lien, giving Claimant

7  no rights whatsoever to the proceeds of the Real Property.

8      As discussed in the Objection, the statute of limitations has run to prevent Claimant from

9  asserting rights against the proceeds. Its only rights were associated with its lien and the Sale Order

10  stripped it of that right. Claimant, instead, tries to assert that Debtor used the wrong statute of limitations

11  and that it was repeatedly tolled, Opposition at page 17-21, but, even using Claimant's statute of

12  limitations, the Declaration of Jeffrey Beier, the last payment Debtor made on the loan was in September

13  2007, over 15 years after the last payment. Claimant attempts to state that Debtor reinstated the debt,

14  but not only does Claimant provide no evidence of these acknowledgments but merely listing a debt on

15  his schedules or requesting a loan modification is not an acknowledgment, nor does Claimant provide

16  any law to show that it is an acknowledgment sufficient to revive the statute of limitations. In fact, the

17  statute of limitations does not invalidate a claim; it only prevents enforcement of an otherwise valid

18  claim.  Further, despite numerous claims that the statute of limitations is tolled or revived, Claimant fails

19  to calculate the statute of limitations or otherwise show how the tolling allowed for such a tardy assertion

20  of its rights.

21      Further, Claimant asserts that Debtor obtained a discharge in 2008. Opposition at page 18, such

22  that Claimant admits that there is no personal liability of Debtor. Therefore, Claimant's only rights exist

23  as to its collateral, the Real Property. When the Real Property was sold free and clear of its lien, Sale

24  Order at page 2-3, it was not given a replacement lien. This explicitly bars Claimant from seeking any

25  of the proceeds of the sale of the Real Property on its claim due to Debtor's discharge.

26      This means Claimant has no rights as against Debtor or any claim other than as it existed against

27  

28  requirements for this type of endorsement and Claimant has failed to provide evidence or law to support
this conclusion.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

the Real Property. Because the Sale Order sold the Real Property free and clear of Claimant's lien, Claimant no longer has a lien or claim. In fact, while Claimant asserts that a 11 U.S.C. § 363, by operation of law, allows for its lien to attach to the proceeds, Claimant provides no authority for this proposition. Opposition at page 21-22. In fact, 11 U.S.C. § 363(f) merely states when property of the estate may be sold free and clear of any interest in such property. It states:

> (f)The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)     such entity consents;
>
> (3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)     such interest is in bona fide dispute; or
>
> (5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

There is nothing in this provision that requires or authorizes the retention of a lien. While it is customary for the order approving a sale to provide that the sale is free and clear of such liens and such liens will attach to the proceeds of the sale to the same nature, validity, and extent that they currently attach to the property begin sold, this simply was not included in the Sale Order. There is simply nothing in the Bankruptcy Code or California law that gives Claimant that right. Claimant cannot create rights that do not exist. Instead, to have these rights, Claimant would have needed such rights to be preserved in the Sale Order. Instead, Claimant's lien no longer attaches to anything since its lien was removed by the Sale Order. Consequently, because Claimant does not have an enforceable claim, it cannot seek payment from the proceeds of the sale of the Real Property.

///

///

///

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1    **III.    CONCLUSION**

2        For these reasons and the reasons set forth in the Objection, Debtor prays that this Court disallow

3    Proof of Claim 2-1 in its entirety.

4                            Respectfully submitted,

5                            HABERBUSH, LLP

6

7    Date: January 2, 2024            By: _____

8                            David R. Haberbush, attorneys for Jeffrey
                        Beier, Debtor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO OPPOSITION TO OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 2, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anerio V Altman**    LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Arturo Cisneros**    arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Joseph C Delmotte**    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com

- **David R Haberbush**    dhaberbush@lbinsolvency.com, ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vh aberbush@lbinsolvency.com,haberbush.assistant@gmail.com, jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Nathan F Smith**    nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;c valenzuela@mclaw.org
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On **January 2, 2024,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Brian Thompson
Winterstone Real Estate
23792 Rockfield Blvd Ste 101
Lake Forest, CA 92630

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 2, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Theodor C. Albert, JUDGE
United States Bankruptcy Court
411 West Fourth Street,
Suite 5085 / Courtroom 5B
Santa Ana, CA 92701

☐ Service information continued on attached page
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 2, 2024 | Alexander S. Bostic | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**