HABERBUSH, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
RICHARD A. BROWNSTEIN, ESQ., SBN 70297
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE K. BOGARD, ESQ., SBN 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-mail: lbogard@lbinsolvency.com

Attorneys for Debtor Jeffrey S. Beier.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

In re

Jeffrey S. Beier,

        Debtor.

Case No. 8:23-bk-10898-TA

**Chapter 7**

**MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04 [DOCKET NUMBER 134]**

[Request for Judicial Notice Separately Filed]

**Hearing Date**
Date:  March 5, 2024
Time:  11:00 a.m.
Place:  Courtroom 5B
        411 West Fourth Street
        Santa Ana, CA 92701-4593

**TO THE HONORABLE THEODORE C. ALBERT UNITED STATES BANKRUPTCY JUDGE; CLAIMANT, THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04; AND ALL PARTIES IN INTEREST AND THEIR COUNSEL OF RECORD:**

    Debtor Jeffrey S. Beier, debtor in the above-captioned bankruptcy case ("Debtor"), hereby moves

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  this Court for an order reconsidering the Order Overruling Debtor's Objection to Proof of Claim 2-1

2  Filed by The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan

3  Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates,

4  Series 2005-04 [Docket Number 134]  (the "Motion").

5          This Court has jurisdiction over this Motion, which constitutes a core proceeding under 28

6  U.S.C. § 157(b)(2)(A)-(B).  This Motion is made pursuant to Federal Rule of Bankruptcy Procedure

7  ("FRBP") 9023 and Federal Rule of Civil Procedure ("FRCP") 59(e) and is based on the facts and law

8  as set forth in the attached Memorandum of Points and Authorities, the separately-filed Request for

9  Judicial Notice, and such additional evidence and argument as properly may be considered by the Court.

10          By the Motion, Debtor seeks reconsideration of the Court's Claim Objection Order pursuant

11  FRCP 59(e) and FRBP 9023.[1] At the Hearing, the Court indicated that it was finding Claimant was the

12  holder of the Promissary Note and Deed of Trust based on the documents submitted by Claimant and

13  because no other person had come forward to claim ownership of the Promissory Note and Deed of

14  Trust. Since the Hearing, Debtor has discovered evidence that Wells Fargo has come forward in this

15  Court as the owner of the Promissory Note and Deed of Trust. Therefore, the Court based its ruling on

16  an error of fact. In addition, because there are clear missing links in the chain of title, such that neither

17  the Court nor Claimant can say without any uncertainty that Claimant is the owner of the Promissory

18  Note and Deed of Trust, reconsideration is necessary to prevent a manifest injustice.

19          Therefore, for the reasons set forth hereinabove, Debtor respectfully requests this Court grant

20  the Motion and any other such relief as is just and proper.

21                                          Respectfully Submitted,

22                                          HABERBUSH, LLP

23  Dated: February 7, 2024                 By:  /s/ Lane K. Bogard
24                                               Lane K. Bogard, ESQ., Attorneys for Debtor.

25

26

27

28

[1]     All defined terms in the Motion have the same meaning as set forth in the attached
Memorandum of Points and Authorities unless otherwise defined herein.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Jeffrey S. Beier, debtor in the above-captioned bankruptcy case ("Debtor"), files this Motion seeking reconsideration of Claim Objection Order (defined hereinbelow). As explained in detail below, there was a manifest error of fact with the Claim Objection Order and reconsideration is necessary to prevent manifest injustice. Since entry of the Claim Objection Order, Debtor has discovered evidence that establishes a third party, Wells Fargo Bank, N.A. ("Wells Fargo"), has come forward in this Court claiming ownership of the subject Promissory Note (defined hereinbelow) and Deed of Trust (defined hereinbelow). Accordingly, the Court's reliance on the fact that no other person has come forward to claim ownership, when making its Claim Objection Order, was clear error. In addition, because the Court found that the The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 (the "Claimant") met its burden of proof even though Wells Fargo has come forward as the owner of the Promissory Note and Deed of Trust and Debtor established that the Claimant's documentary evidence raised questions and demonstrated missing links in the chain of title (which this Court recognized), reconsideration of the Claim Objection Order is necessary to prevent manifest injustice. Consequently, for these reasons and the reasons discussed below, Debtor requests that the Court grant the Motion and reconsider the Claim Objection Order.

**II.    FACTUAL BACKGROUND**

**A.    The Claim Objection**

On July 12, 2023, Claimant filed Proof of Claim 2-1 (the "Proof of Claim"). A true and correct copy of the Proof of Claim is attached to the separately-filed request for judicial notice ("RJN") as Exhibit "A."

By its Proof of Claim, Claimant asserts that it was at the time the Proof of Claim was filed the holder of a $2,786,180.50 claim secured by real property located at 10 Tucson, Coto de Caza Area, California ("Real Property"). In addition, attached to the Proof of Claim is, inter alia, (1) an Adjustable Rate Note in the principal sum of $1,470,000 dated March 3, 2005 naming Countrywide Home Loans, Inc. ("Countrywide"), as the lender and Jeffrey S. Beier and Toni Beier as borrowers ("Promissory

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Note"), the last page of which includes what appears to be a rubberstamp image stating Pay to the Order of JPMorgan Chase Bank, N.A. ( "JPMorgan Chase") as Trustee and (2) a deed of trust dated March 2, 2005 and recorded with the county recorder on March 8, 2005 as instrument number 2005000170527 ("Deed of Trust") identifying the beneficiary as Countrywide and the trustors as Jeffrey S. Beier and Toni Beier. See Proof of Claim at pages 35-38 and 40-67.

On December 1, 2023, Debtor filed an Objection to Proof of Claim 2-1 Filed by The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 [Docket Number 108] (the "Objection to Claim"). A true and correct copy of the Objection to Claim is attached to the RJN as Exhibit "B."

As set forth in the Objection to Claim, Debtor asserted that Claimant could not show that it has any claim by virtue of the documents attached to the Proof of Claim. Objection to Claim at pages 2-7. In other words, the documentation attached to the Proof of Claim did not establish chain of title, such that Claimant could not demonstrate that it is the owner of either the Promissory Note or the Deed of Trust. Accordingly, there existed an dispute concerning Claimant's ownership of the Promissory Note and the Deed of Trust, and it was Claimant's burden to prove proper chain of title. More specifically, Claimant had the burden to come forward with documentary evidence sufficiently satisfactory to establish:

(1) that the Promissory Note and Deed of Trust were actually transferred/assigned to the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 by Countrywide;

(2) that JPMorgan was actually the trustee of the Bear Stearn Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04; and,

(3) that The Bank of New York Mellon, FKA the Bank of New York was Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04.

On December 26, 2023, Claimant filed an Opposition to Objection to Proof of Claim 2-1 Filed by the Bank of New York Mellon, Fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1   2005-04 [Docket Number 124] (the "Opposition"). A true and correct copy of the Opposition is attached

2   to the RJN as Exhibit "C."  Claimant also filed a Request for Judicial Notice in Support of the

3   Opposition [Docket Number 127] (the "Opposition RJN"). A true and correct copy of the Opposition

4   RJN, excluding exhibits, is attached to the RJN as Exhibit "D."  Lastly, Claimant filed a Declaration of

5   Joseph C. Delmotte in Support of the Opposition [Docket Number 125] (the "Delmotte Declaration")

6   and a Declaration of Jae Min in support of the Opposition [Docket Number 126] (the "Min

7   Declaration") (the Delmotte Declaration and Min Declaration, collectively, the "Declarations"). True

8   and correct copies of the Declarations are attached to the RJN as Exhibits "I" and J."

9       Debtor subsequently filed a Reply to the Opposition [Docket Number 128] (the "Reply"). A true

10  and correct copy of the Reply is attached to the RJN as Exhibit "E."

11      **B.    The Hearing and Claim Objection Order**

12      On January 9, 2024, the Court held a hearing on the Claim Objection (the "Hearing"). A true and

13  correct copy of the transcript from the Hearing is attached to the RJN as Exhibit "F."

14      At the hearing, Debtor argued that the Claimant did not prove that it was the owner of the

15  Promissory Note and Deed of Trust. Transcript at page 4, lines 23-25 and page 5, lines 1-2. In addition,

16  Debtor argued that there was nothing in the record to show how Claimant became the successor trustee

17  to JP Morgan Chase. Transcript at page 5, lines 3-8. Accordingly, as stated at the Hearing, there were

18  missing links in chain of title.  Transcript at page 5, lines 9-10.  Therefore, Debtor requested that the

19  Court sustain the Claim Objection.

20      In response to Debtor's argument the Court explained and held the following:

21  I'm really asked to make a very simple determination, which is who is the holder, the
    "holder" being a term of law that is defined. And I conclude ultimately that it has to be
22  BONY and admittedly, through servicers and agents, but it has to BONY because (a) it's
    logical and (b) -- and this is where I'm posing a question to you -- there's nobody else.
23  Nobody else has come forward and it's been a long time.

24  Transcript at page 6, lines 12-19.

25  The Court went on to state:

26  Now, you do raise a suspicious anomaly. Why does somebody seek fit to strike out one
    of these other banks? I don't know the answer to that. Apparently, you don't know it
27  either. But does it amount to something that I find substantial enough to deny status of
    holder, Mr. Haberbush? The answer is no.

28

1   Transcript at page 7, lines 11-16.

2       Finally, the Court reasoned: "I think it's pretty clear that BONY is the holder and they're the

3   holder because they have the paperwork and the paperwork is consistent with their argument that they

4   are the holder. . . .[W]hat I have here is evidence to a 99.9 percent certitude that [the holder ] . . .is

5   BONY. " Transcript at page 7, lines 7-9.

6       Based on the above and the Court's tentative ruling, the Court overruled the Claim Objection.

7   Transcript at page 20. On January 24, 2024, the Court entered an Order Overruling Debtor's Objection

8   to Proof of Claim 2-1 Filed by the Bank of New York Mellon, fka the Bank of New York Successor

9   Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage

10  Pass-through Certificates, Series 2005-04 [Docket Number 134] (the "Claim Objection Order"). A true

11  and correct copy of the Claim Objection Order is attached to the RJN as Exhibit "G."

12              **C.    The Motion to Reconsider**

13      As stated above, at the Hearing, the Court indicated that it was finding Claimant was the holder

14  of the Promissary Note and Deed of Trust  based on the documents submitted by Claimant and because

15  no other person had come forward to claim ownership.

16      Based on the statements made by the Court at the Hearing, Debtor reviewed the record after the

17  Hearing. Debtor discovered that a party has indeed come forward claiming ownership of the Promissory

18  Note and Deed of Trust. Specifically, in Debtor's prior bankruptcy case, *In re Jeffrey Scott Beier and*

19  *Toni Renita Beier aka Toni Cook aka Toni Gallucci*, Bankruptcy Case Number 8:08-bk-12163-RK (the

20  "Prior Bankruptcy Case"), Mortgage Electronic Registration Systems, Inc. ("MERS"), filed a motion

21  for relief from stay [Docket Number 10] (the "Relief from Stay Motion"). A true and correct copy of

22  the docket report for the Prior Bankruptcy Case was attached to the Opposition RJN as Exhibit "A." In

23  support of the Relief from Stay Motion, MERS filed a Supplemental Memorandum [Docket Number

24  17] (the "Supplement"). A true and correct copy of the Supplement is attached to the RJN as Exhibit

25  "H." As set forth in the Supplement, the Promissory Note was assigned from Countrywide to Wells

26  Fargo. Supplement at page 3, lines 6. Therefore, Wells Fargo, through MERS, came forward as the

27  owner of the Promissory Note and Deed of Trust.

28      Because evidence shows that (1) the Court based its ruling on an error of fact and (2) there are

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1   clear missing links in the chain of title, such that neither the Court nor Claimant can say without any

2   uncertainty that Claimant is the owner of the Promissory Note and Deed of Trust, such that

3   reconsideration is necessary to prevent a manifest injustice, Debtor filed the Motion.

4         For these reasons and the reasons set forth below, Debtor requests that the Court grant the

5   Motion and reconsider the Claim Objection Order on the grounds that there was a manifest error of fact

6   and there would be manifest injustice if the Claim Objection Order is not reconsidered.

7   **III.    LEGAL ARGUMENT**

8         **A.    This Court is Authorized to Reconsider the Claim Objection Order Pursuant to**

9               **Federal Rule of Civil Procedure 59(e) and Federal Rule of Bankruptcy Procedure**

10               **9023.**

11        Pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e), which is applicable to this Motion

12   by Federal Rule of Bankruptcy Procedure ("FRBP") 9023, this Court is authorized to reconsider orders

13   and judgments. *See Hansen v. Finn* (*In re Curry & Sorensen, Inc.*), 57 B.R. 824, 826–27 (9th Cir. B.A.P.

14   1986) (when asserted within 14 days of entry of a judgment or order, a motion to reconsider is timely

15   and treated as a motion under FRCP 59(e) made applicable by FRBP 9023; *In re Oak Park Calabasas*

16   *Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) ("Although the motion to reconsider does not

17   state a specific procedural basis, it appears to fall under Rule 9023, which incorporates F.R.C.P. Rule

18   59.").

19        There are several grounds this Court may consider when determining whether a motion to

20   reconsider pursuant to FRBP 9023 and FRCP 59(e) should be granted: (1) the movant may demonstrate

21   that the motion is necessary because there is newly discovered evidence; (2) the movant may

22   demonstrate that the court committed clear error in rendering the judgment or order (*i.e.*, there was a

23   manifest error of law or fact); (3) the movant may demonstrate reconsideration is necessary to prevent

24   manifest injustice; and/or (4) the movan may demonstrate that there has been an intervening change in

25   controlling law. *See McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999), *cert. denied*, 529 U.S.

26   1082 (2000) (citation omitted); *see also*, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,

27   571 F.3d 873, 880 (9th Cir. 2009); *Hansen v. Moore* (*In re Hansen*), 368 B.R. 868, 878 (B.A.P. 9th Cir.

28   2007).

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1   Debtor has made this Motion within 14 days of the entry of the Claim Objection Order.

2   Consequently, the Motion is timely and the Court is authorized to reconsider the Claim Objection Order

3   pursuant to FRCP 59(e) and FRBP 9023.

4   As set forth below, in this case, the Court committed clear error in rendering the Claim Objection

5   Order because the ruling on the Claim Objection Order was based on an error of fact. In addition,

6   reconsideration is necessary to prevent manifest injustice. Therefore, Debtor requests that the Court

7   grant the Motion.

8   **B.**      **The Court Should Reconsider the Claim Objection Order Because it was Based on**

9   **an Incorrect Factual Assumption and is Necessary to Correct a Manifest Error of**

10  **Fact.**

11  A "'manifest error' is 'an error that is plain and indisputable, and that amounts to a complete

12  disregard of the controlling law or the credible evidence in the record.'" *In re Oak Park Calabasas*

13  *Condo. Ass'n*, 302 B.R. at 683 (quoting Black's Law Dictionary 563 (7th ed.1999)).

14  Here, the Claim Objection Order was premised on the incorrect factual assumption that no other

15  party had come forward claiming to own the Promissory Note and Deed of Trust. Transcript at page 6.

16  This is incorrect.  In Debtor's Prior Bankruptcy Case, Wells Fargo, through MERS, sought relief from

17  stay from this Court and filed the Supplement which clearly stated that the Promissory Note was

18  assigned from Countrywide to Wells Fargo. Supplement at page 3, line 6. Therefore, the Court's reliance

19  on the fact that no other person had come forward claiming to own the Promissory Note and Deed of

20  Trust was not factually incorrect. Accordingly, on this basis alone, the Court should reconsider the

21  Claim Objection Order.

22  Further, the fact that Wells Fargo has come forward in this Court and alleged that it is the owner

23  of the Promissory Note, supports finding that the Claim Objection must be sustained. As explained

24  above and in the Claim Objection, the Claimant has the burden to prove it is the owner of the Note and

25  Deed of Trust. Nowhere in the chain of title for ownership of the Note and Deed of Trust does Wells

26  Fargo appear in the Proof of Claim. *See* Proof of Claim. This provides additional support for why the

27  Opposition, Declarations, and documents submitted by Claimant show there are missing links in the

28  chain of title and that Claimant cannot establish with no uncertainty, that it is the holder of the

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1   Promissory Note and Deed of Trust. Accordingly, Claimant cannot meet its burden and establish chain

2   of title necessary to prevail on the Claim Objection. For these reasons, the Debtor requests that the Court

3   reconsider the Claim Objection Order, vacate the Claim Objection Order, and enter an order sustaining

4   the Claim Objection.

5        **C.    The Court Should Reconsider the Claim Objection Order to Prevent Manifest**

6             **Injustice.**

7        "A 'manifest injustice' is defined as 'an error in the trial court that is direct, obvious, and

8   observable.'" *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. at 683 (quoting Black's Law Dictionary

9   563 (7th ed.1999)).

10       It is undisputed that there is no burden on the objecting party to disprove a claim; instead, the

11  burden of persuasion is always on the claimant to establish its entitlement to the claim. *See* Claim

12  Objection at page 7; Opposition at page 9. As shown in the Claim Objection and as acknowledged by

13  the Court at the Hearing, Debtor pointed to issues in the Proof of Claim that demonstrated there are

14  clearly missing links in the chain of title. *See*, *e.g*., Transcript at pages 6-7.  These missing links were

15  then acknowledged by the Court. Transcript at page 7, lines 7-9 and 11-16. Therefore, the evidence set

16  forth above showing that Wells Fargo has come forward claiming ownership fo the Promissory Note

17  and Deed of Trust, coupled with the fact that the Court recognized there were questions related to the

18  chain of title that no one (including Claimant) could answer, demonstrate that reconsideration of the

19  Claim Objection is necessary to prevent a manifest injustice that is obvious from the record. Claimant

20  should be required to demonstrate, with evidence, that it is, with no uncertainty, the owner of the

21  Promissory Note and Deed of Trust. Claimant failed to meet this burden. Upholding the Claim Objection

22  Order based on these facts would lessen the burden on claimants and allow secured lenders to assert

23  claims without having the proper documentation to show entitlement to assert the claim. Therefore, for

24  these reasons, the Court should reconsider the Claim Objection Order, vacate the Claim Objection

25  Order, and enter an order disallowing the Proof of Claim in its entirety.

26  ///

27  ///

28  ///

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\H.A'clients\ACTIVE\Beier - 1640\Bankruptcy\Motion for Reconsideration\Drafts\MOTION.FOR.RECONSIDERATION.9rb.wpd            THIS DOCUMENT PREPARED ON RECYCLED PAPER

9

IV.     **CONCLUSION**

Wherefore, for the foregoing reasons, the Debtor requests that the Court grant the Motion, reconsider the Claim Objection Order, vacate the Claim Objection Order, enter an order disallowing Proof of Claim 2-1 in its entirety, and for any further relief as is just and proper.

Respectfully Submitted,

HABERBUSH, LLP

Dated: February 7, 2024          By:  /s/ Lane K. Bogard
                                      Lane K. Bogard, ESQ., Attorneys for Debtor.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO RECONSIDER ORDER
OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON,
FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR
THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04 [DOCKET
NUMBER 134]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-
2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**February 7, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Anerio V Altman**    LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
- **Lane K Bogard**    lbogard@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,vhaberbush@lbinsolvency.com,jborin@lbinsolvency.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Arturo Cisneros**    arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com

- **Joseph C Delmotte**    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **David R Haberbush**    dhaberbush@lbinsolvency.com, ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vhaberbush@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Nathan F Smith**    nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **February 7, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
<u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 7, 2024**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.
Theodor C. Albert, JUDGE
United States Bankruptcy Court
411 West Fourth Street,
Suite 5085 / Courtroom 5B
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 7, 2024 | Alexander S. Bostic | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Brian Thompson
Winterstone Real Estate
23792 Rockfield Blvd Ste 101
Lake Forest, CA 92630

Bank of America, N.A.
P.O. Box 31785
Tampa, FL 33631

Bank of America, N.A.
P.O. Box 660933
Dallas, TX 75266

Greg P. Campbell
Aldridge Pite, LLP
8880 Rio San Diego Drive, Suite 725
San Diego, CA 92108

Jeffrey S Beier
P O Box 7644
Laguna Niguel, CA 92677
ORANGE, CA 92677

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.