Mark T. Domeyer, Esq.
California Bar No. 135008
MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Ave., Suite 200
Costa Mesa, CA 92626
(714) 481-9100 / FAX (714) 481-9144
File No. 08-65737

Attorneys for Movant,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS)

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JEFFREY SCOTT BEIER AND TONI RENITA BEIER AKA TONI COOK AKA TONI GALLUCCI,<br><br>Debtors.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS),<br><br>Movant,<br><br>vs.<br><br>JEFFREY SCOTT BEIER AND TONI RENITA BEIER AKA TONI COOK AKA TONI GALLUCCI, Debtors; JOHN M. WOLFE, Trustee,<br><br>Respondents. | Case No.: 8:08-12163-RK<br><br>Chapter 7<br><br>**SUPPLEMENTAL MEMORANDUM OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. IN SUPPORT OF MOTION FOR RELIEF FROM STAY**<br><br>Hearing –<br>Date: June 24, 2008<br>Time: 03:30 P.M.<br>Place: U.S. BANKRUPTCY COURT<br>411 West Fourth Street<br>Santa Ana, CA 92701<br>Courtroom 5D |

**MERS' SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION FOR RELIEF FROM AUTOMATIC STAY**

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), in its capacity as record holder and nominee for Wells Fargo Bank, N.A. ("Wells Fargo") and its assignees and/or successors in interest, by and through its undersigned counsel, hereby submits this supplemental brief (this "Brief") in response to the Court's concerns regarding the ability of MERS to maintain a motion for relief from the automatic stay in its capacity as the

1

beneficiary of the deed of trust on behalf of its principal, Wells Fargo.

**BACKGROUND**

**A.    Background of MERS® System**

1.    The MERS® System is an electronic registry that tracks transfers of mortgage interests for mortgage sellers, warehouse lenders, mortgage loan investors, document custodians, and mortgage servicers, improving the efficiency of mortgage lending by reducing errors, costs, and delays. Its founders include a number of congressionally-chartered corporations (including the Government National Mortgage Association [Ginnie Mae], the Federal National Mortgage Association [Fannie Mae], and the Federal Home Loan Mortgage Corporation [Freddie Mac]) (the "Government-Sponsored Entities")) created to lower credit costs for borrowers and encourage a strong flow of capital in the housing market in order to promote home ownership in the United States. By design, the MERS® System is similar to the system used with great success by the Depository Trust Company for the securities industry. To date, more than 50 million mortgage loans have been registered on the MERS® System.

2.    MERSCORP, Inc. ("MERSCORP"), the parent company of MERS, owns and operates the MERS® System. MERSCORP contracts with "MERS members," who include many large and prominent national and international lenders, the Government-Sponsored Entities, mortgage originators, loan servicers, warehouse lenders, wholesale lenders, retail lenders, title insurance associations, and other participants in the mortgage banking industry.[1] Members of MERS pay fees to MERSCORP in order to electronically register and track beneficial ownership interests and servicing rights in mortgage loans on the MERS® System.

3.    Under the membership agreements between MERS and each of its members, members of MERS contractually agree to appoint MERS to act as their comment agent, or nominee, and to name MERS as the lien holder of record in a nominee capacity on all recorded security instruments relating to loans registered on the MERS® System, and MERS is contractually obligated to comply with the instructions of the members of MERS.

4.    In addition, MERS also contracts with non-members to act as their common agent and nominee.

5.    When a note is assigned by the original lender to another party, this sale is documented on the MERS® System. As long as the sale of the note involves a member of MERS (or a non-member that has contracted for MERS to act as its common agent), MERS remains the record lien holder and continues to act as nominee for the new beneficial owner. This relationship is memorialized in the original security instrument, as well as in the various

---

[1]    A complete list of the members of MERS is available on MERS' website at www.mersinc.org.

1 MERS agreements. MERS remains the lien holder of record in a nominee capacity for the originating lender and its

2 successors and assigns until an assignment transferring these lien rights from MERS is recorded.

**B.** **Note**

6. Jeffrey S. Beier and Toni R. Beier (the "Beiers") are the borrowers under an Interest Only Adjustable Rate Note dated March 2, 2005 (the "Note") made payable to the order of Countrywide Home Loans, Inc.

7. The note was assigned from Countrywide to Wells Fargo but Countrywide continues to act as the.

8. As a member of MERS, Wells Fargo has appointed MERS to act as its agent and nominee under the Deed of Trust (defined below

9. As the agent and nominee of MERS is contractually obligated to comply with the instructions of Wells Fargo. By filing the Motion, MERS was acting in accordance with the instructions of Wells Fargo.

**C.** **Deed of Trust**

10. The Debtor executed a Deed of Trust dated March 2, 2005 (the "Deed of Trust"), by which the Debtor granted and conveyed to Recontrust Company, N.A., as trustee, for the benefit of MERS (solely as the nominee for Countrywide and its successors and assigns) the real property at issue in this dispute, commonly known as 10 Tucson, Coto De Caza Area, California 92679 (the "Property"). A true and correct copy of the Deed of Trust is attached as Exhibit D to the Declaration of Sandy Saden in Support of Motion for Relief from Automatic Stay.

11. The Deed of Trust names MERS as the beneficiary under the Deed of Trust solely as the nominee for the Countrywide and its successors and assigns. Deed of Trust at 1 ("MERS is a separate corporation that is acting solely as a nominee for Countrywide and Countrywide's successors and assigns. MERS is the beneficiary under this Security Instrument."); id. at 2 ("The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.").

12. In the Deed of Trust, the Debtor acknowledges and agrees that MERS holds the lien rights granted by the Debtor under the Deed of Trust (the "Lien Rights") solely as the agent and nominee for the Original Lender and its successors and assigns. Id. at 3.

13. In the Deed of Trust, the Debtor acknowledges and agrees that MERS (as nominee for the Original Lender and its successors and assigns) has the right to exercise the Lien Rights, including the right to foreclose and sell the Property. Id.

14. The Deed of Trust expressly provides that it secures, among other things, the repayment of the debt evidenced by the Note and the performance of the Debtor's covenants and agreements under the Note and the Deed of Trust. Id. at 2.

15. The Deed of Trust was recorded on September 12, 2005, as Document # 2005-0785786, in the San Diego County Recorder's Office. Id. at 1.

**D.    Motion for Relief from Automatic Stay**

16. On May 12, 2008, MERS filed a Motion for Relief from Automatic Stay with this Court, seeking relief from the automatic stay to complete foreclosure proceedings for the Property (the "Motion").

17. At a hearing held on June 10, 2008, the Court continued the hearing on the Motion to June 24, 2008 and MERS agreed to file this memorandum regarding its standing to maintain a motion for relief from the automatic stay on behalf of its principal.

**II.    ARGUMENT**

**A.    Wells Faro Bank is the Current Holder of the Note and Has Appointed MERS as its Agent and Nominee**

MERS has established that Wells Fargo is the current holder of the Note. See May Declaration, ¶ 5; Note at 5; Cal. Civ. Code § 3203.

MERS has established that Wells Fargo is in possession of the Note. See May Declaration, ¶ 6.

MERS has also established that, by operation of the Deed of Trust and California law, Wells Fargo is the beneficial owner of the Lien Rights (with MERS as the record holder of the Lien Rights in its capacity as the nominee of Wells Fargo) See Deed of Trust at 1-3; Cal. Civ. Code § 2936 ("The assignment of a debt secured by mortgage carries with it the security."); United States. v. Thornburg, 82 F.3d 886, 892 (9th Cir. 1996) (under California law, bank's assignment of note carried with it the mortgage securing the note, even if bank failed to 'hand over' the mortgage document).[2] The Deed of Trust secures repayment of the Note and was properly perfected by the Original Lender by recording in the Orange County Recorder's Office.

**B.    MERS has Standing to Prosecute the Motion as Agent for Wells Fargo**

In this case, the Debtor signed a deed of trust that assigned his right, title, and interest in the Property (i.e., the Lien Rights) to MERS as nominee for the Original Lender and its successors and assigns. As nominee, MERS

4

acts as agent for the Original Lender and each of its successors and assigns (including, currently, Wells Fargo). See, e.g., Lewis v. Hankins, 214 Cal. App. 3d 195, 201 (Cal. App. 1989) (treating "agent" and "nominee" as synonymous); Hickey v. Roby, 273 Cal. App. 2d 752, 757 (Cal. App. 1969) (same); Aladdin Oil Corp. v. Perluss, 230 Cal. App. 2d 603, 613 (Cal. App. 1964) (same); Epstein v. Stahl, 176 Cal. App. 2d 53, 65 (Cal. App. 1959) (same). As agent for Wells Fargo, MERS "represents [Wells Fargo] for all purposes within the scope of [its] actual or ostensible authority" (Cal. Civ. Code § 2330) and is "authorized to do any acts which [Wells Fargo] might do" (Cal. Civ. Code § 2304).

It is in this nominee/agent capacity that MERS, the named beneficiary under the Deed of Trust, received (and holds) record title to the Lien Rights. In fact, the Debtor acknowledged and agreed that MERS "holds only legal title to the interests granted" by the Debtor under the Deed of Trust but, by virtue of its nominee/agent status, possesses "the right to exercise any or all those interests, including, but not limited to, the right to foreclose ..." Deed of Trust at 3. The plain language of the Deed of Trust provides that MERS, as the record lien holder in a nominee capacity, is entitled to exercise all of the Lien Rights, including the right to foreclose and sell the Property. Id. There is nothing legally problematic about MERS' holding record title to the Lien Rights in a nominee capacity. In fact, California law expressly contemplates that a lender can designate a nominee to be the beneficiary under a deed of trust and permits the recording of such instruments. Cal. Bus. & Prof. Code § 10234(a).

Rule 17 of the Federal Rules of Civil Procedure (the "Federal Rules") (made applicable to bankruptcy proceedings by Bankruptcy Rule 7017) requires that an action be prosecuted in the name of the "real party in interest." The purpose of the "real party in interest" rule is to "protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Greer v. O'Dell, 305 F.3d 1297, 1303 (11th Cir. 2002) (quoting Comments to 1966 Amendments to Fed. R. Civ. P. 17). In keeping with this purpose, Federal Rule 17(a)(1)(F) permits "a party with whom or in whose name a contract has been made for another's benefit" to sue in its own name without joining the person for whose benefit the action is brought.

Here, MERS' authority to prosecute the Motion is based upon such contractual authority. The Deed of Trust (signed by the Debtor) named MERS as beneficiary (in a nominee capacity), and the Debtor expressly authorized MERS to exercise the foreclosure remedies available to the Original Lender and its successor and

---

2   As a practical matter, MERS is not obligated to trace specifically each assignment of the Lien Rights, because the Lien Rights follow the Note as a matter of California law.

5

1  assigns. In addition to this direct contractual authorization granted by the Debtor, MERS has agreements with each

2  of its members (including Wells Fargo) that provide an additional contractual basis for MERS' standing.

3  Furthermore, there is no risk of inconsistent judgments, multiplicity of litigation, or similar problems, because an

4  agent and its principal are privies for purposes of res judicata. Spector v. El Ranco, Inc., 263 F.2d 143, 145 (9th Cir. 1959).

5  By application of these principles (and under facts virtually identical to those in this case), a bankruptcy

6  court recently held that MERS had standing to prosecute a motion for relief from automatic stay in its own name. In

7  In re Huggins, 357 B.R. 180 (Bankr. D. Mass. 2006), the debtor executed a promissory note and related mortgage in

8  favor of the lender. The mortgage identified MERS as the mortgagee (solely as nominee for the lender) and granted

9  MERS full mortgage rights with respect to the subject property, including the right to foreclose. The debtor in the

10 Huggins case contended (as the Trustee contends here) that MERS was not a "real party in interest" because MERS

11 did not hold the interests of the lender (i.e., ownership interest in the note). The Huggins court rejected this

12 contention and determined that MERS possessed standing based upon its findings that (a) MERS was acting as the

13 nominee for the lender (which owned the note), (b) MERS was the record lien holder under the mortgage and

14 possessed full mortgage rights (including the right to foreclose), (c) the mortgage expressly authorized MERS to

15 foreclose the subject property, and (d) denial of MERS' right to foreclose would lead to anomalous and inequitable

results. Id. at 184. In this case, the Court can and should make identical findings, resulting in an identical

conclusion—*MERS has standing to prosecute the Motion.*

16 The ruling in the Huggins case is in accord with numerous non-bankruptcy decisions that have confirmed

17 MERS' standing to prosecute foreclosure actions in its own name. See Mortgage Electronic Registration Sys., Inc.

18 v. Coakley, 41 A.D.3d 674 (N.Y. App. 2007); Mortgage Electronic Registration Sys., Inc. v. Azize, 965 So. 2d 151 (Fla. App. 2007); Mortgage Electronic Registration Sys., Inc. v. Revoredo, 955 So. 2d 33 (Fla. App. 2007); In re

19 Sina, No. A06-200, 2006 WL 2729544 (Minn. App. Sept. 26, 2006) (unpublished); Mortgage Electronic

20 Registration Sys., Inc. v. Ventura, No. CV054003168S, 2006 WL 1230265 (Conn. Super. April 20, 2006)

21 (unpublished); Mortgage Electronic Registration Sys., Inc. v. Leslie, No. CV044001051, 2005 WL 1433922 (Conn.

22 Super. May 25, 2005) (unpublished).

23 The ruling in the Huggins case also is consistent with decisions determining that loan servicers and trustees

under deeds of trust have standing to enforce loan obligations for the benefit of the lender. See Greer, 305 F.3d at

24 1302 ("[T]he sole issue before us is whether a loan servicer is a 'real party in interest' with standing to conduct

1  through licensed counsel, the legal affairs of the investor relating to the debt that it services.  We answer this
2  question in the affirmative."); In re Woodberry, 383 B.R. 373, 379 (Bankr. D.S.C. 2008) (mortgage loan servicer
3  granted relief from stay); In re Miller, 320 B.R. 203, 206 n. 2 (Bankr. N.D. Ala. 2005) (mortgage loan servicer
4  permitted to litigate motion for relief from stay); Bankers Trust (Delaware) v. 236 Beltway Investment, 865 F. Supp.
5  1186, 1191 (E. D. Va. 1994) (mortgage loan servicer had standing to enforce mortgage); In re Tainan, 48 B.R. 250,
6  252 (Bankr. E.D. Pa. 1985) (mortgage loan servicer was real party in interest because "action may not necessarily be
7  brought in the name of the person who ultimately will benefit from the recovery, but rather by the person who is
8  entitled to enforce the right"); In re Golden Plan of California, Inc., 25 B.R. 183, (Bankr. E.D. Cal. 1982) (trustee
9  under deed of trust had standing to seek relief from automatic stay as a "real party in interest" under Federal Rule
   17(a).  See also In re B & I Realty Co., Inc., 158 B.R. 220, 223 (Bankr. W.D. Wash. 1993) (creditor status not
   necessary for standing under Section 362(d) as long as the moving party has "an interest of its own").

10         The recent Ninth Circuit decision of Reusser v. Wachovia Bank, N.A., 525 F.3d 855 (9th Cir. 2008) lends
11  further support for maintaining the motion in the name of the beneficiary in the deed of trust.  In that case, the
12  Debtor challenged a foreclosure by Wachovia as Washington Mutual not Wachovia brought the motion for relief
13  from stay and the bankruptcy court did not name Wachovia in its order granting relief from stay.  The Ninth Circuit
14  reasoned "it is immaterial that the bankruptcy court order did not specifically name Wachovia; what matters is that it
15  addressed the deed of trust held by Wachovia; the bankruptcy court order granted relief both 'as to the enforcement
16  of the deed of trust' owned by Wachovia and 'as to the [Debtor's] property.'"  Here, MERS was the beneficiary at
17  origination and remains the beneficiary and is entitled to enforce the deed of trust on behalf of Countrywide, its
    principal, at Countrywide's direction.

18         A very recent Supreme Court decision lends further support to MERS standing to bring a motion on behalf
19  of its principal.  See. Sprint Comm. Company, L.P. vs. APCC Services, Inc. ___ U.S. ___; ___S.Ct. ____; 2008 WL
20  2482712 (June 23, 2008)(assignee of legal claim for money has standing to sue in Federal Court, even where
    assignee has promised to give all litigation proceeds back to assignor).

21                                          MILES, BAUER, BERGSTROM & WINTERS, LLP

22  Dated:    06-16-08           By:    /s/ Mark T. Domeyer, Esq.
                                        Mark T. Domeyer, Esq.
23                                      Attorney for Movant

24

## PROOF OF SERVICE

I, __Miho Ishida__, certify that I am a resident of Orange County, I am over the age of eighteen (18) and not a party to the within action, and that my business address is: 1665 Scenic Avenue, Suite 200, Costa Mesa, CA 92626.

On __06-23-08__, I served the within **SUPPLEMENTAL MEMORANDUM OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. IN SUPPORT OF MOTION FOR RELIEF FROM STAY** on all interested parties in this proceeding by placing a true and correct copy thereof enclosed in a sealed envelope with postage pre-paid in the United States Mail at Costa Mesa, California, addressed as follows:

DEBTORS:
Jeffrey Scott Beier
Toni Renita Beier
27881 La Paz Rd. Ste. G
Laguna Niguel, CA 92677

JUNIOR LIENHOLDER:
Telesis Community Credit Union
c/o Buchalter Nemer & Barry Smith
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

JUNIOR LIENHOLDER:
Consolidated Builders
Attn: Managing Agent
27446 Betanzos Street
Mission Viejo, CA 92692

JUNIOR LIENHOLDER:
CZ Master Association
Keystone Pacific Property Management
16845 Von Karman, Suite 200
Irvine, CA 92606-4920

JUNIOR LIENHOLDER:
Summit Gate Association
c/o Merit Property Management
1 Polaris Way, Suite 100
Aliso Viejo, CA 92656-5356

ATTORNEY FOR DEBTORS:
R. Gibson Pagter
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701

CHAPTER 7 TRUSTEE:
John M. Wolfe
5450 Trabuco Road
Irvine, CA 92620-5704

U.S. TRUSTEE:
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701-4593

1  I certify that I am employed in the Office of a Member of the Bar at whose direction the
2  Service was made.
3  I declare under penalty of perjury that the foregoing is true and correct.
4  Executed this ___06-23-08_____, at Costa Mesa, California.

5  /s/ Miho Ishida

6  08-65737/cdmisc.dot/prl

9