1  Joseph C. Delmotte (CA SBN 259460)
   jdelmotte@aldridgepite.com
2  **ALDRIDGE PITE, LLP**
   8880 Rio San Diego Drive, Suite 725
3  San Diego, CA 92108
   Telephone: (858) 750-7600
4  Facsimile: (619) 590-1385

5  Attorneys for *Respondent/Secured Creditor*
   THE BANK OF NEW YORK MELLON FKA
6  THE BANK OF NEW YORK SUCCESSOR TRUSTEE
   TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR
7  THE BEAR STEARNS ALT-A TRUST, MORTGAGE
   PASS-THROUGH CERTIFICATES, SERIES 2005-04

8

9                **UNITED STATES BANKRUPTCY COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

11  In re                              | Case No. 8:23-bk-10898-TA

12  JEFFREY S. BEIER,                   | Chapter 7

13        Debtor.                       | **OPPOSITION TO MOTION TO
                                        | RECONSIDER ORDER OVERRULING
14                                      | DEBTOR'S OBJECTION TO PROOF
                                        | OF CLAIM 2-1 FILED BY THE BANK
15                                      | OF NEW YORK MELLON, FKA THE
                                        | BANK OF NEW YORK SUCCESSOR
16                                      | TRUSTEE TO JPMORGAN CHASE
                                        | BANK, N.A., AS TRUSTEE FOR THE
17                                      | BEAR STEARNS ALT-A TRUST,
                                        | MORTGAGE PASS-THROUGH
18                                      | CERTIFICATES, SERIES 2005-04
                                        | [DOCKET NUMBER 134]
19
20                                      | DATE:  March 5, 2024
                                        | TIME:   11:00 a.m.
21                                      | CTRM:  5B
22                                      | 411 West Fourth Street
                                        | Santa Ana, CA  92701
23
24

25       The Bank of New York Mellon FKA the Bank of New York Successor Trustee to

26  JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass-

27  Through Certificates, Series 2005-04 ("<u>BONY</u>"), a secured creditor of the above-referenced

28  bankruptcy estate, hereby submits this Opposition to the Motion to Reconsider Order Overruling

---

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

1   Debtor's Objection to Proof of Claim 2-1 Filed by the Bank of New York Mellon, FKA The

2   Bank of New York, Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear

3   Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04 [Docket Number

4   134] ("Motion to Reconsider") filed by the Debtor Jeffrey S. Beier ("Debtor"). This opposition is

5   supported by the Request for Judicial Notice in Support of the Opposition to Debtor's Motion to

6   Reconsider ("RJN") filed concurrently herewith, the memorandum of points and authorities cited

7   herein and the record currently before the Court.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................................ - 3 -

II. PROCEDURAL HISTORY RELATED TO THE MOTION TO RECONSIDER ................. - 3 -

  A. LOAN HISTORY ............................................................................................. - 3 -

  B. THE CURRENT BANKRUPTCY CASE ............................................................ - 4 -

    i. Filing of Petition and Conversion to Chapter 7 .......................................... - 4 -

    ii. BONY's Proof of Claim ............................................................................ - 4 -

    iii. Trustee's Motion to Sell the Property and Proposed Disbursements to BONY
      as the Beneficiary of the Deed of Trust ................................................... - 4 -

    iv. Debtor's Objection to BONY's Proof of Claim ........................................ - 5 -

    v. Debtor's Motion to Reconsider ................................................................. - 7 -

III. LEGAL STANDARD ............................................................................................. - 7 -

IV. ANALYSIS ........................................................................................................... - 8 -

  A. DEBTOR'S MOTION TO RECONSIDER DOES NOT PRESENT ANY NEWLY
    DISCOVERED EVIDENCE NOT PREVIOUSLY AVAILABLE .................................. - 8 -

  B. DEBTOR'S MOTION TO RECONSIDER PRESENTS NO EVIDENCE OF
    MANIFEST ERROR REGARDING THE LAW OR FACTS ....................................... - 10 -

  C. DEBTOR'S MOTION TO RECONSIDER PRESENTS NO EVIDENCE OF
    MANIFEST INJUSTICE ................................................................................... - 12 -

V. CONCLUSION ...................................................................................................... - 13 -

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Corines v. Am. Physicians Ins. Trust*, 769 F. Supp.2d 584, 593 (S.D.N.Y., 2011)
(quoting *Eisemann v. Greene*, 204 F. 3d 393, 395 n. 2 (2d Cir. 2000)............................- 11 -

*Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9ᵗʰ Cir. 2000)..............................- 9 -

*Hanson v. Finn (In re Curry and Sorensen, Inc.)*, 57 B.R. 824, 826-27 (9th Cir. BAP
1986) ............................................................................................................................- 8 -

*In Re Fakhari 554 B.R. 250, 258* (Bankr. D.Kan. 2016) ....................................- 8 -, - 11 -

*In re Flatbush Square, Inc.*, 508 B.R. 563, 571 (E.D.N.Y. 2014) .............................- 11 -

*In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D.Cal. 2003)
(quoting Black's Law Dictionary 563 (7ᵗʰ ed. 1999) ..............................................- 11 -

*In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa 2012) quoting *Conway*, 2009 WL
1492178, at *6 N. 8..................................................................................................- 13 -

*In re Walker*, 332 B.R. 820, 826 (Bankr. D. Nev. 2005) (citing *Captain Blythers, Inc.
v. Thompson (In re Captain Blythers, Inc.)*, 311 B.R. 530, 539 (9th Cir. BAP
2004) ............................................................................................................................- 7 -

*McDaniel v. American Gen. Fin. Servs., Inc.* 2007 WL 2084277, *2 (W.D. Tenn.
2007) ..........................................................................................................................- 13 -

*McDowell v. Calderon* 197 F.3d 1253, 1255 (9ᵗʰ Cir. 1999)..................................- 8 -

*Wallace v. Hayes (In re Wallace)*, 2013 WL 782721, at *2 (Bankr. D. Idaho Feb. 27,
2013), *citing Hanson v. Finn (In re Curry and Sorenson)*, 57 B.R. 824, 826-27
(B.A.P. 9th Cir. 1986) .................................................................................................- 8 -

## Statutes

11 U.S.C. Sections 363(m) ..............................................................................................- 4 -

11 U.S.C. Sections 363(f)(3)............................................................................................- 4 -

11 U.S.C. Sections 363 (f)(4)..........................................................................................- 4 -

## Rules

Fed. R. Bankr. P. 9023 .....................................................................................................- 8 -

Fed. R. Civ. P. 59(e) ..............................................- 7 -, - 8 -, - 9 -, - 10 -,- 11 -, - 12 -

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

1
2
## I.    <u>INTRODUCTION</u>

3    Through the Motion to Reconsider, Debtor requests that the Court reconsider its Order
4    Overruling the Objection to Proof of Claim 2-1 (the "<u>Order Overruling the Claim Objection</u>")
5    previously entered herein, vacate the Order Overruling the Claim Objection and enter an order
6    disallowing BONY's proof of claim 2-1. The Motion to Reconsider is premised on Debtor's
7    misguided argument that the Court erred in its analysis and ruling that BONY had standing to
8    file a proof of claim because the Court failed to consider a pleading filed in one of Debtor's prior
9    bankruptcy cases which Debtor claims is evidence that Wells Fargo has come forward as the
10   rightful owner of the subject note and deed of trust. However, Debtor's characterization of the
11   pleading at issue as evidence that a rival claimant has emerged is misleading and without any
12   evidentiary support. Indeed, there is no evidence in the Motion to Reconsider or elsewhere which
13   indicates that Wells Fargo is the current note holder and beneficiary or has otherwise asserted an
14   interest in the sale proceeds from the subject property. Reconsideration of a judgment after its
15   entry is an extraordinary remedy which should be used sparingly and Debtor's Motion to
16   Reconsider is devoid of any intervening change in controlling law, newly discovered evidence
17   not previously available, manifest errors of laws or fact or manifest injustice which would
18   provide grounds to alter or amend a judgment under Federal Rule of Civil Procedure ("<u>FRCP</u>")
19   59(e). Accordingly, for these reasons, as explained more fully herein, the Motion to Reconsider
20   should be denied.

21   ## II.    <u>PROCEDURAL HISTORY RELATED TO THE MOTION TO RECONSIDER</u>
22   ### A.  LOAN HISTORY

23   On March 2, 2005, Debtor and Toni R. Beier (collectively, the "<u>Borrowers</u>") executed a
24   promissory note in the principal sum of $1,470,000.00 (the "<u>Note</u>") in favor of Countrywide
25   Home Loans, Inc.. (RJN, **Exhibit A, ¶ 4**). The Note was subsequently indorsed in blank and
26   BONY, through the use of an authorized agent and document custodian, is in possession of the
27   indorsed in blank Note. (RJN, **Exhibit A**, ¶ 6).

28

1    The Note is secured by a deed of trust (the "Deed of Trust") executed by Borrowers and

2    on the real property located at 10 Tucson, Coto de Caza Area, California 92679 (the "Property")

3    which was duly recorded and the beneficial interest in the Deed of trust was subsequently

4    assigned to BONY. (RJN, **Exhibit A, ¶¶ 7, 8**). The Note and Deed of Trust are referred to

5    collectively hereinafter as the Subject Loan.

6    **B.  THE CURRENT BANKRUPTCY CASE**

7    **i. Filing of Petition and Conversion to Chapter 7**

8    On April 28, 2023, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy

9    Code in the United States Bankruptcy Court for the Central District of California, Santa Ana

10    Division, and was assigned case number 8:23-bk-10898-TA, Debtor's fifth (5th) bankruptcy

11    filing since the origination of the Subject Loan. An order converting the case to Chapter 7 was

12    subsequently entered on July 7, 2023. (RJN, **Exhibit B**).

13    **ii. BONY's Proof of Claim**

14    On July 12, 2023, BONY filed a proof of claim in Debtor's bankruptcy case regarding

15    the Subject Loan reflecting a total secured claim in the amount of $2,786,180.50 and pre-petition

16    arrears in the amount of $1,787,448.67 (the "Proof of Claim"). Bank of America, N.A. ("Bank of

17    America") is the servicing agent for the Subject Loan on behalf of BONY and authorized to act

18    on its behalf as attorney in fact. (RJN, **Exhibit A, ¶¶** 1, 12).

19    **iii. Trustee's Motion to Sell the Property and Proposed Disbursements to BONY as
    the Beneficiary of the Deed of Trust**

20

21    On October 3, 2023, the Trustee filed the Chapter 7 Trustee's Motion for Order: (1)

22    Authorizing Sale of Real Property Free and Clear of Liens and Interests Pursuant to 11 U.S.C.

23    §363(f); (2) Approving Overbid Procedures; (3) Approving Broker Compensation; (4)

24    Authorizing Distribution of sale Proceeds; (5) Determining that the Proposed Buyer and

25    Overbidder are "Good Faith Purchases" under 11 U.S.C. §363(m); and (6) Waiving 14 Day Stay

26    Imposed by Federal Rule of Bankruptcy Procedure 6004(h) ("Motion to Sell") whereby the

27    Trustee requested authorization from the Court to sell the Property for $3,200,000.00, subject to

28    overbid, free and clear of BONY's lien pursuant to 11 U.S.C. Sections 363(f)(3) and (f)(4). The

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

Motion to Sell acknowledged BONY as the record beneficiary of a first priority lien on the Property pursuant to its recorded Deed of Trust and the Assignments of record. To that end, the Motion to Sell provided for an interim distribution of $2,400,000.00 to BONY with the balance of the net proceeds to be held in trust pending settlement negotiations or the outcome of litigation between Debtor and BONY or distributed to BONY within 30 days of the closing of the sale of the Property if Debtor does not file suit against BONY on his alleged claims.  (RJN, **Exhibit C**).

On October 20, 2023, BONY filed an Opposition to the Motion to Sell as it believed the thirty (30) day window proposed for Debtor commence litigation against BONY before the Trustee would distribute the remaining payoff proceeds would promote further meritless litigation by Debtor in an attempt to delay the proposed distribution of the sale proceeds to BONY by the Trustee. Further, the Opposition requested that any sale free and clear of BONY's lien be made expressly contingent upon payment of BONY's lien in full upon sale pursuant to an updated payoff demand from Bank of America with BONY's lien immediately attaching to the sale proceeds with the same force and effect, and in the same priority, validity and scope as its lien.  (RJN, **Exhibit D**).

On November 15, 2023, the Court entered an Order Granting the Motion to Sell ("Sale Order") granting the Motion to Sell including authorization for the Trustee to make an interim distribution of $2.4 million to BONY and deposit the balance of the net proceeds in a trust account pending settlement negotiations or the outcome of litigation to be commenced by Debtor within 30 days of the Sale Order, and authorizing the Trustee to make further disbursement of the remaining sale proceeds to BONY if Debtor fails to commence litigation within 30 days of the Sale Order.  (RJN, **Exhibit E**).

### iv. Debtor's Objection to BONY's Proof of Claim

On December 1, 2023, Debtor filed an Objection to BONY's Proof of Claim No. 2-1 (the "Claim Objection") requesting that the claim be disallowed on the basis that the Proof of Claim lacked sufficient documentation to substantiate BONY's standing to enforce the Note and Deed of Trust to file the Proof of Claim, that the statute of limitations for BONY to sue Debtor on the

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

1  Note has expired and the Sale Order did not provide for BONY's lien to attach to the sale

2  proceeds. (RJN, **Exhibit F**).

3      On December 26, 2023, BONY filed its Opposition to the Claim Objection in support of

4  the presumptive validity of the Proof of Claim and submitted a declaration from Bank of

5  America, servicing agent for the Loan, substantiating BONY's status as the note holder by virtue

6  of its possession of the indorsed in blank Note through an authorized agent and custodian, and

7  record beneficiary of the Deed of Trust with standing to file a proof of claim in the bankruptcy

8  case. Further, BONY argued that even assuming the applicable statute of limitations had lapsed,

9  it would merely bar BONY from pursuing a judicial foreclosure on the Property and would not

10 impair BONY's right to receive the sale proceeds from the Property pursuant to the Trustee's

11 Motion to Sell and that BONY's lien attached to the sale proceeds notwithstanding the absence

12 of any express language to that effect in the Sale Order. (RJN, **Exhibit G**).

13     On January 2, 2024, Debtor filed a Reply to BONY's Opposition to the Claim Objection

14 wherein Debtor argued that the Claim Objection was an appropriate mechanism to prevent

15 further disbursements by the Trustee to BONY, Debtor has standing to file the Objection and

16 reiterating the argument that BONY does not have standing to file a proof of claim. (Docket No.

17 128).

18     On January 9, 2024, the Claim Objection came before the Court for hearing and the Court

19 overruled the Claim Objection for the reasons discussed at the hearing and summarized in greater

20 detail in the Court's comprehensive tentative ruling which is attached to the Order Overruling the

21 Claim Objection. (RJN, **Exhibit H, I**). In summary, the Court overruled the Claim Objection

22 based on the following: (1) BONY is in possession of the indorsed in blank Note and would be

23 entitled to enforce the instrument and is the current beneficiary of the Deed of Trust with

24 standing to file a proof of claim; (2) Debtor is likely precluded from litigating issues regarding

25 chain of title under the doctrine of claim preclusion; (3) the statute of limitations, if applicable,

26 would only bar BONY from pursuing judicial foreclosure and not recovery of the proceeds from

27 the Trustee's sale of the Property up to the full amount owing on the Deed of Trust; and (4)

28 BONY's lien attached to the sale proceeds from the Property and the lack of formal language to

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

that effect in the Sale Order was inconsequential in the context of this case. (RJN, **Exhibit H, I**). The Order Overruling the Claim Objection was entered on January 24, 2024. (RJN, **Exhibit H**). To date, BONY has received $2,855,553.34 from the sale proceeds of the Property and is coordinating with the Trustee to disburse the remaining balance of the payoff.

### v. Debtor's Motion to Reconsider

On February 7, 2024, Debtor filed the Motion to Reconsider requesting that the Court reconsider the Order Overruling the Claim Objection pursuant to FRCP 59(e), vacate the Order Overruling the Claim Objection and enter an order disallowing BONY's Proof of Claim. (RJN, **Exhibit J**). In the Motion to Reconsider, Debtor misrepresents that Wells Fargo has come forward as the owner of the Note and Deed of Trust based solely on a Supplemental Memorandum in Support of a Motion for Relief from the Automatic Stay (the "Supplemental Memorandum") filed more than fifteen (15) years ago in one of Debtor's prior bankruptcy cases which references Wells Fargo as the note holder and beneficiary. (RJN, **Exhibit K**). Notably, the Supplemental Memorandum which appears to have been hastily prepared and includes numerous errors including multiple references to a non-existent declaration was not actually filed by Wells Fargo but rather an attorney for Mortgage Electronic Registration Systems, Inc. ("MERS") at a firm that is no longer in business and unable to corroborate the information therein. (RJN, **Exhibits K, L**).

### III.    LEGAL STANDARD

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy Procedure recognize a motion for reconsideration. *In re Walker*, 332 B.R. 820, 826 (Bankr. D. Nev. 2005) (citing *Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.)*, 311 B.R. 530, 539 (9th Cir. BAP 2004); *Hanson v. Finn (In re Curry and Sorensen, Inc.)*, 57 B.R. 824, 826-27 (9th Cir. BAP 1986). Indeed, a 'motion to reconsider' does not exist under the [Fed. R. Bankr. P.] and, when so asserted, it is treated as a motion under Fed. R. Civ. P. 59(e) made applicable by Fed. R. Bankr. P. 9023." *Wallace v. Hayes (In re Wallace)*, 2013 WL 782721, at *2 (Bankr. D. Idaho Feb. 27, 2013), *citing Hanson v. Finn (In re Curry and Sorenson)*, 57 B.R. 824, 826-27 (B.A.P. 9th Cir. 1986). Rule 59 of the Federal Rules of Civil Procedure, which is

made applicable to the instant case by Rule 9023 of the Federal Rules of Bankruptcy Procedure, permits a party to alter or amend a judgment within 28 days of the date of the entry of the judgment. *See* Fed. R. Civ. P. 59(e). Here, Debtor filed the Motion to Reconsider within 28 days of the entry of the Order Overruling the Claim Objection and indicated he was requesting the Court reconsider and vacate the Order Overruling the Objection pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (RJN, **Exhibit J**, pp. 2, 7).

While Debtor timely filed the Motion to Reconsider, reconsideration under Rule 59 is an extraordinary solution used sparingly and only granted in highly unusual situations. *In Re Fakhari 554 B.R. 250, 258* (Bankr. D.Kan. 2016). There are only four (4) grounds upon which a Motion to Reconsider under Rule 59(e) may be granted which are as follows: (1) there is newly discovered evidence not previously available; (2) to correct manifest errors of law or fact upon which the judgment is based; (3) to prevent manifest injustice; or (4) there is an intervening change in controlling law. *See McDowell v. Calderon* 197 F.3d 1253, 1255 (9th Cir. 1999). The Motion to Reconsider does not allege or reference any intervening change in controlling law or manifest error of law by the Court. Rather, the crux of the Motion to Reconsider is that the Court should vacate the Order Overruling the Claim Objection on the basis that the Court's failure to consider the Supplemental Memorandum in its analysis overruling the Claim Objection constituted a manifest error of fact by the Court and reconsideration is necessary to prevent a manifest injustice. (RJN, **Exhibit J**, pp. 8-9). However, the Motion to Reconsider does not present any newly discovered evidence not previously available nor does it provide any evidence that there was manifest error regarding the law or facts or that reconsideration of the Order Overruling the Claim Objection under FRCP 59(e) is necessary to prevent a manifest injustice.

## IV. <u>ANALYSIS</u>

### A. DEBTOR'S MOTION TO RECONSIDER DOES NOT PRESENT ANY NEWLY DISCOVERED EVIDENCE NOT PREVIOUSLY AVAILABLE

If a Motion to Reconsider is based on newly discovered evidence, the movant must demonstrate the following: 1) the evidence was discovered after the hearing; (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage; and

(3) the newly discovered evidence is of such magnitude that producing it earlier would likely have changed the outcome of the case. *See Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000).

Although Debtor does not expressly reference "newly discovered evidence" as grounds for reconsideration of the Order Overruling the Claim Objection under FRCP 59(e), it is necessary to address because Debtor's argument concerning manifest errors of fact by the Court and manifest injustice are based entirely on the Court's failure to consider newly discovered evidence (i.e., the Supplemental Memorandum) in its analysis of the Claim Objection. (RJN, **Exhibit J**, pp. 8-9). As an initial matter, Debtor cannot reasonably claim that the Supplemental Memorandum upon which the Motion to Reconsider is based was discovered after the hearing when the proof of service attached to the Supplemental Memorandum indicates it was previously served on Debtor in 2008. (RJN, **Exhibit K**, p. 8). Even assuming arguendo Debtor claims he was not served with a copy of the Supplemental Memorandum as indicated by the proof of service and did not discover the Supplemental Memorandum until after the hearing on the Claim Objection, it is clear that the exercise of due diligence would have resulted in the evidence being discovered at an earlier stage. Not only was the Supplemental Memorandum publicly available information but the case docket from the Debtor's prior bankruptcy case in which the Supplemental Memorandum was filed was attached as an exhibit to BONY's Opposition to the Claim Objection. (RJN, **Exhibit G**, p. 6, **Exhibit A**). Thus, it is clear that the exercise of due diligence by Debtor would have resulted in the Supplemental Memorandum being discovered at an earlier stage.

Finally, the Supplemental Memorandum was not of such magnitude that producing it earlier would have changed the outcome of the case. Indeed, contrary to Debtor's assertions, the Supplemental Memorandum does not provide evidence to substantiate that Wells Fargo was the prior note holder or beneficiary, let alone evidence that Wells Fargo has emerged as a rival claimant to BONY in the current case. In addition, the Court's analysis regarding BONY's standing to file a proof of claim was based not only on the absence of a rival claimant but first and foremost on a comprehensive analysis of the relevant law concerning the criteria necessary

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

1  to qualify as a note holder and beneficiary of a deed of trust in conjunction with the evidence

2  provided by BONY via declaration in support of its status as the Note holder and beneficiary

3  entitled to the proceeds of the sale of the Property. (RJN, **Exhibit H**, pp. 10-12; **Exhibit I**, p. 7 "I

4  think it's pretty clear that BONY is the holder and they're the holder because they have the

5  paperwork and the paperwork is consistent with their argument that they are the holder").

6  Accordingly, the Supplemental Memorandum does not constitute newly discovered evidence not

7  previously available for the purpose of reconsidering the Order Overruling the Claim Objection

8  under FRCP 59(e).

9  **B. DEBTOR'S MOTION TO RECONSIDER PRESENTS NO EVIDENCE OF
   MANIFEST ERROR REGARDING THE LAW OR FACTS**

10

11      A manifest error of fact or law must be one "that is plain and indisputable, and that

12  amounts to a complete disregard of the controlling law or the credible evidence in the record." *In*

13  *re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D.Cal. 2003) (quoting

14  Black's Law Dictionary 563 (7th ed. 1999). Under the "clear error" standard, relief is

15  "appropriate only when a court overlooks 'controlling decisions or **factual matters that were**

16  **put before it on the underlying motion'** and which, if examined, might reasonably have led to

17  a different result." *Corines v. Am. Physicians Ins. Trust*, 769 F. Supp.2d 584, 593 (S.D.N.Y.,

18  2011) (quoting *Eisemann v. Greene*, 204 F. 3d 393, 395 n. 2 (2d Cir. 2000) (emphasis added).

19  On a Motion to Reconsider, **facts not raised at the original hearing will not be considered**

20  **facts that the Court overlooked**. *In re Flatbush Square, Inc*., 508 B.R. 563, 571 (E.D.N.Y.

21  2014) (emphasis added). The Court usually must have a 'clear conviction of error' or believe that

22  the final judgment was 'dead wrong' before it will alter or amend a judgment on the basis of

23  manifest error. *In Re Fakhari 554 B.R. 250, 258* (Bankr. D.Kan. 2016).

24      Debtor's primary argument in the Motion to Reconsider is that the Court overruled the

25  Claim Objection on the incorrect factual assumption that no other party had come forward

26  claiming to be the owner of the Note and Deed of Trust which the Debtor claims is manifest

27  error warranting reconsideration of the Order Overruling the Claim Objection. (RJN, **Exhibit J**,

28  p. 8). However, this argument is inherently flawed and fails for multiple reasons. First, because

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

the Supplemental Memorandum does not qualify as newly discovered evidence not previously available, Debtor may not argue that it was manifest error for the Court to overlook any of the facts in the Supplemental Memorandum as those facts where not before the Court in its review of the Claim Objection. Furthermore, even assuming arguendo the Court was willing to consider the information in the Supplemental Memorandum, it would not have clearly led to a different result. Contrary to Debtor's claims, the Supplemental Memorandum which was filed in 2008 by an attorney for MERS, not Wells Fargo, and contains numerous errors including the omission of referenced evidence regarding Wells Fargo's status as the holder and beneficiary, is devoid of any actual evidence that Wells Fargo was the prior note holder and beneficiary and certainly included no evidence which would indicate that Wells Fargo is the current note holder and beneficiary fifteen (15) years later. This is supported by the record which reflects that Wells Fargo filed no evidence in the Debtor's 2008 bankruptcy case (Case No. 8:08-bk-12163-RK) in which the Supplemental Memorandum was filed whereby it claimed to be the Note holder and beneficiary, nor has Wells Fargo filed anything in the Debtor's current bankruptcy case such as a proof of claim or response to the Trustee's Motion to Sell which one would reasonably expect if Wells Fargo were in fact the current Note holder and beneficiary of the Deed of Trust entitled to the sale proceeds from the Property.

As a final matter, the absence of a rival claimant in the current case was merely an additional consideration noted by the Court in its analysis of the Claim Objection and not the sole basis for its ruling. In fact, the Court conducted a comprehensive analysis of the evidence presented by BONY in conjunction with the relevant law before ruling that BONY had substantiated its status as the Note holder under the California Commercial Code and as a beneficiary under the Deed of Trust with standing to file a proof of claim and right to the sale proceeds from the Property. (RJN, **Exhibit H**, pp. 10-12; **Exhibit I**, p. 7). For all of these reasons, the Motion to Reconsider fails to present any evidence of manifest error of fact or law that would warrant reconsideration of the Order Overruling the Claim Objection under FRCP 59(e).

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

## C. DEBTOR'S MOTION TO RECONSIDER PRESENTS NO EVIDENCE OF MANIFEST INJUSTICE

A "showing of manifest injustice requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. *McDaniel v. American Gen. Fin. Servs., Inc.* 2007 WL 2084277, *2 (W.D. Tenn. 2007). Courts may only grant reconsideration based on manifest injustice if the error is "apparent to the point of being indisputable" or if the record presented is "so patently unfair and tainted that the error is manifestly clear to all those who view it." *In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa 2012) quoting *Conway*, 2009 WL 1492178, at *6 N. 8.

Here, Debtor has provided no new argument as to why it was manifestly unjust for the Court to overrule the Claim Objection. Debtor claims the fact that Wells Fargo has come forward claiming ownership of the Note and Deed of Trust, which is not accurate, coupled with the Court's previous recognition of questions regarding the chain of title demonstrate that reconsideration of the Claim Objection is necessary to prevent a manifest injustice as upholding the Order Overruling the Claim Objection would lessen the burden on other secured lenders to assert claims without proper documentation. (RJN, **Exhibit J**, p. 9). However, Debtor provides no evidence to support this claim or otherwise explain how the Court's overruling of the Claim Objection amounts to a manifest injustice that would warrant reconsideration under FRCP 59(e). Contrary to Debtor's arguments, the record clearly reflects that the Court carefully considered all of the relevant evidence and applicable law in its determination that BONY had presented sufficient evidence to substantiate its status as the current Note holder and beneficiary with standing to file a proof of claim and right to the sale proceeds from the Property. Since the Motion to Reconsider fails to demonstrate a fundamental flaw in the Court's decision to overrule the Claim Objection which would result in a clear manifest injustice requiring reconsideration under FRCP 59(e), the Motion to Reconsider should be denied.

/./.

/./.

/./.

## V.    CONCLUSION

For all of the foregoing reasons discussed herein, Debtor has failed to establish a basis to alter or amend the Order Overruling the Claim Objection under FRCP 59(e) and the Motion to Reconsider should be denied.

**WHEREFORE**, BONY respectfully requests:

1.    That Debtor's Motion to Reconsider be denied; and

2.    Such other and further relief as the Court deems just and proper.

Dated: February 20, 2024                    ALDRIDGE PITE, LLP


                                            /s/ *Joseph C. Delmotte*  (SBN 259460)
                                            Joseph C. Delmotte
                                            Attorneys for *Respondent/Secured Creditor*
                                            THE BANK OF NEW YORK MELLON FKA
                                            THE BANK OF NEW YORK SUCCESSOR
                                            TRUSTEE TO JPMORGAN CHASE BANK, N.A.,
                                            AS TRUSTEE FOR THE BEAR STEARNS ALT-
                                            A TRUST, MORTGAGE PASS-THROUGH
                                            CERTIFICATES, SERIES 2005-04

**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S
OBJECTION TO PROOF OF CLAIM 2-1**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8880 Rio San Diego Drive, Suite 725  San Diego, CA 92108

A true and correct copy of the foregoing document entitled: **Opposition To Motion To Reconsider Order Overruling Debtor's Objection To Proof Of Claim 2-1 Filed By The Bank Of New York Mellon, FKA The Bank Of New York Successor Trustee To JPMorgan Chase Bank, N.A., As Trustee For The Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2005-04 [Docket Number 134]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___February 20, 2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.sa.ecf@usdoj.gov

**U.S. TRUSTEE'S ATTORNEY:**
Michael J Hauser Michael.hauser@usdoj.gov

**ATTORNEYS FOR DEBTOR:**
David R Haberbush dhaberbush@lbinsolvency.com
Lane K Bogard lbogard@ lbinsolvency.com

**TRUSTEE:**
Arturo  Cisneros- arturo@mclaw.org

**TRUSTEE'S ATTORNEY:**
Nathan F. Smith- nathan@mclaw.org

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___February 20, 2024___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**PRESIDING JUDGE:**
Honorable Theodor Albert
U.S. Bankruptcy Court  Central District Of California
(Santa Ana)
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

**DEBTOR:**
Jeffrey S Beier
P O Box 7644
Laguna Niguel, CA 92677

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/20/2024 | Lauren Timby | /s/ Lauren Timby |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**