| | |
|---|---|
| 1 | HABERBUSH, LLP |
| | DAVID R. HABERBUSH, ESQ., SBN 107190 |
| 2 | RICHARD A. BROWNSTEIN, ESQ., SBN 70297 |
| | VANESSA M. HABERBUSH, ESQ., SBN 287044 |
| 3 | LANE K. BOGARD, ESQ., SBN 306972 |
| | 444 West Ocean Boulevard, Suite 1400 |
| 4 | Long Beach, CA 90802 |
| | Telephone: (562) 435-3456 |
| 5 | Facsimile: (562) 435-6335 |
| | E-mail: lbogard@lbinsolvency.com |
| 6 | |
| | Attorneys for Debtor Jeffrey S. Beier. |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:23-bk-10898-TA |
| Jeffrey S. Beier, | **Chapter 7** |
| Debtor. | **MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04 [DOCKET NUMBER 134]** |
| | [Request for Judicial Notice Separately Filed] |
| | **Hearing Date** |
| | Date: March 5, 2024 |
| | Time: 11:00 a.m. |
| | Place: Courtroom 5B |
| | 411 West Fourth Street |
| | Santa Ana, CA 92701-4593 |

**TO THE HONORABLE THEODORE C. ALBERT UNITED STATES BANKRUPTCY JUDGE; CLAIMANT, THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04; AND ALL PARTIES IN INTEREST AND THEIR COUNSEL OF RECORD:**

Debtor Jeffrey S. Beier, debtor in the above-captioned bankruptcy case ("Debtor"), hereby moves

Exhibit J

this Court for an order reconsidering the Order Overruling Debtor's Objection to Proof of Claim 2-1 Filed by The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 [Docket Number 134] (the "Motion").

This Court has jurisdiction over this Motion, which constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A)-(B). This Motion is made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9023 and Federal Rule of Civil Procedure ("FRCP") 59(e) and is based on the facts and law as set forth in the attached Memorandum of Points and Authorities, the separately-filed Request for Judicial Notice, and such additional evidence and argument as properly may be considered by the Court.

By the Motion, Debtor seeks reconsideration of the Court's Claim Objection Order pursuant FRCP 59(e) and FRBP 9023.[1] At the Hearing, the Court indicated that it was finding Claimant was the holder of the Promissary Note and Deed of Trust based on the documents submitted by Claimant and because no other person had come forward to claim ownership of the Promissary Note and Deed of Trust. Since the Hearing, Debtor has discovered evidence that Wells Fargo has come forward in this Court as the owner of the Promissary Note and Deed of Trust. Therefore, the Court based its ruling on an error of fact. In addition, because there are clear missing links in the chain of title, such that neither the Court nor Claimant can say without any uncertainty that Claimant is the owner of the Promissory Note and Deed of Trust, reconsideration is necessary to prevent a manifest injustice.

Therefore, for the reasons set forth hereinabove, Debtor respectfully requests this Court grant the Motion and any other such relief as is just and proper.

Respectfully Submitted,

HABERBUSH, LLP

Dated: February 7, 2024         By:  /s/ Lane K. Bogard
                                 Lane K. Bogard, ESQ., Attorneys for Debtor.

---

[1] All defined terms in the Motion have the same meaning as set forth in the attached Memorandum of Points and Authorities unless otherwise defined herein.

Exhibit J

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Jeffrey S. Beier, debtor in the above-captioned bankruptcy case ("Debtor"), files this Motion seeking reconsideration of Claim Objection Order (defined hereinbelow). As explained in detail below, there was a manifest error of fact with the Claim Objection Order and reconsideration is necessary to prevent manifest injustice. Since entry of the Claim Objection Order, Debtor has discovered evidence that establishes a third party, Wells Fargo Bank, N.A. ("Wells Fargo"), has come forward in this Court claiming ownership of the subject Promissory Note (defined hereinbelow) and Deed of Trust (defined hereinbelow). Accordingly, the Court's reliance on the fact that no other person has come forward to claim ownership, when making its Claim Objection Order, was clear error. In addition, because the Court found that the The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 (the "Claimant") met its burden of proof even though Wells Fargo has come forward as the owner of the Promissory Note and Deed of Trust and Debtor established that the Claimant's documentary evidence raised questions and demonstrated missing links in the chain of title (which this Court recognized), reconsideration of the Claim Objection Order is necessary to prevent manifest injustice. Consequently, for these reasons and the reasons discussed below, Debtor requests that the Court grant the Motion and reconsider the Claim Objection Order.

### II. FACTUAL BACKGROUND

#### A. The Claim Objection

On July 12, 2023, Claimant filed Proof of Claim 2-1 (the "Proof of Claim"). A true and correct copy of the Proof of Claim is attached to the separately-filed request for judicial notice ("RJN") as Exhibit "A."

By its Proof of Claim, Claimant asserts that it was at the time the Proof of Claim was filed the holder of a $2,786,180.50 claim secured by real property located at 10 Tucson, Coto de Caza Area, California ("Real Property"). In addition, attached to the Proof of Claim is, inter alia, (1) an Adjustable Rate Note in the principal sum of $1,470,000 dated March 3, 2005 naming Countrywide Home Loans, Inc. ("Countrywide"), as the lender and Jeffrey S. Beier and Toni Beier as borrowers ("Promissory

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Exhibit J

1 Note"), the last page of which includes what appears to be a rubberstamp image stating Pay to the Order of JPMorgan Chase Bank, N.A. ("JPMorgan Chase") as Trustee and (2) a deed of trust dated March 2, 2005 and recorded with the county recorder on March 8, 2005 as instrument number 2005000170527 ("Deed of Trust") identifying the beneficiary as Countrywide and the trustors as Jeffrey S. Beier and Toni Beier. See Proof of Claim at pages 35-38 and 40-67.

On December 1, 2023, Debtor filed an Objection to Proof of Claim 2-1 Filed by The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 [Docket Number 108] (the "Objection to Claim"). A true and correct copy of the Objection to Claim is attached to the RJN as Exhibit "B."

As set forth in the Objection to Claim, Debtor asserted that Claimant could not show that it has any claim by virtue of the documents attached to the Proof of Claim. Objection to Claim at pages 2-7. In other words, the documentation attached to the Proof of Claim did not establish chain of title, such that Claimant could not demonstrate that it is the owner of either the Promissory Note or the Deed of Trust. Accordingly, there existed an dispute concerning Claimant's ownership of the Promissory Note and the Deed of Trust, and it was Claimant's burden to prove proper chain of title. More specifically, Claimant had the burden to come forward with documentary evidence sufficiently satisfactory to establish:

(1) that the Promissory Note and Deed of Trust were actually transferred/assigned to the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 by Countrywide;

(2) that JPMorgan was actually the trustee of the Bear Stearn Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04; and,

(3) that The Bank of New York Mellon, FKA the Bank of New York was Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04.

On December 26, 2023, Claimant filed an Opposition to Objection to Proof of Claim 2-1 Filed by the Bank of New York Mellon, Fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series

Exhibit J

Case 2:23-bk-10989-SK Doc 147 Filed 02/07/24 Entered 02/07/24 13:52:10 Desc Main Document Page 5 of 12

Case 2:23-bk-10989-SK Doc 134-7 Filed 02/07/24 Entered 02/07/24 13:52:10 Desc Exhibit J - Motion to Reconsider Order Page 5 of 12

2005-04 [Docket Number 124] (the "Opposition"). A true and correct copy of the Opposition is attached to the RJN as Exhibit "C." Claimant also filed a Request for Judicial Notice in Support of the Opposition [Docket Number 127] (the "Opposition RJN"). A true and correct copy of the Opposition RJN, excluding exhibits, is attached to the RJN as Exhibit "D." Lastly, Claimant filed a Declaration of Joseph C. Delmotte in Support of the Opposition [Docket Number 125] (the "Delmotte Declaration") and a Declaration of Jae Min in support of the Opposition [Docket Number 126] (the "Min Declaration") (the Delmotte Declaration and Min Declaration, collectively, the "Declarations"). True and correct copies of the Declarations are attached to the RJN as Exhibits "I" and J."

Debtor subsequently filed a Reply to the Opposition [Docket Number 128] (the "Reply"). A true and correct copy of the Reply is attached to the RJN as Exhibit "E."

### B. The Hearing and Claim Objection Order

On January 9, 2024, the Court held a hearing on the Claim Objection (the "Hearing"). A true and correct copy of the transcript from the Hearing is attached to the RJN as Exhibit "F."

At the hearing, Debtor argued that the Claimant did not prove that it was the owner of the Promissory Note and Deed of Trust. Transcript at page 4, lines 23-25 and page 5, lines 1-2. In addition, Debtor argued that there was nothing in the record to show how Claimant became the successor trustee to JP Morgan Chase. Transcript at page 5, lines 3-8. Accordingly, as stated at the Hearing, there were missing links in chain of title. Transcript at page 5, lines 9-10. Therefore, Debtor requested that the Court sustain the Claim Objection.

In response to Debtor's argument the Court explained and held the following:

> I'm really asked to make a very simple determination, which is who is the holder, the "holder" being a term of law that is defined. And I conclude ultimately that it has to be BONY and admittedly, through servicers and agents, but it has to BONY because (a) it's logical and (b) -- and this is where I'm posing a question to you -- there's nobody else. Nobody else has come forward and it's been a long time.

Transcript at page 6, lines 12-19.

The Court went on to state:

> Now, you do raise a suspicious anomaly. Why does somebody seek fit to strike out one of these other banks? I don't know the answer to that. Apparently, you don't know it either. But does it amount to something that I find substantial enough to deny status of holder, Mr. Haberbush? The answer is no.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Exhibit J

Case 8:23-bk-10898-TA Doc 147 Filed 02/07/24 Entered 02/07/24 23:15:26 Desc Main Document Page 6 of 12

Case 8:23-bk-10898-TA Doc 147-10 Filed 02/07/24 Entered 02/07/24 23:15:26 Desc Exhibit J - Motion to Reconsider Order Page 6 of 12

Transcript at page 7, lines 11-16.

Finally, the Court reasoned: "I think it's pretty clear that BONY is the holder and they're the holder because they have the paperwork and the paperwork is consistent with their argument that they are the holder. . . .[W]hat I have here is evidence to a 99.9 percent certitude that [the holder ] . . .is BONY. " Transcript at page 7, lines 7-9.

Based on the above and the Court's tentative ruling, the Court overruled the Claim Objection. Transcript at page 20. On January 24, 2024, the Court entered an Order Overruling Debtor's Objection to Proof of Claim 2-1 Filed by the Bank of New York Mellon, fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 [Docket Number 134] (the "Claim Objection Order"). A true and correct copy of the Claim Objection Order is attached to the RJN as Exhibit "G."

### C. The Motion to Reconsider

As stated above, at the Hearing, the Court indicated that it was finding Claimant was the holder of the Promissory Note and Deed of Trust based on the documents submitted by Claimant and because no other person had come forward to claim ownership.

Based on the statements made by the Court at the Hearing, Debtor reviewed the record after the Hearing. Debtor discovered that a party has indeed come forward claiming ownership of the Promissory Note and Deed of Trust. Specifically, in Debtor's prior bankruptcy case, *In re Jeffrey Scott Beier and Toni Renita Beier aka Toni Cook aka Toni Gallucci*, Bankruptcy Case Number 8:08-bk-12163-RK (the "Prior Bankruptcy Case"), Mortgage Electronic Registration Systems, Inc. ("MERS"), filed a motion for relief from stay [Docket Number 10] (the "Relief from Stay Motion"). A true and correct copy of the docket report for the Prior Bankruptcy Case was attached to the Opposition RJN as Exhibit "A." In support of the Relief from Stay Motion, MERS filed a Supplemental Memorandum [Docket Number 17] (the "Supplement"). A true and correct copy of the Supplement is attached to the RJN as Exhibit "H." As set forth in the Supplement, the Promissory Note was assigned from Countrywide to Wells Fargo. Supplement at page 3, lines 6. Therefore, Wells Fargo, through MERS, came forward as the owner of the Promissory Note and Deed of Trust.

Because evidence shows that (1) the Court based its ruling on an error of fact and (2) there are

6
F:\H.A\clients\ACTIVE\Beier - 1640\Bankruptcy\Motion for Reconsideration\Drafts\MOTION.FOR.RECONSIDERATION.06.wpd    THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit J

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

clear missing links in the chain of title, such that neither the Court nor Claimant can say without any uncertainty that Claimant is the owner of the Promissory Note and Deed of Trust, such that reconsideration is necessary to prevent a manifest injustice, Debtor filed the Motion.

For these reasons and the reasons set forth below, Debtor requests that the Court grant the Motion and reconsider the Claim Objection Order on the grounds that there was a manifest error of fact and there would be manifest injustice if the Claim Objection Order is not reconsidered.

**III.  LEGAL ARGUMENT**

**A.  This Court is Authorized to Reconsider the Claim Objection Order Pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rule of Bankruptcy Procedure 9023.**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e), which is applicable to this Motion by Federal Rule of Bankruptcy Procedure ("FRBP") 9023, this Court is authorized to reconsider orders and judgments. *See Hansen v. Finn* (*In re Curry & Sorensen, Inc*.), 57 B.R. 824, 826–27 (9th Cir. B.A.P. 1986) (when asserted within 14 days of entry of a judgment or order, a motion to reconsider is timely and treated as a motion under FRCP 59(e) made applicable by FRBP 9023; *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) ("Although the motion to reconsider does not state a specific procedural basis, it appears to fall under Rule 9023, which incorporates F.R.C.P. Rule 59.").

There are several grounds this Court may consider when determining whether a motion to reconsider pursuant to FRBP 9023 and FRCP 59(e) should be granted: (1) the movant may demonstrate that the motion is necessary because there is newly discovered evidence; (2) the movant may demonstrate that the court committed clear error in rendering the judgment or order (*i.e.*, there was a manifest error of law or fact); (3) the movant may demonstrate reconsideration is necessary to prevent manifest injustice; and/or (4) the movan may demonstrate that there has been an intervening change in controlling law. *See McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999), *cert. denied*, 529 U.S. 1082 (2000) (citation omitted); *see also*, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Hansen v. Moore* (*In re Hansen*), 368 B.R. 868, 878 (B.A.P. 9th Cir. 2007).

F:\H.A\clients\ACTIVE\Beier - 1640\Bankruptcy\Motion for Reconsideration\Drafts\MOTION.FOR.RECONSIDERATION.kb.wpd    THIS DOCUMENT PREPARED ON RECYCLED PAPER

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Exhibit J

1  Debtor has made this Motion within 14 days of the entry of the Claim Objection Order. Consequently, the Motion is timely and the Court is authorized to reconsider the Claim Objection Order pursuant to FRCP 59(e) and FRBP 9023.

As set forth below, in this case, the Court committed clear error in rendering the Claim Objection Order because the ruling on the Claim Objection Order was based on an error of fact. In addition, reconsideration is necessary to prevent manifest injustice. Therefore, Debtor requests that the Court grant the Motion.

**B.   The Court Should Reconsider the Claim Objection Order Because it was Based on an Incorrect Factual Assumption and is Necessary to Correct a Manifest Error of Fact.**

A "'manifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. at 683 (quoting Black's Law Dictionary 563 (7th ed.1999)).

Here, the Claim Objection Order was premised on the incorrect factual assumption that no other party had come forward claiming to own the Promissory Note and Deed of Trust. Transcript at page 6. This is incorrect. In Debtor's Prior Bankruptcy Case, Wells Fargo, through MERS, sought relief from stay from this Court and filed the Supplement which clearly stated that the Promissory Note was assigned from Countrywide to Wells Fargo. Supplement at page 3, line 6. Therefore, the Court's reliance on the fact that no other person had come forward claiming to own the Promissory Note and Deed of Trust was not factually incorrect. Accordingly, on this basis alone, the Court should reconsider the Claim Objection Order.

Further, the fact that Wells Fargo has come forward in this Court and alleged that it is the owner of the Promissory Note, supports finding that the Claim Objection must be sustained. As explained above and in the Claim Objection, the Claimant has the burden to prove it is the owner of the Note and Deed of Trust. Nowhere in the chain of title for ownership of the Note and Deed of Trust does Wells Fargo appear in the Proof of Claim. *See* Proof of Claim. This provides additional support for why the Opposition, Declarations, and documents submitted by Claimant show there are missing links in the chain of title and that Claimant cannot establish with no uncertainty, that it is the holder of the

Exhibit J

Promissory Note and Deed of Trust. Accordingly, Claimant cannot meet its burden and establish chain of title necessary to prevail on the Claim Objection. For these reasons, the Debtor requests that the Court reconsider the Claim Objection Order, vacate the Claim Objection Order, and enter an order sustaining the Claim Objection.

### C. The Court Should Reconsider the Claim Objection Order to Prevent Manifest Injustice.

"A 'manifest injustice' is defined as 'an error in the trial court that is direct, obvious, and observable.'" *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. at 683 (quoting Black's Law Dictionary 563 (7th ed.1999)).

It is undisputed that there is no burden on the objecting party to disprove a claim; instead, the burden of persuasion is always on the claimant to establish its entitlement to the claim. *See* Claim Objection at page 7; Opposition at page 9. As shown in the Claim Objection and as acknowledged by the Court at the Hearing, Debtor pointed to issues in the Proof of Claim that demonstrated there are clearly missing links in the chain of title. *See*, *e.g*., Transcript at pages 6-7. These missing links were then acknowledged by the Court. Transcript at page 7, lines 7-9 and 11-16. Therefore, the evidence set forth above showing that Wells Fargo has come forward claiming ownership fo the Promissory Note and Deed of Trust, coupled with the fact that the Court recognized there were questions related to the chain of title that no one (including Claimant) could answer, demonstrate that reconsideration of the Claim Objection is necessary to prevent a manifest injustice that is obvious from the record. Claimant should be required to demonstrate, with evidence, that it is, with no uncertainty, the owner of the Promissory Note and Deed of Trust. Claimant failed to meet this burden. Upholding the Claim Objection Order based on these facts would lessen the burden on claimants and allow secured lenders to assert claims without having the proper documentation to show entitlement to assert the claim. Therefore, for these reasons, the Court should reconsider the Claim Objection Order, vacate the Claim Objection Order, and enter an order disallowing the Proof of Claim in its entirety.

///

///

///

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Exhibit J

Case 2:23-bk-10898-ATA Doc 394 Filed 06/07/24 Entered 06/07/24 23:15:26 Desc
Main Document Page 10 of 12

Case 2:23-bk-10898-ATA Doc 317-1 Filed 02/20/24 Entered 02/20/24 13:52:13 Desc
Exhibit J - Motion to Reconsider Page 10 of 12

## IV. CONCLUSION

Wherefore, for the foregoing reasons, the Debtor requests that the Court grant the Motion, reconsider the Claim Objection Order, vacate the Claim Objection Order, enter an order disallowing Proof of Claim 2-1 in its entirety, and for any further relief as is just and proper.

Respectfully Submitted,

HABERBUSH, LLP

Dated: February 7, 2024         By: /s/ Lane K. Bogard
                                    Lane K. Bogard, ESQ., Attorneys for Debtor.

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

Exhibit J

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04 [DOCKET NUMBER 134]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 7, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anerio V Altman**  LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
- **Lane K Bogard**  lbogard@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,vhaberbush@lbinsolvency.com,jborin@lbinsolvency.com
- **Greg P Campbell**  ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Arturo Cisneros**  arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**  amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Joseph C Delmotte**  ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **David R Haberbush**  dhaberbush@lbinsolvency.com, ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vhaberbush@lbinsolvency.com,haberbush.assistant@gmail.com, jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Michael J Hauser**  michael.hauser@usdoj.gov
- **Nathan F Smith**  nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **February 7, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 7, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Theodor C. Albert, JUDGE
United States Bankruptcy Court
411 West Fourth Street,
Suite 5085 / Courtroom 5B
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 7, 2024 | Alexander S. Bostic | */signature/* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

## Exhibit J

Brian Thompson
Winterstone Real Estate
23792 Rockfield Blvd Ste 101
Lake Forest, CA 92630

Bank of America, N.A.
P.O. Box 31785
Tampa, FL 33631

Bank of America, N.A.
P.O. Box 660933
Dallas, TX 75266

Greg P. Campbell
Aldridge Pite, LLP
8880 Rio San Diego Drive, Suite 725
San Diego, CA 92108

Jeffrey S Beier
P O Box 7644
Laguna Niguel, CA 92677
ORANGE, CA 92677

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

Exhibit J