HABERBUSH, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE K. BOGARD, ESQ., SBN 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-mail: lbogard@lbinsolvency.com

Attorneys for Debtor Jeffrey S. Beier.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

In re

Jeffrey S. Beier,

    Debtor.

Case No. 8:23-bk-10898-TA

**Chapter 7**

**REPLY TO OPPOSITION TO MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04 [DOCKET NUMBER 134]**

**Hearing Date**
Date:  March 5, 2024
Time:  11:00 a.m.
Place:  Courtroom 5B
      411 West Fourth Street
      Santa Ana, CA 92701-4593

    Jeffrey S. Beier, debtor in the above-captioned bankruptcy case ("Debtor"), hereby replies to the Opposition [docket number 146] (the "Opposition") of The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 ("Claimant") to the Motion to Reconsider Order Overruling Debtor's Objection to Proof of Claim 2-1 Filed by Claimant [docket number 134] (the "Motion").[1]

_____

[1]    All defined terms used herein have the same meanings as those set forth in the Motion unless defined otherwise.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

## I.    INTRODUCTION

Debtor filed his Motion seeking reconsideration of the Claim Objection Order based upon the fact that the Court was finding in Claimant's favor because no other person had come forward to claim ownership of the Note and Deed of Trust. Claimant's Opposition that Debtor failed to meet the standard for reconsideration has no basis because Claimant applies incorrect legal standards and ignores the facts of this case. Debtor has demonstrated that (1) the Court's Claim Objection Order was based on an error of fact that was before the Court when ruling on the underlying Motion and (2) upholding the Claim Objection Order when there are clearly missing links in the chain of title (as shown by the Supplement) would lessen the burden on claimants and allow secured lenders to assert claims without having the proper documentation to show entitlement to assert the claim, such that it would be manifestly unjust to decline to reconsider the Claim Objection Order. The simple reality is that Claimant has failed to support its Proof of Claim; the evidence of Wells Fargo's claim of interest in the Note and Deed of Trust shows precisely why demonstrating every link in the chain of title is essential and how Claimant indeed is not alone in claiming title to the Note and Deed of Trust. Because Wells Fargo had come forward as the holder of the Note and Deed of Trust in the past,[2] the Court's reliance on Claimant being the only party coming forward now shows precisely why the Claim Objection Order was in error. Therefore, the Court should grant the Motion and reconsider the Claim Objection Order.

## II.    BECAUSE DEBTOR HAS MET THE STANDARD FOR RECONSIDERATION OF THE CLAIM OBJECTION ORDER PURSUANT TO FRCP 59(e), THE COURT SHOULD GRANT THE MOTION.

As set forth in the Motion, there are several grounds this Court may consider when determining a motion to reconsider pursuant to FRBP 9023 and FRCP 59(e). In the Opposition, Claimant goes to

---

[2]    Claimant seems to suggest that the Supplement filed by Wells Fargo where Wells Fargo asserts an interest in the Note and Deed of Trust is in error or contained errors. *See* Opposition at pages 7 and 11. However, this is irrelevant because the issue is not whether the Supplement is necessarily in error but whether another has claimed a right or interest in the Note and Deed of Trust to which Claimant current asserts an interest. Wells Fargo does not appear in the chain of title documents attached to the Proof of Claim or otherwise provided by Claimant, which shows precisely why the issues raised in the Motion and Claim Objection are of vital importance. There not only was an entity that claimed an interest in conflict with Claimant but there could still be such an entity with an interest due to Claimant's failure to show complete chain of title.

great lengths to argue that the Motion should be denied because the Debtor has not presented any newly-discovered evidence not previously available. Motion at pages 8-10. This argument is entirely irrelevant as the Debtor has not raised "newly discovered evidence" as a ground for reconsideration of the Claim Objection Order. *See* Motion at pages 1-10. The only grounds that Debtor has raised in the Motion are: (1) manifest error of fact and (2) manifest injustice. *See* Motion at pages 1-10.  Therefore, the Claimant's argument is immaterial and does not support denial of the Motion. More importantly, as discussed in detail below, Claimant's Opposition provides no legal or factual basis to deny reconsideration due to manifest error of fact or manifest injustice.

First, Claimant argues that Debtor has not met the standard for reconsideration because Debtor has not presented any evidence of manifest error of facts. Opposition at pages 10-11. However, Claimant's argument relies on a misunderstanding of applicable law and ignores the issue raised in the Motion. More specifically, Claimant argues that the facts that the Court relied on in error must be newly discovered and not previously available. Page 11, lines 1-4. This is incorrect. Reconsideration based on facts that are newly discovered and not previously available is a separate and distinct ground from reconsideration based on manifest error of fact. *See*, *e.g.*, *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (explaining the four grounds for reconsideration pursuant to FRCP 59(e)). Further, reconsideration based on manifest error of facts is appropriate when the court overlooks facts that were before it when deciding the underlying motion. *See, e.g., Corines v. Am. Physicians Ins. Trust*, 769 F. Supp. 2d 584, 593 (S.D.N.Y. 2011). While Claimant attempts to say that the Supplement filed by Wells Fargo was not before the Court in its review of the Claim Objection, *see* Opposition at page 11, Claimant ignores that the Supplement was submitted as evidence by Claimant in Claimant's Opposition RJN, *see* Motion. Thus, this evidence was before the Court when considering the Claim Objection, but it was not considered as it should have been, especially considering that Claimant has failed to present a full and complete chain of title showing that it is the owner of the Note and Deed of Trust. This was manifest error that is resulting in manifest injustice.

Further, in the Claim Objection, Debtor argued that Claimant could not meet its burden to prove ownership of the Note and Deed of Trust. *See* Claim Objection; Transcript. The Court's reliance on the fact that nobody else has or had come forward when making the Claim Objection Order was in error

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  based on the facts set forth in the Supplement. More importantly, given that the Court posited at the

2  Hearing whether anyone else had come forward as the owner of the Note and Deed of Trust shows that,

3  had the Court considered the Supplement that was presented to the Court through the Opposition RJN,

4  there may have been a different result. Therefore, Debtor met has burden and shown that reconsideration

5  of the Claim Objection due to manifest error of fact is proper. Accordingly, Debtor requests that the

6  Court grant the Motion.

7       Second, Claimant contends that Debtor has not provided any argument or evidence as to why

8  it would be manifestly unjust to not reconsider the Claim Objection Order. Opposition at page 12.

9  However, Claimant again ignores the Motion entirely. As explained in detail in the Motion, the burden

10 of persuasion is always on the claimant to establish its entitlement to the claim. Therefore, in this case,

11 when the Claimant's evidence demonstrates that there are clearly missing links in the chain of title such

12 that the Claimant is not entitled to assert the claim and another entity had come forward to claim an

13 interest in the same Note and Deed of Trust (who does not show in Claimant's chain of title), it would

14 be unjust to decline to reconsider the Claim Objection Order in light of Supplement.

15      Therefore, for these reasons, Debtor has met the standard for reconsideration and Claimant's

16 arguments have no merit. Accordingly, Debtor requests that the Court grant the Motion.

17 **III.    CONCLUSION**

18      For these reasons and the reasons set forth in the Motion, Debtor requests that the Court grant

19 the Motion and reconsider the Claim Objection Order.

20                           Respectfully submitted,

21                           HABERBUSH, LLP

22

23 Date: February 27, 2024            By: /s/ Lane K. Bogard
                                    Lane K. Bogard, attorneys for Jeffrey
                                    Beier, Debtor

24

25

26

27

28

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO OPPOSITION TO MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04 [DOCKET NUMBER 134]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 27, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anerio V Altman**    LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
- **Lane K Bogard**    lbogard@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,vhaberbush@lbinsolvency.com,jborin@lbinsolvency.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Arturo Cisneros**    arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**    amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Joseph C Delmotte**    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **David R Haberbush**    dhaberbush@lbinsolvency.com, ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vhaberbush@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Michael J Hauser**    michael.hauser@usdoj.gov
- **Nathan F Smith**    nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **February 27, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Brian Thompson
Winterstone Real Estate
23792 Rockfield Blvd Ste 101
Lake Forest, CA 92630

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 27, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Theodor C. Albert, JUDGE
United States Bankruptcy Court
411 West Fourth Street,
Suite 5085 / Courtroom 5B
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 27, 2024 | Alexander S. Bostic | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.