Joseph C. Delmotte (CA SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
8880 Rio San Diego Drive, Suite 725
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Respondent*
THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK SUCCESSOR
TRUSTEE TO JPMORGAN CHASE BANK, N.A.,
AS TRUSTEE FOR THE BEAR STEARNS ALT-A
TRUST, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-04

FILED & ENTERED

MAR 21 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JEFFREY S. BEIER,<br><br>Debtor. | Case No. 8:23-bk-10898-TA<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04**<br><br>HEARING HELD:<br>DATE: March 5, 2024<br>TIME: 11:00 a.m.<br>CTRM: 5b |

The above-captioned matter came on for hearing on March 5th, 2024 upon debtor Jeffrey S. Beier's ("Debtor") Motion to Reconsider Order Overruling Debtor's Objection to Proof of Claim 2-1 Filed by The Bank of New York Mellon, FKA The Bank of New York, Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04 (the "Motion to Reconsider") filed on February 7, 2024, as Docket No. 139.

Main Document    Page 2 of 6

The Court, having considered the Debtor's Motion to Reconsider, the Opposition to the Motion to Reconsider filed by *respondent* The Bank of New York Mellon FKA The Bank of New York, Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04, and Debtor's Reply to the Opposition to the Motion to Reconsider, and based upon the arguments of counsel, pleadings, filings and record before the Court, and the Court's tentative ruling on the Motion to Reconsider which is attached hereto as Exhibit A,

**IT IS HEREBY ORDERED** that Debtor's Motion to Reconsider is **DENIED**.

###

Date: March 21, 2024

Theodor C. Albert
United States Bankruptcy Judge

**ORDER DENYING DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-1**

# United States Bankruptcy Court
# Central District of California
Santa Ana
Theodor Albert, Presiding
Courtroom 5B Calendar

**Tuesday, March 5, 2024**                                                                                                    **Hearing Room    5B**

<u>11:00 AM</u>
**8:23-10898    Jeffrey S Beier**                                                                                                      **Chapter 7**

#10.00    Motion To Reconsider Order Overruling Debtor's Objection To Proof Of Claim 2-1 Filed By The Bank Of New York Successor Trustee TO JPMorgan Chase Bank, N.A., As Trustee For The Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2005-04 [Docket Number 134]

Docket    139

**Tentative Ruling:**

Tentative for March 5, 2024

This is Debtor's motion for reconsideration of the order ("Claim Objection Order") emanating from the prior hearing January 9, 2024 where Debtor objected to claim #2-1 filed by The Bank of New York Mellon, fka Bank of New York successor Trustee to JPMorgan Chase Bank N.A. as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificate Series 2005-04. In the Claim Objection Order the court denied the objection. Debtor files this motion based on an argument there was a manifest error of fact underlying the Claim Objection Order and reconsideration is necessary to prevent manifest injustice. Since entry of the Claim Objection Order, Debtor has allegedly discovered evidence that establishes that a third party, Wells Fargo Bank, N.A. ("Wells Fargo") had come forward claiming ownership of the subject promissory note and deed of trust. However, Debtor argues this court apparently relied on the assumption that no other person has come forward to claim ownership.

In Debtor's previous claim objection, he asserted that Claimant The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 ("Claimant" or "BONY") could not show the chain of title or that it was the owner of the Promissory Note of the Deed of Trust. The court heard the matter on January 9, 2024 and overruled the claim objection on the grounds that BONY or Claimant provided the paperwork which is consistent with the argument that they are the holder; the court felt fortified in that conclusion as nobody else has come

# United States Bankruptcy Court
# Central District of California
Santa Ana
Theodor Albert, Presiding
Courtroom 5B Calendar

| | |
|---|---|
| **Tuesday, March 5, 2024** | **Hearing Room    5B** |

**11:00 AM**
**CONT...    Jeffrey S Beier    Chapter 7**

forward although this debt has been outstanding now for decades.

Debtor reviewed the record after the hearing and discovered that in the *previous 2008 bankruptcy* Mortgage Electronic Registration Systems, Inc. ("MERS") filed a motion for a relief from stay and stated that the promissory note was assigned from Countrywide to Wells Fargo. Thus, through MERS's testimony in a previous case, Wells Fargo came forward as the owner of the promissory note and deed of trust. Thus, the crux of this Motion is that the court failed to consider the Supplemental Memorandum in its analysis overruling the Claim Objection and this constitutes a manifest error of fact by the court.

### A. Legal Standard

FRCP 59(e) provides this court with authorization to reconsider orders and judgments. See *Hansen v. Finn (In re Curry & Sorensen, Inc.)*, 57 B.R. 824, 826–27 (9th Cir. B.A.P. 1986). There are several grounds the court may consider when determining whether a motion to reconsider should be granted: (1) the movant may demonstrate that the motion is necessary because there is newly discovered evidence; (2) the movant may demonstrate that the court committed clear error in rendering the judgment or order (i.e., there was a manifest error of law or fact); (3) the movant may demonstrate reconsideration is necessary to prevent manifest injustice; and/or (4) the movant may demonstrate that there has been an intervening change in controlling law. See *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999), cert. denied, 529 U.S. 1082 (2000) (citation omitted).

### B. Analysis

Debtor argues that the court should reconsider the Claim Objection Order because it was premised on what he characterizes as an incorrect factual assumption that no other party has come forward claiming to own the promissory note and deed of trust. Debtor argues he belatedly discovered after entry of the Claim Objection Order that Wells Fargo, through MERS in Debtor's prior, 2008 Bankruptcy Case stated in pleadings that the promissory note was assigned from Countrywide to Wells Fargo ("Supplemental Memorandum"). Based on this alleged error in fact, Debtor contends that the

# United States Bankruptcy Court
## Central District of California
Santa Ana
Theodor Albert, Presiding
Courtroom 5B Calendar

| | |
|---|---|
| **Tuesday, March 5, 2024** | **Hearing Room  5B** |

**11:00 AM**
**CONT...**    **Jeffrey S Beier**    **Chapter 7**

court should now reconsider the motion and conclude that Claimant cannot meet its burden and establish chain of title necessary to prevail.

Debtor cites only part of the justification for allowance of the claim; it still rested primarily upon a documentary chain of title albeit plagued by some holes.

Claimant argues that Debtor cannot demonstrate that reconsideration is necessary because Debtor cannot state that the Supplemental Memorandum was discovered after the hearing as it was in the Judicial Notice and previously served on Debtor in 2008. The court agrees. Further, the court is not persuaded that this was clear error of fact, as the ruling was not based solely on the absence of a rival claimant, but also on the evidence provided by BONY that qualified it as a note holder and beneficiary of the deed of trust. While the Supplemental Memorandum may have been included in the evidence at the last hearing, the court does not recall Debtor mentioning Wells Fargo as a current claimant, as Debtor states that this information was discovered upon re-review of the evidence after the hearing; but the court is not persuaded this makes it "newly discovered" within the meaning of Rule 59. Finally, no evidence has been provided to show that Wells Fargo is currently the note holder and beneficiary (nor claims to be) at any time since 2008, nor has any representative from Wells Fargo come forward stating that they are a rival claimant in this current bankruptcy case.

For the foregoing reasons, the court is not persuaded that any of the McDowell factors are met sufficient to grant the motion for reconsideration. This loan transaction is now twenty years old.  It has been in one bankruptcy or another since 2008, some 16 years. Apparently, the loan hasn't been paid upon or at least not paid current in at least a decade given the huge arrearages. Nor is the amount in question trivial, well over $2,786,000 with arrears exceeding $1.7 million (about $2.8 million of which has been recently disbursed by the Trustee to Claimant from the recently authorized sale). The fact that at one point well over a decade ago MERS filed something suggesting Wells Fargo's involvement is not sufficient in this court's view to change the outcome, and the court cannot fathom why Wells would not have been heard from well before now.  Even as large an institution as Wells Fargo

# United States Bankruptcy Court
# Central District of California
Santa Ana
Theodor Albert, Presiding
Courtroom 5B Calendar

---

**Tuesday, March 5, 2024**                                                                                    **Hearing Room    5B**

---

<u>11:00 AM</u>
**CONT...        Jeffrey S Beier                                                                                                    Chapter 7**

cannot reasonably have "forgotten" about such a sum as is featured here. The far more plausible explanation is that this is a remnant of the many poorly documented securitized loans still outstanding after the "Great Recession" and resulting stock market crash of 2009-11 which wiped out much of that fevered speculation born in that unfortunate era. But none of that is sufficient on this record to disallow the adequate showing Claimant has already made.

*Deny. Appearance required.*

|  Party Information  |
|---|

**Debtor(s):**

Jeffrey S Beier                                        Represented By
                                                             David R Haberbush
                                                             Lane K Bogard

**Trustee(s):**

Arturo Cisneros (TR)                             Represented By
                                                             Arturo Cisneros
                                                             Nathan F Smith