| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HABERBUSH, LLP<br>DAVID R. HABERBUSH, ESQ., SBN 107190<br>VANESSA M. HABERBUSH, ESQ., SBN 287044<br>LANE K. BOGARD, ESQ., SBN 306972<br>444 West Ocean Boulevard, Suite 1400<br>Long Beach, CA 90802<br>Telephone: (562) 435-3456<br>Facsimile:  (562) 435-6335<br>E-mail: lbogard@lbinsolvency.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SANTA ANA DIVISION**

| In re:<br><br>Jeffrey S. Beier,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:23-bk-10898-TA<br><br>ADVERSARY NO.:<br>(*if applicable*)<br><br>CHAPTER: **7** |
|---|---|
| <br><br><br>vs.        Plaintiff(s) (*if applicable*).<br><br><br><br><br><br>Defendant(s) (*if applicable*). | **NOTICE OF APPEAL<br>AND STATEMENT OF ELECTION** |

**Part 1:  Identify the appellant(s)**

1. Name(s) of appellant(s):  Jeffrey S. Beier

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.

☒ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

**Part 2: Identify the subject of this appeal**

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

Order Overruling Debtor's Objection to Proof of Claim 2-1 Filed by the Bank of New York Mellon, Fka the Bank of New York Successor Trustee To JPMorgan Chase Bank, N.A., As Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 [Docket Number 134] (the "Claim Objection Order") and the subsequent Order Denying Debtor's Motion to Reconsider the Claim Objection Order [Docket 151] (the "Motion to Reconsider Order")

2. State the date on which the judgment—or the appealable order or decree—was entered:

Claim Objection Order - January 24, 2024 and the Motion to Reconsider Order - March 21, 2024

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Jeffrey S. Beier

    Attorney:

    Haberbush, LLP
    David R. Haberbush, Vanessa M. Haberbush, and Lane K. Bogard
    444 W. Ocean Blvd., Suite 1400
    Long Beach, CA 90802
    Telephone: 562-435-3456

2. Party: Bank of New York Mellon, FKA the Bank of New York Successor Trustee To JPMorgan Chase Bank, N.A., As Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2005-04

    Attorney:

    Aldridge Pite, LLP
    Joseph C. Delmotte
    8880 Rio San Diego Drive, Suite 725, San Diego, CA 92108
    Telephone: (858) 750-7600

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

/s/ Lane K. Bogard                                    Date: 04/04/24
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

1  Joseph C. Delmotte (CA SBN 259460)
   jdelmotte@aldridgepite.com
2  **ALDRIDGE PITE, LLP**
   8880 Rio San Diego Drive, Suite 725
3  San Diego, CA 92108
   Telephone: (858) 750-7600
4  Facsimile: (619) 590-1385

Attorneys for *Respondent*
THE BANK OF NEW YORK MELLON FKA THE BANK OF
NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A
TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04

**FILED & ENTERED**

**JAN 24 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10898-TA |
| JEFFREY S. BEIER, | Chapter 7 |
| Debtor. | **ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04** |
| | HEARING HELD:<br>DATE:  January 9, 2024<br>TIME:   11:00 a.m.<br>CTRM:  5b |

The above-captioned matter came on for hearing on January 9th, 2024 upon debtor Jeffrey S. Beier's ("Debtor") Objection to Proof of Claim 2-1 Filed by The Bank of New York Mellon, FKA The Bank of New York, Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04 (the "Claim

- 1 -    Case No. 8:23-bk-10898-TA
**ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2-1**

1. Objection") filed on December 1, 2023, as Docket No. 108.

2. The Court, having considered the Claim Objection, the Opposition to the Claim Objection filed by *respondent* The Bank of New York Mellon FKA The Bank of New York, Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04 ("The Bank of New York Mellon, as Trustee"), and Debtor's Reply to the Opposition to the Claim Objection, and based upon the arguments of counsel, pleadings, filings and record before the Court, and the Court's tentative ruling on the Claim Objection which is attached hereto as Exhibit A, the Court finds that The Bank of New York Mellon, as Trustee has a valid proof of claim, and allowed claim as prayed and is entitled to receiving payment from the sale proceeds of the real property at 10 Tucson, Coto de Caza Area, California 92679 to the balance of its claim.

**IT IS HEREBY ORDERED** that Debtor's Claim Objection is **OVERRULED**.

Date: January 24, 2024

Theodor C. Albert
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, January 9, 2024**                                                                                              **Hearing Room    5B**

11:00 AM
**8:23-10898**    **Jeffrey S Beier**                                                                                              Chapter 7

#12.00    Objection To Proof Of Claim 2-1 Filed By The Bank Of New York Mellon, FKA The Bank Of New York Successor Trustee To JPMorgan Chase Bank, N.A., As Trustee For The Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04

Docket    108

**Tentative Ruling:**

Tentative for January 9, 2024

This is Debtor 's objection to Claim No. 2-1, filed by The Bank of New York Mellon FKA the Bank of New York, Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass Through Certificates, Series 2005-04 ("BONY").

On March 5, 2005, Debtor and Toni R. Beier (collectively, "Borrowers") executed a promissory note in the principal sum of $1,470,000 in favor of Countrywide Home Loans, Inc ("Countrywide"). The note was allegedly indorsed in blank via allonge and BONY is in possession of the indorsed blank note. The note is secured by a Deed of Trust executed by the Borrowers on the real property located at 10 Tucson, Coto de Caza Area, California 92679 ("Property"). The Deed of Trust was recorded and the beneficial interest was allegedly assigned to BONY. The Note and Deed of Trust are referred to collectively as the Subject Loan. Debtor questions how BONY became the owner of the promissory note and the deed of trust based on the proof of claim and its alleged chain of title issues. But the Jae Min declaration submitted by BONY is the only *evidence* presented and this evidence confirms that BONY is the holder of the note through acquisition and authorized servicers. Whatever theory debtor might have as to why BONY might not be the current holder is not backed up with anything except argument.

Debtor filed four prior bankruptcy cases under mostly chapter 7 and 13; all were closed or discharged. During the second bankruptcy filing, Debtor

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, January 9, 2024**                                                                 **Hearing Room    5B**

11:00 AM
**CONT...**    **Jeffrey S Beier**                                                                          **Chapter 7**

filed an adversary proceeding against Mortgage Electronic Registration Systems ("MERS"), Countrywide, and Wells Fargo Document Custody. Debtor challenged Countrywide's standing to enforce the promissory note and its ability to foreclose on the Property pursuant to the deed of trust. The case was dismissed on all claims with prejudice on September 28, 2010. Several other subsequent lawsuits were filed by Debtor in state court that were dismissed as well.

On April 28, 2023, Debtor filed his chapter 11 bankruptcy, and the case was later converted to chapter 7 on July 7, 2023. BONY filed a proof of claim in Debtor's bankruptcy case regarding the Subject Loan reflecting a total secured claim in the amount of $2,786,180.50 and pre-petition arrears in the amount of $1,787,448.67 ("Proof of Claim"). On October 3, 2023, Trustee filed a motion to sell the Property for $3,200,000 subject to overbid, free and clear of BONY's lien.

On November 15, 2023, the court entered an order granting the sale motion, *including authorization for the Trustee to make an interim distribution of $2.4 million to BONY* and deposit the balance in a trust account pending settlement negotiations or outcome of litigation. Specifically, Trustee was authorized to make further disbursement of the remaining sale proceeds to BONY if Debtor failed to commence litigation within 30 days of the sale order. On November 30, the sale of the property closed and Trustee issued the interim distribution payment to BONY.

The court entered an order of abandonment on December 7, 2023, abandoning any claims the estate may have against BONY related to the Subject Loan. Since Debtor did not commence a lawsuit against BONY within the 30 day timeframe in the sale order, Trustee is authorized to make further disbursements to BONY in an amount sufficient to pay off its lien under Deed of Trust. Debtor contends this claim objection was the "litigation" contemplated in the sale order and thus remains viable within the limitation imposed in the sale order.

A. **Legal Standard**

1/8/2024 3:05:38 PM                                    Page 17 of 25                                    Exhibit A

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 9, 2024**                                        **Hearing Room**     **5B**

---

<u>11:00 AM</u>
**CONT...**     **Jeffrey S Beier**                                               **Chapter 7**

      A proper proof of claim is presumed valid and is *prima facie* evidence of the validity of both the claim and its amount. *Lundell v. Anchor Constr, Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000); Fed. R. Bankr. P. 3001(f). "Upon objection, the proof of claim provides "some evidence as to its validity and amount' and is "strong enough to carry over a mere formal objection without more.'" Id. (quoting *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)). In order to rebut the presumption of validity, the objecting party must provide sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Holm*, 931 F.2d at 623; L.B.R. 3007(c)(1). If the objecting party produces sufficient evidence to rebut the presumption of validity, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Lundell*, 223 F.3d at 1039. The ultimate burden of persuasion remains at all times upon the claimant. See *Holm*, 931 F.2d at 623.

    **B. <u>Claim Objection</u>**

      **1. BONY's Standing to File Proof of Claim**

      Debtor objects on the grounds that BONY has failed to demonstrate that it is the owner of either the Promissory Note or the Deed of Trust by means of explanation or declaration. Specifically, Debtor argues that BONY has not provided further explanation as to how the documents attached to the Proof of Claim support BONY's right to enforce the Note and Deed of Trust. BONY, in its opposition, has introduced additional evidence by means of declarations and request for judicial notice of documents. BONY readily establishes its standing as explained below.

      **(a) Promissory Note**

      California Commercial Code §3301 provides in pertinent part: "[The] [p]erson entitled to enforce an instrument means (a) the holder of the instrument, (b) a non-holder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d)

---

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, January 9, 2024**                                                              **Hearing Room**    **5B**

<u>11:00 AM</u>
**CONT...**       **Jeffrey S Beier**                                                                        **Chapter 7**

    of Section 3418." Cal. Comm. Code §3301. Section 1201 of the California Commercial Code defines "holder" as the "person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession…" Cal. Comm. Code §1201(a)(21)(a). An instrument is payable to the bearer if it does not state a payee. See Cal Comm. Code § 3109(a)(2).

    Here, Countrywide was the original beneficiary to the Promissory Note. Subsequent to Debtor's execution of the Promissory Note, Countrywide indorsed it in blank and BONY is currently in possession or the indorsed in blank Note. While indorsement was originally to JP Morgan Chase Bank, N.A., the indorsement was crossed out and voided. [Jae Min Dec at Ex. A]. Thus, BONY is in possession of the indorsed in blank Promissory Note and would be entitled to enforce the instrument.

    **(b) Deed of Trust**

    Under California law, the deed of trust follows the note it secures. See *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 927 (2016) (deed of trust follows the note it secures even without a separate assignment). Thus, since the Promissory note is indorsed in blank but enforceable by its bearer, BONY, the Deed of Trust would follow under this logic. California law is also clear that the power of sale under a deed of trust may be exercised by an assignee if the assignment is duly acknowledged and recorded. See Cal. Civ. Code § 2932.5. Here, Countrywide as original beneficiary transferred the Deed of Trust, which was properly acknowledged and recorded, to MERS. [Jae Min Dec at Exhibit B].  The Deed of Trust, which was acknowledged, followed the note and was recorded against the Property. The Substitution of Trustee and Assignment of Deed of Trust represents that MERS, as beneficiary, assigned all beneficiary interest in the Deed of Trust to BONY. [Jae Min Dec at Exhibit C]. Thus, BONY is the current beneficiary and has standing to file a proof of claim and authority to enforce the power of sale provisions. Debtor's reply does not provide any specific argument other than a general contention that BONY has not resolved its chain of title issues. However, it appears to the court that BONY's opposition had provided sufficient explanation of how it is the proper holder of both the Promissory

**Exhibit A**

United States Bankruptcy Court
Central District of California
Santa Ana
Theodor Albert, Presiding
Courtroom 5B Calendar

**Tuesday, January 9, 2024**                                                                 **Hearing Room    5B**

11:00 AM
**CONT...**      **Jeffrey S Beier**                                                                        **Chapter 7**

Note and Deed of Trust. The court also notes that no rival claimant has emerged which one would have expected on a $2.7 million obligation were there really a question.

   2. **Debtor's Standing**

Standing to object to claims exists when there is a sufficient possibility of a surplus to give the chapter 7 debtor a pecuniary interest or when the claim involved will not be discharged. *In re Wellman*, 378 B.R. 416, n.5 (9th Cir. B.A.P. 2007); see also Collier on Bankruptcy 5.02.02[2][d] (16th ed.) (explaining that a chapter 7 debtor has standing to object to a proof of claim "if there is any chance that a disallowance will yield a solvent estate that would provide a return to the debtor").

Here, BONY contends that Debtor does not have standing or a pecuniary interest in the claim objection because the estate's liabilities exceed its assets, and Debtor has not demonstrated a possibility of being paid a surplus. Debtor argues that if the court were to disallow the proof of claim, there would be significant funds available for the estate and Debtor. If any funds were not distributed to BONY, then they would be distributed to Debtor on account of his homestead exemption. Based on the ruling in *Wellman*, the court does agree with Debtor that since disallowance would theoretically result in surplus to the bankruptcy estate and for homestead, the Debtor does have a pecuniary interest and standing to bring the claim objection.

   3. **Appropriate Procedure?**

BONY argues that even if its proof of claim were to be disallowed, in the absence of an injunction or an order from an adversary proceeding preventing Trustee from disbursing the sale proceeds to pay off BONY's lien, it is entitled to receive sale proceeds up to the amount of its lien pursuant to the Deed of Trust. See *In re Coy* (C.D. Cal. 2016) 552 B.R. 199, 206 ("Moreover, the Federal Rules of Bankruptcy Procedure provide that any determination of the validity, priority, or extent of a lien requires an adversary proceeding. Fed. R. Bankr. P. 7001(2)"). Debtor seems to assert that the claim objection is "litigation" and if the objection is sustained, it would need to

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, January 9, 2024**                                    **Hearing Room    5B**

11:00 AM
**CONT...**        **Jeffrey S Beier**                                                    **Chapter 7**

bring additional litigation to obtain appropriate remedy. While additional litigation may be necessary, Debtor argues that this does not mean a claim objection is inappropriate.

The sale order was clear that Debtor had 30 days from the entry of the sale order to bring legal action against BONY. The court is not confident that a claim objection is to be considered "legal action" in this context when interpreting the sale order. The more appropriate remedy here to prevent disbursement of the sale proceeds would have been, as BONY contends, an adversary proceeding seeking an injunction. However, this is not to say that the claim objection should be overruled on these grounds alone, but it does mean that Debtor may have to pursue whatever litigation he thinks he needs to recover the distributed funds. But as further explained, that may be a very tall order.

   4. **Collateral Estoppel (or Claim Preclusion)?**

Issue preclusion bars re-litigation of an issue if four elements are met: "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the final judgment." *In re Cass*, No. ADV 12- 1235-RK, 2013 WL 1459272, at *10 (B.A.P. 9th Cir. Apr. 11, 2013), aff'd, 606 F. App'x 318 (9th Cir. 2015) (citing *In re Berr*, 172 B.R. 299, 306 (B.A.P. 9th Cir. 1994)).

Here, the issue of concern is chain of title and whether BONY is a proper holder of the claim. BONY describes in its opposition two adversary proceedings commenced by Debtor in prior bankruptcies. The first was against MERS, Countrywide and Wells Fargo, challenging their ability to enforce the promissory note judicially or nonjudicially on the basis that none of them qualified as note "holders." That case resulted in a stipulation to dismiss all claims with prejudice, which was approved by the court. The second proceeding was filed in the state court against BONY, challenging its status as the promissory note holder and the consequent ability to enforce the note under Debtor's theory that statutes of limitation had passed. BONY filed a motion for summary judgment and the court entered judgment in favor of

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, January 9, 2024**                                                                                  **Hearing Room    5B**

11:00 AM
**CONT...**     **Jeffrey S Beier**                                                                                              **Chapter 7**

BONY. Debtor appealed and the judgment was upheld at the California Court of Appeal. Based on these prior proceedings, BONY contends that Debtor is estopped from relitigating these issues. Debtor argues that while the relief requested in the state court case was premised on chain of title issues, the court never made a formal ruling on this. In other words, it did not analyze whether an assignment of the deed of trust was made because it had already determined a procedural issue that a party may not enjoin a nonjudicial foreclosure based on a claim that the assignment of the deed of trust is voidable.

Upon review of the California Court of Appeal's ruling, the court agrees with Debtor that the issue of whether assignment of the deed was void was not specifically discussed by the California Court of Appeal, who mostly ruled that nonjudicial foreclosure may proceed despite issues regarding validity of an assignment or claim. The issues of interest were certainly presented, but they were not litigated as required under the theory of issue preclusion. But debtor ignores the related rule that a judgment or dismissal is normally *res judicata* not only upon what was raised *but upon that which should have been raised* as a compulsory claim. See *Hiser v. Franklin,* 94 F.3d 1287, 1292 (1996) (*res judicata* bars relevant claims arising out of the transaction that could have been brought in the earlier litigation*.); See also DKN Holdings v. Faerber*, 61 Cal.4th 813, 824 (2015); Restatement of Judgments (2d) §24. Thus, while Debtor might not be collaterally estopped from bringing the claim objection on an issue having been actually litigated, further litigating on this issue of chain of title is likely precluded under the related doctrine of claim preclusion as it undoubtedly arose from the common nucleus of operative facts, or from a single transaction, that was decided by the prior litigation, and so any theory as against BONY should have been raised earlier but is now embodied within the resulting judgment.

    5. **Statute of Limitations**

Debtor argues in his claim objection that BONY is time barred from filing a proof of claim or receiving payments from the sale proceeds under the four (4) year statute of limitations under California Code of Civil Procedure § 337(a) on the basis that Debtor has not made a payment on the Note since

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Tuesday, January 9, 2024**                                                                 **Hearing Room    5B**

11:00 AM
**CONT...**     **Jeffrey S Beier**                                                                           **Chapter 7**
September 2007.

However, BONY argues that while CCP §Section 337 does bar it from pursuing judicial foreclosure, California Civil Code § 882.020 provides BONY with the right to exercise power of sale clause in the Deed of Trust under a different statute of limitations. Civil Code§ 882.020(a)(1) provides that a power of sale may not be used to enforce a lien after 10 years from the last date fixed for payment, if that date is ascertainable from the recorded evidence of indebtedness, which would be ten (10) years from April 1, 2035 in this case. The court is persuaded by BONY's argument that time bar from pursuing judicial foreclosure does not necessarily time bar seeking recovery of sale proceeds from the sale of Property, which is what we have here. Thus, BONY is not prevented from receiving payment up to the full amount owing on the Deed of Trust under this theory.

### 6. BONY's Lien Attached to Sale of Proceeds

When a trustee sells a property free and clear of a creditor's lien, that creditor's lien attaches to the sale proceeds. See *In re Groves*, 652 B.R. 104, 114 (9th Cir. BAP 2023) ("Section 363(f) permits the sale of estate property to be made free and clear of liens and other interests, with any such liens and interests to attach to the proceeds of the sale, if one of several criteria are met).

But Debtor argues that BONY's proof of claim should be disallowed because its lien did not attach to the sale proceeds by any specific reference in the sale order. BONY's position, which the court agrees with, is that the Trustee's treatment of the sale proceeds by placing it in a trust pending resolution of litigation with Debtor is consistent with a lien attaching to the sale proceeds. Debtor makes no cognizable argument that any mechanism even exists under bankruptcy law that would make a lien disappear after a §363(f) order (particularly where, as here, the creditor is clearly "in the money."). Moreover, there have been interim distributions already made to BONY authorized from the proceeds and Trustee had authorization under the sale order to distribute the remaining amount. While it would perhaps have been

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, January 9, 2024**                                                                                   **Hearing Room    5B**

---

**11:00 AM**
**CONT...**        **Jeffrey S Beier**                                                                                       **Chapter 7**

clearer to expressly attach the lien under the language in the order, Debtor has not provided any law that requires the explicit language nor is the scenario Debtor urges the least logical.  In this context it is abundantly clear that BONY's claim was authorized in bulk to be paid directly (arguably better even that "attaching to proceeds") and only a smaller balance was to be separately held pending litigation, if any.  Debtor makes no persuasive argument that there was any intention to detach the proceeds from BONY's lien, obliterate BONY's lien or create any magical significance to the absence of a recital to what the law already required. Only the contrary appears. The court finds that the BONY lien attached to the sale proceeds of the Property and the lack of formal language to that effect was inconsequential in this context.

The court finds that BONY has a valid proof of claim, and allowed claim as prayed and is entitled to receiving payment from the sale proceeds of the Property to the balance of its claim. The claim objection is overruled.

|                          | **Party Information**           |
|--------------------------|---------------------------------|

**Debtor(s):**

   Jeffrey S Beier                          Represented By
                                              Anerio V Altman
                                              David R Haberbush

**Trustee(s):**

   Arturo  Cisneros (TR)                    Represented By
                                              Arturo  Cisneros
                                              Nathan F Smith

Joseph C. Delmotte (CA SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
8880 Rio San Diego Drive, Suite 725
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for *Respondent*
THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK SUCCESSOR
TRUSTEE TO JPMORGAN CHASE BANK, N.A.,
AS TRUSTEE FOR THE BEAR STEARNS ALT-A
TRUST, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-04

**FILED & ENTERED**

**MAR 21 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JEFFREY S. BEIER,<br><br>Debtor. | Case No. 8:23-bk-10898-TA<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S MOTION TO RECONSIDER ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM 2-1 FILED BY THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-04**<br><br>HEARING HELD:<br>DATE:  March 5, 2024<br>TIME:   11:00 a.m.<br>CTRM:  5b |

The above-captioned matter came on for hearing on March 5th, 2024 upon debtor Jeffrey S. Beier's ("Debtor") Motion to Reconsider Order Overruling Debtor's Objection to Proof of Claim 2-1 Filed by The Bank of New York Mellon, FKA The Bank of New York, Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04 (the "Motion to Reconsider") filed on February 7, 2024, as Docket No. 139.

The Court, having considered the Debtor's Motion to Reconsider, the Opposition to the Motion to Reconsider filed by *respondent* The Bank of New York Mellon FKA The Bank of New York, Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2005-04, and Debtor's Reply to the Opposition to the Motion to Reconsider, and based upon the arguments of counsel, pleadings, filings and record before the Court, and the Court's tentative ruling on the Motion to Reconsider which is attached hereto as Exhibit A,

**IT IS HEREBY ORDERED** that Debtor's Motion to Reconsider is **DENIED**.

### 

Date: March 21, 2024

Theodor C. Albert
United States Bankruptcy Judge

# United States Bankruptcy Court
## Central District of California
Santa Ana
Theodor Albert, Presiding
Courtroom 5B Calendar

**Tuesday, March 5, 2024**             **Hearing Room**    **5B**

<u>11:00 AM</u>
**8:23-10898**    **Jeffrey S Beier**                                                            **Chapter 7**

**#10.00**      Motion To Reconsider Order Overruling Debtor's Objection To Proof Of Claim 2-1 Filed By The Bank Of New York Successor Trustee TO JPMorgan Chase Bank, N.A., As Trustee For The Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2005-04 [Docket Number 134]

                        Docket     139

**Tentative Ruling:**

      Tentative for March 5, 2024

      This is Debtor's motion for reconsideration of the order ("Claim Objection Order") emanating from the prior hearing January 9, 2024 where Debtor objected to claim #2-1 filed by The Bank of New York Mellon, fka Bank of New York successor Trustee to JPMorgan Chase Bank N.A. as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificate Series 2005-04. In the Claim Objection Order the court denied the objection. Debtor files this motion based on an argument there was a manifest error of fact underlying the Claim Objection Order and reconsideration is necessary to prevent manifest injustice. Since entry of the Claim Objection Order, Debtor has allegedly discovered evidence that establishes that a third party, Wells Fargo Bank, N.A. ("Wells Fargo") had come forward claiming ownership of the subject promissory note and deed of trust. However, Debtor argues this court apparently relied on the assumption that no other person has come forward to claim ownership.

      In Debtor's previous claim objection, he asserted that Claimant The Bank of New York Mellon, FKA the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2005-04 ("Claimant" or "BONY") could not show the chain of title or that it was the owner of the Promissory Note of the Deed of Trust. The court heard the matter on January 9, 2024 and overruled the claim objection on the grounds that BONY or Claimant provided the paperwork which is consistent with the argument that they are the holder; the court felt fortified in that conclusion as nobody else has come

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, March 5, 2024**                                       **Hearing Room    5B**

---

<u>11:00 AM</u>
**CONT...        Jeffrey S Beier                                                Chapter 7**

forward although this debt has been outstanding now for decades.

Debtor reviewed the record after the hearing and discovered that in the *previous 2008 bankruptcy* Mortgage Electronic Registration Systems, Inc. ("MERS") filed a motion for a relief from stay and stated that the promissory note was assigned from Countrywide to Wells Fargo. Thus, through MERS's testimony in a previous case, Wells Fargo came forward as the owner of the promissory note and deed of trust. Thus, the crux of this Motion is that the court failed to consider the Supplemental Memorandum in its analysis overruling the Claim Objection and this constitutes a manifest error of fact by the court.

A. <u>**Legal Standard**</u>

FRCP 59(e) provides this court with authorization to reconsider orders and judgments. See *Hansen v. Finn (In re Curry & Sorensen, Inc.)*, 57 B.R. 824, 826–27 (9th Cir. B.A.P. 1986). There are several grounds the court may consider when determining whether a motion to reconsider should be granted: (1) the movant may demonstrate that the motion is necessary because there is newly discovered evidence; (2) the movant may demonstrate that the court committed clear error in rendering the judgment or order (i.e., there was a manifest error of law or fact); (3) the movant may demonstrate reconsideration is necessary to prevent manifest injustice; and/or (4) the movant may demonstrate that there has been an intervening change in controlling law. See *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999), cert. denied, 529 U.S. 1082 (2000) (citation omitted).

B. <u>**Analysis**</u>

Debtor argues that the court should reconsider the Claim Objection Order because it was premised on what he characterizes as an incorrect factual assumption that no other party has come forward claiming to own the promissory note and deed of trust. Debtor argues he belatedly discovered after entry of the Claim Objection Order that Wells Fargo, through MERS in Debtor's prior, 2008 Bankruptcy Case stated in pleadings that the promissory note was assigned from Countrywide to Wells Fargo ("Supplemental Memorandum"). Based on this alleged error in fact, Debtor contends that the

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, March 5, 2024**                                                                                           **Hearing Room    5B**

---

11:00 AM
**CONT...**        **Jeffrey S Beier**                                                                                                 **Chapter 7**

court should now reconsider the motion and conclude that Claimant cannot meet its burden and establish chain of title necessary to prevail.

Debtor cites only part of the justification for allowance of the claim; it still rested primarily upon a documentary chain of title albeit plagued by some holes.

Claimant argues that Debtor cannot demonstrate that reconsideration is necessary because Debtor cannot state that the Supplemental Memorandum was discovered after the hearing as it was in the Judicial Notice and previously served on Debtor in 2008. The court agrees. Further, the court is not persuaded that this was clear error of fact, as the ruling was not based solely on the absence of a rival claimant, but also on the evidence provided by BONY that qualified it as a note holder and beneficiary of the deed of trust. While the Supplemental Memorandum may have been included in the evidence at the last hearing, the court does not recall Debtor mentioning Wells Fargo as a current claimant, as Debtor states that this information was discovered upon re-review of the evidence after the hearing; but the court is not persuaded this makes it "newly discovered" within the meaning of Rule 59. Finally, no evidence has been provided to show that Wells Fargo is currently the note holder and beneficiary (nor claims to be) at any time since 2008, nor has any representative from Wells Fargo come forward stating that they are a rival claimant in this current bankruptcy case.

For the foregoing reasons, the court is not persuaded that any of the McDowell factors are met sufficient to grant the motion for reconsideration. This loan transaction is now twenty years old.  It has been in one bankruptcy or another since 2008, some 16 years. Apparently, the loan hasn't been paid upon or at least not paid current in at least a decade given the huge arrearages. Nor is the amount in question trivial, well over $2,786,000 with arrears exceeding $1.7 million (about $2.8 million of which has been recently disbursed by the Trustee to Claimant from the recently authorized sale). The fact that at one point well over a decade ago MERS filed something suggesting Wells Fargo's involvement is not sufficient in this court's view to change the outcome, and the court cannot fathom why Wells would not have been heard from well before now.  Even as large an institution as Wells Fargo

---

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Tuesday, March 5, 2024**                                                                 **Hearing Room    5B**

**11:00 AM**
**CONT...    Jeffrey S Beier                                                                      Chapter 7**

cannot reasonably have "forgotten" about such a sum as is featured here. The far more plausible explanation is that this is a remnant of the many poorly documented securitized loans still outstanding after the "Great Recession" and resulting stock market crash of 2009-11 which wiped out much of that fevered speculation born in that unfortunate era. But none of that is sufficient on this record to disallow the adequate showing Claimant has already made.

*Deny. Appearance required.*

| Party Information |
|---|

**Debtor(s):**

    Jeffrey S Beier                                  Represented By
                                                   David R Haberbush
                                                   Lane K Bogard

**Trustee(s):**

    Arturo Cisneros (TR)                          Represented By
                                                   Arturo Cisneros
                                                   Nathan F Smith

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 4, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Anerio V Altman**   LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com;ecf@casedriver.com
- **Lane K Bogard**   lbogard@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,vhaberbush@lbinsolvency.com,jborin@lbinsolvency.com
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Arturo Cisneros**   arturo@mclaw.org, CACD_ECF@mclaw.org
- **Arturo Cisneros (TR)**   amctrustee@mclaw.org, acisneros@iq7technology.com;ecf.alert+Cisneros@titlexi.com
- **Joseph C Delmotte**   ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **David R Haberbush**   dhaberbush@lbinsolvency.com, ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vhaberbush@lbinsolvency.com,haberbush.assistant@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com
- **Michael J Hauser**   michael.hauser@usdoj.gov
- **Nathan F Smith**   nathan@mclaw.org, CACD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com;cvalenzuela@mclaw.org
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **April 4, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Brian Thompson
Winterstone Real Estate
23792 Rockfield Blvd Ste 101
Lake Forest, CA 92630

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 4, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Theodor C. Albert, JUDGE
United States Bankruptcy Court
411 West Fourth Street,
Suite 5085 / Courtroom 5B
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 4, 2024 | Alexander S. Bostic | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-3.1.PROOF.SERVICE**