## AMENDED ORDER CONTINUING
## THE BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

**JUDICIAL COUNCIL OF THE NINTH CIRCUIT AMENDED ORDER CONTINUING THE BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT**

**1.     Continuing the Bankruptcy Appellate Panel Service.**

**(a)  Pursuant to 28 U.S.C. § 158(b)(1) as amended by the Bankruptcy Reform Act of 1994, the judicial council hereby reaffirms and continues a bankruptcy appellate panel service which shall provide panels to hear and determine appeals from judgments, orders and decrees entered by bankruptcy judges from districts within the Ninth Circuit.**

**(b)  Panels of the bankruptcy appellate panel service may hear and determine appeals originating from districts that have authorized such appeals to be decided by the bankruptcy appellate panel service  pursuant to 28 U.S.C. § 158(b)(6).**

**(c)  All appeals originating from those districts shall be referred to bankruptcy appellate panels unless a party elects to have the appeal heard by the district court in the time and manner and form set forth in 28 U.S.C. § 158(c)(1) and in paragraph 3 below.**

**(d)  Bankruptcy appellate panels may hear and determine appeals from final judgments, orders and decrees entered by bankruptcy judges and, with leave of bankruptcy appellate panels, appeals from interlocutory orders and decrees entered by bankruptcy judges.**

**(e)  Bankruptcy appellate panels may hear and determine appeals from final judgments, orders, and decrees entered after the district court from which the appeal originates has issued an order referring bankruptcy cases and proceedings to bankruptcy judges pursuant to 28 U.S.C. § 157(a).**

**2.     Immediate Reference to Bankruptcy Appellate Panels.**

**Upon filing of the notice of appeal, all appeals are immediately referred to the bankruptcy appellate panel service.**

**3.  Election to District Court.**

**A party desiring to transfer the hearing of an appeal from the bankruptcy appellate panel**

service to the district court pursuant to 28 U.S.C. § 158(c)(1) shall timely file a written statement of election expressly stating that the party elects to have the appeal transferred from the bankruptcy appellate panel service to the district court.

(a)  Appellant: If the appellant wishes to make such an election, appellant must file a written statement of election with the clerk of the bankruptcy court at the time of filing the notice of appeal.  See Bankruptcy Rule 8005(a).  When such an election is made, the clerk of the bankruptcy court shall forthwith transfer the case to the district court.  The clerk of the bankruptcy court shall give notice to all parties and the clerk of the bankruptcy appellate panel of the transfer at the same time and in the same manner as set forth for serving notice of the appeal in Bankruptcy Rule 8003(c).

(b)  All Other Parties: In all appeals where appellant does not file an election, the clerk of the bankruptcy court shall forthwith transmit a copy of the notice of appeal to the clerk of the bankruptcy appellate panel.  If any other party wishes to have the appeal heard by the district court, that party must, within thirty (30) days after service of the notice of appeal, file with the clerk of the bankruptcy appellate panel a written statement of election to transfer the appeal to the district court.  Upon receipt of a timely statement of election filed under this section, the clerk of the bankruptcy appellate panel shall forthwith transfer the appeal to the appropriate district court and shall give notice of the transfer to the parties and the clerk of the bankruptcy court.  Any question as to the timeliness of an election shall be referred by the clerk of the bankruptcy appellate panel to a bankruptcy appellate panel motions panel for determination.

4.      MOTIONS DURING ELECTION PERIOD

All motions relating to an appeal shall be filed with the bankruptcy appellate panel service unless the case has been transferred to a district court.  The bankruptcy appellate panels may not dismiss or render a final disposition of an appeal within thirty (30) days from the date of service of the notice of appeal,  but may otherwise fully consider and dispose of all motions.

5.      PANELS

Each appeal shall be heard and determined by a panel of three judges from among those appointed pursuant to paragraph 6, provided however that a bankruptcy judge shall not participate in an appeal originating in a district for which the judge is appointed or designated under 28 U.S.C. § 152.  In addition, the panel may hear and determine appeals en banc under rules promulgated by and approved as provided in section 8 of this order.

6.      MEMBERSHIP OF BANKRUPTCY APPELLATE PANELS

The bankruptcy appellate panel shall consist of seven members serving seven-year terms (subject to reappointment to one additional three-year term).  The judicial council shall periodically examine the caseload of the bankruptcy appellate panel service to assess whether the number of bankruptcy judges serving should change.  Appointment of regular and pro tem bankruptcy judges to service on the bankruptcy appellate panel shall be governed by regulations promulgated by the Judicial Council.

(a)  When a three-judge panel cannot be formed from the judges designated under subparagraph (a) to hear a case because judges have recused themselves, are disqualified from hearing the case because it arises from their district, or are otherwise unable to participate, the Chief Judge of the  Ninth Circuit may designate one or more other bankruptcy judge(s) from the circuit to hear the case.

(b)  In order to provide assistance with the caseload or calendar relief, to constitute an en banc panel, or otherwise to assist the judges serving, or to afford other bankruptcy judges with the opportunity to serve on the bankruptcy appellate panels, the Chief Judge of the Ninth Circuit may designate from time to time one or more other bankruptcy judge(s) from the circuit to participate in one or more panel sittings.

7.  **CHIEF JUDGE**

The members of the bankruptcy appellate panel service by majority vote shall select one of their number to serve as chief judge.

8.  **RULES OF PROCEDURE**

(a)     Practice before the bankruptcy appellate panels shall be governed by Part VIII of the Federal Rules of Bankruptcy Procedure, except as provided in this order or by rule of the bankruptcy appellate panel service adopted under subparagraph (b).

(b)     The bankruptcy appellate panel service may establish rules governing practice and procedure before bankruptcy appellate panels not inconsistent with the Federal Rules of Bankruptcy Procedure.  Such rules shall be submitted to, and approved by, the Judicial Council of the Ninth Circuit.

9.  **PLACES OF HOLDING COURT.**

Bankruptcy appellate panels may conduct hearings at such times and places within the Ninth Circuit as it determines to be appropriate.

**10.    CLERK AND OTHER EMPLOYEES.**

**(a) Clerk's Office.** The members of the bankruptcy appellate panel service shall select and hire the clerk of the bankruptcy appellate panel. The clerk of the bankruptcy appellate panel may select and hire staff attorneys and other necessary staff. The chief judge shall have appointment authority for the clerk, staff attorneys and other necessary staff. The members of the bankruptcy appellate panel shall determine the location of the principal office of the clerk.

**(b) Law Clerks.** Each judge on the bankruptcy appellate panel service shall have appointment authority to hire an additional law clerk.

**11.    EFFECTIVE DATE**

This Order shall be effective as to all appeals originating in those bankruptcy cases that are filed after the effective date of this Order. For all appeals originating in those bankruptcy cases that were filed before October 22, 1994, the Judicial Council's prior Amended Order, as revised October 15, 1992, shall apply. This Order, insofar as just and practicable, shall apply to all appeals originating in those bankruptcy cases that were filed after the effective date of the Bankruptcy Reform Act of 1994, October 22, 1994, but before the date of this Order.

**IT IS SO ORDERED.**

**DATE: April 28, 1995; amended May 9, 2002, amended May 4, 2010, amended February 18, 2015.**

**For the Judicial Council:**

*/s/ Sidney R. Thomas*

**Sidney R. Thomas, Chief Judge**
**U.S. Court of Appeals**