```
 1                  UNITED STATES BANKRUPTCY COURT

 2            CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

 3                             --oOo--

 4   In Re:                         )  Case No. 8:23-bk-10898-TA
                                    )
 5   JEFFREY S. BEIER,              )  Chapter 7
                                    )
 6   Debtor.                        )  Santa Ana, California
                                    )  Tuesday, 11:00 A.M.
 7   -----------------------------X    March 5, 2024

 8
                                    MOTION TO RECONSIDER ORDER
 9                                  OVERRULING DEBTOR'S
                                    OBJECTION TO PROOF OF
10                                  CLAIM 2-1 FILED BY THE
                                    BANK OF NEW YORK,
11                                  SUCCESSOR TRUSTEE TO
                                    JPMORGAN CHASE BANK, N.A.,
12                                  AS TRUSTEE FOR THE BEAR
                                    STEARNS ALT-A TRUST,
13                                  MORTGAGE PASS-THROUGH
                                    CERTIFICATES, SERIES 2005-
14                                  004 [DOCKET NUMBER 134]

15

16                     TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE THEODOR ALBERT
17                  UNITED STATES BANKRUPTCY JUDGE

18

19   APPEARANCES:

20   For the Debtor:          LANE K. BOGARD, ESQ.
                              Haberbush, LLP
21                            444 West Ocean Boulevard
                              Suite #1400
22                            Long Beach, California  90802

23

24
     Proceedings produced by electronic sound recording;
25   transcript produced by transcription service.
```



P 888.272.0022  F 818.343.7119        www.benhyatt.com
BENHYATT Certified Deposition Reporters

| | | |
|---|---|---|
| 1 | For The Bank of New York Mellon FKA The Bank of | JOSEPH C. DELMOTTE, ESQ. Aldridge Pite, LLP |
| 2 | New York, Successor Trustee to JPMorgan | 888 Rio San Diego Drive Suite #725 |
| 3 | Chase Bank, N.A., as Trustee for the Bears | San Diego, California  92108 |
| 4 | Stearns ALT-A Trust, Mortgage Pass-Through | |
| 5 | Certificates, Series 2005-04 | |
| 6 | | |
| 7 | Court Recorder: | Tamika Law U.S. Bankruptcy Court Central District of California |
| 8 | | Ronald Reagan Federal Building and United States Courthouse |
| 9 | | 411 West Fourth Street Santa Ana, California  92701-4593 |
| 10 | | (855) 460-9641 |
| 11 | Court Transcriptionist: | Ruth Ann Hager, C.E.T.**D-641 Ben Hyatt Certified Deposition |
| 12 | |   Reporters 17835 Ventura Boulevard |
| 13 | | Suite #310 Encino, California  91316 |

Page                                                                3

1              SANTA ANA, CALIFORNIA, TUESDAY, MARCH 5, 2024
2                              11:16 A.M.
3                                --oOo—
4           THE COURT: #10.00 is the matter of Jeffrey
5   Beier. Appearances, please.
6           MS. BOGARD: Your Honor, this is Lane Bogard
7   appearing on behalf of the debtor and movant, Jeffrey
8   Beier.
9           THE COURT: Do we have anybody here on behalf
10  Bank of New York Mellon?
11          Oh, Mr. Delmotte, if that's -- if you're trying
12  to address the Court, you're not connected to audio. Can't
13  hear a word you're saying.
14          MR. DELMOTTE: (No audible response.)
15          THE COURT: I don't know what we're going to do
16  here. You -- there you are. Are you unmuted? Can you --
17          MR. DELMOTTE: (No audible response.)
18          THE COURT: Well, is there anybody else appearing
19  on the matter of Jeffrey Beier?
20          (No audible response.)
21          No, not working. All right. Well, let's --
22  Mr. Delmotte, while you're trying to figure out how to
23  connect your audio, let me talk to Ms. Bogard.
24          I gave you a fairly extensive tentative as to why
25  I don't think your motion is well taken. Do you want to

Page 4

1  comment on it?
2       MS. BOGARD:  Yes, Your Honor, thank you and thank
3  you for the tentative.  I did review it and I would like to
4  make one point in response.
5       In the claim objection debtor argues that the
6  claimant failed to meet its burden of proof to prove the
7  chain of title related to the note.  And the debtor argued
8  that, you know, the documents attached raised to the proof
9  of claim -- excuse me, raised questions such that there are
10 clearly missing links in the chain of title.  And
11 therefore, even if the loan has been around for over a
12 decade, the claimant still bears the burden of proving
13 proper chain of title.
14      And for this motion to reconsider the fact that
15 Wells Fargo came forward claiming at one point that they
16 were the owner of the note, this fact coupled with the fact
17 that the documents attached to the proof of claim do raise
18 those questions, when considered together, we believe that
19 that shows the issues -- show that issues exist as to the
20 chain of title, which would be sufficient to reconsider
21 that claim objection order because if the claimant has not
22 met its burden, then there was -- then it would be manifest
23 injustice in allowing that claim objection order to stand.
24      MR. SMYTH:  Your Honor, can you hear me now?
25      THE COURT:  Oh, yes.  Mr. Delmotte, I can hear

Page 5

```
 1  you.  Please turn on your camera.
 2          MR. SMYTH:  I apologize, Your Honor.  I called in
 3  but connected separately and there was some issue, but I'd
 4  glad you can hear me now.
 5          THE COURT:  Yes, good.
 6          Well, Ms. Bogard -- I don't know if you're able
 7  to hear what she said, but she is essentially saying that
 8  there's still questionable links in the chain of title.  I
 9  guess I would put it that way.  And so for that reason and
10  because Wells Fargo had showed up at one point, it's --
11  there's all grounds there for reconsideration.
12          But I have a fundamental question for your
13  client, Ms. Bogard.
14          MS. BOGARD:  Yes, Your Honor.
15          THE COURT:  What's going on here?  I mean, what's
16  really going on here?  Is what's happening here that buyer
17  wants a piece of the monies that the Trustee has and by
18  obstructing this way he can maybe force a deal or
19  something?  Is that what he's after?  Because what -- I
20  come back to an issue here that I still don't have a good
21  answer for.
22          We're talking about before the interim payment
23  was made, we're talking about 2.8 million dollars or
24  thereabouts.  That's a lot of money to just get lost in the
25  shuffle.
```

1          If Wells Fargo was really entitled to that money,
2   after 20 years you'd think they would say something about
3   it, but they haven't.  Now, what you point to is something
4   from the last bankruptcy, I guess the 2008 bankruptcy where
5   MERS, which is not Wells Fargo, but it's an acknowledged
6   intermediary -- I guess I can use that general term --
7   said, well, maybe it's Wells Fargo and not Countrywide or
8   something.  Okay.  That's fine, but nothing since then.
9   And they, most importantly, have not come in lately and
10  we're about to write some big checks here and you'd think
11  of they were ever going to be interested in -- it's not 2.8
12  anymore, but it's still a lot of money, we'd have heard
13  something, but we haven't.
14          And you on the strength of that want me to say,
15  no, let's just keep cogitating on this so that maybe at the
16  end buyer can force a deal whereby he gets some of it.  Is
17  that about what's happening here?
18          MS. BOGARD:  Your Honor, it's not that my client
19  is looking to get funds from the sale in front of the
20  claimant.  The issue is that he has been trying for years
21  to make payments and get in touch with someone and was
22  unable to do that with the Bank of New York Mellon.  I
23  believe his declaration attached to the claim objection
24  addressed those issues.
25          And so because of that -- I mean, and the fact

Page 7

1  that there are these questionable links in the chain of
2  title.  You know, he has been unable to get in touch with
3  anyone that would allow him to make payments or come to
4  some sort of agreement as to paying off the mortgage.
5          THE COURT:  You think it's his absolute right to
6  make a deal?
7          MS. BOGARD:  It --
8          THE COURT:  Why can't they say, pay what you
9  agreed, full stop?
10         MS. BOGARD:  Your Honor, I don't believe it's an
11 absolute right.  However, I think the fact that he's been
12 unable to communicate with anyone shows even more that --
13         THE COURT:  So he can refinance --
14         MS. BOGARD:  -- they may not --
15         THE COURT:  Find somebody who does want to do
16 business with him, pay off the bank, and then he can do
17 what he wants to do.  Why isn't that a solution?
18         MS. BOGARD:  Your Honor, I think that is -- that
19 could be a solution.  However, at this point he is really
20 just trying to get in touch with somebody that will
21 communicate with him.  And the fact that the bank is not
22 communicating --
23         THE COURT:  No, not put him in touch with
24 somebody.  But you know what?  I think -- I'm guessing and
25 Mr. Delmotte will speak for the bank -- they're freaking

P 888.272.0022  F 818.343.7119    BENHYATT    www.benhyatt.com
Certified Deposition Reporters

Page 8

1  tired of dealing with him.  Could that be an answer?  The
2  fact that he has accumulated arrearages of a huge amount of
3  money probably tells me that they don't want to do business
4  with him.  Get out, is what their view is.
5              And the problem from your perspective is he
6  doesn't have a right to anything, except what the
7  Bankruptcy Code would give him or what some court will give
8  him.  Otherwise, he's got the contract.  It's that simple.
9              And the Bankruptcy Court has frankly, if you want
10 to combine two cases together, given him 18 years.  You
11 know what?  That's long enough.
12             MS. BOGARD:  Understood, Your Honor.
13             THE COURT:  You know, he's just -- he's out of
14 excuses at this point.
15             Now at this point your problem is there's no
16 incentive for the bank to giving anything because it's been
17 liquidated and all that's happening now is who gets the
18 Trustee's check, right?  So the golden moment was long past
19 is what I'm thinking is really going on here.
20             The question you're given today is to see if you
21 can dig up something that will give him more time and maybe
22 with more time he'll cook up something that will induce the
23 bank to out of, I suppose, pure fatigue give into him.
24 Well, it's not looking good.
25             Mr. Delmotte, have I nailed it correctly or am I

Page                                                              9

1  missing something?
2          MR. SMYTH:  No, Your Honor.  You've nailed it
3  correctly.  We appreciate the Court's thoughtful analysis
4  reflected in its tentative ruling and we're prepared to
5  submit on that tentative ruling.
6          THE COURT:  Yeah.  Well, that's it.  Yeah, you're
7  right.  Some of these mortgages back from the day are less
8  than perfect provenance.  I grant you that.  Some of the
9  cases I saw was just embarrassing that big institutions
10 would be that sloppy or that forgetful or whatever, but
11 that's from another era.  I think we have fortunately
12 sorted most of that out now and so we're left with these
13 few cases that are holdovers from the great
14 recession/market crash.  There aren't too many of them
15 left, thank God.
16         And this is one of them, but the fact that Wells
17 Fargo is still, even today, with all that money that's
18 sitting waiting for word to whom the check should be
19 written, still is not here tells me all that I need to
20 know.  It's not like there's no chain of title.  There is
21 the chain of title.  They did give me some documents and it
22 looked like it was enough to persuade me that they were
23 probably the holder.
24         But that combined with this other factor tells
25 me, no, they're the holder and you're -- nothing you're

Page 10

1  raising in this motion persuades me that I made a mistake,
2  so your motion is denied.
3          Mr. Delmotte, would you please submit a form of
4  order to that effect?
5          MR. DELMOTTE:  We will, Your Honor.  Thank you.
6          THE COURT:  All right.
7          MS. BOGARD:  Thank you.
8  (End at 11:29 a.m.)
9                  * * * * * * * *
10         I certify that the foregoing is a correct
11 transcript from the electronic sound recording of the
12 proceedings in the above-entitled matter.
13
   *Ruth Ann Hager*
14
15 _____      Date:  9/10/2024
16 RUTH ANN HAGER, C.E.T.**D-6410

